IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

SEP -9 2011

CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

THE COLONIAL BANCGROUP, INC., as post-confirmation debtor, and KEVIN O'HALLORAN, as plan trustee acting for and on behalf of the debtor,

Plaintiffs,

vs.

PRICEWATERHOUSECOOPERS LLP, a United States limited liability partnership; CROWE HORWATH, LLP, a United States limited liability partnership,

Defendants.

Case No. 2:11-cv-746-MHT

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1334, 1367, 1441 and 1452, defendant Crowe Horwath LLP ("Crowe") hereby removes this action, including all claims and causes of action asserted therein, from the Circuit Court of Montgomery County Alabama (the "Circuit Court") to the United States District Court for the Middle District of Alabama, Northern Division. In support thereof, Crowe states as follows:

### Background

1. On August 24, 2011, The Colonial BancGroup, Inc. ("BancGroup"), as postconfirmation debtor, and Kevin O'Halloran, as plan trustee acting for and on behalf of the debtor ("O'Halloran" and collectively with BancGroup, "plaintiffs"), commenced this suit in the Circuit Court, captioned *The Colonial BancGroup, Inc., et al. v. PricewaterhouseCoopers LLP, et al.*, No. CV-2011-901113.00. Copies of the complaint and summons are attached hereto as Exhibit A. Crowe was served by certified mail on August 26, 2011.

2. Plaintiffs allege that BancGroup's wholly-owned subsidiary, Colonial Bank ("Colonial"), was "one of the largest mortgage warehousing banks in the county" (Cmplt. ¶ 17) and that both institutions participated in "one of the largest and longest-lasting frauds in the history of the U.S. banking industry." *Id.* ¶ 1. The fraud resulted from longstanding and extensive collusion between employees of Taylor Bean & Whitaker Mortgage Corporation – a customer of the bank and "one of the nation's largest non-depository mortgage lenders" (*id.* ¶ 18) – and numerous representatives of BancGroup itself, including the very head of the division in which the fraud was "centered." *Id.* ¶¶ 1, 24.

3. Plaintiffs contend that discovery of the fraud prompted the closure of Colonial and that BancGroup's bankruptcy filing (in Montgomery) followed shortly thereafter. *Id.* ¶ 1. See *In re The Colonial BancGroup, Inc.*, No. 09-32303 (DHW) (Bankr. M.D. Ala.). Pursuant to the Plan of Liquidation confirmed by the bankruptcy court this past summer, all of BancGroup's assets and property are now "vested in BancGroup's bankruptcy estate" under the authority of O'Halloran as "the duly appointed plan trustee under the Plan." Cmplt. ¶ 8. These assets include all "Estate Causes of Action," among them the claims asserted in the Circuit Court. *Id.* ¶ 9.

4. The theory of the complaint is that "BancGroup employed the services of PricewaterhouseCoopers LLP ('PwC') to serve as its outside independent auditor," and that it purportedly engaged Crowe "to provide BancGroup's internal audit function." *Id.* ¶ 4. Plaintiffs argue that "[h]ad PwC and Crowe properly discharged their professional duties, the ongoing fraud . . . would have been detected by no later than fiscal year-end 2007," at which point BancGroup's board of directors "could" have taken unspecified "corrective measures" and thereby avoided the "deepening of BancGroup's insolvency." *Id.* ¶ 6. Plaintiffs charge both

PwC and Crowe with malpractice and breach of contract. *Id.* Counts I-IV. PwC and Crowe deny all material allegations.

## "Related To" Jurisdiction

5. All of plaintiffs' claims fall within the original jurisdiction of the federal courts. Section 1452(a) of Title 28 expressly authorizes "[a] party" to remove "any claim or cause of action" to "the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Section 1334(b) provides, in turn, that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [dealing with bankruptcy], or arising in or related to cases under title 11."

6. At a minimum, the claims asserted in the Circuit Court "relate to" BancGroup's bankruptcy proceeding, thus satisfying Section 1334(b) and permitting removal under Section 1452(a). The test for whether a court may exercise "related to" jurisdiction under 28 U.S.C. § 1334 is "whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). "The key word . . . is 'conceivable,' which makes the jurisdictional grant extremely broad." *Id.* Here, the claims asserted against PwC and Crowe are avowedly "Estate Causes of Action" that are being prosecuted by the estate under its confirmed plan of liquidation. The outcome of this dispute will affect the amounts available for distribution to those holding allowed claims in the bankruptcy. Because "the value of the claim, if it has any, will inure to the benefit of the estate," "related to" jurisdiction plainly exists. *In re Alvarez*, 224 F.3d 1273, 1280 n.15 (11th Cir. 2000).

