**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

THE COLONIAL BANCGROUP, INC., as post-confirmation debtor, and KEVIN O'HALLORAN, as plan trustee acting for and on behalf of the debtor,

Plaintiffs,

vs.

Case No. 2:11-cv-00746-MHT-WC

PRICEWATERHOUSECOOPERS LLP, a United States limited liability partnership; CROWE HORWATH, LLP, a United States limited liability partnership,

Defendants.

**DEFENDANT CROWE HORWATH LLP'S MOTION TO DISMISS**

Defendant Crowe Horwath LLP ("Crowe") hereby moves to dismiss this action as duplicative of an earlier-filed federal action already pending in the Bankruptcy Court of this District. In support thereof, Crowe states as follows:

1. At approximately 12:50 p.m. on August 24, 2011, The Colonial BancGroup, Inc., as postconfirmation debtor, and Kevin O'Halloran, as plan trustee acting for and on behalf of the debtor (collectively, "Plaintiffs"), filed a "Notice of Commencement of Adversary Proceeding Under Seal Pursuant to Court Order" in The Colonial BancGroup, Inc.'s bankruptcy case, which is presently pending in the United States Bankruptcy Court for the Middle District of Alabama. *See* Case No. 09-32303 (Bankr. M.D. Ala.) (Dkt. #1487).

2. Less than two hours later, as foreshadowed by the Notice of Commencement, Plaintiffs filed an adversary proceeding (the "First Federal Proceeding") against Crowe and PricewaterhouseCoopers LLP ("PwC") in the United States Bankruptcy Court for the Middle District of Alabama. *See* Adv. Proc. No. 11-03063 (Bank. M.D. Ala.) (Dkt. #2).

3. The First Federal Proceeding was filed under seal pursuant to an order of the United States Bankruptcy Court for the Middle District of Alabama. *See* Case No. 09-32303 (Bankr. M.D. Ala.) (Dkt. #1464, #1486).

4. The First Federal Proceeding asserts two claims against Crowe (professional negligence and breach of contract) and two claims against PwC (professional negligence and breach of contract), purportedly arising out of services provided by each to The Colonial BancGroup, Inc.

5. Redacted excerpts from the complaint filed under seal in the First Federal Proceeding are attached hereto as Exhibit A.[1]

6. Approximately eight hours later, at 10:29 p.m. on August 24 (long after the close of normal business hours), this lawsuit was commenced against Crowe and PwC in the Circuit Court for Montgomery County, Alabama, asserting the same two claims against Crowe (professional negligence and breach of contract) and the same two claims against PwC (professional negligence and breach of contract). *See* Case No. 03-CV-2011-901113.00, Complaint at 1.

7. On September 9, 2011, Crowe removed this lawsuit (the "Removed Action") to this Court.

---

[1] The redacted excerpts encompass page 1 of the complaint in the First Federal Proceeding (showing the identity of the parties) and pages 59 through 62 (identifying and describing the claims asserted). Identical claims and descriptions appear in the Removed Action. On September 15, 2011, the Bankruptcy Court ordered plaintiffs to file a redacted (and public) version of their complaint in the First Federal Proceeding.

8. The Removed Action is entirely duplicative of the First Federal Proceeding. A suit is duplicative of another when "the parties, issues and available relief do not significantly differ between the two actions." *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986). Here, the same Plaintiffs assert the same claims against the same Defendants in both actions. The two complaints differ only in that the complaint in the First Federal Proceeding includes material governed by a federal protective order (necessitating its filing under seal), while the complaint in the Removed Action purports to eliminate all such references. Regardless, the parties remain the same, as do the claims and forms of relief sought.

9. Because the Removed Action is entirely duplicative of the previously-filed First Federal Proceeding, both actions cannot proceed. "It is well established that as between federal district courts, the general principle is to avoid duplicative litigation." *I.A. Durbin,* 793 F.2d at 1551, quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (internal quotations and modifications omitted). A district court has broad authority to dismiss a suit that is duplicative of another federal court suit "[a]s part of its general power to administer its docket." *Smith v. Ferrell*, 2010 WL 3271239, at *1 (S.D. Ala. Jul. 21, 2010), quoting *Curtis v. Citibank*, 226 F.3d 133, 138 (2d Cir. 2000); *see also Allen v. Birtley*, 2008 WL 808064, at *2 (M.D. Ala. Mar. 21, 2008).

