UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| THE COLONIAL BANCGROUP, INC., as post-confirmation debtor, and KEVIN O'HALLORAN, as plan trustee acting for and on behalf of the debtor,<br><br>Plaintiffs,<br><br>vs.<br><br>PRICEWATERHOUSECOOPERS LLP, a United States limited liability partnership; CROWE HORWATH LLP, a United States limited liability partnership,<br><br>Defendants. | Case No. 2:11-cv-00746-MHT |

### CONSENT ORDER REGARDING REMOVAL AND RELATED ISSUES

This action is before this Court following an on the record status conference on September 26, 2011. It appearing that in advance of the status conference the parties agreed to the terms of this order to address by consent certain pending issues, the Court finds as follows:

A.   On August 24, 2011, The Colonial BancGroup, Inc. ("BancGroup") and Kevin O'Halloran, in his capacity as the plan trustee for BancGroup (the "Plan Trustee"; together with BancGroup, the "Plaintiffs") under its confirmed *Second Amended Chapter 11 Plan of Liquidation of The Colonial BancGroup, Inc.* (as amended, the "Plan") filed a complaint against PricewaterhouseCoopers LLP ("PwC") and Crowe Horwath LLP (together with Crowe Chizek and Company LLC, "Crowe"; and, together with PwC, the "Defendants") in the United States Bankruptcy Court for the Middle District of Alabama, Northern Division, styled *The Colonial*

*BancGroup, Inc., et al. v. PricewaterhouseCoopers, LLP, et al.*, Adv. Proc. No. 11-03063 (the "Adversary Proceeding") and a complaint against the Defendants in the Circuit Court of Montgomery County, Alabama (the "State Court") styled *The Colonial BancGroup, Inc., et al., v. PricewaterhouseCoopers, LLP, et al.*, Case No. 03-CV-2011-901113.00 (the "State Court Action").

    B.    On September 8, 2011, PwC filed in the State Court a motion to dismiss the State Court Action "pursuant to the terms and provisions of § 6-5-440, *Code of Alabama* 1975 as recompiled" (the "PwC Dismissal Motion").

    C.    On September 9, 2011, Crowe filed in this Court a *Notice of Removal* of the State Court Action [Doc. No. 1]. PwC consented to such removal on the same date [Doc. No. 1-3].

    D.    On September 21, 2011, Crowe filed in this Court a motion to dismiss the removed State Court Action [Doc. No. 7] as duplicative of a prior pending federal action, namely the Adversary Proceeding (the "Crowe Dismissal Motion"). In the Crowe Dismissal Motion, Crowe joins the relief requested in the PwC Dismissal Motion.

    E.    On September 19, 2011, the Bankruptcy Court held a status conference in the Adversary Proceeding and, *sua sponte*, ordered in open court, over the Defendants' objections, that the Adversary Proceeding be stayed, provided that the Bankruptcy Court's ruling would not prevent any party from moving to withdraw the reference of the Adversary Proceeding. On September 23, 2011, the Bankruptcy Court entered an order memorializing its ruling.

    F.    The parties have stipulated and agreed to the following in connection with and conditioned upon the entry of this order:

        (i)    Each defendant waives its defenses, if any, under Rule 12(b)(1)-(5) of the Federal Rules of Civil Procedure as to the State Court Action;

(ii) Plaintiffs and Defendants agree that this Court and the Bankruptcy Court have subject matter jurisdiction over the removed State Court Action and over the Adversary Proceeding;

(iii) Plaintiffs agree not to seek a remand of the State Court Action to the State Court;

(iv) Plaintiffs agree not to request that this Court or the Bankruptcy Court abstain from hearing the removed State Court Action or the Adversary Proceeding (should the stay of the Adversary Proceeding ever be lifted);

(v) Defendant PwC agrees to withdraw the PwC Dismissal Motion, without prejudice;

(vi) Defendant Crowe agrees to withdraw the Crowe Dismissal Motion, without prejudice;

(vii) Plaintiffs agree to extend PwC's and Crowe's time to respond to the removed State Court Action to October 28, 2011;

