**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| THE COLONIAL BANCGROUP, INC., as post-confirmation debtor, and KEVIN O'HALLORAN, as plan trustee acting for and on behalf of the debtor, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 2:11-cv-00746-MHT |
| PRICEWATERHOUSECOOPERS LLP, a United States limited liability partnership; CROWE HORWATH, LLP, a United States limited liability partnership, | ) |
| Defendants. | ) |

# DEFENDANT PRICEWATERHOUSECOOPERS LLP'S MOTION TO DISMISS THE AMENDED COMPLAINT

Elizabeth V. Tanis
Ga. Bar No. 697415
*admitted pro hac vice*
Drew D. Dropkin
Ga. Bar No. 231031
*admitted pro hac vice*
KING & SPALDING LLP
1180 Peachtree St., NE
Atlanta, GA 30309
(404) 572-4600 (p)
(404) 572-5140 (f)

Tabor R. Novak, Jr. (NOV 001)
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive
Suite 204
Post Office Box 2148
Montgomery, AL 36102-2148
(334) 387-7680 (p)
(334) 387-3222 (t)

*Attorneys for Defendant PricewaterhouseCoopers LLP*

COMES NOW Defendant PricewaterhouseCoopers LLP ("PwC") and hereby moves the Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the claims asserted against PwC by post-confirmation debtor The Colonial BancGroup, Inc. and its plan trustee, Kevin O'Halloran (collectively, "BancGroup"), in the Amended Complaint.[1]

BancGroup's Amended Complaint recounts a massive and long-lasting fraud perpetrated by a member of BancGroup's management and undertaken in collusion with BancGroup's largest client. Despite alleging this fraud on the part of its own management, BancGroup tries to point the finger at Crowe Horwath LLP ("Crowe"), which provided internal audit services to BancGroup, and PwC, which served as BancGroup's independent external auditor. As explained below, and as set forth in more detail in PwC's Memorandum of Law in support of this motion (filed contemporaneously herewith), BancGroup's breach-of-contract and professional negligence claims against PwC fail as a matter of law and should be dismissed.

---

[1] On November 21, 2011, BancGroup timely filed an Amended Complaint as a matter of course under Rule 15. *See* Fed. R. Civ. P. 15(a) (permitting amendment within 21 days after service of responsive pleading); Fed. R. Civ. P. 6(d) (providing that 3 days are added to deadline when service was made by electronic means under Rule 5(b)(2)(E)). The Amended Complaint supersedes the original Complaint as a matter of law, and the original Complaint is deemed to be abandoned. *See, e.g.*, *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006); *Montgomery v. Hooper*, 2009 WL 1151938, at *2 (M.D. Ala. Apr. 29, 2009) (Thompson, J.). Accordingly, PwC's motion to dismiss the original Complaint (Doc. 26) is moot, and PwC now files this motion directed at BancGroup's Amended Complaint.

***First***, under Alabama law, the plaintiff's performance under a contract is an essential element of a breach-of-contract claim. The Amended Complaint, however, alleges facts conclusively showing that BancGroup failed to inform PwC about "all known or suspected fraud" involving certain BancGroup employees and failed to ensure that the company "complie[d] with the laws and regulations applicable to its activities," both of which were key responsibilities of BancGroup under the terms of its contracts with PwC. Because the Amended Complaint affirmatively alleges facts showing that BancGroup did not perform under its contracts with PwC, BancGroup's breach-of-contract claim against PwC must be dismissed.

***Second***, the professional negligence claim against PwC should be dismissed because the Amended Complaint alleges that Crowe—BancGroup's agent—was negligent. Crowe provided internal audit services to BancGroup and, under federal banking regulations, Crowe's work was subject to BancGroup's oversight and control. Under the doctrine of contributory negligence, BancGroup cannot contend that its own agent was negligent and still pursue a negligence claim against its independent external auditor.

***Third,*** the professional negligence claim must be dismissed because the Amended Complaint acknowledges that a member of BancGroup's management orchestrated an eight-year fraud and knowingly provided PwC with inaccurate information in order to conceal that fraud. Such action falls considerably short of fulfilling the duty to exercise reasonable care and constitutes contributory negligence on the part of BancGroup.

***Fourth***, both the breach-of-contract claim and the professional negligence claim must be dismissed because the Amended Complaint's allegations regarding the fraud establish PwC's *in pari delicto* defense. That defense bars recovery by a plaintiff who is at least equally at fault as the defendant in the breach of the law. The fraudulent acts of BancGroup's management—including the provision of intentionally false information to PwC during PwC's audits—must be imputed to BancGroup, thus triggering PwC's *in pari delicto* defense.

PwC has attached as exhibits true and correct copies of the following materials that are incorporated by reference in the Amended Complaint and may otherwise be considered by the Court in connection with PwC's Motion to Dismiss the Amended Complaint:

Exhibit A: 2006 Audit Engagement Letter dated July 18, 2006

Exhibit B: 2007 Audit Engagement Letter dated September 19, 2007

Exhibit C: 2008 Audit Engagement Letter dated October 14, 2008

Exhibit D: Statement of Facts, *United States v. Kissick*, Criminal Case No. 1:11-cr-00088, Docket No. 7 (E.D. Va. Mar. 2, 2011)

Exhibit E: Interagency Policy Statement on the Internal Audit Function and Its Outsourcing (March 17, 2003) (jointly issued by the Board of Governors of the Federal Reserve System, the Federal Deposit Insurance Corporation, the Office of the Comptroller of the Currency, and the Office of Thrift Supervision)

Exhibit F: Colonial BancGroup, Inc.'s 2008 Form 10-K

WHEREFORE, PwC prays that this Court will dismiss with prejudice the Amended Complaint against PwC for failure to state a claim upon which relief can be granted. Oral argument is requested.

Respectfully submitted this 8th day of December, 2011.

*/s/ Elizabeth V. Tanis*
Elizabeth V. Tanis (Ga. Bar No. 697415)
*admitted pro hac vice*
Drew D. Dropkin (Ga. Bar No. 231031)
*admitted pro hac vice*
KING & SPALDING LLP
1180 Peachtree St., NE
Atlanta, GA 30309
(404) 572-4600 (p)
(404) 572-5140 (f)

Tabor R. Novak, Jr. (NOV001)
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama 36102-2148
(334) 387-7680 (p)
(334) 387-3222 (f)

*Counsel for Defendant*
*PricewaterhouseCoopers LLP*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of December, 2011, I electronically filed the foregoing with the CM/ECF system, which will provide electronic notification to the following counsel of record:

Andrew P. Campbell, attorney for Plaintiffs
C. Edward Dobbs, attorney for Plaintiffs
Rufus T. Dorsey, IV, attorney for Plaintiffs
Nicholas J. DiCarlo, attorney for Plaintiffs
Christopher A. Caserta, attorney for Plaintiffs
Caroline Smith Gidiere, attorney for Plaintiffs
James Anderson, attorney for Defendant Crowe Horwath LLP
Stanley Parzen, attorney for Defendant Crowe Horwath LLP
Jonathan C. Medow, attorney for Defendant Crowe Horwath LLP

*/s/ Elizabeth V. Tanis*
Elizabeth V. Tanis (Ga. Bar No. 697415)
*admitted pro hac vice*

KING & SPALDING LLP
1180 Peachtree St., NE
Atlanta, GA 30309
(404) 572-4600 (p)
(404) 572-5140 (f)

*Counsel for Defendant*
*PricewaterhouseCoopers LLP*