IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE COLONIAL BANCGROUP, INC., and KEVIN O'HALLORAN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CASE NO. 2:11-CV-746-WKW [WO] |
| PRICEWATERHOUSECOOPERS, LLP, and CROWE HORWATH, LLP, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motions to dismiss (Docs. # 34 & 35) filed by Defendant PricewaterhouseCoopers, LLP ("PwC"), and Defendant Crowe Horwarth, LLP ("Crowe"). Defendants seek dismissal of the breach of contract and professional malpractice claims brought against them in the Amended Complaint (Doc. # 28) filed by Plaintiffs The Colonial BancGroup, Inc. ("CBG"), as post-confirmation debtor, and Kevin O'Halloran, as plan trustee acting for and on behalf of the debtor (collectively, "the Trustee").[1]  The parties have fully briefed the issues and provided the contracts and other documentation underlying the claims.  The motions are due to be denied.

---

[1] A similar suit against Defendants was initiated by FDIC as Receiver of Colonial Bank. *FDIC v. PricewaterhouseCoopers, LLP*, 2:12-CV-957-WKW.

## I. JURISDICTION AND VENUE

The Trustee commenced this suit in the Circuit Court of Montgomery County, Alabama, and it was removed by Crowe to this court. Removal to the district court of civil proceedings arising in or related to bankruptcy cases is authorized. *See* 28 U.S.C. § 1334(b) and § 1452(a). Because this action relates to CBG's bankruptcy, the court has jurisdiction. Venue is also proper, as the Circuit Court of Montgomery County lies within this district and division. *See* 28 U.S.C. § 1441(a) and § 1452(a). Personal jurisdiction is not contested.

## II. STANDARD OF REVIEW

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the legal standard articulated by Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While detailed factual allegations are unnecessary, the standard demands "more than labels and conclusions," something beyond a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. It is not enough for a plaintiff to allege that it is entitled to relief;

it must plead facts that "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

### III. BACKGROUND

The allegations of the Amended Complaint (Doc. # 28) are briefly summarized here. Additional allegations will be cited as necessary throughout the opinion.

The Trustee alleges that CBG, a bank holding company, and its wholly owned subsidiary, Colonial Bank, were victimized by a massive fraud from approximately 2002 to 2009. The fraud was perpetrated by two Colonial Bank employees, Catherine Kissick and Teresa Kelly, who conspired with employees of Taylor Bean & Whitaker Mortgage Corporation ("TBW"), Colonial Bank's mortgage warehouse lending division's ("MWLD") largest customer, and TBW's president, Lee Farkas. The fraud primarily consisted of TBW selling to CBG interests in qualifying pools of mortgages that did not exist. When the fraud was finally detected, the FDIC closed and sold Colonial Bank; CBG filed for bankruptcy; and the fraudsters were convicted for their crimes. Defendants are the accounting firms retained by CBG to serve as Colonial Bank's auditors during the relevant time period. Crowe provided internal auditing services, and PwC served as outside independent auditor. The Trustee alleges that both PwC and Crowe failed to detect the fraud, which caused financial injury to CBG. This failure gives

rise to CBG's claims against Crowe and PwC for breach of contract and professional negligence.

## IV. DISCUSSION

A. <u>**Breach of Contract Claims**</u>

  1. *Crowe*

Crowe argues that CBG does not allege facts that plausibly support CBG's substantial performance of its own obligations under the contract. Specifically, Crowe complains that CBG has not alleged – and indeed cannot allege – facts to support the inference that CBG "ensure[d] that all information provided to [Crowe] is accurate and complete in all material respects, contains no material omissions, and is updated on a prompt and continuous basis," one of "The Bank's Responsibilities" contained in their engagement letters. (Doc. # 34-1, 4/17/2007 Engagement Letter, at 4.) CBG counters that Crowe merely assumes that the criminal fraud perpetrated by Colonial Bank employees is conclusive proof that CBG could not have provided accurate information as required by the contract, but that it is a factual issue not appropriate for resolution at the motion to dismiss stage. CBG argues that its substantial performance of all material contract terms is sufficiently alleged to survive a motion to dismiss.

The parties agree that, based on their engagement letters' choice-of-law provision, the breach of contract claim is governed by Illinois law. To properly

plead a breach of contract claim, a plaintiff must allege the existence of a valid and enforceable contract, performance by the plaintiff, defendant's failure to comply with a duty imposed by the contract, and a resultant injury to the plaintiff. *Van der Molen v. Wash. Mut. Fin., Inc.*, 835 N.E.2d 61, 69 (Ill. App. Ct. 2005); *Gallagher Corp. v. Russ*, 721 N.E.2d 605, 611 (Ill. App. Ct. 1999). To survive a motion to dismiss, the plaintiff must have alleged his own substantial compliance with all material terms of the agreement. *George F. Mueller & Sons, Inc. v. N. Ill. Gas Co.*, 336 N.E.2d 185, 188 (Ill. App. Ct. 1975); *see also InsureOne Indep. Ins. Agency, LLC v. Hallberg*, 976 N.E.2d 1014, 1025 (Ill. App. Ct. 2012). "Whether a contract has been performed according to its terms is a question of fact," *George F. Mueller & Sons*, 336 N.E.2d at 188, to be decided by the jury. *Ralph v. Karr Mfg. Co.*, 314 N.E.2d 219 (Ill. App. Ct. 1974).

