**EXHIBIT D**
**(TBW Subpoena to Crowe)**

MAYER·BROWN

Mayer Brown LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637

Main Tel +1 312 782 0600
Main Fax +1 312 701 7711
www.mayerbrown.com

**Stanley J. Parzen**
Direct Tel +1 312 701 7326
Direct Fax +1 312 706 8668
sparzen@mayerbrown.com

February 17, 2014

James C. Cunningham, Jr.
BERGER SINGERMAN LLP
1450 Brickell Avenue
Suit 1900
Miami, Florida 33131
Telephone: 305 755 9500
jcunningham@bergersingerman.com

Re:   Non-Party Subpoena *Duces Tecum* directed to
      Crowe Horwath LLP in *Taylor Bean & Whitaker
      Plan Trust v. PricewaterhouseCoopers, LLP*, Case
      No. 13-33964 CA (40)

Dear Mr. Cunningham:

We have been retained to represent Crowe Horwath LLP ("Crowe") in connection with the Subpoena *Duces Tecum* Without Deposition on Non-Party dated February 5, 2014 (the "Subpoena") issued to Crowe on behalf of Plaintiff Taylor, Bean & Whitaker Plan Trust ("Plaintiff") in connection with the above entitled case.

Crowe objects to the document requests contained in the Subpoena (the "Requests") because the time set forth for production after service of the subpoena was unreasonable, and because the Requests seek documents located outside of the state of Florida from a foreign partnership, seek privileged and confidential material, and are overbroad, unduly burdensome, and irrelevant in both time and scope to Plaintiff's allegations against PricewaterhouseCoopers LLP ("Defendant") that relate to Crowe, a non-party. Indeed, the only allegations that relate to Crowe are confined to general allegations that Defendant negligently relied on Crowe's SOX 404 work for purposes of identifying key controls, but the Requests seek information significantly beyond what Crowe made available to Defendant, which Defendant should possess.

Crowe has additional general and specific objections to the requests, stated below. It is Crowe's position that Crowe's objections should be resolved prior to any production that might be agreed to. Further, the fact that Crowe has objected to a request should not be deemed a statement that in fact any responsive documents exists to that request. Crowe also states that any production should be subject to an appropriate, mutually agreed-upon protective order and Plaintiff's agreement to reimburse Crowe for the costs of producing non-privileged documents responsive to requests confined to the allegations against Defendant that relate to Crowe.

Mayer Brown LLP operates in combination with other Mayer Brown entities with offices in Europe and Asia
and is associated with Tauil & Chequer Advogados, a Brazilian law partnership.

James C. Cunningham, Jr.
February 13, 2014
Page 2

Crowe reserves the right to amend these objections and respond to the specific requests as necessary as more information becomes available.

## ADDITIONAL OBJECTIONS

General Objections

1. Crowe makes the following General Objections to the Requests. These objections apply to each Request and are incorporated into each response as if fully set forth therein.

2. Crowe objects to the Requests as not limited to the time and scope relevant to Plaintiff's allegations against Defendant that relate to non-party Crowe, and objects to each Request to the extent that it seeks information or documents that are irrelevant to Plaintiff's allegations against Defendant that relate to non-party Crowe or are not reasonably calculated to lead to the discovery of admissible evidence.

3. Crowe objects to the Requests, and each and every definition, instruction and request therein, to the extent that the documents or information sought: (a) contain privileged attorney-client communications; (b) contain privileged accountant-client communications (§ 90.55055, Fla. Stat.); (c) constitute work product; (d) are subject to professional rules preventing the disclosure of confidential client information; or (e) are otherwise privileged or exempt from discovery (collectively, "privileged documents"). Any disclosure of privileged or protected information or documents in response to any of the Requests is inadvertent and shall not be deemed a waiver of any applicable privileges or protections, and Crowe requests that any such information or documents be returned promptly.

4. Crowe objects to the Requests to the extent that they seek confidential business and proprietary information, trade secrets, personal, private, client or sensitive private financial information, other confidential business, financial or otherwise commercially sensitive or commercially competitive information, including documents containing such information, and/or information or documents protected from disclosure by law or court order, or any confidentiality or nondisclosure agreements (collectively, "confidential material"). Crowe objects to the production or disclosure of any such information and documents prior to the entry of an appropriate confidentiality order by the Court.

