**EXHIBIT E**
**(TBW Protective Order)**

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA

Complex Business Litigation Division
Case No. 13-33964 (40)

TAYLOR, BEAN & WHITAKER PLAN TRUST,

        Plaintiff,

v.

PRICEWATERHOUSECOOPERS, LLP,

        Defendant.

_____/

## STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF PRODUCTION OF DOCUMENTS

### PREAMBLE

THIS CAUSE having come before the court on a Stipulated Motion for Protective Order, and having been advised that certain information that has been or will be produced by the parties in this action (the "Action") or non-parties may contain Confidential Information (as defined in paragraph 1(f) below), the unauthorized disclosure of which may be detrimental to the legitimate commercial or privacy interests of the person or entity producing such information, and the Agreed Motion for Protective Order Pertaining to Confidential Documents having shown good cause pursuant to Fla. R. Civ. P. 1.2809c), it is hereby

ORDERED AND ADJUDGED that the following procedure designed to assure the protection of Confidential Information shall govern the disclosure, use, and handling of such Confidential Information:

# DEFINITIONS

1. For the purposes of this Stipulated Protective Order:

   a. "*Document*" includes all tangible written, recorded or graphical material and intangible data files, such as magnetic computer files.

   b. "*Producing Entity*" means the party or non-party producing discovery material.

   d. "*Receiving Entity*" means any person or entity receiving discovery material.

   e. "*Non-party Producing Entity*" means any person or entity that is not a party to this Action who produces documents or information in response to a request or subpoena issued by any of the parties to this Action.

   f. "*Confidential Information*" means documents or information recorded in any form which is or has been produced or exchanged in this Action, and any deposition or hearing testimony referring to same, that falls within at least one of the following categories:

   i. Trade secrets and other confidential research, development, or commercial information (*e.g.*, Fla. Stat. §§ 688.002(4) (defining "trade secret"), 688.006 (authorizing court to preserve trade secrets), 812.081 (defining "trade secret" in connection with elements of theft of trade secrets offense), 90.506 (privilege with respect to trade secrets)); or

   ii. Confidential or proprietary commercial information; or

   iii. Confidential client information; or

   iv. Tax returns and related information or documents that are confidential under state or federal confidentiality laws (*e.g.*, Fla. Stat. §

213.053 and 26 U.S.C. § 6103 – "Confidentiality and disclosure of returns and return information."); or

v.    Documents which provide identifying information about individual customers, mortgage holders, or employees, including such persons' social security numbers, bank account numbers, credit card numbers, or other information which, if publicly disseminated, could facilitate identity theft or similar difficulties for such individuals; or

vi.    Information subject to a legally cognizable right of privacy or Privilege (as defined below).

g.    "*CBG*" means The Colonial BancGroup, Inc., as post-confirmation debtor.

h.    "*FDIC-R*" means the Federal Deposit Insurance Corporation as receiver for Colonial Bank.

### PERMISSIBLE USE OF CONFIDENTIAL INFORMATION

2.    All persons obtaining access to Confidential Information in connection with this Action shall use that Confidential Information only for preparation and trial of this Action including any appeal, retrial and collection of judgment pursuant to a Writ of Execution, and shall not give, show, make available, discuss, or otherwise communicate in any form such Confidential Information to any person or party for any other purpose, except by court order or as otherwise required by law.  Any person found to have made an impermissible use or disclosure of Confidential Information will be subject, without limitation, to applicable penalties for contempt of court.

3.    This Stipulated Protective Order shall not be deemed to compel a party or non-party to produce or disclose Confidential Information in discovery.

4. The designation or non-designation of documents or information pursuant to this Stipulated Protective Order is for the sole purpose of designating how those documents or information may be used and by whom. Nothing contained in this Stipulated Protective Order, and no action taken in compliance with it, shall operate as an admission by any party that any particular document or information is, or is not, information that might enjoy protection under the law. The production of Confidential Information pursuant to this Stipulated Protective Order shall not constitute an admission by the Producing Entity, or waive the Producing Entity's rights, with respect to the propriety of their disclosure or their relevance. Moreover, nothing contained in this Stipulated Protective Order or any action taken in compliance with it shall prejudice in any way the right of the Producing or Receiving Entities to seek, by way of consent from the other, or by application to the Court: (i) additional protection for specific documents or information; and/or (ii) relief from the provisions of this Stipulated Protective Order with respect to specific items or categories of documents or information or the use of documents or information.

5. In the event that any Confidential Information is disclosed or used in any proceedings in this Action (including, but not limited to, depositions, conferences, or hearings), the Confidential Information shall not lose its status as Confidential Information through such use. Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts in any court proceedings, including trial.

