**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION**

| | |
|---|---|
| **THE COLONIAL BANCGROUP, INC., and KEVIN O'HALLORAN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,**<br><br>**Defendants.** | **Case No. 2:11-cv-00746-WKW** |
| **FEDERAL DEPOSIT INSURANCE CORPORATON AS RECEIVER FOR COLONIAL BANK,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,**<br><br>**Defendants.** | **Case No. 2:12-cv-00957-WKW** |

## ANSWER IN INTERVENTION

Federal Deposit Insurance Corporation, in its capacity as Receiver of Colonial Bank of Montgomery, Alabama ("FDIC"), a party in interest in this action, files this Answer in Intervention to Plaintiffs' Amended Complaint in this case.

## I. INTRODUCTION

1. On August 14, 2009, the Alabama State Banking Department closed Colonial Bank ("Colonial" or "the Bank") and named the FDIC as Receiver. Colonial's failure followed the discovery in early August 2009 that the Bank's largest customer, Taylor Bean & Whitaker Mortgage Corp. ("TBW"), with the cooperation of certain Colonial insiders, had committed a massive, multi-year fraud against Colonial, resulting in significant losses not reported in the Bank's financial statements, thereby grossly misstating Colonial's true financial condition. In its role as Receiver of Colonial, the FDIC has identified acts and omissions constituting professional malpractice and other actionable misconduct committed by Defendant PricewaterhouseCoopers LLP ("PwC") in connection with its year-end 2007 audit and subsequent accounting work and consulting for the Bank, and acts of professional malpractice and other actionable misconduct committed by Defendant Crowe Horwath LLP ("Crowe") in connection with its 2006 and 2007 accounting work for the Bank. In the absence of misconduct by PwC and Crowe, the TBW fraud would have been discovered sooner than it was, and hundreds of millions of dollars in losses to Colonial would have been avoided.

2. Plaintiffs improperly have claimed ownership of and asserted these claims against Defendants PwC and Crowe in their Amended Complaint in this case. The FDIC intervenes as a defendant to challenge Plaintiffs' standing,

capacity, and legal right to assert these claims and to seek a declaratory judgment that the FDIC has the sole right to seek relief for losses caused by PwC's and Crowe's negligent acts and omissions.

3. Because the FDIC denies that Plaintiffs are entitled to assert the derivative claims they have made for losses incidental to their ownership of Bank stock, regardless of the negligent acts and omissions of Defendants PwC and Crowe, the FDIC is not required to admit or deny the specific allegations of wrongdoing on which the claims are based.

## II. AFFIRMATIVE DEFENSES

As affirmative defenses to the Plaintiffs' Amended Complaint and to each claim for relief contained therein, the FDIC states as follows:

### FIRST AFFIRMATIVE DEFENSE – LACK OF STANDING

4. Plaintiffs lack standing to sue Defendants PwC and Crowe on the claims because the claims derive from Colonial's losses and are incidental to The Colonial BancGroup, Inc.'s ownership of Colonial stock, as a result of which their claims are, by statute, owned exclusively by the FDIC.

### SECOND AFFIRMATIVE DEFENSE – LACK OF CAPACITY

5. Plaintiffs lack the capacity to sue Defendants PwC and Crowe on the claims because the claims derive from Colonial's losses and are incidental to The

Colonial BancGroup, Inc.'s ownership of Colonial stock as a result of which their claims are, by statute, owned exclusively by the FDIC.

### THIRD AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

6. Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted against Defendants PwC and Crowe because the asserted claims derive from Colonial's losses and are incidental to The Colonial BancGroup, Inc.'s ownership of Colonial stock. Because the derivative claims asserted by Plaintiffs are, by statute, owned exclusively by the FDIC, Plaintiffs have no legal right to bring them.

## III. PRAYER

For these reasons, the FDIC requests that the Court (a) dismiss with prejudice Plaintiffs' claims in the Amended Complaint on the grounds set forth in the FDIC's Affirmative Defenses, and (b) hold that dismissal of Plaintiffs' claims is without any preclusive or *stare decisis* effect on claims the FDIC may have against Defendants PwC and Crowe.

## COUNTERCLAIM

### I. PARTIES, JURISDICTION, AND VENUE

1. The FDIC is organized and existing under the laws of the United States of America. Upon being named Receiver for Colonial Bank ("Colonial" or "the Bank"), the FDIC succeeded to all rights, titles, powers, and privileges of

Colonial, including, but not limited to, Colonial's claims against its former professional service providers such as PwC and Crowe. 12 U.S.C. § 1821(d)(2)(A)(i).

2. Plaintiffs are identified in paragraphs eight and nine of their Amended Complaint on file in this cause.

3. This Court has subject matter jurisdiction over this action pursuant to 12 U.S.C. § 1819(b)(1) and (2) and 28 U.S.C. §§ 1331 and 1345. The FDIC has the power to sue in any court of law. 12 U.S.C. §1819(a).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events and/or omissions giving rise to the claims asserted herein occurred in this District.

## II. DECLARATORY JUDGMENT FACTS

5. Pursuant to 12 U.S.C. § 1821(d)(2), the FDIC conducted an investigation of Colonial following the Bank's failure and determined that PwC's and Crowe's misconduct in rendering professional services caused significant damage to the Bank. Under 12 U.S.C. § 1821, the FDIC is charged with pursuing these damages in order to marshal the Bank's assets and make a fair distribution to creditors of the Bank.

