**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| **THE COLONIAL BANCGROUP, INC., as post-confirmation debtor, and KEVIN O'HALLORAN, as plan trustee acting for and on behalf of the debtor,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**PRICEWATERHOUSECOOPERS LLP, a United States limited liability partnership; CROWE HORWATH LLP, a United States limited liability partnership,**<br><br>**Defendants.** | **Case No. 2:11-cv-00746**<br><br>**LEAD CASE** |
| **FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for COLONIAL BANK**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PRICEWATERHOUSECOOPERS, LLP and CROWE HORWATH, LLP,**<br><br>**Defendants.** | **Case No. 2:12-cv-00957** |

# CROWE HORWATH LLP'S ANSWER AND DEFENSES TO THE AMENDED COMPLAINT

Defendant Crowe Horwath LLP ("Crowe"), by and through its attorneys, respectfully submits its Answer and Affirmative Defenses to the Amended Complaint (the "Complaint") filed by The Colonial BancGroup, Inc., as post-confirmation debtor, and Kevin O'Halloran, as plan trustee (together, "Plaintiffs"), as follows:

**<u>Answer to Paragraph 1:</u>** Paragraph 1 calls for legal conclusions to which Crowe need not respond. To the extent a response is required, Crowe denies the allegations of Paragraph 1 to the

extent that they refer or relate to Crowe or its work. Crowe denies that it was negligent or reckless in the performance of its services or that it is liable to Plaintiffs. Crowe admits that, on August 14, 2009, the Alabama State Banking Department closed Colonial Bank and named the Federal Deposit Insurance Corporation as Receiver (the "FDIC"). Crowe further admits that the FDIC entered into a Purchase and Assumption Agreement with Branch Banking and Trust Company dated as of August 14, 2009, and that Colonial BancGroup, Inc. ("BancGroup') filed for bankruptcy on August 25, 2009. Crowe is aware of press reports and other materials relating to the fraud alleged in Paragraph 1, but Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any allegations in Paragraph 1 not specifically admitted above.

**Answer to Paragraph 2:** Paragraph 2 calls for legal conclusions to which Crowe need not respond. To the extent a response is required, Crowe denies the allegations of Paragraph 2 to the extent that they refer or relate to Crowe or its work. Crowe denies that it was negligent or reckless in the performance of its services or that it is liable to Plaintiffs. Crowe denies all allegations in Paragraph 2 that purport to characterize BancGroup's consolidated financial statements, the terms of which are the best evidence of their contents. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 2 and, therefore, denies each and every such allegation.

**Answer to Paragraph 3:** Paragraph 3 calls for legal conclusions to which Crowe need not respond. To the extent a response is required, Crowe denies the allegations of Paragraph 3 to the extent that they refer or relate to Crowe or its work. Crowe denies that it was negligent or reckless in the performance of its services or that it is liable to Plaintiffs. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 3 and, therefore, denies each and every such allegation.

**<u>Answer to Paragraph 4:</u>** Crowe admits that BancGroup employed PricewaterhouseCoopers LLP ("PwC") to serve as BancGroup's outside, independent auditor. Crowe further admits that BancGroup engaged Crowe pursuant to engagement letters, the terms of which are the best evidence of their contents; and that Crowe performed the procedures required of it in the audit plans determined and approved by BancGroup's General Auditor in conjunction with BancGroup's Audit Committee. Crowe denies that it was engaged "to provide BancBroup's internal audit function"; that it served as BancGroup's "internal auditor"; that it "reported to BancGroup's Audit Committee"; and that it "represented that it would monitor BancGroup's controls over warehouse lending activity and that it was conducting internal audits of the MWLD sufficient to 'safeguard the assets' of BancGroup." Crowe further denies the allegations in Paragraph 4 to the extent they purport to characterize PwC's audit reports, the terms of which are the best evidence of their contents. To the extent the allegations in Paragraph 4 reference PwC's performance of its professional obligations, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe denies any remaining allegations in Paragraph 4.

**<u>Answer to Paragraph 5:</u>** To the extent the allegations in Paragraph 5 reference PwC's procedures or reports, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe otherwise denies the allegations in Paragraph 5.

**<u>Answer to Paragraph 6:</u>** To the extent the allegations in Paragraph 6 reference PwC's performance of its professional obligations, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe similarly lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the last sentence of Paragraph 6. Crowe denies all remaining allegations in Paragraph 6, and further

states that it is wholly speculative what "would have been detected" and what "corrective measures" "could have been taken" had Crowe been authorized by BancGroup to perform additional procedures, given the lengths to which the claimed Fraudsters, as defined in Crowe's answer to Paragraph 24, allegedly went to preserve their scheme.

**Answer to Paragraph 7:** Paragraph 7 calls for legal conclusions to which Crowe need not respond. To the extent a response is required, Crowe denies the allegations of Paragraph 7 to the extent that they refer or relate to Crowe or its work. Crowe denies that it was negligent or reckless in the performance of its services or that it is liable to Plaintiffs. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 7 and, therefore, denies each and every such allegation.

**Answer to Paragraph 8:** Paragraph 8 calls for legal conclusions to which Crowe need not respond. To the extent a response is required, Crowe admits that, on August 25, 2009, BancGroup filed for bankruptcy under Chapter 11 in the Middle District of Alabama. Crowe denies the remaining allegations in Paragraph 8, and states that the terms of the various Bankruptcy Court orders and bankruptcy plan referenced in Paragraph 8 (the "Plan") are the best evidence of their contents.

**Answer to Paragraph 9:** Paragraph 9 calls for legal conclusions to which Crowe need not respond. To the extent a response is required, Crowe denies the allegations in Paragraph 9, and states that the terms of the Plan are the best evidence of its contents.

**Answer to Paragraph 10:** Crowe admits that BancGroup engaged PwC to serve as BancGroup's outside independent auditor for the years ended December 31, 2002 through December 31, 2008. Crowe otherwise lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations in Paragraph 10 and, therefore, denies each and every such allegation.

**Answer to Paragraph 11:** Crowe admits that it is an Illinois limited liability partnership, with its national office in Illinois, and that it has partners in several states. Crowe also admits that prior to 2008, Crowe was a limited liability company; and that Michael Thomas served as an engagement partner for Crowe, and that prior to joining Crowe, Mr. Thomas was a director at PwC. Crowe denies all remaining allegations in Paragraph 11.

