IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE COLONIAL BANCGROUP, INC., and KEVIN O'HALLORAN,  Plaintiff,  v.  PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,  Defendants. _____  FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK,  Plaintiff,  v.  PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,  Defendants. | Case No. 2:11-cv-00746-WKW   Case No. 2:12-cv-00957-WKW |

## MOTION TO COMPEL PRODUCTION

To the Honorable District Judge:

This matter arises out of a subpoena issued by Plaintiff Federal Deposit Insurance Corporation, as Receiver for Colonial Bank ("FDIC-R") to seek documents for use in its action against Defendants PricewaterhouseCoopers LLP ("PwC") and Crowe Horwath LLP ("Crowe")

for accounting malpractice regarding the auditors' failure to detect fraud in Colonial Bank ("Colonial" or "Bank").

On or around May 13, 2015, the FDIC-R served upon Bright House Networks, LLC[1] ("Bright House") a subpoena seeking the email records of Catherine Kissick ("Kissick"), a material witness in the accounting case, from her personal email account.[2]  *See* Subpoena to Bright House, Exhibit A.  Bright House refused to comply with this subpoena, absent a court order, citing 47 U.S.C. § 551.  *See* Response from Bright House, Exhibit B.  Specifically, Bright House states that it will not produce any records absent a "judicially approved court order or consent" of Kissick.  *Id*.  The FDIC-R now brings this action seeking a court order directing Bright House to produce records from the personal email account of Kissick pursuant to 47 U.S.C. § 551(c)(2)(B).

## I. BACKGROUND

On August 14, 2009, the Alabama State Banking Department closed Colonial and appointed the FDIC as receiver.  Colonial was the victim of a large multi-year fraud involving Kissick and Taylor Bean & Whitaker Mortgage Corp. ("TBW"), the Bank's largest mortgage banking customer.  The FDIC-R alleges that PwC and Crowe were negligent in failing to identify the fraud in their role as auditors of Colonial.

Kissick was the head of the Mortgage Warehouse Lending Division ("MWLD") at Colonial.  TBW chairman Lee Farkas ("Farkas") and others at TBW conspired with Kissick and another employee in the MWLD to defraud Colonial by obtaining large amounts of financing for TBW without providing required collateral, thereby effectively stealing money from Colonial.  Kissick invented the fraudulent scheme that harmed the Bank.  As a result of her conspiracy with

---

[1] The subpoena was directed to Neustar, Inc. as designated agent of Bright House.
[2] Pursuant to Fed. R. Civ. P. 45(a)(4), all other parties to this matter were given notice prior to service.

Farkas, Kissick was found guilty of numerous crimes, sentenced to eight years in prison, and ordered to pay $500,524,882 in restitution. After Colonial was closed, the FDIC-R brought suit against PwC and Crowe for negligence in their failure to detect the Kissick/Farkas fraud.

## II.   KISSICK'S EMAIL RECORDS

Kissick, throughout her conspiracy with Farkas and others, recognized that she was at legal peril and sought to "cover her tracks." For this reason, Kissick directed Farkas and others involved in the fraud to send "sensitive" emails to her personal email account rather than using her business email address at Colonial. *See, e.g.,* Exhibit C. It is this personal email account, maintained by Bright House, that the FDIC-R seeks to have produced.

The FDIC-R has a direct need for Kissick's personal emails because they may have relevant information about certain aspects of the fraud. For example, PwC and Crowe contend that the Kissick/Farkas fraud was actually two discrete frauds, rather than a single, continuous conspiracy. *See Defendant PricewaterhouseCoopers LLP's Memorandum of Law in Support of its Motion to Dismiss, in part, the Second Amended Complaint*, Docket No. 59 ("PwC's Motion to Dismiss"); and *Defendant Crowe Horwath LLP'S Motion to Dismiss, in part, the Second Amended Complaint*, Docket No. 60 (adopting PwC's Motion to Dismiss). Specifically, PwC and Crowe allege that the "Account Sweeping" fraud, which began in 2002 and later morphed into the "AOT Plan B" fraud in 2004, was separate from the "double and triple-pledging" fraud, which began in 2008:

> This case involves two frauds, one that existed but was not detected during PwC's 2007 audit, and another that did not start until nearly a year after that audit was completed. The FDIC is seeking as damages not just the losses generated by the first fraud (the "nine-figure" AOT Plan B damages), but also $898.9 million in losses independently generated by the second fraud. PwC's Motion to Dismiss, pg. 12.

Thus, PwC and Crowe make the dubious assertion that they can only be held liable for the first set of frauds, and not the second "double and triple-pledging" fraud, because they were not in a position to identify the "double and triple-pledging" fraud.  Docket No. 59, pg. 9-11. The Defendants asserted that "the FDIC must plead facts showing that PwC's 2007 audit, which was completed by February 25, 2008, caused the double- and triple-pledging fraud in a continuous sequence." *Id* at pg. 12 (citations omitted).  The FDIC did just that in its Second Amended Complaint.  *See* Docket No. 53.  In denying the Defendants' Motions to Dismiss, this Court found that the allegations in Second Amended Complaint relating to causation "show a plausible connection between defendants' audits and the damages suffered by Colonial Bank as result of the double- and triple- pledging fraud." Docket No. 73.  The information sought in the subpoena relates to the FDIC-R's efforts to prove the foregoing allegations.

