# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Alabama

| | |
|---|---|
| FDIC as receiver for Colonial Bank | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.    Case No. 2:12-cv-00957-WKW |
| PricewaterhouseCoopers LLP and Crowe Horwath LLP | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Bright House Networks c/o Neustar, Inc., Legal Compliance, 46000 Center Oak Plaza, Sterling, VA 20166

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All documents requested in Exhibit A

| Place: Offices of Mullin Hoard & Brown | Date and Time: |
|---|---|
| 500 S. Taylor, Suite 800 Amarillo, Texas 79101 | 06/09/2015 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/08/2015

              *CLERK OF COURT*

                                    OR

                 *Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

FDIC, as receiver for Colonial Bank _____ , who issues or requests this subpoena, are:

David Mullin, Robert Bell, Richard Biggs, Mullin Hoard & Brown, 500 S. Taylor, Suite 800, Amarillo, Texas 79101

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   Case No. 2:12-cv-00957-WKW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

<div style="color:red">**Print**   **Save As...**   **Add Attachment**                    **Reset**</div>

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



# Sheriff Michael L. Chapman

# LOUDOUN COUNTY SHERIFF'S OFFICE

803 Sycolin Road SE, Leesburg, Virginia 20175
Telephone  703-777-0407

## AFFIDAVIT OF SERVICE

STATE OF VIRGINIA

COUNTY OF LOUDOUN, to wit:

Re **FDIC as receiver for COLONIAL BANK vs. PRICEWATERHOUSECOOPERS LLP AND CROWE HORWATH LLP**

Before me, the undersigned authority, personally appeared **E. HAUSSLING,** a person competent to make oath, and who by me being duly sworn, deposes and says:

That this **SUBPOENA TO PRODUCE DOCUMENTS** came to hand on the 13th day of May, 2015 at 6:24 A.M. and executed by delivering to **TREVOR GRAY, MANAGER, BRIGHT HOUSE NETWORKS c/o NEUSTAR, INC. (Legal Compliance),** in PERSON, at 46000 CENTER OAK PLAZA, STERLING, County of Loudoun, State of Virginia, on the 14th of May, 2015, at 10:47 A.M., a true copy of the above mentioned process.

MICHAEL L. CHAPMAN, SHERIFF
Loudoun County, Virginia

Linda K. Murray
Commonwealth of Virginia
Notary Public
Commission No. 251248
My Commission Expires 11/30/2017

By: _____
Deputy Sheriff

Sworn to before me this _18th_ day of _May_, 2015.

_____
Notary Public

LSCC
4.9
3/96

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

THE COLONIAL BANCGROUP,
INC., and KEVIN O'HALLORAN,

     Plaintiff,

v.                                                                     **Case No. 2:11-cv-00746-WKW**

PRICEWATERHOUSECOOPERS
LLP and CROWE HORWATH LLP,

     Defendants.
_____

                                 **Case No. 2:12-cv-00957-WKW**

FEDERAL DEPOSIT INSURANCE
CORPORATON AS RECEIVER
FOR COLONIAL BANK,

     Plaintiff,

v.

PRICEWATERHOUSECOOPERS
LLP and CROWE HORWATH LLP,

     Defendants.

## EXHIBIT A TO SUBPOENA

### DEFINITIONS

As used herein, the following terms shall have the meaning indicated below:

     1.    "You/Your" shall refer to Bright House Networks, and any parent companies, subsidiaries, agents, assigns, employees, and representatives.

2.      The terms "Document" or "Documents" shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and include, by way of example and not limitation, the original and all copies and translations of any information in any written, recorded, electronic, or graphic form, including all memoranda, notes, inter-office and intraoffice communications, telegrams, letters, e-mail, computer models, spreadsheets, data, reports, accounts, records, calendars, diaries, minutes, contracts or other legal documents, insurance policies, telephonic or personal communications, tape recordings, microfilm, film, stenographic notes, bulletins, notices, computer data and other data or information sources in any written, printed or recorded matter of any character in the possession, custody or control of you, your attorneys, agents, or other persons under your control. Without limiting the foregoing, the term "Document" or "Documents" shall include any copy which differs in any respect from the original or other versions of the document, such as copies containing notations, insertions, corrections, marginal notes or any other variations.

## INSTRUCTIONS

1.      This subpoena is to be deemed continuing so as to require further and supplemental responses by You in the event that You obtain, create or discover additional information after the time of Your initial response through the close of the trial of this proceeding.

2.      Unless otherwise indicated, the data requested to be inspected and produced in response to these requests include all documents in Your possession, custody, or control.  Without limitation of the terms "possession," "custody," or "control" as used in the preceding sentence, a document is in Your possession, custody, or control if You have actual possession or custody or the right to obtain the Document or a copy thereof upon demand from one or more of Your employers, prospective employers, former employers, employees, former employees, representatives, relatives, friends, agents, independent contractors, consultants, attorneys, affiliates or any other person or public or private entity that has actual physical possession thereof.

