IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE COLONIAL BANCGROUP INC., and KEVIN O'HALLORAN | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:11-cv-746-WKW-TFM |
| PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP, | ) | |
| Defendants. | ) | |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK, | ) | |
| Plaintiff, | ) | CASE NO. 2:12-cv-957-WKW-TFM |
| v. | ) | |
| PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP | ) | |
| Defendants. | ) | |

**O R D E R**

Upon consideration of the Motion to Authorize Production Pursuant to 47 U.S.C. § 551 filed by Plaintiff Federal Deposit Insurance Corporation, as Receiver for Colonial Bank ("FDIC-R"), (Doc. 157), it is

ORDERED that the Motion to Authorize Production Pursuant to 47 U.S.C § 551 (Doc. 157) be and hereby is GRANTED.

The subpoena seeks production of records from Bright House Networks, a non-party, pursuant to the Cable Communications Policy Act, 47 U.S.C § 551 which provides statutory privacy protections to the customers of cable operators. Specifically, the Act prohibits the production of any "personally identifiable information," with limited exceptions. 47 U.S.C. § 551 (a) (2). Plaintiff brings this motion pursuant to 47 U.S.C. § 551 (c) (2) (B) which allows for production " . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." Specifically, Plaintiff seeks the e-mail records of Catherine Kissick in connection with the FDIC-R's accounting malpractice action against Defendants PricewaterhouseCoopers LLP and Crowe Horwath LLP. Plaintiff represents that Kissick is a material witness in the accounting case, and the subpoena seeks email from her personal email account. (Doc. 157 p. 2).

By Order dated June 12, 2015, this court denied Plaintiff's previously filed Motion to Compel pursuant to *Fed. R. Civ. Pro* 37(a)(2) on the basis that "[a] motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Bright House is a non-party to this action; thus under the Federal Rules this court concluded it was without jurisdiction to issue the Motion to Compel. (Doc. 145). Thereafter, Plaintiff filed the instant Motion clarifying its position and seeking an order authorizing production pursuant to 47 U.S.C. § 551(c)(2)(B). After due consideration, the Court concludes that production is due to be granted under this Act. *See Uber Technologies, Inc., v. Doe*, 15-CV-908-LB, 2015 WL 1926291, at * 1 (N.D. Cal. April 27, 2015) (California federal court ordered Comcast, a Pennsylvania corporation

headquartered in Philadelphia, to produce customer data pursuant to subpoena). Accordingly, the Court concludes for the reasons stated above that the Motion to Authorize Production (Doc. 157) is due to be granted.

DONE this 3rd day of August, 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE