IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE COLONIAL BANCGROUP, INC., as post-confirmation debtor, and KEVIN O'HALLORAN, as plan trustee acting for and on behalf of the debtor, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | |
| v. | ) ) | Case No. 2:11-cv-00746-WKW |
| PRICEWATERHOUSECOOPERS LLP, and CROWE HORWATH LLP, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |
| | ) | |
| ———————————— | ) ) | |
| | ) | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Colonial Bank, | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | |
| | ) | |
| v. | ) ) | Case No. 2:12-cv-00957-WKW |
| PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF STANLEY J. PARZEN

STATE OF ILLINOIS, COUNTY OF COOK

**STANLEY J. PARZEN**, being of lawful age and duly sworn, deposes and says:

    1.    I am an attorney and partner at the law firm of Mayer Brown LLP, which represents Crowe Horwath LLP ("Crowe") in the above-captioned actions.

2.     The information herein is true and correct to the best of my own personal knowledge and belief.

3.     The Federal Deposit Insurance Corporation as Receiver for Colonial Bank ("FDIC-R") served its First Request for Production of Documents ("Document Requests") to Crowe on or about December 4, 2014. Colonial BancGroup, Inc. ("CBG") also served document requests on Crowe on many of the same subjects.

4.     Crowe timely served its objections and responses to the Document Requests on January 12, 2015.

5.     At the request of counsel for CBG, on May 7, 2015, an initial meet-and-confer conference call took place with counsel for all parties to the above-captioned actions. I participated as lead counsel for Crowe.

6.     Although the May 7, 2015 conference call was set up to address discovery issues raised by CBG, David Mullin, counsel for the FDIC-R, also participated in the meet and confer.

7.     On the May 7, 2015 call, Mr. Mullin asked whether Crowe was going to produce, *inter alia*, (A) its audit manuals for its external audits pursuant to Generally Accepted Auditing Standards ("GAAS") and (B) Crowe's manuals for outsourced internal audit services.

8.     On the May 7, 2015 call, I told Mullin that I did not believe that Crowe's audit manuals were relevant because Crowe was not CBG's external auditor and did not do any of its financial statement audits.

9.     Although acknowledging that Crowe was not CBG's external auditor and did not do any financial statement audits for CBG, Mr. Mullin responded that Crowe's GAAS audit manuals would be relevant to "claims against PwC," Crowe's co-defendant in the above-

captioned actions. I responded that I did not think that this was a proper basis on which to produce but I would discuss this further with Crowe.

10.     On the May 7, 2015 call, I also told Mr. Mullin that it was my understanding that Crowe did not have any Crowe-developed internal manuals or guidance for outsourced internal audit services from the 2002 through 2009 time period. I stated that I would confirm this fact.

11.     On July 9, 2015, I had a meet-and-confer conference regarding the FDIC-R's discovery requests with John Brown for the FDIC-R. In that call, I confirmed with Mr. Brown that Crowe did not have any Crowe-developed internal manuals for outsourced internal audit services. I also told Mr. Brown that the programs containing the procedures Crowe performed on the CBG engagement were reflected in Crowe's workpapers.

12.     I believed that my statements to Mr. Brown resolved the matter of the manuals governing outsourced internal audit services.

13.     I also said to Mr. Brown that I did not see how Crowe's proprietary GAAS audit manuals were even relevant since Crowe had done no audits of financial statements. I received no further response on this topic.

14.     Mr. Brown and I had further discussions about Crowe's discovery responses but Mr. Brown did not raise either of the issues discussed in Paragraphs 11 or 13.

15.     On Friday, July 31, 2015, when I saw that the FDIC-R was moving to compel internal manuals governing outsourced internal audit services, I emailed Mr. Brown stating that I did not understand the basis for that motion since I had told him that Crowe did not have such manuals. I received no response.

I declare under penalty of perjury that the foregoing is true and correct.

Executed: August 17, 2015

Stanley J. Parzen