# EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| THE COLONIAL BANCGROUP, INC., as post-confirmation debtor, and KEVIN O'HALLORAN, as plan trustee acting for and on behalf of the debtor,<br><br>Plaintiffs,<br><br>vs.<br><br>PRICEWATERHOUSECOOPERS LLP, a United States limited liability partnership; CROWE HORWATH LLP, a United States limited liability partnership,<br><br>Defendants. | Case No. 2:11-cv-00746-WKW<br><br>LEAD CASE |
| FEDERAL DEPOSIT INSURANCE CORPORATION as receiver for COLONIAL BANK<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH, LLP,<br><br>Defendants. | Case No. 2:12-cv-00957-WKW |

## DEFENDANT PRICEWATERHOUSECOOPERS LLP'S RESPONSES AND OBJECTIONS TO FDIC-R's FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PRICEWATERHOUSECOOPERS LLP

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant PricewaterhouseCoopers LLP ("PwC") hereby responds and objects as follows to the FDIC-R's First Request for Production of Documents to PricewaterhouseCoopers LLP (the "Document Requests"):

## GENERAL OBJECTIONS

PwC makes the following General Objections to the Document Requests. These objections apply to each of the Document Requests and are incorporated into each response as if fully set forth therein.

1.   PwC objects to the Document Requests to the extent that they seek documents and information that are already in the possession, custody or control of the FDIC-R.

2.   PwC objects to the temporal scope of the FDIC-R's Document Requests as set forth in Instruction 3 as January 1, 2002 to the present, because this thirteen-year period does not correspond to audit at issue in the FDIC-R's Second Amended Complaint. Accordingly, PwC objects to these requests on the grounds that they are overbroad, unduly burdensome, improperly unlimited in time or scope, and seek information that is neither relevant to the subject matter of the present action nor reasonably calculated to lead to the discovery of admissible evidence.

3.   PwC objects to the Document Requests to the extent they are unlimited, or not properly limited, in time or scope.

4.   PwC objects to the Document Requests to the extent they purport to impose requirements or obligations different from, or beyond those, imposed by the Federal Rules of Civil Procedure or the rules of this Court.

5.   PwC objects to the Document Requests to the extent they seek information that is not relevant to the subject matter of this action or are not reasonably calculated to lead to the discovery of admissible evidence.

6.   PwC objects to the Document Requests to the extent they are overbroad or would require PwC to engage in an unduly burdensome search for information or in an unduly burdensome production of documents.

2

7.     PwC objects to the Document Requests to the extent they seek documents or information that are subject to the attorney-client privilege, the work product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216.  PwC will not produce any documents subject to such privilege, immunity, or protection.

8.     PwC objects to the Document Requests to the extent they seek personal or confidential information about PwC personnel and PwC clients other than CBG, confidential and proprietary business information, or information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties.

9.     PwC objects to the Document Requests to the extent that they seek "all documents" concerning or related to certain time periods, audits, events, transactions, or subjects, because they are overbroad, they subject PwC to undue burden and expense, they seek information that is neither relevant to the subject matter of the present action nor reasonably likely to lead to the discovery of admissible evidence, and they seek to impose obligations on PwC beyond what is required by the Federal Rules of Civil Procedure or the rules of this Court.

10.     PwC objects to the Document Requests to the extent that they are repetitive, cumulative, duplicative, and/or substantially overlap with other Document Requests.

11.     PwC objects to the Document Requests to the extent they purport to require PwC to produce information not presently in its possession, custody, or control.

12.     PwC objects to the Document Requests to the extent they seek information that is publicly available; that is already in the possession, custody, or control of the FDIC-R, the FDIC-

R's attorneys, or other representatives of the FDIC-R; or that is as readily available to the FDIC-R as it is to PwC.

13.     PwC objects to the Document Requests to the extent the requests, Definitions, or Instructions are vague, ambiguous, indefinite, or otherwise unclear as to the precise information sought and/or to the extent that they attempt to give words and phrases meanings that are different from those given in common usage.

14.     The responses set forth below are made without in any way waiving or intending to waive:

a.     any objections to the authenticity, competency, relevancy, materiality, privilege, or admissibility into evidence, for any purpose, of any information produced in response to the FDIC-R's Document Requests or the subject matter thereof;

b.     the right to object on any ground to the use of the information produced in response to the FDIC-R's Document Requests or the subject matter thereof at any trial, hearing, or other proceeding;

c.     the right to object on any ground at any time to a demand for further response to the FDIC-R's Document Requests; and/or

d.     the right at any time to revise, supplement, correct, or add to these responses to the FDIC-R's Document Requests.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     PwC objects to Definitions 1 and 3 to the extent that they seek the production of original documents (or native versions of electronic documents) and to the extent that they seek to impose requirements or obligations different from, or beyond those, imposed by the Federal Rules of Civil Procedure or the rules of this Court.  PwC further objects to Definition 3 on the

4

ground that it goes beyond the definition of "working papers" as that phrase is commonly understood in the auditing profession.