## Federal Question Jurisdiction

7. In addition, the claims against PwC in the Circuit Court action fall within the original jurisdiction of this Court, see 28 U.S.C. § 1441(a), because such claims arise under the laws of the United States, implicate significant federal issues, and/or necessarily depend on the resolution of one or more substantial issues of federal law. See 28 U.S.C. §§ 1331, 1441(b).

8. Each claim asserted against PwC is expressly predicated on PwC's alleged violation of federal auditing standards adopted or promulgated by the Public Company Accounting Oversight Board ("PCAOB"). See, *e.g.*, Cmplt. ¶ 51 (alleging that PwC's duty to perform audits of BancGroup was governed by auditing standards adopted by or incorporated by the PCAOB ), ¶¶ 53-57 (describing and quoting federal auditing standards), ¶ 60 (alleging that "PwC failed to conduct its integrated audits in accordance with PCAOB standards"), ¶ 109 (alleging that "PwC's audits did not comport with PCAOB standards"). Having alleged that PwC did not comply with the PCAOB's federally mandated auditing standards, plaintiffs' claims for relief against PwC necessarily and expressly depend upon the interpretation and application of those PCAOB standards, which Congress intended to serve as a uniform federal scheme for the regulation of auditors of publicly traded companies. See *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Manufacturing*, 545 U.S. 308, 312 (2005) (noting that the Supreme Court's doctrine in this area embraces "the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law"); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) ("We have often held that a case 'arose under' federal law where the vindication of a right under state law necessarily turned on some construction of federal law."); *cf.* 15 U.S.C. § 7202(b); 15 U.S.C. § 78aa. Federal jurisdiction lies over state-law claims that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any

congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314.

9. Federal-question jurisdiction over a single claim supports removal of an entire case under 28 U.S.C. § 1441(b). See, *e.g.*, *Broder v. Cablevision Systems Corp.*, 418 F.3d 187, 194 (2d Cir. 2005) ("A single claim over which federal-question jurisdiction exists is sufficient to allow removal."). For any claims not independently subject to federal-question jurisdiction under 28 U.S.C. § 1331, including the claims asserted against Crowe, supplemental jurisdiction lies under 28 U.S.C. § 1367 because all claims in the Circuit Court action "form part of the same case or controversy." 28 U.S.C. § 1367(a).

### Supplemental Jurisdiction

10. Under Section 1367, "[s]upplemental jurisdiction exists where a claim that would not otherwise be within the jurisdiction of a federal court shares a 'common nucleus of operative fact' with the claims asserted in a federal action over which federal subject matter jurisdiction exists." *In re Parmalat*, 2011 WL 3874824, at *4 (S.D.N.Y. Aug. 31, 2011). This is true even when two separate lawsuits are involved. "As long as federal claims share a 'common nucleus of operative fact' with state law claims, supplemental jurisdiction is appropriate irrespective of whether the state law claims are asserted in the same action as the federal claims or in a separate action." *Id.* at *4 n.42 (citing *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006), and *Alderman v. Pan Am World Airways*, 169 F.3d 99, 101-02 (2d Cir. 1999)).

11. Accordingly, the Court in *Parmalat* ruled that state law claims filed by the individual "overseeing Parmalat's Italian bankruptcy proceedings" against the defunct firm's former outside auditor "could have been commenced in federal court under Judicial Code Section 1367." *Id.* at *3. Because these claims arose out of the same operative facts underlying

a separate federal shareholder class action also challenging Parmalat's demise, such jurisdiction was proper. *Id.* at *4-5.

12. So, too, here. There has been pending for some time in this court a putative class action brought by BancGroup's shareholders and bondholders under the Securities Act of 1933 and the Securities Exchange Act of 1934. See *In re Colonial BancGroup, Inc. Securities Litigation*, No. 2:09-CV-00104-RDP-WC (M.D. Ala.). Like the Circuit Court action, it complains of the collusive fraud between representatives of BancGroup and Taylor Bean, and faults PwC for not catching it.[1] The shareholders and bondholders did not name Crowe (nor could they, see, *e.g., Janus Capital Group, Inc. v. First Derivative Traders*, 131 S.Ct. 2296 (2011)), but under Section 1367(a), supplemental jurisdiction expressly "include[s] claims that involve the joinder or intervention of additional parties." All that is necessary is that the two suits share a "common nucleus of operative fact," and that is plainly the case here.[2]

## Miscellaneous

13. Along with jurisdiction, venue is proper in this Court, as the Circuit Court lies within this district and division. See 28 U.S.C. §§ 1441(a) and 1452(a).