10. The Removed Action should be dismissed. "In absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982); see also *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) (under the "first-filed rule," "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-

filed suit"). This Court should dismiss the later-filed Removed Action in order to "conserv[e] … judicial resources" and advance the "comprehensive disposition of litigation." *I.A. Durbin,* 793 F.2d at 1551.

11. Crowe further joins in PwC's pending motion, filed prior to removal, to dismiss this action pursuant to § 6-5-440, *Code of Alabama* 1975 as recompiled.[2]

WHEREFORE, Crowe respectfully requests that this Court dismiss this action as duplicative of a prior pending federal action, and that the Court grant such other and further relief as it deems appropriate.

Dated: September 21, 2011

Respectfully submitted,

/s/James H. Anderson
**JAMES H. ANDERSON (ANDE4440)**
Attorney for Crowe Horwath LLP

**OF COUNSEL:**
JACKSON, ANDERSON & PATTY, P.C.
Post Office Box 1988
250 Commerce Street, Suite 100
Montgomery, Alabama 36102-1988

Stanley J. Parzen
Jonathan C. Medow
MAYER, BROWN, LLP
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 701-7326
Telecopier: (312) 706-8668

[2] There is a split in authority as to whether § 6-5-440 applies in federal court. *Compare Simmons v. Pulmosan Safety Equipment Corp., Inc.*, 471 F. Supp. 999, 1001 (S.D. Ala. 1979) (applying the statute) *with American Cas. Co. of Reading, Pennsylvania v. Skilstaf, Inc.*, 695 F. Supp. 2d 1256, 1260 (M.D. Ala. 2010) (holding the statute inapplicable).

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of September, 2011, a true and correct copy of the foregoing has been served upon all parties to this action by *Efile*, as follows:

Andrew P. Campbell
Caroline Smith Gidiere
LEITMAN, SIEGAL, PAYNE & CAMPBELL
420 N. 20th Street, Suite 2000
Birmingham, AL 35203
Attorneys for Plaintiffs

Mr. Tabor R. Novak, Jr.
BALL, BALL, MATTHEWS & NOVAK
P.O. Box 2148
Montgomery, AL 36102
Attorney for PricewaterhouseCoopers

Nicholas DiCarlo
Christopher Caserta
DICARLO, CASERTA, MCKEIGHAN & PHELPS
6900 E. Cambelback Road, Ste. 250
Scottsdale, AZ 85251
Attorneys for Plaintiffs

Mr. Rufus T. Dorsey, IV
Mr. C. Edward Dobbs
PARKER, HUDSON, RAINER & DOBBS
1500 Marquis Two Tower
285 Peachtree Center Ave., N.E.
Atlanta, GA 30303
Attorney for Plaintiffs

/s/ James H. Anderson
**OF COUNSEL**

# Exhibit A

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| THE COLONIAL BANCGROUP, INC., as post-confirmation debtor, and KEVIN O'HALLORAN, as plan trustee acting for and on behalf of the debtor,<br><br>Plaintiffs,<br><br>vs.<br><br>PRICEWATERHOUSECOOPERS LLP, a United States limited liability partnership; CROWE HORWATH, LLP, a United States limited liability partnership,<br><br>Defendants. | Adv. Proc. No. 11-03063<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs The Colonial BancGroup, Inc. ("BancGroup"), as the debtor under its confirmed *Second Amended Chapter 11 Plan of Liquidation of The Colonial BancGroup, Inc.* (as amended, the "Plan"), and Kevin O'Halloran, as the plan trustee acting for and on behalf of BancGroup under the Plan, hereby allege as follows:

[redacted]

[redacted]



2052598_5

[redacted]

[redacted] [redacted]

## COUNT I

**(Accounting Malpractice/Professional Negligence As Against PwC)**

[redacted] [redacted]

[redacted]

[redacted] [redacted]

[redacted]

[redacted] [redacted]

[redacted]

[redacted]

[redacted]

[redacted].

**COUNT II**

**(<u>Breach Of Contract As Against PwC</u>)**

[redacted]

[redacted]

[redacted]

[redacted] [redacted]

[redacted] [redacted]

COUNT III

(<u>Accounting Malpractice/Professional Negligence As Against Crowe</u>)

[redacted] [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

[redacted] [redacted]

[redacted]

[redacted] [redacted]

[redacted]

COUNT IV

(Breach Of Contract As Against Crowe)

[redacted] [redacted]

[redacted]