(viii) Defendants each agree not to seek dismissal of the removed State Court Action or Adversary Proceeding on grounds stated in either the PwC Dismissal Motion or the Crowe Dismissal Motion, subject to a reservation of the right to make such a motion at a later date should the removed State Court Action be remanded to the State Court or the stay of the Adversary Proceeding be lifted, and Plaintiffs agree that nothing in this Order shall in any way waive or impair the Defendants' rights to pursue such motions following any remand or lifting of the stay;

  (ix)  Plaintiffs and Defendants each agree that (1) none of the parties shall seek to lift the stay of the Adversary Proceeding as long as the State Court Action remains pending in this Court; and (2) any motions to withdraw the reference with respect to the Adversary Proceeding will not be made at this time but can be made at a later date if the stay is lifted; and

  (x)  Plaintiffs and Defendants each agree that the Adversary Proceeding shall be dismissed upon entry of a final and not further appealable order or judgment on the merits or settlement of the State Court Action.

NOW THEREFORE, it is hereby ORDERED as follows:

1. Personal jurisdiction over the Defendants exists in this case and the Court has subject matter jurisdiction over the removed State Court Action.

2. The PwC Dismissal Motion (doc. no. 1) and the Crowe Dismissal Motion (doc. no. 7) are deemed withdrawn without prejudice.

3. PwC's and Crowe's time to respond to the State Court Action is extended to and including October 28, 2011.

4. Discovery matters in this case are referred to Bankruptcy Judge Dwight H. Williams, Jr. for consideration and resolution by him with the same authority as a magistrate judge.

5. The stipulations contained in Section F of this Order shall be deemed binding on the parties.

DONE, this the 27th day of September, 2011.

        /s/   Myron H. Thompson
        UNITED STATES DISTRICT JUDGE

**Stipulated and Agreed Upon By:**

| **CROWE HORWATH LLP** | **PRICEWATERHOUSECOOPERS LLP** |
|---|---|
| By Its Attorneys: | By Its Attorneys: |
|   /s/ James H. Anderson | Elizabeth V. Tanis (Ga. Bar No. 697415) |
| James H. Anderson | Jonathan W. Jordan (Ga. Bar No. 404874) |
| JACKSON, ANDERSON & PATTY, P.C. | KING & SPALDING LLP |
| 250 Commerce St. | 1180 Peachtree Street, N.E. |
| Suite 100 | Atlanta, GA 30309-3521 |
| Montgomery, AL 36104 | (404) 572-4600 |
| (334) 834-5311 | |
| |   /s/ Geoffrey M. Ezgar |
| Stanley J. Parzen | Geoffrey M. Ezgar (Ca. Bar No. 184243) |
| Jonathan C. Medow | KING & SPALDING LLP |
| MAYER BROWN LLP | 101 Second Street, Suite 2300 |
| 71 South Wacker Drive | San Francisco, CA 94105 |
| Chicago, IL 60606-4637 | (415) 318-1200 |
| (312) 782-0600 | |
| | Tabor R. Novak, Jr. (NOV001) |
| | BALL, BALL, MATHEWS & NOVAK, P.A. |
| | 200 Interstate Park Drive, Suite 204 |
| | Montgomery, AL 36109 |
| | (334) 387-7680 |

**THE COLONIAL BANCGROUP, INC. and KEVIN O'HALLORAN, AS PLAN TRUSTEE**

  /s/ Andrew P. Campbell
Andrew P. Campbell
Caroline Smith Gidiere
Leitman, Siegal, Payne & Campbell PC
420 N. 20th Street, Suite 2000
Birmingham, AL 35203
(205) 251-5900

Nicholas DiCarlo
Christopher Caserta
DiCarlo Caserta McKeighan & Phelps PLC
6900 E. Camelback Road, Suite 250
Scottsdale, AZ 85251
(480) 892-2488

Rufus T. Dorsey, IV
C. Edward Dobbs
Parker, Hudson, Rainer & Dobbs LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, GA 30303
T: (404) 523-5300
F: (404) 522-8409
rtd@phrd.com
ced@phrd.com

Attorneys for The Colonial BancGroup, Inc.