CBG adequately alleges substantial performance of its duties under the engagement letters:

> At all relevant times, [CBG] performed, or substantially performed, its material obligations under the engagement letters, including, without limitation, the payment of millions of dollars in fees and expenses to Crowe for services rendered, the arrangement of onsite workspace for the conduct of the audit services as and when requested by Crowe and the provision of access to books and records of [CBG] and its subsidiaries to the extent and in accordance with Crowe's request. At no time during the course of the engagements did Crowe ever provide notice to [CBG] of any failure to perform its obligations under any of the engagement letters.

(Am. Compl. ¶ 180.)  The factual allegations of the Amended Complaint are incorporated into Count IV, the breach of contract claim against Crowe.  Whether the parties performed their contractual obligations are questions of fact that cannot be decided at least until after discovery, and probably not until trial.  Moreover, it needs to be determined whether the provision at issue is a material contract term (if not, then performance need not be pleaded at all) or a condition precedent (if so, then performance may be pleaded generally under Rule 9(c) of the Federal Rules of Civil Procedure).  Crowe does not address these legal issues, perhaps because CBG's characterization of "The Bank's Responsibilities" in the engagement letters as a general obligation on the part of CBG to cooperate with Crowe's auditing services is a fair interpretation of the contract.  In any event, the pleading is sufficient to state the element of the claim requiring the plaintiff's performance.  *Twombly* and *Iqbal* do not require CBG to prove the breach of contract, only to assert its plausibility.  CBG has met this burden.  Crowe's motion to dismiss on this ground is due to be denied.

    2.    *PwC*

PwC makes similar arguments in support of dismissal of CBG's breach of contract claim against PwC.  PwC asserts that CBG has not alleged its own performance under the engagement letters and that the alleged facts documenting the fraud by Colonial Bank employees show that CBG did not, and could not have,

performed its contract obligations. The contracts between CBG and PwC do not contain a choice of law provision, but the parties agree that the contract is governed by Alabama law. To plead a breach of contract claim, a plaintiff must allege the existence of a valid and binding contract, performance under the contract by the plaintiff, the defendant's nonperformance, and damages. *See Jones v. Alfa Mut. Ins. Co.*, 875 So. 2d 1189, 1195 (Ala. 2003); *Winkleback v. Murphy*, 811 So. 2d 521, 529 (Ala. 2001).

CBG adequately alleges substantial performance of its duties under the contracts with PwC. (Am. Compl. ¶ 169.) The factual allegations of the Amended Complaint are incorporated into Count II, the breach of contract claim against PwC. Both CBG's and PwC's performances under the contracts are questions of fact that cannot be decided at the motion to dismiss stage, where the breach of contract is plausibly alleged. PwC's motion to dismiss on this ground is due to be denied.

**B.     Professional Negligence Claims**

    1.     *Crowe*

While Crowe asserts that Alabama law governs the negligence claim, CBG asserts that Florida law may ultimately govern due to where the injury took place. Crowe's arguments at this stage will be addressed under the assumption that Alabama law applies.

Crowe argues that CBG's professional negligence claim should be dismissed for two reasons. First, Crowe argues that, because the alleged injury occurred in relation to Crowe's contractual duties, CBG cannot allege a negligence claim in addition to a breach of contract claim. This argument misstates indisputably clear Alabama law on professional malpractice. Alabama law imposes on accountants a "duty to exercise reasonable professional care," regardless of the existence of a valid contract between accountant and client. *Blumberg v. Touche Ross & Co.*, 514 So. 2d 922, 925 (Ala. 1987). Where a valid contract does exist, plaintiffs injured by their accountant's misconduct are not precluded from bringing an action in either contract or tort:

> In Alabama, one who contracts with another and expressly promises to use due care is undoubtedly liable in both tort and contract when his negligence results in injury to the other party. He is liable in contract for breaching an express promise to use care. He is liable in tort for violating the duty imposed by law on all people not to injure others by negligent conduct. The injured party has the choice of remedies when a contract contains an express promise to use due care.

*Id*. at 927. CBG alleges that Crowe contracted with CBG to perform accounting services and promised to comply with particular accounting standards when providing those services. (Am. Compl. ¶¶ 119–160.) Therefore, CBG may maintain both causes of action against Crowe.

Crowe's second argument for dismissal is that, although it provided internal auditing services to CBG, it was not CBG's internal auditor, and thus it had no

professional duty of care to CBG.  The distinction between "provider of outsourced internal audit services" and "internal auditor" is reed thin, and it makes no difference with regard to an accountant's duty to exercise reasonable professional care.  The allegations, taken as true, establish that Crowe engaged in auditing services and thus had a duty of professional care.