5. Crowe objects to the Requests to the extent that they purport to impose any obligations upon Crowe beyond the obligations imposed by the Florida Rules of Civil Procedure and/or any applicable Local Rules or Court order.

Mayer Brown LLP

James C. Cunningham, Jr.
February 13, 2014
Page 3

6. Crowe objects to the Requests to the extent that they seek documents that are not located in Florida.

7. Crowe objects to the Requests on the ground and to the extent that they seek information or documents that are not in the possession, custody, or control of Crowe or its current officers, directors or employees, and/or that are publicly available and/or to the extent that they seek information or documents already within Plaintiff's possession or obtainable from other more convenient or less burdensome or expensive sources, including public sources or information or documents that are more easily obtained from Defendant or other third parties.

8. Crowe objects to the Requests on the grounds and to the extent that they are unreasonable, oppressive, overbroad, burdensome, vague, ambiguous and/or lacking in particularization.

9. Crowe objects to the Requests to the extent that they are cumulative or duplicative of other Requests.

10. Crowe objects to the Requests to the extent that they seek "all documents" concerning or related to certain time periods, services, audits, events, transactions, or subjects because they are overbroad, they subject Crowe to undue burden and expense, they seek information that is irrelevant, they are not reasonably calculated to lead to the discovery of admissible evidence, are unreasonable and oppressive in violation of Florida Rule of Civil Procedure 1.4.10, and seek to impose obligations on Crowe beyond what is permitted by the Florida Rules of Civil Procedure.

11. The responses below are made for the purposes of objecting and responding to the Subpoena as a non-party to the litigation and in no way concede that any of the information or documents provided or sought are relevant or material to the subject matter of this litigation or any other litigation, are reasonably calculated to lead to the discovery of admissible evidence in this litigation or any other litigation, are authentic, or are admissible at trial in this or any other litigation. Plaintiff does not waive or intend to waive any objections to the use of any responses, information, or documents provided in response to the Subpoena for any purpose in this litigation or any other litigation.

12. Crowe reserves the right to supplement, amend, and correct these responses based on information and/or documents later obtained through investigation, discovery or otherwise.

Objections to the Definitions

James C. Cunningham, Jr.
February 13, 2014
Page 4

13. Crowe makes the following Objections to the Definitions. These objections apply to each Request and are incorporated into each response as if fully set forth therein.

14. Crowe objects to Plaintiff's definition of "Colonial" on the grounds that it is overbroad, vague, and ambiguous, creating an undue burden upon Crowe. Crowe also objects to this definition to the extent that it seeks information unknown to Crowe or that is neither relevant to Plaintiff's allegations against Defendant that relate to Crowe or reasonably calculated to lead to the discovery of admissible evidence.

15. Crowe objects to Plaintiff's definition of "Colonial Personnel" on the grounds that it is overbroad, vague, and ambiguous, creating an undue burden upon Crowe. Crowe also objects to this definition to the extent that it seeks information unknown to Crowe or that is neither relevant to Plaintiff's allegations against Defendant that relate to Crowe or reasonably calculated to lead to the discovery of admissible evidence.

16. Crowe objects to Plaintiff's definition of "You," "Your," and "Crowe" on the grounds that the definition is so overbroad, vague, and ambiguous as to be unduly burdensome and oppressive and that the Requests thereby seek documents that are outside the possession, custody, or control of Crowe and are irrelevant to Plaintiff's allegations against Defendant that relate to Crowe and are not likely to lead to the discovery of admissible evidence. Crowe also objects to the inclusion in this definition of "attorneys" acting on behalf of Crowe or any related companies on the grounds that the definition seeks information and documents protected by the attorney-client privilege.

17. Crowe objects to Plaintiff's definition of "Crowe Personnel" on the grounds that it is overbroad, vague, and ambiguous, creating an undue burden upon Crowe. Crowe also objects to this definition to the extent that it seeks information unknown to Crowe or that is neither relevant to Plaintiff's allegations against Defendant that relate to Crowe or reasonably calculated to lead to the discovery of admissible evidence.

18. Crowe objects to Plaintiff's definition of "PwC" on the grounds that it is overbroad, vague, and ambiguous, creating an undue burden upon Crowe. Crowe also objects to this definition to the extent that it seeks information unknown to Crowe or that is neither relevant to Plaintiff's allegations against Defendant that relate to Crowe or reasonably calculated to lead to the discovery of admissible evidence.

19. Crowe objects to Plaintiff's definition of "PwC Personnel" on the grounds that it is overbroad, vague, and ambiguous, creating an undue burden upon Crowe.

Mayer Brown LLP

James C. Cunningham, Jr.
February 13, 2014
Page 5

        Crowe also objects to this definition to the extent that it seeks information unknown to Crowe or that is neither relevant to Plaintiff's allegations against Defendant that relate to Crowe or reasonably calculated to lead to the discovery of admissible evidence.

20. Crowe objects to Plaintiff's definition of "Service" and "Services" as vague, ambiguous, and circular in that it defines services as "services performed by Crowe for Colonial." Crowe also objects to this definition as overbroad, unduly burdensome, and seeking documents or information that is irrelevant and not likely to lead to the discovery of relevant information because it does not limit the documents and information it seeks to those related to "Service" and "Services" relevant to Plaintiff's allegations against Defendant that relate to Crowe. Further, Crowe objects to this definition to the extent that it seeks confidential information or information protected by privilege.

21. Crowe objects to Plaintiff's definition of "Audit" and "Audits" as overbroad, unduly burdensome, vague, and ambiguous. Crowe also objects to this definition to the extent that it seeks documents or information that is not within Crowe's possession, custody, or control or that is more easily obtained from Defendant or other third parties. Further, Crowe objects to this definition to the extent that it seeks confidential information or information protected by privilege.

22. Crowe objects to the definition of "USAO" as overbroad, unduly burdensome, vague, and ambiguous. Crowe also objects to this definition on the grounds that it seeks information unknown to Crowe and that is neither relevant to Plaintiff's allegation against Defendant that relate to Crowe or reasonably calculated to lead to the discovery of admissible evidence insofar as it purports to include "any attorney, accountant, contractor, employee, or consultant affiliated with USAO, and any person acting or reporting to act on its behalf."

23. Crowe objects to the definition of FDIC," as overbroad, unduly burdensome, vague, and ambiguous. Crowe also objects to this definition on the grounds that it seeks information unknown to Crowe and that is neither relevant to Plaintiff's allegation against Defendant that relate to Crowe or reasonably calculated to lead to the discovery of admissible evidence insofar as they purport to include "any attorney, accountant, contractor, employee, or consultant affiliated with FDIC, any person acting or reporting to act on its behalf, or any related companies including parents, subsidiaries, and affiliated or related entities."

24. Crowe objects to the definition of "All terms not otherwise specified herein" as "hav[ing] the meanings and definitions ascribed in the complaint" on the grounds that "complaint" is an undefined term and a copy of the "complaint" was not included with the Subpoena. Crowe reserves the right to object to any and all definitions contained in the complaint.

James C. Cunningham, Jr.
February 13, 2014
Page 6

25. Crowe objects to Plaintiff's definition of "document" as overbroad and unduly burdensome and to the extent that it seeks to impose requirements or obligations on Crowe beyond those imposed by the Florida Rules of Civil Procedure, Local Rule, or court order. Crowe also objects to this definition to the extent that it seeks confidential information or information protected by privilege.

26. Crowe objects to Plaintiff's definition of "Communications" as overbroad and unduly burdensome and to the extent that it seeks to impose requirements or obligations on Crowe beyond those imposed by the Florida Rules of Civil Procedure, Local Rule, or court order. Crowe also objects to this definition to the extent that it seeks confidential information or information protected by privilege.

27. Crowe objects to Plaintiff's definition of "Control" as overbroad and unduly burdensome and to the extent that it seeks to impose requirements or obligations on Crowe beyond those imposed by the Florida Rules of Civil Procedure, Local Rule, or court order.

28. Crowe objects to Plaintiff's definition of "Date" as overbroad and unduly burdensome and to the extent that it seeks to impose requirements or obligations on Crowe beyond those imposed by the Florida Rules of Civil Procedure, Local Rule, or court order.

29. Crowe objects to Plaintiff's definition of "Agent" as vague, overbroad and unduly burdensome and to the extent that it seeks to impose requirements or obligations on Crowe beyond those imposed by the Florida Rules of Civil Procedure, Local Rule, or court order. Crowe also objects to this definition to the extent that it seeks confidential information or information protected by privilege, particularly insofar as it relates to "attorney[s]."

30. Crowe objects to Plaintiff's definition of "person" as vague, overbroad and unduly burdensome and to the extent that it seeks to impose requirements or obligations on Crowe beyond those imposed by the Florida Rules of Civil Procedure, Local Rule, or court order.

31. Crowe objects to Plaintiff's definition of "concerning" as overbroad and unduly burdensome and to the extent that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe or reasonably calculated to lead to the discovery of admissible evidence. Crowe also objects to this definition to the extent that it seeks to impose requirements or obligations on Crowe beyond those imposed by the Florida Rules of Civil Procedure, Local Rule, or court order.

AMECURRENT 708560781.2 17-Feb-14 12:57

Mayer Brown LLP

James C. Cunningham, Jr.
February 13, 2014
Page 7

    32.    Crowe objects to Plaintiff's definitions of "and," "or," "any," and "all" as confusing to the extent that they give these words meanings other than their commonly understood meanings.

Objections to the Instructions

    33.    Crowe makes the following Objections to the Instructions. These objections apply to each Request and are incorporated into each response as if fully set forth therein.

    34.    Crowe objects to Instructions 1, 2, 3, and 4 as overbroad and unduly burdensome and on the ground that they seek to impose requirements and obligations on Crowe different from or beyond those imposed by the Florida Rules of Civil Procedure and/or Local Rules or court order.

    35.    Crowe objects to Instruction 5 as overbroad and unduly burdensome and on the ground that it seeks to impose requirements and obligations on Crowe different from or beyond those imposed by the Florida Rules of Civil Procedure and/or Local Rules or court order. Crowe also objects to this instruction to the extent that it seeks information that is irrelevant and not calculated to lead to the discovery of admissible evidence.

    36.    Crowe objects to Instruction 6 as confusing to the extent that it purports to give words meanings other than their commonly understood meanings and to the extent that it seeks to impose requirements and obligations on Crowe different from or beyond those imposed by the Florida Rules of Civil Procedure and/or Local Rules or court order.

    37.    Crowe objects to Instruction 7 to the extent that it vague and ambiguous and seeks to impose requirements and obligations on Crowe different from or beyond those imposed by the Florida Rules of Civil Procedure and/or Local Rules or court order. Crowe also objects to this instruction to the extent that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe or reasonably calculated to lead to the discovery of admissible evidence. Further, Crowe objects to this request to the extent that it seeks confidential information or information protected by privilege.

    38.    Crowe objects to Instruction 8 as unduly burdensome because production in native format is prohibitively timely and costly to review for production. Crowe also objects to this Instruction on the grounds that it seeks production of irrelevant information, confidential information, proprietary information, and information protected by privileged. Further, Crowe objects to this Instruction on the grounds that it precludes redaction, enables documents to be altered after production, and creates difficulties authenticating and tracking documents after production.

James C. Cunningham, Jr.
February 13, 2014
Page 8

Objections to the Relevant Time Frame

39. Crowe objects to the "Relevant Time Frame" on the ground that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant that relate to non-party Crowe. Plaintiff states that it "seeks information relating to the period from January 1, 2000 to the present." But Plaintiff's allegations against Defendant that relate to Crowe involve only specific services performed by Crowe for Colonial. Accordingly, and to the extent that the Crowe may be required to produce documents in response to the Requests, the Requests should be limited to the time and scope of those services.

Specific Responses and Objections

40. In addition to the General Objections, Objections to the Definitions, and Objections to the Instructions, Crowe objects to Request No. 1 to the extent that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe. Crowe also objects to this Request as overbroad, unduly burdensome, lacks proper categorization, and on the grounds that it seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence because it places no practical limits on the information and documents that it seeks, but instead seeks "All documents created or received by you, from any source, concerning the Services." Further, Crowe objects to this request to the extent that it seeks documents that are not currently within Crowe's possession, custody, or control or documents obtainable from other more convenient or less burdensome or expensive sources, including public sources or documents that are more easily obtained from Defendant or other third parties. Crowe also objects to this Request to the extent that it seeks confidential information, proprietary information, or information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. Moreover, Crowe objects to this Request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant client privilege, professional rules preventing the disclosure of confidential information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216.

41. In addition to the General Objections, Objections to the Definitions, and Objections to the Instructions, Crowe objects to Request No. 2 on the ground that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe. Crowe also objects to this Request as lacking proper categorization, overbroad, unduly burdensome, and on the grounds that it seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence because it places no practical limits on the information and documents that it seeks, but instead seeks "All documents created or received by

Mayer Brown LLP

James C. Cunningham, Jr.
February 13, 2014
Page 9

you, from any source, concerning the Audits." Further, Crowe objects to this Request to the extent that it seeks documents that are not currently within Crowe's possession, custody, or control or documents obtainable from other more convenient or less burdensome or expensive sources, including public sources or documents that are more easily obtained from Defendant or other third parties. Crowe also objects to this Request to the extent that it seeks confidential information, proprietary information, or information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. Moreover, Crowe objects to this Request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant client privilege, professional rules preventing the disclosure of confidential information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216.

42. In addition to the General Objections, Objections to the Definitions, and Objections to the Instructions, Crowe objects to Request No. 3 on the ground that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe. Specifically, this Requests seeks information from Crowe relating to audits when Crowe is not alleged to have performed or been retained to perform an audit. Crowe also objects to this Request as overbroad, unduly burdensome, and on the grounds that it seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Crowe also objects to this Request on the ground that it seeks confidential and proprietary information that has no relevance to the case. Moreover, Crowe objects to this Request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant client privilege, professional rules preventing the disclosure of confidential information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216.

43. In addition to the General Objections, Objections to the Definitions, and Objections to the Instructions, Crowe objects to Request No. 4 on the ground that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe, but rather requests "All documents and communications performed by you, from any source, concerning any work you have performed for Colonial other than relating to the Services." For the same reason, Crowe objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Further, Crowe objects to this Request to the extent that it seeks documents that are not currently within Crowe's possession, custody, or control or documents obtainable from other more convenient or less burdensome or expensive sources. Crowe also objects to this Request to the extent that it seeks confidential information, proprietary

Mayer Brown LLP

James C. Cunningham, Jr.
February 13, 2014
Page 10

information, or information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. Moreover, Crowe objects to this Request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant client privilege, professional rules preventing the disclosure of confidential information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216.

44. In addition to the General Objections, Objections to the Definitions, and Objections to the Instructions, Crowe objects to Request No. 5 on the grounds that it uses allegedly defined terms that are not in fact defined and lacks proper categorization and is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe. Further, Crowe also objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Crowe also objects to this Request to the extent that is cumulative or duplicative of Requests 1, 2, and 4. Further, Crowe objects to this Request to the extent that it seeks documents that are obtainable from other more convenient or less burdensome or expensive sources, including documents that are more easily obtained from Defendant or other third parties. Crowe also objects to this Request to the extent that it seeks confidential information, proprietary information, or information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. Moreover, Crowe objects to this Request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant client privilege, professional rules preventing the disclosure of confidential information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216.

45. In addition to the General Objections, Objections to the Definitions, and Objections to the Instructions, Crowe objects to Request No. 6 on the ground that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe or even to Colonial or Plaintiff. Further, Crowe also objects to this Request on the grounds that it is overbroad, unduly burdensome, lacks proper categorization, and seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Crowe also objects to this Request to the extent that is cumulative or duplicative of Requests 1, 2, and 4. Further, Crowe objects to this Request to the extent that it seeks documents that are obtainable from other more convenient or less burdensome or expensive sources. Crowe also objects to this Request to the extent that it seeks confidential information, proprietary information, or information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of

James C. Cunningham, Jr.
February 13, 2014
Page 11

      the information without the consent of third parties. Moreover, Crowe objects to this Request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant client privilege, professional rules preventing the disclosure of confidential information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216.

46.    In addition to the General Objections, Objections to the Definitions, and Objections to the Instructions, Crowe objects to Request No. 7 on the ground that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe and seeks information that does not relate to Colonial or Plaintiff. Further, Crowe also objects to this Request on the grounds that it is overbroad, lacks proper categorization, is unduly burdensome, and seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Crowe also objects to this Request to the extent that is cumulative or duplicative of Requests 1, 2, and 4. Further, Crowe objects to this Request to the extent that it seeks documents that are obtainable from other more convenient or less burdensome or expensive sources. Crowe also objects to this Request to the extent that it seeks confidential information, proprietary information, or information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. Moreover, Crowe objects to this Request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant client privilege, professional rules preventing the disclosure of confidential information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216.

47.    In addition to the General Objections, Objections to the Definitions, and Objections to the Instructions, Crowe objects to Request No. 8 on the ground that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe or to Colonial or Plaintiff. Crowe also objects to this Request on the grounds that it is overbroad, unduly burdensome, lacks proper categorization, and seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Further, Crowe objects to the phrase "quasi-governmental regulatory body" as vague and ambiguous. Crowe also objects to this Request to the extent that is cumulative or duplicative of Requests 1, 2, and 4. Crowe objects to this Request to the extent that it seeks documents that are obtainable from other more convenient or less burdensome or expensive sources. Crowe also objects to this Request to the extent that it seeks confidential information, proprietary information, or information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. Moreover, Crowe objects to this Request to the extent that it seeks information that is subject

James C. Cunningham, Jr.
February 13, 2014
Page 12

      to the attorney-client privilege, the work-product doctrine, the accountant client privilege, professional rules preventing the disclosure of confidential information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216.

48. In addition to the General Objections, Objections to the Definitions, and Objections to the Instructions, Crowe objects to Request No. 9 on the ground that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe. Crowe also objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Further, Crowe objects to the phrases "promotional materials," "advertising materials," "otherwise adopted by you," and "regarding the mortgage industry" as vague and ambiguous. Crowe also objects to this Request to the extent that it seeks confidential information and proprietary information.

49. In addition to the General Objections, Objections to the Definitions, and Objections to the Instructions, Crowe objects to Request No. 10 on the ground that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe. Crowe also objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Further, Crowe objects to this Request to the extent that it seeks documents that are not currently within Crowe's possession, custody, or control or documents obtainable from other more convenient or less burdensome or expensive sources. Crowe also objects to this Request on the grounds that it seeks confidential information.

50. In addition to the General Objections, Objections to the Definitions, and Objections to the Instructions, Crowe objects to Request No. 11 on the ground that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe. Crowe also objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Crowe objects to this Request to the extent that it seeks documents that are not currently within Crowe's possession, custody, or control or documents obtainable from other more convenient or less burdensome or expensive sources. Crowe also objects to this Request to the extent that it seeks confidential information, proprietary information, or information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. Moreover, Crowe objects to this Request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant client privilege, professional rules preventing the disclosure of confidential information, or any other applicable privilege, immunity, or protection.

Mayer Brown LLP

James C. Cunningham, Jr.
February 13, 2014
Page 13

51. In addition to the General Objections, Objections to the Definitions, and Objections to the Instructions, Crowe objects to Request No. 12 on the ground that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe. Further, Crowe objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Crowe also objects to this Request to the extent that is cumulative or duplicative of Requests 10 and 11. Further, Crowe objects to this Request to the extent that it seeks documents that are not currently within Crowe's possession, custody, or control or documents obtainable from other more convenient or less burdensome or expensive sources. Crowe also objects to this Request to the extent that it seeks confidential information, proprietary information, or information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. Moreover, Crowe objects to this Request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant client privilege, professional rules preventing the disclosure of confidential information, or any other applicable privilege, immunity, or protection.

52. In addition to the General Objections, Objections to the Definitions, and Objections to the Instructions, Crowe objects to Request No. 13 on the ground that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe. Crowe also objects to this Request on the grounds that it is vague, ambiguous, overbroad, unduly burdensome, and seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Further, Crowe objects to this Request to the extent that it seeks documents that are not currently within Crowe's possession, custody, or control or documents obtainable from other more convenient or less burdensome or expensive sources. Crowe also objects to this Request to the extent that it seeks confidential information, proprietary information, or information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. Moreover, Crowe objects to this Request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant client privilege, professional rules preventing the disclosure of confidential information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216.

53. In addition to the General Objections, Objections to the Definitions, and Objections to the Instructions, Crowe objects to Request No. 14 on the ground that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe. Crowe also objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Further,

Mayer Brown LLP

James C. Cunningham, Jr.
February 13, 2014
Page 14

> Crowe objects to the request as not understandable given the use of the term "plan" which is vague and lacking in meaning as used in this request. Crowe objects to this Request to the extent that it seeks documents that are not currently within Crowe's possession, custody, or control or documents obtainable from other more convenient or less burdensome or expensive sources. Crowe also objects to this Request to the extent that it seeks confidential information, proprietary information, or information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. Moreover, Crowe objects to this Request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant client privilege, professional rules preventing the disclosure of confidential information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216.

54. In addition to the General Objections, Objections to the Definitions, and Objections to the Instructions, Crowe objects to Request No. 15 on the ground that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe. Crowe also objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Further, Crowe objects to the term "tax-related" as vague and ambiguous. Crowe also objects to this Request to the extent that is cumulative or duplicative of Requests 1, 4, and 5. Crowe objects to this Request to the extent that it seeks documents that are not currently within Crowe's possession, custody, or control or documents obtainable from other more convenient or less burdensome or expensive sources, including public sources or documents that are more easily obtained from Defendant or other third parties. Crowe also objects to this Request to the extent that it seeks confidential information, proprietary information, or information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. Moreover, Crowe objects to this Request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant client privilege, professional rules preventing the disclosure of confidential information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216.

55. In addition to the General Objections, Objections to the Definitions, and Objections to the Instructions, Crowe objects to Request No. 16 on the ground that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe. Crowe also objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Further,

Mayer Brown LLP

James C. Cunningham, Jr.
February 13, 2014
Page 15

> Crowe objects to this Request to the extent that it seeks documents that are not currently within Crowe's possession, custody, or control or documents obtainable from other more convenient or less burdensome or expensive sources, including public sources or documents that are more easily obtained from Defendant or other third parties. Crowe also objects to this Request to the extent that it seeks confidential information, proprietary information, or information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. Moreover, Crowe objects to this Request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant client privilege, professional rules preventing the disclosure of confidential information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216.

56. In addition to the General Objections, Objections to the Definitions, and Objections to the Instructions, Crowe objects to Request No. 17 on the ground that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe. Crowe also objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Further, Crowe objects to the term "peer review" and the phrase "internal quality review process" as vague and ambiguous. Crowe also objects to this Request to the extent that it seeks personal and confidential information about Crowe personnel. Further, Crowe objects to this Request to the extent that it seeks other confidential information, proprietary information, or information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. Moreover, Crowe objects to this Request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant client privilege, professional rules preventing the disclosure of confidential information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216.

57. In addition to the General Objections, Objections to the Definitions, and Objections to the Instructions, Crowe objects to Request No. 18 on the ground that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe. Crowe also objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Further, Crowe objects to the term "peer review" and the phrase "internal quality review" as vague and ambiguous. Crowe also objects to this Request to the extent that it seeks personal and confidential information about Crowe personnel. Further, Crowe objects to this Request to the extent that it seeks other confidential information, proprietary information, or information subject to confidentiality

Mayer Brown LLP

James C. Cunningham, Jr.
February 13, 2014
Page 16

agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. Moreover, Crowe objects to this Request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant client privilege, professional rules preventing the disclosure of confidential information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216.

58. In addition to the General Objections, Objections to the Definitions, and Objections to the Instructions, Crowe objects to Request No. 19 on the ground that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe. Crowe also objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Further, Crowe objects to the term "internal investigation" as vague and ambiguous. Crowe also objects to this Request to the extent that it seeks personal and confidential information about Crowe personnel. Further, Crowe objects to this Request to the extent that it seeks other confidential information, proprietary information, or information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. Moreover, Crowe objects to this Request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant client privilege, professional rules preventing the disclosure of confidential information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216.

59. In addition to the General Objections, Objections to the Definitions, and Objections to the Instructions, Crowe objects to Request No. 20 on the ground that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe. Crowe also objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Further, Crowe objects to this Request to the extent that it seeks documents that are not within Crowe's possession, custody, or control or documents obtainable from other more convenient or less burdensome or expensive sources, including public sources or documents that are more easily obtained from Defendant or other third parties. Crowe also objects to this Request to the extent that it seeks confidential information, proprietary information, or information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. Moreover, Crowe objects to this Request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant client privilege, professional rules preventing the disclosure of confidential information, or any

**Mayer Brown** LLP

James C. Cunningham, Jr.
February 13, 2014
Page 17

        other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216.

60.   In addition to the General Objections, Objections to the Definitions, and Objections to the Instructions, Crowe objects to Request No. 21 on the ground that it is not limited to the time and scope relevant to Plaintiff's allegations against Defendant related to Crowe. Crowe also objects to this Request on the grounds that it is overbroad, unduly burdensome and seeks documents that are neither relevant nor calculated to lead to the discovery of admissible evidence. Crowe also objects to this Request because it seeks confidential and proprietary information.

        I suggest that we have a meet and confer once you have had the opportunity to review our objections.

        Sincerely,

        *Stanley Parzen*

        Stanley J. Parzen