**DESIGNATION OF CONFIDENTIAL DOCUMENTS**

6. Any Producing Entity may designate information produced in this Action as "Confidential Information" by placing on or affixing to a document containing such information (in such manner as will not interfere with the legibility thereof) the phrase "CONFIDENTIAL"

on each page of the document so designated. Failure to so label a document will not constitute a waiver of confidentiality so long as the Producing Entity has clearly communicated to the other parties that the documents at issue are confidential and subject to the protections of this Stipulated Protective Order.

7.  All copies or reproductions of Confidential Information shall be subject to the terms of this Stipulated Protective Order. If the duplicating process by which copies or reproductions of Confidential Information are made does not preserve the confidentiality designation that appears on the original, the party responsible for making or having made such copies of reproductions shall cause such copies or reproductions to be stamped or otherwise labeled "CONFIDENTIAL." Any documents, affidavits, recordings, transcripts, or other tangible materials that disclose, quote in whole or in part from, paraphrase, or contain copies, excerpts, or compilations in whole or in part of Confidential Information shall be deemed "CONFIDENTIAL" and shall be subject to the terms of this Stipulated Protective Order.

8.  A designation of "CONFIDENTIAL" shall constitute a representation by the Producing Entity to the Court that the Producing Entity reasonably believes that the Confidential Information is not reasonably believed to be already in the public domain, and that the Producing Entity believes that the information so designated constitutes Confidential Information as defined in this Stipulated Protective Order.

9.  If a witness at a deposition refers to or is examined about Confidential Information, that part of the transcript wherein the deponent refers to or is examined about Confidential Information shall be given the protections afforded Confidential Information under this Stipulated Protective Order during the deposition and for a period of fifteen (15) business days after a complete copy of the transcript has been provided to the Producing Entity by the

court reporter in order to give the Producing Entity an opportunity to designate information contained in that transcript as Confidential Information. No more than fifteen (15) business days after a complete copy of the transcript has been provided to the Producing Entity, the Producing Entity shall review the transcript and designate the portions of the deponent's deposition transcript that qualify as Confidential Information by page and line number. Such designation shall be communicated in writing to all parties to this Action. If the Producing Entity fails to designate any portion of the deponent's deposition transcript as Confidential Information, then at 5:00 p.m. on the twentieth (20th) business day after a complete copy of the transcript has been provided to the Producing Entity the protections of this Stipulated Protective Order shall not apply. Alternatively, the Producing Entity may designate any portions of testimony in this Action and the accompanying transcripts and exhibits "CONFIDENTIAL" by making a statement to that effect on the record during the testimony.

10. The inadvertent or unintentional disclosure by a Producing Entity of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall in no way prejudice or otherwise be deemed a waiver of, or estoppel as to, the Producing Entity's claim that the information disclosed (or any other information on the same or related subject matter) is Confidential Information. Any such inadvertently or unintentionally disclosed Confidential Information, not designated as such, shall be designated as Confidential Information provided that the Producing Entity informs all parties and any other person or interested party of its claim in writing, accompanied by substitute copies of each item stamped or labeled "CONFIDENTIAL," within ten (10) business days after learning of the inadvertent disclosure. The Receiving Entities and any other interested party having custody of and access to such materials shall mark them and treat them as Confidential Information as if they had been initially

so designated. Within five (5) days of receipt of the substitute copies of the Confidential Information, all Receiving Entities shall return or destroy the previously unstamped and unlabeled Confidential Information and all copies thereof. If, prior to receiving such notice, a Receiving Entity has disseminated the Confidential Information to individuals not authorized to receive such Confidential Information pursuant to this Order, the Receiving Entity shall make a reasonable effort to retrieve the Confidential Information or, if such effort fails, to advise each recipient that the Confidential Information is subject to this Order.

11. Nothing in this Stipulated Protective Order shall require disclosure of any material that the Producing Entity, CBG or the FDIC-R contends is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other legally recognized privilege, immunity, or protection from disclosure (collectively, "Privilege"). The inadvertent production of any document or information which a party, CBG or the FDIC-R later claims should not have been produced because it is protected by Privilege shall not be deemed a waiver in whole or in part of privacy or Privilege, either as to the specific information disclosed or as to the same or related subject matter. Nothing in this Stipulated Protective Order shall require disclosure of any material that the Producing Entity contends is protected from disclosure by privacy or Privilege.

    a. Upon discovery by a Producing Entity (or upon receipt of notice from another party, including the Receiving Entity, CBG or the FDIC-R) that it has produced documents or information protected by Privilege, the Producing Entity shall promptly request the return of such documents or information protected by Privilege by identifying in writing the documents or information protected by Privilege inadvertently produced. If a Producing Entity requests the return, pursuant to this paragraph, the Receiving Entity shall immediately return the

documents or information protected by Privilege (and copies thereof) and shall destroy any work product that incorporates the documents or information protected by Privilege. The Receiving Party must not use or disclose any documents or information protected by Privilege.

      b.    If the Receiving Entity returning the documents or information protected by Privilege disputes the privacy or Privilege claim, it must notify the Producing Entity and, if applicable, CBG or the FDIC-R of the dispute and the basis therefore in writing within ten (10) days of receipt of the Producing Entity's notification. Such dispute or notification does not alter the Receiving Entity's obligation to immediately return or destroy the documents or information protected by Privilege. The parties and, if applicable, counsel for CBG or the FDIC-R shall thereafter confer regarding the disputed privacy or Privilege claim within ten (10) days. In the event the parties and, if applicable, CBG or the FDIC-R cannot resolve their dispute, either party may, within ten (10) days of the termination of the conferring process, move the Court for an order determining whether the privacy or Privilege claim applies. The Producing Entity must preserve the documents or information as to which Privilege is asserted until the claim is resolved.

### DISCLOSURE OF CONFIDENTIAL INFORMATION

12.    Except as otherwise authorized by the Court or with the prior written consent of the Producing Party, no Receiving Entity may disclose Confidential Information to any person other than the following:

      a.    Those employees and agents of the parties to this Action that each party deems to be necessary for the prosecution or defense of the Action;

      b.      The parties' counsel, including attorneys, paralegals, legal assistants, secretaries, and clerical and administrative personnel employed by such counsel or law firm, that each party deems to be necessary for the prosecution or defense of the Action;

      c.      The trial and appellate courts and all of their support personnel;

      d.      Court reporters, stenographers or video operators involved in taking, recording or transcribing testimony in this action;

      e.      Litigation support services, including outside photocopying, imaging, database, graphics, or design services;

      f.      Consultants or experts retained by counsel for a party or directly by a party for purpose of assisting in this Action, provided, however, that such persons are not presently, and have no current plans to become, employees of a party;

      g.      Any person as to which it is apparent from the face of a document that the person to whom the information is to be disclosed was either an author or recipient of the Confidential Information, or a person to whom it has been reasonably established is an author or recipient, prior to the intended disclosure in this action; and

      h.      Any other person whom counsel for the parties to the Action agree in writing should have access to Confidential Information.

Disclosure pursuant to this paragraph 12 shall not constitute a waiver of the confidential status of the Confidential Information so disclosed.

13.      Those persons described in paragraphs 12(f), (g), and (h) who receive Confidential Information shall execute an Acknowledgment in the form attached hereto as Exhibit A and shall safeguard such Confidential Information so that only those persons described in paragraph 12 above may have access to such material. Counsel for the Receiving Entity shall

retain a copy of all such executed Acknowledgements and shall produce such acknowledgements if required by the Court for purposes of determining whether a breach of this Stipulated Protective Order has occurred.

14. Except with the prior written consent of the Producing Entity, any Confidential Information shall be used by the Receiving Entity solely in connection with the Action and may not be used for any other purpose. Nothing herein shall be construed to limit or restrict a Producing Entity's use or disclosure of its own Confidential Information for any purpose.

## FILING UNDER SEAL

15. Documents containing Confidential Information shall not be filed with the Clerk of the Court including any appellate court except as required by the Court, court rules or as necessary in connection with motions or other matters requiring the Court's attention in this action.

16. Documents containing Confidential Information should be filed electronically in redacted format only (with copies of the redacted filings served on the opposing party) and shall be filed by hand delivery to the Court in unredacted format in an envelope marked "CONFIDENTIAL" (with copies of the unredacted filings served on the opposing party). Any non-filing party who objects to the treatment of any such filing as "confidential" shall, within five (5) days of filing, confer with the opposing party regarding such objection in accordance with paragraph 19 below, and if such objection is not resolved, may file a motion within ten (10) days of filing in accordance with paragraph 19 below.

17. A party's brief, memorandum, or motion may refer to confidential material that is otherwise submitted to the Court in accordance with this Order, and the brief, memorandum, or motion itself need not be filed under seal so long as the reference to Confidential Information

does not disclose any of the information marked as confidential in form or substance (*e.g.*, quotations from documents marked as confidential or descriptions of such information that would thwart the purpose of the confidential designation).

18. The failure of any party to comply with the requirements of this Stipulated Protective Order for the submission to the Clerk of the Court of documents containing Confidential Information shall not affect the status of that information as Confidential Information.

## CHALLENGES TO DESIGNATIONS OF CONFIDENTIALITY

19. If a Receiving Entity objects to the designation of any information as Confidential Information, it shall state clearly the basis for the objection in writing to counsel for the Producing Entity. Thereafter, the Producing and Receiving Entities shall negotiate to resolve the objection.

a. If the Producing and Receiving Entities are unable to resolve the objection with respect to the designation, the Receiving Entity may move the Court for a ruling that the information is not properly designated, and the Receiving Entity must provide the Producing Entity with prior notice of any such motion. Until an objection to the designation of information has been resolved by agreement of counsel or by order of the Court, the designated information shall be deemed to be properly designated, and shall be subject to the terms of this Stipulated Protective Order.

b. In all disputes concerning the proper designation or non-designation of documents, the burden of justifying the claimed level of protection shall be on the Producing Entity.

      c.    In all disputes concerning the proper designation or non-designation of documents, the Court may direct the parties to file the documents in question under seal for the Court's *in camera* review.

20.    The parties shall not be obligated to challenge the propriety of any designation of information as confidential, and the failure to do so promptly shall not preclude any subsequent objection to such designation or motion seeking permission to disclose such material to persons not referred to in paragraph 12, *supra*.

21.    The burden of proving that any information is Confidential Information shall remain with the party that designated the information as Confidential Information.

**EFFORTS BY THIRD PARTIES TO OBTAIN CONFIDENTIAL INFORMATION**

22.    If a Receiving Entity having access to Confidential Information pursuant to this Stipulated Protective Order: (a) is subpoenaed in another action or (b) is served with a demand in another action to which it is a party or (c) is served with any legal process or other notice seeking any Confidential Information, that party shall give prompt written notice to counsel for the Producing Entity within five (5) business days of receipt of such subpoena, demand, legal process, or other notice or sufficiently in advance of the requested production date so as to provide the Producing Entity a reasonable opportunity to object to production, whichever is earlier; shall object to production of the Confidential Information; and shall not produce any Confidential Information without either the prior written consent of the Producing Entity or an order of a court of competent jurisdiction compelling such production.. If the Producing Entity wishes to continue to protect that Confidential Information, it may seek a protective order or other protection in the separate legal proceeding from which the subpoena, demand, or legal process issued. Nothing herein shall be construed, however, as requiring the Receiving Entity

having access to Confidential Information pursuant to this Stipulated Protective Order to challenge or appeal any Order requiring production of Confidential Information covered by this Stipulated Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from a Court.

23. The party receiving the subpoena, demand, legal process, or other notice will not object to the Producing Entity having a reasonable opportunity to appear in the litigation or proceeding in which disclosure of the Producing Entity's Confidential Information is sought for the sole purpose of seeking to prevent or restrict disclosure thereof.

## PROCEDURE FOR UNAUTHORIZED DISCLOSURE

24. If Confidential Information under the terms of this Stipulated Protective Order is disclosed to any person other than one entitled to disclosure in the manner authorized under this Stipulated Protective Order, the party responsible for the unauthorized disclosure shall, immediately upon learning of such disclosure, inform counsel for the Producing Entity and the parties to this Action in writing of all pertinent facts relating to such disclosure (including, without limitation, the name, address, and employer of the person to whom the disclosure was made), promptly retrieve the disclosed information and make every effort to prevent further unauthorized disclosure of the information.

25. Notwithstanding the foregoing, counsel are responsible for employing reasonable measures to control, consistent with the terms of this Stipulated Protective Order, duplication of, or access to and distribution of Confidential Information under the terms of this Stipulated Protective Order.

## PROCEDURE UPON TERMINATION OF LITIGATION

26. This Stipulated Protective Order shall survive the termination of this Action.

Within sixty (60) days of the final termination of this Action (including appeals), each Receiving Entity shall, upon request, take reasonable efforts to locate and return to the Producing Entity copies of documents designated as "Confidential Information" and produced by the Producing Entity during the course of this proceeding, including hardcopy documents, media (*e.g.*, CDs, DVDs, drives, etc.) containing electronic documents, e-mail, or hardcopy documents, and physical copies of such documents.

In addition, upon request, each Receiving Entity shall, within sixty (60) days of the request, take reasonable efforts to locate and destroy, in whatever form stored or reproduced, all of the materials that contain Confidential Information of another party or person, except that counsel of record in this Action may retain copies of each pleading, affidavit, affirmation, certification, declaration, brief, record on appeal, notice of motion, deposition transcript, exhibit to a deposition or affidavit (or the like), exhibit at a hearing or trial, discovery request and response thereto, stipulation, correspondence, attorneys' notes relating to this proceeding, Court order, Court transcript, or any other document filed with the Court, subject to the other terms of this Stipulated Protective Order.  The party or parties receiving the request to return or destroy such material may instead make the materials available to the requesting party or person for retrieval.

As used in this paragraph, "reasonable efforts" includes searches of:  (i) any electronic workspace associated with this Action; (ii) physical files associated with this Action including those maintained in the offices of the attorneys, paralegals, and others who work on this Action; and (iii) e-mails authored by or sent to the attorneys, paralegals, and others who work on this Action.  "Reasonable efforts" does not include searches of backup tapes be they digital or otherwise.

**RIGHT TO SEEK MODIFICATION**

27.     Nothing in this Stipulated Protective Order shall be construed to limit, constrict or otherwise affect the ability of the parties to seek by motion a modification of this Stipulated Protective Order for good cause shown.

**JURISDICTION AND ENFORCEMENT**

28.     Any person or entity receiving Confidential Information under the terms of this Stipulated Protective Order hereby agrees to subject himself, herself, or itself to the jurisdiction of the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, for purposes of any proceedings relating to performance under, compliance with, or violation of this Stipulated Protective Order.  If any person or entity violates or threatens to violate any terms of this Stipulated Protective Order, any party may seek any appropriate relief, including injunctive relief and sanctions, from this Court or from any other court or tribunal of competent jurisdiction.

**GOOD FAITH**

29.     The parties to this protective order agree to exercise good faith in complying with the provisions set forth herein.

DONE AND ORDERED in Chambers at Miami-Dade County, Florida, on 04/09/14.

_____
JOHN W. THORNTON
CIRCUIT COURT JUDGE

**No Further Judicial Action Required on THIS MOTION
CLERK TO RECLOSE CASE IF POST JUDGMENT**

16

The parties served with this Order are indicated in the accompanying 11th Circuit email confirmation which includes all emails provided by the submitter. The movant shall IMMEDIATELY serve a true and correct copy of this Order, by mail, facsimile, email or hand-delivery, to all parties/counsel of record for whom service is not indicated by the accompanying 11th Circuit confirmation, and file proof of service with the Clerk of Court.

Signed and stamped original Order sent to court file by Judge Thornton's staff.

Copies furnished to:  All counsel of record

**EXHIBIT "A"**

**IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT, IN AND
FOR MIAMI-DADE COUNTY,
FLORIDA**

**Complex Business Litigation Division
Case No. 13-33964 (40)**

**TAYLOR, BEAN & WHITAKER
PLAN TRUST,**

      **Plaintiff,**

**v.**

**PRICEWATERHOUSECOOPERS,
LLP,**

      **Defendant.**

_____/

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I declare as follows:

1. My address is _____

_____.

2. My present employer is _____

_____.

3. My present occupation or job description is _____

_____.

4. I hereby acknowledge that I may receive information designated as CONFIDENTIAL INFORMATION in the above lawsuit, and I certify my understanding that

such information is provided to me pursuant to the terms and restrictions of the Stipulated Protective Order entered by the court in this lawsuit.

5. I further state that I have been given a copy of and have read the Stipulated Protective Order attached hereto, that I am familiar with the terms of the Stipulated Protective Order, that I agree to comply with and be bound by each of the terms thereof, and that I agree to hold in confidence any information disclosed to me pursuant to the terms of the Stipulated Protective Order.

6. To assure my compliance with the Stipulated Protective Order, I hereby submit myself to the jurisdiction of the Eleventh Judicial Circuit in and For Miami-Dade County, Florida for the limited purpose of any proceedings relating to performance under, compliance with, or violation of this Stipulated Protective Order.

7. I understand that I am to retain all the materials that I receive which have been designated as CONFIDENTIAL INFORMATION in a manner consistent with this Stipulated Protective Order; that all such materials are to remain in my custody until I have completed my assigned duties, whereupon they are to be returned to the party who provided them to me; and that any materials, memoranda, work notes, or other documents derived from documents designated as CONFIDENTIAL INFORMATION or containing any confidential information therein are to be delivered to the party who provided me with the designated materials. Such delivery shall not relieve me from any of the continuing obligations imposed upon me by the Stipulated Protective Order.

I declare under penalty of perjury under the laws of the State of Florida that the foregoing is true and correct.

Executed on _____, 20\_\_.

 

_____
Print Name _____
Print Title _____