6. Plaintiffs have, in their Amended Complaint, asserted claims and damages against PwC and Crowe that derive from Colonial's losses and are

incidental to The Colonial BancGroup Inc.'s ownership of Colonial's stock. Under the provisions of 12 U.S.C. § 1821(d)(2)(A)(i), such claims are derivative of the Bank's rights and belong exclusively to the FDIC. In their Amended Complaint, Plaintiffs have impermissibly encroached upon the FDIC's exclusive right to assert such claims.

7. Absent a declaratory judgment that Plaintiffs' claims are derivative and that the FDIC owns the derivative claims asserted by Plaintiffs in this action, the FDIC's interests and rights will be severely prejudiced. Among other things, Plaintiffs might receive funds by way of judgment or settlement as to which the FDIC has the exclusive right to recover, or rulings on disputed issues of fact or law might be made without the FDIC being heard and one or more of the parties to this action may seek to give such rulings preclusive or *stare decisis* effect against the FDIC.

## III. CAUSE OF ACTION – DECLARATORY JUDGMENT

8. The FDIC incorporates paragraphs 1 through 7 of this counterclaim into this cause of action.

9. There is an actual and substantial controversy between the FDIC and Plaintiffs over the ownership of, and right to assert, claims made by Plaintiffs in their Amended Complaint against Defendants PwC and Crowe.

10. Pursuant to 28 U.S.C. § 2201(a), the FDIC seeks a judicial declaration that Plaintiffs' claims against Defendants derive from Colonial's losses and are incidental to The Colonial BancGroup, Inc.'s ownership of Colonial stock, that Plaintiffs' claims against Defendants belong exclusively to the FDIC, that Plaintiffs have no legal right to assert their derivative claims against Defendants, that Plaintiffs lack standing and the capacity to assert their derivative claims, and that Plaintiffs' derivative claims against Defendants must be dismissed with prejudice and without any preclusive or *stare decisis* effect on the FDIC's right to bring claims against Defendants for losses to Colonial.

## IV. PRAYER

For these reasons, the FDIC requests that the Court:

a. Enter judgment declaring that the claims asserted by Plaintiffs against PwC and Crowe in this cause are derivative claims that are owned exclusively by the FDIC;

b. Dismiss with prejudice the derivative claims brought by Plaintiffs without preclusive or *stare decisis* effect on the FDIC's claims against PwC and Crowe; and

c. Award the FDIC attorneys' fees and costs incurred in this action.

Respectfully submitted, this 2nd day of October, 2014.

*<u>/s/ David Mullin</u>*
David Mullin

*Co-counsel for the Federal Deposit Insurance Corporation as Receiver of Colonial Bank*

OF COUNSEL:

**RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.**
Dennis Bailey
184 Commerce Street
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 206-3234
Facsimile: (334) 481-0031
Email: DRB@rsjg.com

**MULLIN, HOARD & BROWN, LLP**
David Mullin (TX Bar No.14651600), *pro hac vice*
John M. Brown (TX Bar No. 3142500), *pro hac vice*
John G. Turner, III (TX Bar No. 20320550), *pro hac vice*
Robert Bell (TX Bar No. 00787062), *pro hac vice*
Clint R. Latham, (TX Bar No. 24013009), *pro hac vice*
500 South Taylor, Suite 800
Amarillo, Texas 79101
Telephone: (806) 372-5050
Facsimile: (806) 372-5086
Email: dmullin@mhba.com
jobrown@mhba.com
clatham@mhba.com

**FEDERAL DEPOSIT INSURANCE CORPORATION**
Thomas J. O'Brien
3501 Fairfax Drive, Room VS-B-7032
Arlington, Virginia 22226-3500
Telephone: (703) 562-6414
Facsimile: (703) 516-5067
Email: tobrien@fdic.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2014, a true and exact copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will automatically send notification of such filing and make available the same to all counsel of record.

C Edward Dobbs
Rufus T. Dorsey, IV
Ronald T. Coleman, Jr.
PARKER, HUDSON, RAINER & DOBBS, LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, NE
Atlanta, GA 30303
***Attorneys for Plaintiffs***

Christopher A. Caserta
Nicholas J. Dicarlo
DICARLO CASERTA MCKEIGHAN & PHELPS PLC
6900 E. Camelback Road, Suite 250
Scottsdale, AZ 85251
***Attorneys for Plaintiffs***

Andrew P. Campbell
Caroline Smith Gidiere
LIETMAN SIEGAL PAYNE & CAMPBELL PC
520 N. 20th Street, Suite 2000
Birmingham, AL 35203
***Attorneys for Plaintiffs***

Tabor Robert Novak, Jr.
BALL BALL MATTHEWS & NOVAK PA
P.O. Box 2148
Montgomery, AL 36102-2148
***Attorneys for Defendant PricewaterhouseCoopers LLP***

Jonathan C. Medow
Stanley J. Parzen
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
***Attorneys for Defendant Crowe Horwath, LLP***

James Harold Anderson
BEERS ANDERSON JACKSON PATTY & FAWAL PC
P.O. Box 1988
Montgomery, AL 36102
***Attorneys for Defendant Crowe Horwath, LLP***

Drew David Dropkin
Elizabeth V. Tanis
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, GA 30309
***Attorneys for Defendant PricewaterhouseCoopers LLP***

*/s/ David Mullin*
David Mullin