**Answer to Paragraph 12:** Paragraph 12 calls for legal conclusions to which Crowe need not respond. Further answering, Crowe states that it does not contest jurisdiction.

**Answer to Paragraph 13:** Paragraph 13 calls for legal conclusions to which Crowe need not respond. To the extent a response is required, Crowe denies any remaining allegations in Paragraph 13.

**Answer to Paragraph 14:** Crowe admits that BancGroup was a publicly traded bank holding company; that Colonial Bank was a subsidiary of BancGroup; and that BancGroup filed a Report on Form 10-K with the United States Securities and Exchange Commission (the "SEC") on March 2, 2009 stating that "[t]he principal activity of BancGroup is to supervise and coordinate the business of its subsidiaries and to provide them with capital and services." Crowe denies any remaining allegations in Paragraph 14.

**Answer to Paragraph 15:** Crowe admits that BancGroup filed a Report on Form 10-K with the SEC on March 2, 2009 stating that "[t]he Company [BancGroup] has six reportable segments for management reporting — five regional bank segments located in Florida, Alabama, Georgia, Nevada and Texas, and the mortgage warehouse segment headquartered in Orlando, Florida. Each regional bank segment consists of commercial lending and full service branches in its

geographic region. The branches provide a full range of traditional banking products as well as wealth management and mortgage banking services." Crowe denies any remaining allegations in Paragraph 15.

**Answer to Paragraph 16:** Crowe admits that BancGroup filed a Report on Form 10-K with the SEC on March 2, 2009 stating that "[a]s of December 31, 2008, Colonial Bank had a total of 347 branches, with 197 branches in Florida, 90 branches in Alabama, 19 branches in Georgia, 21 branches in Texas and 20 branches in Nevada." Crowe denies any remaining allegations in Paragraph 16.

**Answer to Paragraph 17:** Crowe admits that BancGroup filed a Report on Form 10-K with the SEC on March 2, 2009 stating that "[t]he mortgage warehouse lending division provides short-term, secured funding to mortgage companies. Colonial's fundings to the mortgage companies are reflected in loans, loans held for sale and securities purchased under agreements to resell. The mortgage warehouse assets are secured by mortgage loans that are sold to investors such as Fannie Mae, Freddie Mac, Ginnie Mae and money center financial institutions who have committed to purchase the mortgage loans collateralizing the mortgage warehouse assets." Crowe denies the remaining allegations in Paragraph 17, and states that management's assertions in BancGroup's Consolidated Statements of Income are the best evidence of their contents.

**Answer to Paragraph 18:** Crowe admits that Colonial Bank's MWLD had a business relationship with Taylor Bean in 2002 and at times thereafter. Crowe further admits, on information and belief, that Taylor Bean was controlled by Lee Farkas and that by 2008, Taylor Bean had become one of the nation's largest non-depository mortgage lenders. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 18 and, therefore, denies each and every such allegation.

**Answer to Paragraph 19:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 and, therefore, denies each and every such allegation.

**Answer to Paragraph 20:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 and, therefore, denies each and every such allegation.

**Answer to Paragraph 21:** Crowe denies the allegations in the first two sentences in Paragraph 21, and states that the management assertions in the financial statements issued by BancGroup are the best evidence of their contents. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 and, therefore, denies each and every such allegation.

**Answer to Paragraph 22:** As Crowe did not have a relationship with the MWLD in 1998, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence in Paragraph 22 and, therefore, denies each and every such allegation. Crowe admits that Taylor Bean maintained accounts at Colonial Bank, some of which may have been referred to as "operating" or "escrow" accounts. Crowe denies any remaining allegations in Paragraph 22.

**Answer to Paragraph 23:** Crowe admits that it specifically brought the existence of "tens of millions of dollars" of Taylor Bean overdrafts to BancGroup's attention by no later than 2003. Crowe otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 23 and, therefore, denies each and every such allegation.

**Answer to Paragraph 24:** Crowe denies the allegations in the first sentence of Paragraph 24. To the extent that Paragraph 24's identification of Kissick (and those acting at her direction) and Farkas as "Adverse Parties" (referred to herein as the "Fraudsters") constitutes an allegation that Cathie Kissick's and Teresa Kelly's actions were adverse to BancGroup or Taylor Bean, Crowe specifically denies that allegation in Paragraph 24 and wherever it appears throughout the Complaint.

**Answer to Paragraph 25:** Paragraph 25 calls for legal conclusions to which Crowe need not respond. To the extent a response is required, Crowe denies each and every allegation in Paragraph 25.

**Answer to Paragraph 26:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and, therefore, denies each and every such allegation.

**Answer to Paragraph 27:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and, therefore, denies each and every such allegation.

**Answer to Paragraph 28:** Crowe admits that Colonial Bank's MWLD maintained, at certain times, a facility that was referred to as COLB, and that BancGroup filed a Report on Form 10-K with the SEC on March 2, 2009 stating that "[s]hort-term participations in loans held for sale are another source of funding provided to these companies [mortgage origination companies] whereby Colonial purchases participations in certain mortgage loans which have commitments to be sold to third-party investor institutions." Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28 and, therefore, denies each and every such allegation.

**Answer to Paragraph 29:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29 and, therefore, denies each and every such allegation.

**Answer to Paragraph 30:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30 and, therefore, denies each and every such allegation.

**Answer to Paragraph 31:** Crowe denies the allegations in Paragraph 31.

**Answer to Paragraph 32:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and, therefore, denies each and every such allegation.

**Answer to Paragraph 33:** Crowe admits that Colonial Bank's MWLD maintained, at certain times, a facility that was referred to as AOT, and that BancGroup filed a Report on Form 10-K with the SEC on March 2, 2009 stating that "[s]ecurities purchased under agreements to resell represent mortgage backed securities which have been securitized by these companies [mortgage origination companies] and are under agreements to be sold to third-party investors." Crowe denies any remaining allegations in Paragraph 33, and states that the terms of the agreements executed in connection with AOT advances are the best evidence of their contents.

**Answer to Paragraph 34:** Crowe admits that Colonial Bank's MWLD maintained, at certain times, a facility that was referred to as AOT, and that BancGroup filed a Report on Form 10-K with the SEC on March 2, 2009 stating that "[s]ecurities purchased under agreements to resell represent mortgage backed securities which have been securitized by these companies [mortgage origination companies] and are under agreements to be sold to third-party investors." Crowe denies any remaining allegations in Paragraph 34.

**Answer to Paragraph 35:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 and, therefore, denies each and every such allegation.

**Answer to Paragraph 36:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 and, therefore, denies each and every such allegation.

**Answer to Paragraph 37:** To the extent the allegations in Paragraph 37 reference PwC's performance of its professional obligations, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe likewise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 37. Crowe denies all remaining allegations in Paragraph 37.

**Answer to Paragraph 38:** To the extent the allegations in Paragraph 38 reference PwC's performance of its professional obligations, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe otherwise denies the allegations in Paragraph 38.

**Answer to Paragraph 39:** To the extent the allegations in Paragraph 39 reference PwC's performance of its professional obligations, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe admits that the audit plans were determined and approved by BancGroup's General Auditor in conjunction with BancGroup's Audit Committee and that Crowe discharged its obligations under them. Crowe otherwise denies the allegations in Paragraph 39.

**Answer to Paragraph 40:** To the extent the allegations in Paragraph 40 reference PwC's performance of its professional obligations, Crowe lacks knowledge or information sufficient to

form a belief as to the truth or falsity of those allegations. Crowe likewise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that the AOT account "ultimately became the repository for hundreds of millions of dollars of fraudulent Taylor Bean 'loans.'" Crowe admits that the audit plans were determined and approved by BancGroup's General Auditor in conjunction with BancGroup's Audit Committee and that Crowe discharged its obligations under them. Crowe denies there were "billions of dollars worth of MWLD assets" reported "[i]n any given audit year," and denies all remaining allegations in Paragraph 40.

**Answer to Paragraph 41:** To the extent the allegations in Paragraph 41 reference PwC's performance of its professional obligations, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe denies any remaining allegations in Paragraph 41, and states that the record of Mr. Thomas' testimony is the best evidence of its contents.

**Answer to Paragraph 42:** To the extent the allegations in Paragraph 42 reference PwC's performance of its professional obligations, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe denies any remaining allegations in Paragraph 42.

**Answer to Paragraph 43:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 and, therefore, denies each and every such allegation.

**Answer to Paragraph 44:** To the extent the allegations in Paragraph 44 reference PwC's performance of its professional obligations, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe admits that it was aware of

risks associated with a mortgage warehouse lending operation. Crowe denies any remaining allegations in Paragraph 44, and states that the management assertions contained in BancGroup's Consolidated Statements of Condition are the best evidence of their contents.

**Answer to Paragraph 45:** Crowe denies all allegations in Paragraph 45 to the extent that they refer or relate to Crowe or its work, or suggest that Crowe was negligent or reckless in the performance of its services or that it is liable to Plaintiffs. Crowe otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45 and, therefore, denies each and every such allegation.

**Answer to Paragraph 46:** Crowe admits that, on August 14, 2009, the Alabama State Banking Department closed Colonial Bank and named the FDIC as Receiver. Crowe further admits that the FDIC entered into a Purchase and Assumption Agreement with Branch Banking and Trust Company dated as of August 14, 2009, and that BancGroup filed for bankruptcy on August 25, 2009. Crowe otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 and, therefore, denies each and every such allegation.

**Answer to Paragraph 47:** To the extent the allegations in Paragraph 47 reference PwC's performance of its professional obligations, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe otherwise denies the allegations in Paragraph 47, and further states that it is wholly speculative what "would have been disclosed" and what "measures" "could have and would have" been taken had Crowe been authorized by BancGroup to perform additional procedures, given the lengths to which the claimed Fraudsters allegedly went to preserve their scheme.

**Answer to Paragraph 48:** Paragraph 48 calls for legal conclusions to which Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient

to form a belief as to the truth or falsity of the allegations in Paragraph 48, insofar as they reference PwC's performance of its professional obligations. Crowe denies any remaining allegations in Paragraph 48.

**Answer to Paragraph 49:** Paragraph 49 calls for legal conclusions to which Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 49 and, therefore, denies each and every such allegation.

**Answer to Paragraph 50:** The allegations of Paragraph 50 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize Colonial BancGroup's financial statements, and Crowe refers to those financial statements, the terms of which are the best evidence of their contents. Crowe admits that PwC was, at certain times, the independent, outside audit firm for BancGroup. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 50 and, therefore, denies each and every such allegation.

**Answer to Paragraph 51:** The allegations of Paragraph 51 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards or the AICPA Code of Professional Conduct, and Crowe refers to those standards and that Code, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 51 and, therefore, denies each and every such allegation.

**Answer to Paragraph 52:** The allegations of Paragraph 52 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which

speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 52 and, therefore, denies each and every such allegation.

**Answer to Paragraph 53:** The allegations of Paragraph 53 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 53 and, therefore, denies each and every such allegation.

**Answer to Paragraph 54:** The allegations of Paragraph 54 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards or AICPA standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 54 and, therefore, denies each and every such allegation.

**Answer to Paragraph 55:** The allegations of Paragraph 55 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 55 and, therefore, denies each and every such allegation.

**Answer to Paragraph 56:** The allegations of Paragraph 56 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to

characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 56 and, therefore, denies each and every such allegation.

**Answer to Paragraph 57:** The allegations of Paragraph 57 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 57 and, therefore, denies each and every such allegation.

**Answer to Paragraph 58:** The allegations of Paragraph 58 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PwC's engagement letters, and Crowe refers to those engagement letters, the terms of which are the best evidence of their contents. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 58 and, therefore, denies each and every such allegation.

**Answer to Paragraph 59:** The allegations of Paragraph 59 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 59 and, therefore, denies each and every such allegation.

**Answer to Paragraph 60:** The allegations of Paragraph 60 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information

sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 60 and, therefore, denies each and every such allegation.

**Answer to Paragraph 61:** The allegations of Paragraph 61 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 61 and, therefore, denies each and every such allegation.

**Answer to Paragraph 62:** The allegations of Paragraph 62 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe admits that Colonial Bank's MWLD provided financing to certain mortgage originators including, at certain times, Taylor Bean. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 62 and, therefore, denies each and every such allegation.

**Answer to Paragraph 63:** The allegations of Paragraph 63 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize BancGroup's balance sheets during particular periods, and Crowe refers to those balance sheets, the terms of which are the best evidence of their contents. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 63 and, therefore, denies each and every such allegation.

**Answer to Paragraph 64:** The allegations of Paragraph 64 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe admits that Colonial Bank's MWLD provided financing to certain mortgage originators, including, at certain times, Taylor Bean. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 64 and, therefore, denies each and every such allegation.

**Answer to Paragraph 65:** The allegations of Paragraph 65 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize accounting pronouncements, and Crowe refers to those pronouncements, the terms of which speak for themselves. Crowe admits that Colonial Bank's MWLD provided financing to certain mortgage originators, including, at certain times, Taylor Bean. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 65 and, therefore, denies each and every such allegation.

**Answer to Paragraph 66:** The allegations of Paragraph 66 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize the contents of specific documents, such as a "Takeout Commitment" or an "Assignment of Takeout Commitment," and Crowe refers to those documents, the terms of which are the best evidence of their contents. Crowe admits that Colonial Bank's MWLD provided financing to certain mortgage originators, including, at certain times, Taylor Bean. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 66 and, therefore, denies each and every such allegation.

**Answer to Paragraph 67:** The allegations of Paragraph 67 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize accounting pronouncements, and Crowe refers to those pronouncements, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 67 and, therefore, denies each and every such allegation.

**Answer to Paragraph 68:** The allegations of Paragraph 68 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to

characterize Colonial Bank's financial information, and Crowe refers to those that financial information, the terms of which are the best evidence of its contents. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 68 and, therefore, denies each and every such allegation.

**Answer to Paragraph 69:** The allegations of Paragraph 69 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 69 and, therefore, denies each and every such allegation.

**Answer to Paragraph 70:** The allegations of Paragraph 70 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 70 and, therefore, denies each and every such allegation.

**Answer to Paragraph 71:** The allegations of Paragraph 71 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 71 and, therefore, denies each and every such allegation.

**Answer to Paragraph 72:** The allegations of Paragraph 72 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 72 and, therefore, denies each and every such allegation.

**Answer to Paragraph 73:** The allegations of Paragraph 73 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information

sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 73 and, therefore, denies each and every such allegation.

**Answer to Paragraph 74:** The allegations of Paragraph 74 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 74 and, therefore, denies each and every such allegation.

**Answer to Paragraph 75:** The allegations of Paragraph 75 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 75 and, therefore, denies each and every such allegation.

**Answer to Paragraph 76:** The allegations of Paragraph 76 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 76 and, therefore, denies each and every such allegation.

**Answer to Paragraph 77:** The allegations of Paragraph 77 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 77 and, therefore, denies each and every such allegation.

**Answer to Paragraph 78:** The allegations of Paragraph 78 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 78 and, therefore, denies each and every such allegation.

**<u>Answer to Paragraph 79:</u>** The allegations of Paragraph 79 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 79 and, therefore, denies each and every such allegation.

**<u>Answer to Paragraph 80:</u>** The allegations of Paragraph 80 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 80 and, therefore, denies each and every such allegation.

**<u>Answer to Paragraph 81:</u>** The allegations of Paragraph 81 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 81 and, therefore, denies each and every such allegation.

**<u>Answer to Paragraph 82:</u>** The allegations of Paragraph 82 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 82 and, therefore, denies each and every such allegation.

**<u>Answer to Paragraph 83:</u>** The allegations of Paragraph 83 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 83 and, therefore, denies each and every such allegation.

**Answer to Paragraph 84:** The allegations of Paragraph 84 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 84 and, therefore, denies each and every such allegation.

**Answer to Paragraph 85:** The allegations of Paragraph 85 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 85 and, therefore, denies each and every such allegation.

**Answer to Paragraph 86:** The allegations of Paragraph 86 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 86 and, therefore, denies each and every such allegation.

**Answer to Paragraph 87:** The allegations of Paragraph 87 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 87 and, therefore, denies each and every such allegation.

**Answer to Paragraph 88:** The allegations of Paragraph 88 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which

speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 88 and, therefore, denies each and every such allegation.

**Answer to Paragraph 89:** The allegations of Paragraph 89 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 89 and, therefore, denies each and every such allegation.

**Answer to Paragraph 90:** The allegations of Paragraph 90 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 90 and, therefore, denies each and every such allegation.

**Answer to Paragraph 91:** The allegations of Paragraph 91 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 91 and, therefore, denies each and every such allegation.

**Answer to Paragraph 92:** The allegations of Paragraph 92 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 92 and, therefore, denies each and every such allegation.

**<u>Answer to Paragraph 93:</u>** The allegations of Paragraph 93 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 93 and, therefore, denies each and every such allegation.

**<u>Answer to Paragraph 94:</u>** The allegations of Paragraph 94 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 94 and, therefore, denies each and every such allegation.

**<u>Answer to Paragraph 95:</u>** The allegations of Paragraph 95 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 95 and, therefore, denies each and every such allegation.

**<u>Answer to Paragraph 96:</u>** The allegations of Paragraph 96 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the

truth or falsity of any remaining allegations in Paragraph 96 and, therefore, denies each and every such allegation.

**Answer to Paragraph 97:** The allegations of Paragraph 97 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 97 and, therefore, denies each and every such allegation.

**Answer to Paragraph 98:** The allegations of Paragraph 98 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 98 and, therefore, denies each and every such allegation.

**Answer to Paragraph 99:** The allegations of Paragraph 99 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 99 and, therefore, denies each and every such allegation.

**Answer to Paragraph 100:** The allegations of Paragraph 100 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the

truth or falsity of any remaining allegations in Paragraph 100 and, therefore, denies each and every such allegation.

**Answer to Paragraph 101:** The allegations of Paragraph 101 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 101 and, therefore, denies each and every such allegation.

**Answer to Paragraph 102:** The allegations of Paragraph 102 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 102 and, therefore, denies each and every such allegation.

**Answer to Paragraph 103:** The allegations of Paragraph 103 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 103 and, therefore, denies each and every such allegation.

**Answer to Paragraph 104:** The allegations of Paragraph 104 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth

or falsity of any remaining allegations in Paragraph 104 and, therefore, denies each and every such allegation.

**Answer to Paragraph 105:** The allegations of Paragraph 105 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 105 and, therefore, denies each and every such allegation.

**Answer to Paragraph 106:** The allegations of Paragraph 106 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 106 and, therefore, denies each and every such allegation.

**Answer to Paragraph 107:** The allegations of Paragraph 107 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize BancGroup's financial statements, and Crowe refers to those financial statements, the terms of which are the best evidence of their contents. Crowe admits that PwC served, at certain times, as BancGroup's outside, independent audit firm. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 107 and, therefore, denies each and every such allegation.

**Answer to Paragraph 108:** The allegations of Paragraph 108 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to

characterize PwC's audit opinions, and Crowe refers to those audit opinions, the terms of which are the best evidence of their contents. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 108 and, therefore, denies each and every such allegation.

**Answer to Paragraph 109:** The allegations of Paragraph 109 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 109 and, therefore, denies each and every such allegation.

**Answer to Paragraph 110:** The allegations of Paragraph 110 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 110 and, therefore, denies each and every such allegation.

**Answer to Paragraph 111:** The allegations of Paragraph 111 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 111 and, therefore, denies each and every such allegation.

**Answer to Paragraph 112:** The allegations of Paragraph 112 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 112 and, therefore, denies each and every such allegation.

**<u>Answer to Paragraph 113:</u>** The allegations of Paragraph 113 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 113 and, therefore, denies each and every such allegation.

**<u>Answer to Paragraph 114:</u>** The allegations of Paragraph 114 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 114 and, therefore, denies each and every such allegation.

**<u>Answer to Paragraph 115:</u>** The allegations of Paragraph 115 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies any remaining allegations in Paragraph 115.

**<u>Answer to Paragraph 116:</u>** The allegations of Paragraph 116 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 116 and, therefore, denies each and every such allegation.

**<u>Answer to Paragraph 117:</u>** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations directed against PwC, but otherwise denies the allegations in Paragraph 117.

**<u>Answer to Paragraph 118:</u>** Crowe denies the allegations in Paragraph 118, and states that BancGroup engaged Crowe to perform the services specified in the parties' engagement letters, the terms of which are the best evidence of their contents.

**<u>Answer to Paragraph 119:</u>** Crowe denies the allegations in Paragraph 119, and states that the terms of the engagement letter dated April 19, 2005 are the best evidence of its contents.

**Answer to Paragraph 120:** Crowe denies the allegations in Paragraph 120, and states that the terms of its engagements letters are the best evidence of their contents.

**Answer to Paragraph 121:** Crowe denies that it was BancGroup's "internal auditor," and accordingly denies the allegations in Paragraph 121. Further answering, Crowe states that the cited AICPA standards are the best evidence of their contents.

**Answer to Paragraph 122:** Crowe denies that it was BancGroup's "internal auditor," and accordingly denies the allegations in Paragraph 122. Further answering, Crowes states that the terms of AU 322 are the best evidence of its contents.

**Answer to Paragraph 123:** Crowe denies that it was BancGroup's "internal auditor," and accordingly denies the allegations in Paragraph 123. Further answering, Crowe states that IIA standards are the best evidence of their contents.

**Answer to Paragraph 124:** Crowe admits that the General Auditor was an individual employed by BancGroup and that Crowe performed certain outsourced internal audit procedures. Crowe otherwise denies the allegations in Paragraph 124. Further answering, Crowe states that the General Auditor, in conjunction with BancGroup's Audit Committee, was responsible for determining and approving the risk, scope, and frequency of internal audit service activities, and that BancGroup was responsible as a matter of law for maintaining ownership of BancGroup's internal audit function and for providing active oversight of the internal audit activities.

**Answer to Paragraph 125:** Crowe denies the allegations in Paragraph 125, and states that its duties were as defined in its engagement letters, the terms of which are the best evidence of their contents.

**Answer to Paragraph 126:** Crowe denies the allegations in Paragraph 126.

**Answer to Paragraph 127:** Crowe denies the allegations in Paragraph 127.

**Answer to Paragraph 128:** Crowe denies the allegations in Paragraph 128, and states that its 2006/2007 work papers are the best evidence of their contents.

**Answer to Paragraph 129:** Crowe denies the allegations in Paragraph 129, and states that its work papers are the best evidence of their contents.

**Answer to Paragraph 130:** Crowe denies the allegations in Paragraph 130, and states that its work papers are the best evidence of their contents.

**Answer to Paragraph 131:** Crowe admits that it was aware of risks associated with a mortgage warehouse lending operation, but otherwise denies the allegations in Paragraph 131. Further answering, Crowe denies that it knew or should have known of the fraud alleged in the Complaint.

**Answer to Paragraph 132:** Crowe denies the allegations in Paragraph 132, and states that its work papers are the best evidence of their contents.

**Answer to Paragraph 133:** Crowe denies the allegations in Paragraph 133, and states that its work papers are the best evidence of their contents.

**Answer to Paragraph 134:** Crowe denies the allegations in Paragraph 134, and states that its work papers and BancGroup's financial statements are the best evidence of their contents.

**Answer to Paragraph 135:** Crowe denies the allegations in Paragraph 135, and states that its work papers are the best evidence of their contents.

**Answer to Paragraph 136:** Crowe admits that it was aware of risks associated with a mortgage warehouse lending operation, but otherwise denies the allegations in Paragraph 136. Further answering, Crowe denies that it knew or should have known of the fraud alleged in the Complaint.

**Answer to Paragraph 137:** Crowe admits that it performed the procedures set forth in the audit plans determined and approved by the General Auditor in conjunction with BancGroup's Audit Committee, and that those audit plans did not authorize or permit Crowe to perform "extensive testing of AOT and the 'loans' which purportedly served to collateralize that huge balance." Crowe otherwise denies the allegations in Paragraph 137.

**Answer to Paragraph 138:** Crowe denies the allegations in Paragraph 138.

**Answer to Paragraph 139:** Crowe denies the allegations in Paragraph 139.

**Answer to Paragraph 140:** Crowe denies the allegations in Paragraph 140. Further answering, Crowe states that it properly understood the nature of the transactions and assets relevant to the procedures it was hired to perform.

**Answer to Paragraph 141:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "the fraudulent advances moved in 2005 [into the AOT facility] and thereafter expanded." Crowe denies the remaining allegations in Paragraph 141, all of which rest on incorrect assumptions regarding the obligations Crowe agreed to undertake. Further answering, Crowe states that it properly understood the nature of the transactions and assets relevant to the procedures it was hired to perform.

**Answer to Paragraph 142:** Crowe denies the allegations in Paragraph 142. Further answering, Crowe states that it performed the procedures set forth in the audit plans determined and approved by the General Auditor in conjunction with BancGroup's Audit Committee, and that those audit plans did not authorize or permit Crowe to perform the testing referenced in Paragraph 142.

**Answer to Paragraph 143:** Crowe denies the allegations in Paragraph 143, and states that its 2006/2007 work papers are the best evidence of their contents.

**Answer to Paragraph 144:** Crowe denies the allegations in Paragraph 144.

**Answer to Paragraph 145:** Crowe denies the allegations in Paragraph 145. Further answering, Crowe states that it adequately addressed all operational inherent risks it was asked to address in the audit plans determined and approved by the General Auditor in conjunction with BancGroup's Audit Committee.

**Answer to Paragraph 146:** Crowe denies the allegations in Paragraph 146, and states that its work papers are the best evidence of their contents.

**Answer to Paragraph 147:** Crowe denies the allegations in Paragraph 147, and states that that its 2006-2007 and 2007-2008 work papers are the best evidence of their contents.

**Answer to Paragraph 148:** Crowe denies the allegations in Paragraph 148, and states that its 2006-2007 work papers are the best evidence of their contents. Further answering, Crowe states that it performed adequate testing in light of the audit plans determined and approved by the General Auditor in conjunction with BancGroup's Audit Committee.

**Answer to Paragraph 149:** Crowe denies the allegations in Paragraph 149, and states that its work papers are the best evidence of their contents.

**Answer to Paragraph 150:** Crowe denies the allegations in Paragraph 150, all of which rest on the incorrect assumption that Crowe had a duty to "select[ ] a representative sample of AOT 'loans'" and "request[ ] the collateral packages for those loans." Further answering, Crowe states (a) that it properly discharged its obligations under the audit plans determined and approved by the General Auditor in conjunction with BancGroup's Audit Committee, and (b) that it is wholly speculative what "Crowe would have discovered" had it been authorized by BancGroup to perform additional steps, given the lengths to which the claimed Fraudsters allegedly went to preserve their scheme.

**Answer to Paragraph 151:** Crowe admits that it was aware of risks associated with a mortgage warehouse lending operation, but otherwise denies the allegations in Paragraph 151, and states that the terms of the Intercreditor Agreement are the best evidence of its contents.

**Answer to Paragraph 152:** Crowe admits that the audit plans determined and approved by the General Auditor in conjunction with BancGroup's Audit Committee did not call for Crowe to "perform[ ] any tests to ascertain whether the Intercreditor Agreement and the information that was accessible under the Intercreditor Agreement was being effectively utilized as a tool to fight the double-pledging of loans by MWLD customers, including Taylor Bean." Crowe denies the remaining allegations in Paragraph 152, and further states that it is wholly speculative what "would have been exposed" had Crowe been authorized by BancGroup to perform additional procedures, given the lengths to which the claimed Fraudsters allegedly went to preserve their scheme.

**Answer to Paragraph 153:** Crowe denies the allegations in Paragraph 153, and further states that the audit plans determined and approved by the General Auditor in conjunction with BancGroup's Audit Committee did not call for Crowe to "assess controls" relating to "the structured financial securities comprising AOT."

**Answer to Paragraph 154:** Crowe denies the allegations in Paragraph 154.

**Answer to Paragraph 155:** Crowe denies the allegations in Paragraph 155.

**Answer to Paragraph 156:** Crowe admits that in 2005, BancGroup hired Pam Vitto as "an internal auditor for the MWLD" reporting directly to the General Auditor. Crowe further admits that it "never developed a division of responsibilities between Crowe's staff and Vitto," as that was the job of the General Auditor. Crowe also admits that the audit plan determined and

approved by the General Auditor in conjunction with BancGroup's Audit Committee did not call for contact between Crowe and Vitto. Crowe denies all remaining allegations in Paragraph 156.

**Answer to Paragraph 157:** Crowe denies the allegations in Paragraph 157, and states that its work papers are the best evidence of their contents. Further answering, Crowe states that it is wholly speculative what "could have been easily discovered," given the lengths to which the claimed Fraudsters allegedly went to preserve their scheme.

**Answer to Paragraph 158:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 158 relating to PwC. Crowe otherwise denies the allegations in Paragraph 158.

**Answer to Paragraph 159:** Crowe denies the allegations in Paragraph 159, and states that its work papers are the best evidence of their contents. Further answering, Crowe states that it discharged its obligations under the audit plans determined and approved by the General Auditor in conjunction with BancGroup's Audit Committee.

**Answer to Paragraph 160:** Crowe denies the allegations in Paragraph 160. Further answering, Crowe states that it is wholly speculative what would have been "exposed" had Crowe been authorized by BancGroup to perform additional steps, given the lengths to which the claimed Fraudsters allegedly went to preserve their scheme.

**Answer to Paragraph 161:** Crowe repeats and incorporates by reference its responses to Paragraphs 1-160 of the Complaint as though set forth fully herein.

**Answer to Paragraph 162:** The allegations of Paragraph 162 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information as to the truth or falsity of the allegations of Paragraph 162 and, therefore, denies each and every such allegation.

**Answer to Paragraph 163:** The allegations of Paragraph 163 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information as to the truth or falsity of the allegations of Paragraph 163 and, therefore, denies each and every such allegation.

**Answer to Paragraph 164:** The allegations of Paragraph 164 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information as to the truth or falsity of the allegations of Paragraph 164 and, therefore, denies each and every such allegation.

**Answer to Paragraph 165:** The allegations of Paragraph 165 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information as to the truth or falsity of the allegations of Paragraph 165 and, therefore, denies each and every such allegation.

**Answer to Paragraph 166:** Crowe repeats and incorporates by reference its responses to Paragraphs 1-165 of the Complaint as though set forth fully herein.

**Answer to Paragraph 167:** The allegations of Paragraph 167 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information as to the truth or falsity of the allegations of Paragraph 167 and, therefore, denies each and every such allegation.

**Answer to Paragraph 168:** The allegations of Paragraph 168 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information as to the truth or falsity of the allegations of Paragraph 168 and, therefore, denies each and every such allegation.

**Answer to Paragraph 169:** The allegations of Paragraph 169 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information as to the truth or falsity of the allegations of Paragraph 169 and, therefore, denies each and every such allegation.

**Answer to Paragraph 170:** The allegations of Paragraph 170 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information as to the truth or falsity of the allegations of Paragraph 170 and, therefore, denies each and every such allegation.

**Answer to Paragraph 171:** Crowe repeats and incorporates by reference its responses to Paragraphs 1-170 of the Complaint as though set forth fully herein.

**Answer to Paragraph 172:** Crowe denies the allegations in Paragraph 172. Answering further, Crowe states that its duties are defined by its engagement letters with BancGroup, the terms of which are the best evidence of their contents.

**Answer to Paragraph 173:** Crowe denies the allegations of Paragraph 173.

**Answer to Paragraph 174:** Crowe denies the allegations of Paragraph 174.

**Answer to Paragraph 175:** Crowe denies the allegations of Paragraph 175.

**Answer to Paragraph 176:** Crowe repeats and incorporates by reference its responses to Paragraphs 1-175 of the Complaint as though set forth fully herein.

**Answer to Paragraph 177:** Crowe denies the allegations in Paragraph 177. Answering further, Crowe states that its duties are defined by its engagement letters with BancGroup, the terms of which are the best evidence of their contents.

**Answer to Paragraph 178:** Crowe denies the allegations in Paragraph 178. Answering further, Crowe states that its engagement letters define Crowe's duties, the terms of those engagement letters are the best evidence of their contents.

**Answer to Paragraph 179:** Crowe denies the allegations in Paragraph 179. Answering further, Crowe states that its engagement letters define Crowe's duties, the terms of those engagement letters are the best evidence of their contents. Crowe states that the PCAOB standards are the best evidence of their contents.

**Answer to Paragraph 180:** Crowe admits that, during the course of the BancGroup engagements, Crowe was not aware of BancGroup's failure to perform its obligations under the engagement letters. Crowe denies all remaining allegations in Paragraph 180.

**Answer to Paragraph 181:** Crowe denies the allegations in Paragraph 181.

With respect to the unnumbered paragraphs beginning with "WHEREFORE" on page 47 of the Complaint, Crowe denies that Plaintiffs are entitled to any relief requested in the Complaint.

**DEFENSES OF CROWE HORWATH LLP**

Crowe will rely on all defenses available to it (whether under Alabama law or Florida law, if the Court determines that Florida law applies here) at the time of trial. Without assuming any burden that would otherwise rest on the Plaintiffs, Crowe alleges the following defenses:

FIRST DEFENSE

At all times, Crowe acted in good faith and without any of the requisite negligence, gross negligence and/or recklessness, as applicable, for any of the Plaintiffs' claims.

SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Crowe.

THIRD DEFENSE

Plaintiffs' claims are barred by the statute of limitations.

FOURTH DEFENSE

To the extent Plaintiffs are entitled to any damages (which Crowe denies), Plaintiffs are barred by the terms of BancGroup's engagement letters with Crowe from seeking from Crowe any special, consequential, incidental, punitive, or exemplary damages or loss, as well as any lost profits, savings, or business opportunity.

FIFTH DEFENSE

To the extent Plaintiffs are entitled to any damages (which Crowe denies), Plaintiffs are limited, by the terms of BancGroup's engagement letters with Crowe, to recovery of the fees Crowe received for the portion of the work giving rise to liability.

SIXTH DEFENSE

Crowe is entitled to recoupment against any liability to Plaintiffs (which liability Crowe denies) because, among other things, BancGroup made misrepresentations to Crowe under the terms of the engagement letters.

SEVENTH DEFENSE

Crowe's outsourced internal audit services were conducted in accordance with professional standards, to the extent applicable.

EIGHTH DEFENSE

Crowe is not liable to Plaintiffs because BancGroup failed to perform its obligation to ensure that all information provided to Crowe was accurate and complete in all material respects, contained no material omissions, and was updated on a prompt and continuous basis, as required by the terms of Crowe's engagement letters with BancGroup.

NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of contributory negligence.

TENTH DEFENSE

To the extent Plaintiffs are entitled to any damages (which Crowe denies), Plaintiffs are limited by the percentage of their comparable fault or comparative negligence and, to the extent applicable, the fault or negligence of other persons or entities.

ELEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrines of intervening and superseding cause by, including but not limited to, the acts and/or omissions of others, including but not limited to, the Alabama Department of Banking, the OCC, the Federal Reserve Bank, and the FDIC.

TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

THIRTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because BancGroup was aware of the issues alleged in the Complaint, which Plaintiffs' claim caused their loss, yet BancGroup failed to act to prevent or mitigate any damages.

FOURTEENTH DEFENSE

If the allegations of the Complaint are true, Crowe was the victim of fraud, deceit, misrepresentations, concealment, negligence, and/or breach of contract perpetrated by others, in that material information was not provided to Crowe and/or was knowingly concealed from Crowe and/or knowingly misrepresented to Crowe while Crowe was rendering its outsourced internal audit services.

FIFTEENTH DEFENSE

BancGroup suffered no damage or injury caused by any representation, act, or omission of Crowe.

SIXTEENTH DEFENSE

Plaintiffs' claims against Crowe fail because of a lack of transaction causation and/or loss causation.

SEVENTEENTH DEFENSE

Any damages sustained by Plaintiffs, to the extent they exist, were caused by factors other than the acts of Crowe, including by the acts of parties other than Crowe, and/or BancGroup's own lack of due diligence, failure to exercise due care, inattention, recklessness, fraud, or economic conditions in the market.

EIGHTEENTH DEFENSE

Plaintiffs' claims against Crowe are barred because Crowe fulfilled its contractual duties.

NINETEENTH DEFENSE

Plaintiffs' claims against Crowe are barred, in whole or in part, because the claims are owned by other persons or entities, and/or Plaintiffs are not the real party in interest.

TWENTIETH DEFENSE

Plaintiffs' claims against Crowe are barred, in whole or in part, by the doctrine of unclean hands.

TWENTY-FIRST DEFENSE

Plaintiffs' claims against Crowe are barred, in whole or in part, because Plaintiffs assumed the risk of their injuries.

TWENTY-SECOND DEFENSE

Plaintiffs' claims against Crowe are barred, in whole or in part, by the doctrines of judicial estoppel, collateral estoppel, res judicata, laches, and/or ratification.

TWENTY-THIRD DEFENSE

Plaintiffs claims are barred because they did not mediate in good faith prior to filing suit, as required by the engagement letters between BancGroup and Crowe.

TWENTY-FOURTH DEFENSE

Plaintiffs' claims are barred because they lack standing or capacity to bring suit against Crowe.

TWENTY-FIFTH DEFENSE

Plaintiffs' claims against Crowe are barred, in whole or in part, by the doctrine of waiver.

TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs must rely, in whole or in part, on illegal or immoral acts or transactions to which BancGroup was party.

TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because BancGroup fraudulently induced Crowe to Crowe's detriment.

TWENTY-EIGHTH DEFENSE

Plaintiffs are not entitled to have their claims tried to a jury inasmuch as any right to a jury trial has been forfeited and/or lost in the Crowe-BancGroup engagement letters.

TWENTY-NINTH DEFENSE

If Florida law governs Plaintiffs' claims, then under § 768.81(3), Fla. Stat., and *Fabre v. Martin*, 623 So. 2d 1182 (Fla. 1993), in addition to any allocation of fault among the parties, any liability of Crowe must be reduced, in whole or in part, by negligence attributable to persons or entities not a party to this action who caused or contributed the damages purportedly suffered by Plaintiffs.[1] Such persons or entities identified by Crowe at this time include, on information and belief:

(a) Akerman Senterfitt

(b) Capell & Howard

(c) Bank of America (including successor-in-interest to La Salle Bank)

(d) Deutsch Bank, Ag, BNP Paribas, and BNP Paribas Mortgage Corporation

(e) Deutsch Bank Securities, Inc. and BNP Paribas Securities Corporation

(f) Natixis Real Estate Capital, Inc. and Natixis Financial Products LLP

(g) RLI Corporation

(h) Mortgage Dynamics, Inc.

(i) Robbins Gioia

(j) Deloitte & Touche LLP

[1] Crowe does not believe that it is at fault and, accordingly, does not believe that there is any fault to apportion. Federal Rule of Civil Procedure 8(d)(3), however, expressly permits a defendant to raise any claim or defense in the alternative.

(k) The Alabama State Banking Department, the FDIC, the OCC, and the Federal Reserve Bank

(l) The United States Department of Housing and Urban Development

(m) The Federal Housing Finance Agency

(n) The Federal National Mortgage Association

(o) The Colonial BancGroup, Inc.

(p) Home America Mortgage, Inc. and various of its officers, directors, employees, and shareholders, and other individuals working on Home America's behalf, including but not limited to Gregory Hicks, Dennis Mosley, and Carl Wright

(q) Colonial Bank

(r) Various officers, directors, and employees of BancGroup or Colonial Bank including, without limitation, the following individuals:

- Arthur Barksdale
- Mary Lou Bathen
- Terry Bryant
- David Byrne
- Michelle Carroll
- Caryn Cope
- Brent Hicks
- Patti Hill
- Kamal Hosein
- Sandra Jansky
- Teresa Carrier Kelly
- Catherine Kissick
- Rodney Lewis
- Robert Lowder
- Sarah Moore

- Amy Nunnelly
- Flake Oakley
- Hans Petit
- Joyce Schultz
- Tamara Stidham
- Lynette Tischer
- Edward V. Welch

(s) Ocala Funding, including its managing member, TBW, and its special member, Colleen A. De Vries

(t) Various officers, directors, employees, and members of TBW or Ocala Funding including, without limitation, the following individuals:

- Paul Allen
- Delton de Armas
- Raymond Bowman
- Desiree Brown
- Brian Callahan
- Jeffrey Cavender
- Colleen A. De Vries
- Sherry Dickinson
- Lee Farkas
- Digjivay "Danny" Gaekwad
- Aaron Jacoby
- Sean Ragland
- Stuart Scott
- Donna Skuhrovec
- Mike Wawrzyniak

THIRTIETH DEFENSE

Any recovery in favor of Plaintiffs must be reduced on account of any consideration received by Plaintiffs (including, but not limited to, any consideration received in prior or future settlements with or judgments against third parties) for the damages alleged in the Complaint.

THIRTY-FIRST DEFENSE

Crowe hereby adopts and incorporates by reference any and all other defenses asserted or that may hereafter be asserted, by PricewaterhouseCoopers LLP to the extent such defense may be applicable to Crowe. Crowe reserves the right to assert all applicable defenses once the precise nature of the relevant circumstances or events is determined through discovery.

**RESERVATION OF RIGHTS TO BRING COUNTERCLAIMS, AND THIRD-PARTY CLAIMS**

Crowe hereby reserves all rights to bring in any amended pleading or otherwise, any and all counterclaims against Plaintiffs, and any or all third-party claims that it may elect to pursue in the future. Failure to include such claims in this Answer shall not serve to waive any right to bring such claims in future pleadings.

WHEREFORE, Crowe seeks judgment as follows:

A. That the Complaint and claims for relief directed at Crowe be dismissed with prejudice and the relief sought be denied;

B. That Plaintiffs take nothing with respect to Crowe by virtue of their Complaint;

C. That Crowe be awarded the costs of defending this action, including reasonable attorneys' fees, costs, and disbursements; and

D. That the Court grant such other and further relief that it deems just and proper.

October 10, 2014

Respectfully submitted

*/s/ Stanley J. Parzen*___________________
Stanley J. Parzen (admitted *pro hac vice*)
*Attorney for Crowe Horwath LLP*

Stanley J. Parzen (*pro hac vice*)
Jonathan C. Medow (*pro hac vice*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
T: (312) 782-0600
F: (312) 701-7711

James H. Anderson (ANDE4440)
JACKSON, ANDERSON & PATTY, P.C.
P.O. Box 1988
250 Commerce Street, Suite 100
Montgomery, Alabama 36102-1988
T: (334) 834-5311
F: (334) 834-5362

## CERTIFICATE OF SERVICE

I, Stanley J. Parzen, hereby certify that on October 10, 2014, I caused a true and correct copy of the attached Crowe Horwath LLP's Answer and Defenses to the Amended Complaint to be served via the Court's ECF system on all counsel registered to receive service in this litigation.

*/s/ Stanley J. Parzen*___________________

*An attorney for Defendant*
*Crowe Horwath LLP*