The FDIC-R will ultimately prove that the fraud was, in fact, a single, continuous conspiracy to steal assets from Colonial.  In order to provide a complete picture of this continuous conspiracy, the FDIC-R seeks a court order compelling the production of Kissick's personal email account for communications demonstrating that Farkas and Kissick engaged in ongoing and regular communications regarding the diversion of Colonial assets to TBW. Discovery to date suggests that Kissick used her personal email account for communications relating to the fraud.  Indeed, just months before the "double and triple-pledging" fraud was discovered, Kissick instructed Farkas to send any "sensitive" information to her personal email account instead of her business email address at Colonial.  Exhibit C.

### III.    GOOD CAUSE

Bright House objects to the production of Kissick's personal email account pursuant 47 U.S.C. § 551, which generally provides that "a cable operator shall not disclose personally

identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned and shall take such actions as are necessary to prevent unauthorized access to such information by a person other than the subscriber or cable operator." However, such a disclosure may be made "pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."[3] Contemporaneously with the filing of this Motion, Kissick is being provided by U.S. Regular Mail a copy of this Motion addressed as follows: Cathie Kissick, Inmate No. 77945-083, c/o FCI Marianna Federal Correctional Institution, 3625 FCI Road, Marianna, FL 32446.

An order compelling compliance with a Rule 45 non-party subpoena is appropriate under 47 U.S.C. § 551 where there is "good cause" under the facts of the case. *See Liberty Media Holdings, LLC v. Sheng Gan*, 11-CV-02754-MSK-KMT, 2012 WL 1015799, at *1 (D. Colo. Mar. 23, 2012). As demonstrated above, good cause exists for the production of Kissick's personal email account because it may contain communications between Kissick and her co-conspirators about the fraud involving TBW and Colonial.

## PRAYER

The FDIC-R respectfully prays that this Court enter an order compelling production of all records sought by FDIC-R in its subpoena, attached hereto as Exhibit A.

Respectfully submitted,

                                                RUSHTON, STAKELY, JOHNSTON
                                                  &GARRETT, P.A.
                                                Dennis Bailey
                                                184 Commerce Street
                                                Post Office Box 270

---

[3] To be clear, 47 U.S.C. § 551 allows for private litigants to seek discovery of personal information held by cable internet providers. See *Deluxe Mktg., Inc. v. deluxemarketingincscam.wordpress.com*, CV-13-02144-PHX-SPL, 2014 WL 4162270, at *1, FN1 (D. Ariz. Aug. 20, 2014)(" Plaintiffs request an order pursuant to 47 U.S.C. § 551(c)(2) (B), which authorizes cable operators to disclose personally identifiable information upon order of the court.")

Motion to Compel Production                                                                   5

    Montgomery, Alabama 36101-0270
    Telephone:   (334) 206-3234
    Facsimile:   (334) 481-0031
    Email:      DRB@rsjg.com

**FEDERAL DEPOSIT INSURANCE CORPORATION-RECEIVER FOR COLONIAL BANK**
Thomas J. O'Brien
3501 Fairfax Drive, Room VS-B-7032
Arlington, Virginia 22226-3500
Telephone:   (703) 562-6414
Facsimile:   (703) 516-5067
Email:  tobrien@fdic.gov

*/s/ David Mullin*
_____
David Mullin (TX Bar No. 14651600)
*pro hac vice*
John M. Brown (TX Bar No. 3142500)
*pro hac vice*
John G. Turner, III (TX Bar No. 20320550) *pro hac vice*
Robert Bell (TX Bar No. 00787062)
*pro hac vice*
Clint Latham (TX Bar No. 24013009)
*pro hac vice*
Richard Biggs (TX Bar No. 24064899)
*pro hac vice*

**MULLIN HOARD & BROWN, LLP**
500 South Taylor, Suite 800
Amarillo, Texas  79101
Telephone:  (806) 372-5050
Facsimile:  (806) 372-5086
Email:  dmullin@mhba.com
         jobrown@mhba.com
         jturner@mhba.com
         rbell@mhba.com
         clatham@mhba.com
         rbiggs@mhba.com

**ATTORNEYS FOR FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR COLONIAL BANK**

**CERTIFICATE OF SERVICE – PARTIES AND COUNSEL**

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically served on June 5, 2015, by first class mail and by e-mail, as set forth below:

Drew D. Dropkin (ddropkin@kslaw.com)
Elizabeth V. Tanis (etanis@kslaw.com)
James H. Anderson (janderson@beersanderson.com)
Jonathan C. Medow (jmedow@mayerbrown.com)
Stanley J. Parzen (sparzen@mayerbrown.com)
Tabor R. Novak, Jr. (tnovak@ball-ball.com)
Andrew P. Campbell (Andy.Campbell@Campbellguin.com)
Caroline Smith Gidiere (Caroline.Gidiere@Campbellguin.com)
Justin G. Williams (Justin.Williams@)Campbellguin.com)
Nicholas J. DiCarlo (ndicarlo@dcmplaw.com)
Christopher A. Caserta (ccaserta@dcmplaw.com)
C. Edward Dobbs (ced@phrd.com)
Ronald T. Coleman, Jr. (rtc@phrd.com)
Rufus T. Dorsey, IV (rtd@phrd.com)

_/s/ David Mullin_
David Mullin

**CERTIFICATE OF SERVICE – KISSICK and BRIGHT HOUSE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on June 5, 2015, by certified mail, as set forth below:

Cathie Kissick
Inmate No. 77945-083
c/o FCI Marianna Federal Correctional Institution
3625 FCI Road
Marianna, FL 32446

Tamara Moorman
Neustar, Inc. as Custodian of Records for Bright House Networks, LLC,
21575 Ridgetop Circle
Sterling, VA 20166

_/s/ David Mullin_
David Mullin