3.      With respect to the documents produced, You shall produce as they are kept in the usual course of business.

4.      Electronic records and computerized information must be produced with all metadata preserved and intact.  Electronically Stored Information ("ESI ") shall be produced in the following format:

a.      All email from Windows-Based ESI ("WESI") shall be produced in multipage Group IV TIFF file format or .TIF file format (or, if use of that format is not possible, in single-page PDF file format) complete with full text extracts and the following fields of metadata (to the extent such fields are available):

i.      Custodian (Name of Custodian from which file is being produced);
ii.     Other Custodians (Name(s) of custodian(s) who had exact copy of message before de-duplication);
iii.    Author (FROM field);
iv.     CC;
v.      BCC;
vi.     Recipient (TO field);
vii.    Subject;
viii.   MD5 Hash Value or Equivalent;
ix.     Date Sent (Date the email was sent);
x.      Date Received (Date the file was received);
xi.     Time Sent (Time the email was received);
xii.    Time Received (Time the email was received);
xiii.   File Type (Application used to create the file);
xiv.    Page Count;
xv.     File Ext (Extension for the file);
xvi.    PST Name;
xvii.   Body Text (Extracted text);
xviii.  Bates Begin (Beginning Production Number);
xix.    Bates End (Ending Production Number);
xx.     Attach Begin (Beginning Attachment Range Number);
xxi.    Attach End (Ending Attachment Range Number).

b.      All other WESI (including attachments to electronic mail) shall be produced in multi- page Group IV TIFF or .TIF file format (or, if use of that format is not possible, in PDF format) complete with full text extracts and the following fields of metadata (to the extent such fields are available):

i.      Custodian (Name of Custodian from which file is being produced);

ii.      Other Custodians (Name(s) of custodian(s) who had exact copy of file before de-duplication);

iii.     Author;

iv.     Doc Title (Title of file from properties);

v.      Doc Subject (Subject of file from properties);

vi.     Created Date (Date the file was created);

vii.     Created Time (Time the file was created);

viii.    Last Modified Date (Date the file was last modified);

ix.     Last Modified Time (Time the file was last modified);

x.      Last Saved By (Name of user who last saved the file);

xi.     File Type (Application used to create the file);

xii.     Doc Type;

xiii.    Page Count;

xiv.   File Ext (Extension for the file);

xv.    File Path (Full path of the original location where the file was located);

xvi.   MD5 Hash (MD5 hash value of the original native file);

xvii.  Body Text (OCR for paper data or Extracted text for all ESI);

xviii. Bates Begin (Beginning Production Number);

xix.   Bates End (Ending Production Number);

xx.    Attach Begin (Beginning Attachment Range Number);

xxi.   Attach End (Ending Attachment Range Number).

c.     All ESI in the form of spreadsheets shall be produced in native format in addition to the format set forth above.  Each spreadsheet will be renamed, with an appropriate Bates number, which shall also be reflected on a placeholder in the image production and load files.

d.     All WESI shall be produced along with an IPRO, Opticon, or Summation DII load file indicating Bates numbers and document breaks. Metadata shall be produced in Concordance DAT file format, DII format and summary text file for Summation, or XML format and extracted full text shall be provided in TXT file format at the document level.

## <u>DOCUMENTS TO BE PRODUCED PURSUANT TO SUBPOENA</u>

**Request No. 1:**    All electronic mail stored within the account "ckissick@cfl.rr.com"

**Request No. 2:**    All files stored within the account "ckissick@cfl.rr.com"

**Request No. 3:**    All content stored within the account "ckissick@cfl.rr.com"

**Request No. 4:**    All ESI within the account ckissick@cfl.rr.com

**Request No. 5:**    All WESI within the account "ckissick@cfl.rr.com"

**Request No. 6:**    All electronic data stored within the account "ckissick@cfl.rr.com"

**Request No. 7:**    All Documents stored within the account "ckissick@cfl.rr.com"

# Exhibit B



05/14/2015

*Richard Biggs, Esq.*
*500 S Taylor, Ste 800*
*Amarillo, TX  79101*

Re:    FDIC v. Pricewaterhousecoopers, LLP, et al., 2:12-cv-00957-WKW
         Control # TM11829
         **Target Details :** E-Mail Address  ckissick@cfl.rr.com

Dear Richard Biggs, Esq.


We are a designated agent of Bright House Networks, LLC, authorized to respond to subpoenas, search warrants, and court orders for the production of customer and call detail records. We have received a copy of a Civil Proceeding Subpoena Request, served upon Bright House Networks, LLC, requesting records for ckissick@cfl.rr.com. This letter is to advise you that:


Cable Act (**Title 47 U.S.C. § 551**) provisions apply. Records specified cannot be provided with the type of legal process that you have used; a judicially approved court order or consent from the account holder is required for the release of the sought data.

We are unable to identify the records you are requesting as there was no date range provided. Please provide a date range for the requested records.

Please email the judicially approved court order or consent and a date range to tamara.moorman@neustar.biz and reference control number **TM11829**.


If you have any questions, please contact Tamara Moorman at tamara.moorman@neustar.biz. If you need to speak to an analyst directly, please call Neustar at (877)-510-4357. Please reference the control number TM11829 on all correspondence.


Very truly yours,

Tamara Moorman
Authorized Agent for Custodian of Records
Bright House Networks, LLC

# Exhibit C

**From:**           ckissick@cfl.rr.com
**Sent:**           Wednesday, January 14, 2009 2:07 PM
**To:**             Farkas, Lee; Jim Hogan


Use this email address for "sensitive" info.  I have it on my personal blackberry, so I will be able to provide a quick response. Thanks! And thanks for any entrees' anywhere! :) Sent from my Verizon Wireless BlackBerry