2.     PwC objects to the Definitions of "You," "Your," "Defendant," and "PwC" on the grounds that they are overbroad, unduly burdensome, vague and ambiguous; seek information that is neither relevant to the subject matter of the present action nor reasonably calculated to lead to the discovery of admissible evidence; and seek information outside of PwC's possession, custody or control, insofar as it includes "PricewaterhouseCoopers, LLP, its predecessor firms, and its affiliates, subsidiaries, partners, employees, staff, subcontractors, agents and any other person acting on behalf of or at the request of PwC." PwC will construe the terms "You," "Your," "Defendant," and "PwC" to mean PricewaterhouseCoopers LLP, a United States limited liability partnership.

3.     PwC objects to the Definition of "Crowe" on the grounds that it is overbroad, unduly burdensome, vague and ambiguous; seeks information that is neither relevant to the subject matter of the present action nor reasonably calculated to lead to the discovery of admissible evidence; and seeks information outside of PwC's possession, custody or control, insofar as it includes "Crowe Horwath LLP, its predecessor firms, and its affiliates, subsidiaries, partners, employees, staff, subcontractors, agents and any other person acting on behalf of or at the request of Crowe." PwC will construe the term "Crowe" to mean Crowe Horwath LLP.

4.     PwC objects to the Definition of "TBW" on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous, and seeks information unknown to PwC and that is neither relevant to the subject matter of the present action nor reasonably calculated to lead to the discovery of admissible evidence, insofar as it includes "Taylor, Bean & Whitaker Mortgage Corp., its predecessor firms, and its affiliates, subsidiaries, partners, employees, staff,

DMSLIBRARY01:24650122.2

subcontractors, agents and any other person acting on behalf of or at the request of TBW." PwC will construe the term "TBW" to mean Taylor, Bean & Whitaker Mortgage Corp.

5.     PwC objects to the Definition of "Audit" on the grounds that it is inaccurate, overbroad, unduly burdensome, vague, ambiguous, and unlimited in time or scope, and seeks information that is neither relevant to the subject matter of the present action nor reasonably calculated to lead to the discovery of admissible evidence, insofar as it includes "professional services provided and work performed by PwC pursuant to applicable standards of the American Institute of Certified Public Accountants and integrated audits performed by PwC pursuant to PCAOB Audit Standards No. 2 and No. 5." For purposes of its response to the Document Requests, PwC will instead construe "Audit" to mean its audits of the consolidated financial statements of CBG and its subsidiaries for the periods ended December 31, 2002 through 2008.

6.     PwC objects to the Definition of "Communications" in Definition 5 on the grounds that it is overbroad and unduly burdensome.

7.     PwC objects to the Definition of "Statement" in Definition 22 on the grounds that it is overbroad and unduly burdensome.

8.     PwC objects to the Definition of "Writing" and "Written" in Definition 23 on the grounds that it is overbroad and unduly burdensome.

9.     PwC objects to the following Definitions on the grounds that they are overbroad and unduly burdensome, and to the extent that they seek to impose requirements or obligations different from, or beyond those, imposed by the Federal Rules of Civil Procedure or the rules of this Court:

     a.     "Document" in Definition 1;

     b.     "Working papers" and "work papers" in Definition 2;

6

     c.     "Person" in Definition 4;

10.    PwC objects to Instructions 1, 2, 4, 5, 6, 7, and 11 on the grounds that they are overbroad and unduly burdensome, and to the extent that they seek to impose requirements or obligations different from, or beyond those, imposed by the Federal Rules of Civil Procedure or the rules of this Court.

11.    PwC objects to the Definition of "relate" and "relating" in Definition 2 on the grounds that they are overbroad and unduly burdensome, seek information that is neither relevant to the subject matter of the present action nor reasonably calculated to lead to the discovery of admissible evidence, and seek to impose requirements or obligations different from, or beyond those, imposed by the Federal Rules of Civil Procedure or the rules of this Court.

12.    PwC objects to the Definitions of "and" and "or" and "any" and "all" and "each" and "every" in Definitions 18 and 19 to the extent that they give these words meanings other than their commonly understood meanings.  PwC will construe these words according to their commonly understood meanings.

13.    PwC objects to Instructions 8, 9 and 10 to the extent that they give words meanings other than their commonly understood meanings.  PwC will construe these words according to their commonly understood meanings.

14.    PwC objects to Instruction 1 to the extent that it requests "all documents" concerning or related to certain time periods, audits, events, transactions, or subjects, because they are overbroad, they subject PwC to undue burden and expense, they seek information that is neither relevant to the subject matter of the present action nor reasonably likely to lead to the discovery of admissible evidence, and they seek to impose obligations on PwC beyond what is required by the Federal Rules of Civil Procedure or the rules of this Court.

15.     PwC objects to the temporal scope set forth in Instruction 3 as January 1, 2002 to the present because this nearly thirteen-year period does not correspond to the audit at issue in the FDIC-R's Second Amended Complaint. Accordingly, PwC objects to this instruction on the grounds that it is overbroad, unduly burdensome, improperly unlimited in time or scope, and seeks information that is neither relevant to the subject matter of the present action nor reasonably calculated to lead to the discovery of admissible evidence.

16.     PwC objects to Instruction 6 to the extent it seeks the production of documents in native format because such production is unduly burdensome, would disclose confidential and proprietary business information, enables documents to be altered after production, and creates difficulties authenticating and tracking documents after production. PwC is willing to meet and confer to determine agreeable production specifications.

## PRELIMINARY STATEMENT

PwC already has produced to the FDIC-R more than two million pages of documents for use in this action. Exercising its administrative subpoena power, the FDIC-R obtained from PwC—before this litigation began—hundreds of thousands of pages of documents, including PwC's work papers and a substantial amount of emails and electronic documents. Then, before Rule 34 document discovery commenced in this action, PwC produced to the FDIC-R hundreds of thousands of pages of additional documents. Many of the documents sought in the requests below have already been produced by PwC to the FDIC-R.

Additionally, many of the FDIC-R's requests below seek documents and information about PwC clients other than CBG unrelated to CBG.

## SPECIFIC RESPONSES AND OBJECTIONS

## REQUEST FOR PRODUCTION NO. 1:

All documents, including statements of policy, operating procedures, manuals, handbooks, checklists, programs or training guides, related to any of the following:

a.  PwC's policies or procedures for accepting engagements;

b.  PwC's policies or procedures in regard to the auditing or examination of entities (including financial institutions) that specialize in mortgage warehouse lines of credit, mortgage loans held for sale, and securities purchased under agreements to resell, including without limitation PwC's policies and procedures approving sales accounting treatment under FAS 140, any predecessor Financial Accounting Standard to FAS 140 (including but not limited to FAS 125) and any other applicable Financial Accounting Standard;

c.  PwC's policies or procedures with respect to assignment of personnel to engagements;

d.  PwC's policies or procedures for the review of the work papers of audits and other types of engagements;

e.  PwC's policies or procedures for the resolution of difference of professional opinion among members of the auditing staff or among other members or employees of PwC;

f.  PwC's internal procedures for identifying and resolving issues relating to appropriate professional standards, including without limitation Auditing Standards ("AS") and related professional practice standards established by the PCAOB, Generally Accepted Auditing Standards or Generally Accepted Accounting Principles;

g.  PwC's policies and procedures related to the rendering of unqualified opinions;

h.  PwC's policies and procedures related to the rendering of qualified opinions;

i.  PwC's policies and procedures relating to going concern modifications in audit opinions;

j.  PwC's administrative manuals in effect from 2002 through 2009;

k.  PwC's audit practice manuals in effect from 2002 through 2009;

l.  PwC's industry accounting and auditing manuals for entities (including financial institutions) that specialize in mortgage warehouse lines of credit, mortgage loans held for sale, securities purchased under agreements to resell in effect from 2002 through 2009, and origination, purchase, and servicing of mortgage loans;

m.  PwC's industry accounting and auditing manuals relating or referring to FAS 140 and any predecessor Financial Accounting Standard to FAS 140 (including but not limited to FAS 125) in effect from 2002 through 2009;

n.  PwC's continuing education manuals in effect from 2002 through 2009;  and

o.  Copies of any PwC internal publications, including guidance to practitioners, or bulletins relating to the financial service industries issued from 2002 through 2009, including specifically the items described in subparagraphs k., l. and m. above.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to the foregoing General Objections, PwC objects to this request based on the

foregoing Definitional and Instructional Objections 1, 2, 5, 7, 9(a), 9(b), 10, 11, 12, 13, 14, 15,

9

and 18.  PwC objects to this request to the extent that the phrases "auditing or examination of

entities," "specialize," "industry accounting and auditing manuals," "guidance to practitioners,"

and "financial service industries" are vague and ambiguous.  PwC objects to this request to the

extent that it seeks information that is subject to the attorney-client privilege, the work-product

doctrine, the accountant-client privilege, professional rules preventing the disclosure of

confidential client information, or any other applicable privilege, immunity, or protection,

including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks personal and confidential

information about PwC personnel and PwC clients other than CBG; seeks confidential and

proprietary business information; and seeks information subject to confidentiality agreements,

protective orders, or statutory provisions that may bar disclosure of the information without the

consent of third parties.  PwC objects to this request on the grounds that it is overbroad, unduly

burdensome, and seeks documents that are neither relevant to the subject matter of this action nor

reasonably calculated to lead to the discovery of admissible evidence.  PwC objects to this

request to the extent that it seeks information not presently in the possession, custody, or control

of PwC; information that is already in the possession, custody, or control of the FDIC-R, the

FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily

available to the FDIC-R as it is to PwC.

## REQUEST FOR PRODUCTION NO. 2:

The personnel file (current to the date of these Requests) for each PwC partner, manager, senior staff accountant or other professional auditing or accounting personnel who spent in excess of fifteen (15) hours in any year providing services to CBG and/or Colonial from 2005 through 2009, and all documents related to the professional qualification, experience or competency of such persons. This request includes but is not limited to: resumes, performance evaluations, college transcripts, post-graduate education transcripts, continuing professional education courses and seminars, performance reviews, evaluations, and records relating to any disciplinary action taken against any PwC partner, manager, senior staff accountant or any other professional who worked on the Colonial engagement.

10

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 5, 9(a), 10, 11, 12, 13, 14, 15, 16. PwC objects to this request to the extent that the phrases "personnel file," "professional," "competency," "evaluations," "disciplinary action," and "Colonial engagement" are vague and ambiguous. PwC objects to this request to the extent that the request erroneously states that PwC audited Colonial's financial statements. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks personal and confidential information about PwC personnel and PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC. PwC objects to this request to the extent that it assumes PwC was engaged by Colonial.

**REQUEST FOR PRODUCTION NO. 3:**

11

All documents related to any disciplinary proceedings or inquiries undertaken by the PCAOB, American Institute of Certified Public Accountants, U.S. Securities and Exchange Commission, and/or any state or federal agency, commission or board responsible for the professional regulation of the accounting profession with respect to the conduct of PwC or any of its partners, agents, representatives or employees in connection with services rendered to any entity in the financial services industry.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 9(a), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request to the extent that the phrases "disciplinary proceedings," "inquiries," and "financial services industry" are vague and ambiguous. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks personal and confidential information about PwC personnel and PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC.

DMSLIBRARY01:24650122.2

**REQUEST FOR PRODUCTION NO. 4:**

All marketing materials, including proposals to provide professional services, disseminated by PwC relating to its experience, competence, qualifications or reliability in performing audits of financial institutions that specialize in mortgage warehouse lines of credit, mortgage loans held for sale, or securities purchased under agreements to resell from 2002 through 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 5, 9(a), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request because the phrases "marketing materials" and "specialize" are vague and ambiguous. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential information about PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC.

**REQUEST FOR PRODUCTION NO. 5:**

13

All data disks, electronic data, and specific PwC-developed program disks for all computerized audit applications used in the audits of CBG and/or Colonial, including but not limited to the following applications:

a.     Sales accounting treatment under FAS 140 of Colonial's COLB facility;  and

b.     Confirmation requests to third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 5, 9(a), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request to the extent that the phrases "PwC-developed," "program disks," "computerized audit applications," and "applications" are vague and ambiguous. PwC objects to this request to the extent that the request erroneously states that PwC audited Colonial's financial statements. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential information about PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or

14

information that is as readily available to the FDIC-R as it is to PwC.  PwC objects to this request to the extent that it assumes PwC was engaged by Colonial.

## REQUEST FOR PRODUCTION NO. 6:

All documents related to the standards PwC applies when auditing or opining on the financial statements of entities (including financial institutions) that specialize in mortgage warehouse lines of credit, mortgage loans held for sale, or securities purchased under agreements to resell.  This should include any interpretations by PwC of the Generally Accepted Accounting Principles as they apply to the above-mentioned institutions.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 5, 9(a), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request to the extent that the phrase "specialize" is vague and ambiguous. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential information about PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties.  PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  PwC objects to this request to the extent that it seeks information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC.

DMSLIBRARY01:24650122.2

**REQUEST FOR PRODUCTION NO. 7:**

All PCAOB Inspection Reports (all parts of such report, including the public and non-public portions of the Report and any comments made by PwC on the Report and/or drafts of the Report), peer review reports, if any, related to PwC's audits (including integrated audits performed pursuant to PCAOB AS No. 2 and AS No. 5) of entities (including financial institutions) that specialize in mortgage warehouse lines of credit, mortgage loans held for sale, or securities purchased under agreements to resell, and any peer reviews related to the audits of CBG or Colonial. This request includes both internal and external reviews or inspection reports, including without limitation internal reviews and/or evaluations conducted by PwC involving audits worked on by members of the CBG audit teams from 2005 through 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 5, 9(a), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request to the extent that the phrase "specialize" is vague and ambiguous. PwC objects to this request to the extent that the request erroneously states that PwC audited Colonial's financial statements. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks personal and confidential information about PwC personnel and PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's

16

attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC. PwC objects to this request to the extent that it assumes PwC was engaged by Colonial.

**REQUEST FOR PRODUCTION NO. 8:**

All documents related to the criteria applied by PwC in considering for the retention and/or promotion of its professional staff for the period of 2002 through 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 9(a), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request to the extent that the phrase "considering for" is vague and ambiguous. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks personal and confidential information about PwC personnel and PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 9:**

All documents related to the method used by PwC to compensate its partners and principals engaged to work for Colonial for the period 2005 through 2009.

17

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**:

In addition to the foregoing General and Instructional Objections, PwC objects to this request based on the foregoing Definitional Objections 1, 2, 9(a), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request to the extent that the request erroneously states that PwC audited Colonial's financial statements. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks personal and confidential information about PwC personnel and PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it assumes PwC was engaged by Colonial.

**REQUEST FOR PRODUCTION NO. 10**:

All external communications or newsletters issued by PwC relating to the mortgage lending industry for the period of 2005 through 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**:

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 8, 9(a), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request to the extent that the phrases "external communications," "mortgage

18

lending industry," are vague and ambiguous.  PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential information about PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties.  PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC.

## REQUEST FOR PRODUCTION NO. 11:

All internal communications (excluding email) issued by PwC relating to the mortgage lending industry for the period 2005 through 2009.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 8, 9(a), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request to the extent that the phrases "internal communications" and "mortgage lending industry" are vague and ambiguous.  PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of

19

confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential information about PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC.

## REQUEST FOR PRODUCTION NO. 12:

All PwC email relating to its audit of the financial statements of CBG, and its subsidiaries, including without limitation Colonial for the year ended December 31, 2007 and its review of the financial statements of CBG and/or Colonial for the quarter ending March 31, 2008, including all email relating to Colonial's COLB and AOT facilities, accounting for hedging activities (FAS 133), sales treatment accounting (FAS 125 and FAS 140), application and measurement of the fair value of mortgage assets (FAS 65), and consulting or other professional services provided in regards to assisting CBG and/or Colonial in responding to inquiries and/or examination reports from state and/or federal regulators.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 5, 6, 9(a), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request to the extent that the request erroneously states that PwC audited Colonial's financial statements. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the

DMSLIBRARY01:24650122.2

accountant-client privilege, professional rules preventing the disclosure of confidential client

information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. §

7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential and proprietary business information;

and seeks information subject to confidentiality agreements, protective orders, or statutory

provisions that may bar disclosure of the information without the consent of third parties.  PwC

objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks

documents that are neither relevant to the subject matter of this action nor reasonably calculated

to lead to the discovery of admissible evidence.  PwC objects to this request to the extent that it

seeks information not presently in the possession, custody, or control of PwC; information that is

already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other

representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to

PwC.  PwC objects to this request to the extent that it assumes PwC was engaged by Colonial.

## REQUEST FOR PRODUCTION NO. 13:

All PwC email relating the sales accounting treatment of COLB loans as set forth in
Paragraphs 49 — 54 of the FDIC-R's Complaint from 2005 forward.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

In addition to the foregoing General Objections, PwC objects to this request based on the

foregoing Definitional and Instructional Objections 1, 2, 5, 6, 9(a), 10, 11, 12, 13, 14, 15, and 16.

PwC objects to this request to the extent that it seeks information that is subject to the attorney-

client privilege, the work-product doctrine, the accountant-client privilege, professional rules

preventing the disclosure of confidential client information, or any other applicable privilege,

immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks

confidential and proprietary business information; and seeks information subject to

confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of

DMSLIBRARY01:24650122.2

the information without the consent of third parties.  PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC.  PwC objects to this request to the extent that it assumes PwC was engaged by Colonial.  PwC objects to this request to the extent that it assumes the validity of the allegations in Paragraphs 49-54 of the Second Amended Complaint.

## REQUEST FOR PRODUCTION NO. 14:

All PwC email referencing or referring to Lee Farkas, Desiree Brown, Cathie Kissick and Teresa Kelly (f/k/a Teresa Carrier) from 2005 forward.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 9(a), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential information about PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties.  PwC objects to this request on the grounds that it is overbroad, unduly

22

burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC.

**REQUEST FOR PRODUCTION NO. 15:**

All PwC emails relating to the TBW fraud against Colonial (the TBW fraud is described in Paragraphs 13 — 21 of the Complaint) from 2005 forward.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 4, 9(a), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request to the extent that the phrases "TBW fraud" and "against Colonial" are vague and ambiguous and because Colonial's own employees engaged in the fraud. PwC objects to this request to the extent that the request assumes that Paragraphs 13 through 21 of the Complaint accurately describe the fraud. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential information about PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither

23

relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC.

**REQUEST FOR PRODUCTION NO. 16:**

     All documents, including internal publications prepared by PwC or any of its practice groups, discussing developing problems in the financial markets in the mid-2000s, audit risks relating to such problems, the consequences to the housing, mortgage banking, and financial services industries (particularly companies providing home financing and/or operating in the secondary market), and PwC's response to addressing such increased risks in regards to providing audit services, particularly audits of financial institutions dealing with mortgages and mortgage-backed securities from 2006 forward.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

     In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 5, 10, 11, 12, 13, 14, 15, and 16.  PwC objects to this request to the extent that the phrases "developing problems" and "consequences" are vague and ambiguous.  PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential information about PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties.  PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the

subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC.

## REQUEST FOR PRODUCTION NO. 17:

All documents, including work papers (to the extent not already produced), internal manuals and procedures, and communications, regarding the review of internal controls (including integrated audits performed pursuant to PCAOB AS No. 2 and AS No. 5) and the review of work done by internal auditors (including Crowe in connection with its provision of internal audit services to CBG and/or Colonial) on behalf of CBG and/or Colonial from 2005 through 2009.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17:

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 3, 5, 6, 9(b), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential information about PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information that is already in the possession, custody, or control

DMSLIBRARY01:24650122.2

of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information

that is as readily available to the FDIC-R as it is to PwC.  PwC objects to this request to the

extent that it assumes PwC was engaged by Colonial.

## REQUEST FOR PRODUCTION NO. 18:

All documents, including work papers (to the extent not already produced), internal manuals and procedures, and communications, regarding the review and confirmation of mortgage loans held for sale (i.e., the COLB facility) and securities purchased under agreements to resell and held as trade pools (i.e., the AOT facility) from 2005 forward.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

In addition to the foregoing General Objections, PwC objects to this request based on the

foregoing Definitional and Instructional Objections 1, 2, 6, 9(a), 9(b), 10, 11, 12, 13, 14, 15, and

16.  PwC objects to this request to the extent that it seeks information that is subject to the

attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional

rules preventing the disclosure of confidential client information, or any other applicable

privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216;

seeks confidential information about PwC clients other than CBG; seeks confidential and

proprietary business information; and seeks information subject to confidentiality agreements,

protective orders, or statutory provisions that may bar disclosure of the information without the

consent of third parties.  PwC objects to this request on the grounds that it is overbroad, unduly

burdensome, and seeks documents that are neither relevant to the subject matter of this action nor

reasonably calculated to lead to the discovery of admissible evidence.  PwC objects to this

request to the extent that it seeks information not presently in the possession, custody, or control

of PwC; information that is already in the possession, custody, or control of the FDIC-R, the

FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC.

## REQUEST FOR PRODUCTION NO. 19:

All documents, including work papers, internal manuals and procedures, and communications, regarding the confirmation of account balances.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 9(a), 9(b), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential information about PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC.

## REQUEST FOR PRODUCTION NO. 20:

27

All documents, including work papers (to the extent not already produced), internal manuals and procedures, and communications, regarding material confirmation discrepancies discovered during an audit, and any documents or communications regarding an escalation to the national office of any questions regarding material confirmation discrepancies.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 20:

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 5, 6, 9(a), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request to the extent that the phrases "material confirmation discrepancies" and "an escalation" are vague and ambiguous. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential information about PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC.

## REQUEST FOR PRODUCTION NO. 21:

All documents, including work papers (to the extent not already produced), internal manuals and procedures, and communications, detailing the proper procedure for the application of sales treatment accounting applied to the transfer of financial assets (i.e. FAS 125 and FAS

28

140), or any escalation to the national office of questions regarding accounting applied to the transfer of financial assets from 2005 forward.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 21:

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 6, 9(a), 9(b), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request to the extent that the phrase "any escalation" is vague and ambiguous. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential information about PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC.

## REQUEST FOR PRODUCTION NO. 22:

All work papers (including any indices thereof) (to the extent not already produced), related to the preparation or conduct of any annual, quarterly, interim special or other compilation, review, agreed upon procedures or audit by PwC related to CBG and/or Colonial, whether or not procedures were completed or an opinion or report was issued. The FDIC

DMSLIBRARY01:24650122.2

requests PwC to produce both the originals or all hard copy work papers for inspection and a color copy that reproduces all hard copy work papers as they appear in PwC's.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 5, 9(a), 9(b), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request because the phrases "interim special or other" and "PwC's" are vague and ambiguous. PwC objects to this request to the extent that the request erroneously states that PwC audited Colonial's financial statements. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential information about PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to the request for originals and color copies on the grounds that they are overboard, unduly burdensome, and seek to impose requirements or obligations different from, or beyond those, imposed by the Federal Rules of Civil Procedure or the rules of this Court. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives

30

of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC.  PwC objects to this request to the extent that it assumes PwC was engaged by Colonial.

## REQUEST FOR PRODUCTION NO. 23:

All correspondence related to CBG and/or Colonial from 2005 forward.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 23:

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 9(a), 10, 11, 12, 13, 14, 15, and 16.  PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential information about PwC personnel; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties.  PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC.  PwC objects to this request to the extent that it assumes PwC was engaged by Colonial.

## REQUEST FOR PRODUCTION NO. 24:

31

All diaries, logs, expense reports or any other documents related to appointments, meetings, telephone conferences or other activities of PwC agents, employees or personnel who billed more than 15 hours to engagements for CBG and/or Colonial or any of their officers, directors or employees from 2005 forward.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 24:

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 9(a), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request because the phrases "activities" "their officers, directors or employees" are vague and ambiguous. PwC objects to this request to the extent that the request erroneously states that PwC audited Colonial's financial statements. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks personal and confidential information about PwC personnel and PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC. PwC objects to this request to the extent that it assumes PwC was engaged by Colonial.

32

**REQUEST FOR PRODUCTION NO. 25:**

All notes or memoranda of meetings or telephone conferences related to CBG and/or Colonial between partners, employees or agents of PwC or Crowe and officers, directors, employees, attorneys or other representatives of CBG and/or Colonial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 3, 9(a), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks personal and confidential information about PwC personnel and PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC. PwC objects to this request to the extent that it assumes PwC was engaged by Colonial.

**REQUEST FOR PRODUCTION NO. 26:**

All communications between any specialist, consultant or expert that PwC retained or contemplated retaining related to CBG and/or Colonial, and all documents related to any report

33

or memorandum prepared by any specialist, consultant or expert that in any form relates to CBG and/or Colonial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 3, 6, 9(a), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request because the phrases "specialist," "consultant," and "expert" are vague and ambiguous. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request on the ground that it seeks to impose requirements or obligations different from, or beyond those, imposed by the Federal Rules of Civil Procedure, the rules of this Court, and any subsequent scheduling order issued by this Court in this action. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC. PwC objects to this request to the extent that it assumes PwC was engaged by Colonial.

**REQUEST FOR PRODUCTION NO. 27:**

With respect to all professional services PwC rendered to CBG and/or Colonial:

a.  All billing files, time budgets, budgets to actual analysis, client billing sheets, work-in-progress reports, billing adjustments, time sheets, and all similar documents having to do with the gathering, recordation, compilation or billing of fees and expenses to CBG and/or Colonial for both audit and non-audit services and management consultant services, including all disputes thereof; and

b.  All audit time summaries and diaries.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 5, 9(a), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request to the extent that the request erroneously states that PwC audited Colonial's financial statements.   PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential information about PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties.  PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC.  PwC objects to this request to the extent that it assumes PwC was engaged by Colonial.

35

**REQUEST FOR PRODUCTION NO. 28:**

Each invoice, statement or bill for services submitted to CBG and/or Colonial by PwC, and all records related to payment thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 9(a), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC. PwC objects to this request to the extent that it assumes PwC was engaged by Colonial.

**REQUEST FOR PRODUCTION NO. 29:**

With respect to all professional services PwC rendered to CBG and/or Colonial:

a. All documents regarding PwC's audit plan of CBG or Colonial, including any special considerations given to Colonial's mortgage warehouse lending division;

b. All documents relating to PwC's audit of the financial statements of CBG and/or Colonial for the year ending December 31, 2007;

c. All documents relating to PwC's review of the financial statement of CBG and/or Colonial for the quarter ending March 31, 2008;

d. All documents regarding PwC's assessment of risks and/or evaluation of the business environment in which Colonial operated relating to the effect the deteriorating credit market would have on Colonial and consequently on PwC's audits and/or reviews of CBG and/or Colonial's financial statements;

e. All documents relating to PwC's review of Crowe's work product, including but not limited to PwC's review of the AOT facility and COLB facility and Crowe's identification and evaluation of the effectiveness of internal controls relating to the AOT facility and COLB facility;

36

f.    All documents regarding PwC's investigation of the material confirmation discrepancy between TBW's and CBG and/or Colonial's books, as set forth in Paragraph 45 of the Complaint;

g.    All documents relating to any decision made by Crowe and/or PwC to not test all or any part of CBG and/or Colonial's AOT facility's loan collateral and/or account balance;

h.    All documents relating to Crowe's review and reconciliation of CBG and/or Colonial's AOT facility loan collateral and/or account balance;

i.    All documents regarding Crowe's response and assessment of risks and deficiencies that they observed and/or were identified by CBG and/or Colonial;

j.    All documents regarding PwC's review of aged TBW loans and loans shipped but not paid for in CBG and/or Colonial's COLB facility;

k.    All documents regarding PwC's sales accounting treatment applied to the purported purchase and sale of Colonial's COLB loans;

l.    All documents related to the reliance by PwC (during its audits and or reviews of CBG and/or Colonial's financial statements) on the work performed by Crowe, the scope of Crowe's engagement to provide internal audit services to CBG and/or Colonial, including but not limited to whether a review of CBG and/or Colonial's AOT facility was within the scope of this engagement;

m.    All communications between PwC and the Board of Directors and/or Audit committee of CBG and/or Colonial; and

n.    All communications between PwC and any federal or state regulatory agency, including without limitation, the Office of the Comptroller of Currency, the Federal Deposit Insurance Corporation, and the Alabama Department of Banking, relating to Colonial.


**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 3, 4, 5, 6, 7, 9(a), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request to the extent that the phrase "material confirmation discrepancy" is vague and ambiguous. PwC objects to this request to the extent that the request erroneously states that PwC audited Colonial's financial statements. PwC objects to this request

37

to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC. PwC objects to this request to the extent that it assumes PwC was engaged by Colonial.

**REQUEST FOR PRODUCTION NO. 30:**

With respect to the affirmative defenses asserted in your answer: All documents supporting each and every one of PwC's affirmative defenses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 9(a), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks

38

confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC. Subject to and without waiving the foregoing objections, PwC will produce responsive, non-privileged documents to the extent that such documents have not already been produced by PwC to the FDIC-R.

**REQUEST FOR PRODUCTION NO. 31:**

A copy of your document retention policies in effect from 2005 to the present, a copy of all litigation holds or similar instructions either related to CBG or Colonial or otherwise directed to PwC personnel who provided services to CBG or Colonial that would have altered the document retention policies in effect, and documents sufficient to identify the persons responsible for administering PwC's document retention policies and litigation holds from 2005 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 2, 9(a), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request to the extent that the request erroneously states that PwC audited Colonial's financial statements. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on

39

the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC. PwC objects to this request to the extent that it assumes PwC was engaged by Colonial.

## REQUEST FOR PRODUCTION NO. 32:

All documents produced by PwC to other parties in the Florida State Court Litigation.

## RESPONSE TO REQUEST FOR REQUEST FOR PRODUCTION NO. 32:

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 9(a), 10, 11, 12, 13, 14, 15, and 16. PwC objects to this request to the extent that the phrase "parties" is vague and ambiguous. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the

40

possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC.   PwC will comply with Paragraph 4 of the Court's October 16, 2014 Order on Interim Discovery Plan.

**REQUEST FOR PRODUCTION NO. 33:**

All transcripts and video recordings of depositions taken by any party in the Florida State Court Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

In addition to the foregoing General and Instructional Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 10, 12, and 13.  PwC objects to this request to the extent that it seeks confidential information about PwC personnel; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties.  PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  PwC objects to the request for video recordings to the extent that such a request seeks to impose requirements or obligations different from, or beyond those, imposed by the Federal Rules of Civil Procedure or the rules of this Court.

**REQUEST FOR PRODUCTION NO. 34:**

Any documents obtained from or produced by TBW or any other entity in response to requests for production, request for admission, interrogatories, or subpoenas issued by PwC in the Florida State Court Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

41

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 4, 12, 13, 14, and 16. PwC objects to this request to the extent that it seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC.

**REQUEST FOR PRODUCTION NO. 35:**

All documents produced by PwC to other parties in the Alabama Securities Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

PwC has not produced documents to other parties in the Alabama Securities Litigation. In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 10, 12, 13, 14, and 16. In an abundance of caution, PwC objects to this request to the extent that it seeks confidential and proprietary business information and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. Furthermore, in an abundance of caution, PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

42

admissible evidence.  Additionally, in an abundance of caution, PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC.

**REQUEST FOR PRODUCTION NO. 36:**

All transcripts and video recordings of depositions taken by any party in the Alabama Securities Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

No depositions have been taken in the Alabama Securities Litigation.  In addition to the foregoing General and Instructional Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 10, 12, 13, and 14.  In an abundance of caution, PwC objects to this request to the extent that it seeks confidential and proprietary business information and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties.  Furthermore, in an abundance of caution, PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Additionally, in an abundance of caution, PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC.

**REQUEST FOR PRODUCTION NO. 37:**

Any documents obtained from or produced by any party or any non-party in response to requests or subpoenas from PwC in the Alabama Securities Litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

PwC has not obtained documents from any party or non-party in response to document requests or subpoenas from PwC in the Alabama Securities Litigation. In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 10, 12, 13, 14, and 16. In an abundance of caution, PwC objects to this request to the extent that it seeks confidential and proprietary business information and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. Furthermore, in an abundance of caution, PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, in an abundance of caution, PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of the FDIC-R, the FDIC-R's attorneys, or other representatives of the FDIC-R; or information that is as readily available to the FDIC-R as it is to PwC.

Dated: January 12, 2015

KING & SPALDING LLP
Elizabeth V. Tanis
Drew David Dropkin
1180 Peachtree Street, NE
Atlanta, GA 30309

44

Telephone:  (404) 572-4600
Facsimile:  (404) 572-5140
Email:  ddropkin@kslaw.com
          etanis@kslaw.com

**BALL BALL MATTHEWS & NOVAK PA**
Tabor Robert Novak, Jr.
PO Box 2148
Montgomery, AL 36102-2148
Telephone:  (334) 387-7680
Facsimile:  (334) 387-3222
Email:  tnovak@ball-ball.com

**ATTORNEYS FOR**
**PRICEWATERHOUSECOOPERS LLP**

45

# CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2015, a true and exact copy of the foregoing was served on the following counsel of record via U.S. mail:

Rufus T. Dorsey, IV
Ronald T. Coleman, Jr.
C Edward Dobbs
PARKER, HUDSON, RAINER & DOBBS, LLP
285 Peachtree Center Avenue, NE
1500 Marquis Two Tower
Atlanta, GA 30303
*Attorneys for Plaintiffs*

Jonathan C. Medow
Stanley J. Parzen
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
*Attorneys for Defendant Crowe Horwath, LLP*

Christopher A. Caserta
Nicholas J. DiCarlo
DICARLO CASERTA MCKEIGHAN PLC
6900 E. Camelback Road, Suite 250
Scottsdale, AZ 85251
*Attorneys for Plaintiffs*

James Harold Anderson
BEERS ANDERSON JACKSON PATTY & FAWAL PC
P.O. Box 1988
Montgomery, AL 36102
*Attorney for Defendant Crowe Horwath, LLP*

Andrew P. Campbell
Justin G. Williams
Caroline Smith Gidiere
CAMPBELL GUIN WILLIAMS GUY & GIDIERE
520 N. 20th Street, Suite 2000
Birmingham, AL 35203
*Attorneys for Plaintiffs*

Dennis Bailey
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
P.O. Box 270
Montgomery, AL 36101-0270
*Attorney for the Federal Deposit Insurance Corporation as Receiver of Colonial Bank*

David Mullin
John M. Brown
John G. Turner, III
Robert Bell
Clint R. Latham
Richard Biggs
MULLIN, HOARD & BROWN, LLP
500 South Taylor, Suite 800
Amarillo, TX 79101
*Attorneys for the Federal Deposit Insurance Corporation as Receiver of Colonial Bank*

Thomas J. O'Brien
FEDERAL DEPOSIT INSURANCE CORPORATION
3501 Fairfax Drive, Room VS-B-7032
Arlington, VA 22226-3500
*Attorney for the Federal Deposit Insurance Corporation as Receiver of Colonial Bank*

_____
Drew D. Dropkin (Ga. Bar No. 231031)
*admitted pro hac vice*