---

[1] See, *e.g.*, First Amended Consolidated Class Action Complaint For Violation Of The Federal Securities Laws ¶ 6 ("executives at the MWLD [the bank's Mortgage Warehouse Lending Department] were conspiring with their largest client, Taylor Bean & Whitaker Mortgage Corporation ('TBW') to inflate Colonial's warehouse lending assets"); ¶ 103 ("Farkas [the head of TBW], with the assistance of confederates at TBW and at least two officers and/or employees of Colonial, Kissick and Teresa Kelly (the 'Conspirators'), conducted an assortment of frauds"); ¶ 774 ("Had PwC inspected the sources [sic] documents and tested the collateral, PwC would have determined that loans collateralizing the securities purchased under agreement to resell with TBW failed to exist"); ¶ 781 ("PwC should have performed audit procedures until it was satisfied that the assets existed and the underlying collateral was properly valued. Had it performed such fair value testing pursuant to AU 328, PwC would have known, or been reckless in not knowing, that the collateral was vastly overstated or did not exist."). Because this complaint exceeds 300 pages, we have not attached a copy. We will furnish one upon request.

[2] When a prior federal action rests on diversity jurisdiction, some courts have been hesitant to exercise supplemental jurisdiction over related state law claims asserted in a different suit. See, *e.g., PACA v. Nat'l Union Fire Ins. Co.*, 2007 WL 98722, at *5 (M.D. Ala. Jan. 11, 2007); *Keene v. Auto Owners Ins. Co.*, 78 F. Supp. 2d 1270, 1273-74 (S.D. Ala. 1999); *Frankenberg v. Superior Distributors, Inc.*, 961 F. Supp. 1560, 1565-67 (S.D. Ala. 1997). By contrast, in this case, as in *Parmalat* (2011 WL 3874824 at *4), the "anchor for supplemental jurisdiction" is a prior federal action arising out of a federal question. Compare *Henson v. Ciba-Geigy Corp.*, 261 F.3d 1065, 1068 n.3 (11th Cir. 2001) (holding that "§ 1367 cannot provide the 'original jurisdiction' that § 1441 demands for an action to be removable" in a case in which the prior federal action was no longer pending).

14. As required by 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings and orders served in the Circuit Court. See Exhibits A and B.

15. As required by 28 U.S.C. § 1446(b), Crowe is filing this Notice of Removal within thirty days following its receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief in the Circuit Court.

16. As required by 28 U.S.C. § 1446(d), Crowe shall promptly (a) provide all adverse parties with written notice of this notice of removal, and (b) file a copy of this notice of removal with the clerk of the Circuit Court.

17. For avoidance of doubt, PwC consents to the removal of this action. See Exhibit C.

18. This is not a core proceeding under 28 U.S.C. §157(b). Crowe does not consent to the entry of any final orders or judgments by anyone other than an Article III judicial officer.

19. Crowe is removing this case with full reservation of any and all defenses, objections and exceptions.[3]

---

[3] Because plaintiffs filed a materially identical complaint against PwC and Crowe in the Bankruptcy Court of this District *before* filing the Circuit Court action, PwC moved in the Circuit Court to dismiss the Circuit Court action pursuant to § 6-5-440, *Code of Alabama* 1975 as recompiled, which provides: "No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter, if commenced at different times." (A copy of PwC's motion is attached as Exhibit B.) Consistent with its belief, as set forth herein, that this controversy belongs in federal court, Crowe adopts PwC's position.

WHEREFORE, Crowe respectfully requests that this action, pending in the Circuit Court of Montgomery County Alabama under case number CV-2011-901113.00, be removed to the United States District Court for the Middle District of Alabama, Northern Division.

Dated: September 9, 2011

Respectfully submitted,

_____
James H. Anderson, Esq. (ANDEJ4440)
Counsel for Crowe Horwath LLP

Jackson, Anderson & Patty, P.C.
250 Commerce Street, Suite 100
Montgomery, Alabama 26104
Telephone: (334) 834-5311
Telecopier: (334) 834-5362