    2.    *PwC*

PwC argues that CBG's professional negligence claim against PwC must be dismissed because the Amended Complaint alleges contributory negligence on the part of CBG and CBG's agent, Crowe.  The parties disagree as to which state's law governs the negligence claim.  Again, assuming without deciding, the court will address the arguments at this stage under Alabama law.

Under Alabama law, "[c]ontributory negligence is an affirmative and complete defense to a claim based on negligence."  *Serio v. Merrell, Inc.*, 941 So. 2d 960, 964 (Ala. 2006) (quotation marks and citation omitted).  That is, even if PwC is found to be negligent, CBG would not be able to recover if CBG's own negligence is found to have proximately contributed to its damages.  However, contributory negligence is a question of fact for the jury.  *Id.*  Although the issue may be decided as a matter of law in rare circumstances, the allegations of the Amended Complaint do not establish the contributory negligence of CBG any more conclusively than they establish the negligence of PwC and Crowe.  For this

reason, the motion is due to be denied.  Still, the court briefly addresses the substance of PwC's arguments.

PwC's contributory negligence defense fails under both of its agency theories.[2]  PwC proposes two theories under which wrongful conduct of others may be imputed to CBG.  First, PwC argues for the imputation of Kissick's and Kelly's fraud to CBG, characterizing those Colonial Bank employees as members of CBG's management or at least as agents of CBG.  Even if those allegations were made in the Amended Complaint, which they are not, the theory fails because Kissick and Kelly are alleged to have defrauded CBG.  CBG cannot be charged with the knowledge of Kissick and Kelly where those Colonial Bank employees were scheming to defraud CBG or at a minimum were acting adversely to CBG's interests.  *See Florence v. Carr*, 148 So. 148, 149 (Ala. 1933).  Second, PwC argues for the imputation of Crowe's alleged wrongful conduct to CBG, characterizing Crowe as CBG's agent.  Taken as true, the allegations of the Amended Complaint (as well as the engagement letters between CBG and Crowe and the professional standards for auditors) do not establish that Crowe was an agent of CBG, as CBG did not retain the right of control over what Crowe's auditing services entailed and how Crowe conducted those services.  *Brown v.*

---

[2] To the extent that PwC argues an *in pari delicto* defense, its applicability in this case is questionable.  Nevertheless, the defense fails at the motion to dismiss stage because the alleged facts do not support a conclusion that CBG was equally at fault with the defendants.

*Commercial Dispatch Publ'g Co.*, 504 So. 2d 245, 246 (Ala. 1987). In any event, agency generally is a question for the trier of fact. *Id.*

C. **Damages**

    1. *Proximate Causation*

Crowe makes an argument, in which PwC joins, that the Amended Complaint does not properly allege that Defendants' misconduct was the proximate cause of CBG's damages.[3]

Under Alabama law, "[p]roximate cause is an act or omission that in a natural and continuous sequence, unbroken by any new independent causes, produces the injury and without which the injury would not have occurred." *Gooden v. City of Talladega*, 966 So. 2d 232, 239 (Ala. 2007). A "natural and continuous sequence" means "unbroken by any new independent causes." Subsequent causes of injury, such as fraudulent or criminal acts of a third person, are not "new independent causes" that intervene or break the chain of causation, unless those subsequent causes are unforeseeable by the defendant. *Thetford v. City of Clanton*, 605 So. 2d 835, 840 (Ala. 1992). The notion of foreseeability is key to a proximate cause analysis. *Gen. Motors Corp. v. Edwards*, 482 So. 2d 1176, 1194 (Ala. 1985). If the defendant could have reasonably anticipated the

---

[3] Crowe refers to proximate causation as "loss causation." Although loss causation is comparable to proximate causation in the context of securities fraud, the label is inappropriate here.

plaintiff's injury as a result of the defendant's actions or omissions, then the defendant may be liable. *Thetford*, 605 So. 2d at 840.

Proximate cause is a question to be determined by the trier of fact. *Gooden*, 966 So. 2d at 239. At this stage, the Amended Complaint adequately alleges that the actions or inactions of Crowe and PwC resulted in foreseeable injuries to CBG. (Am. Compl. ¶¶ 37, 47–49.)

### 2. *Consequential Damages*

Crowe argues that its engagement letters with CBG preclude consequential damages. Taken as true, the allegations of the Amended Complaint state a claim for direct damages proximately caused by Crowe's alleged breach and negligence. Should CBG ultimately prevail in its breach of contract claim against Crowe, the court will revisit the issue of which damages are allowable under the contracts.

### V. CONCLUSION

The court does not, at least on the pleadings, buy into PwC's express and Crowe's implied arguments that they are fraud victims here. Such arguments fundamentally misstate the professional role of auditors in the banking business. The court appreciates the vigor with which all parties are litigating their respective cases. That being said, all parties are cautioned to stay in bounds. Some characterizations of the alleged facts and citations to case law were misleading and perilously close to constituting dishonesty toward the court.

For the reasons stated above, it is ORDERED that Defendants' Motions to Dismiss (Docs. # 34 and 35) are DENIED.

DONE this 9th day of September, 2014.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE