# EXHIBIT C



**MULLIN◆HOARD◆BROWN◆LLP**

**ATTORNEYS AT LAW**

TONY KIRKWOOD
PARTNER

Email: tkirkwood@mhba.com
Direct Dial: (806) 337-1102
Facsimile: (806) 372-5086

August 5, 2015

<u>*Via E-Mail*</u>

Meredith Moss
King & Spalding
1700 Pennsylvania Avenue, NW
Suite 200
Washington, D.C. 20006

Re:   *FDIC as Receiver for Colonial Bank, et al. v. PricewaterhouseCoopers, et al.*
United States District Court for the Middle District of Alabama

Dear Meredith:

In light of upcoming depositions, this letter sets forth several categories of documents that PricewaterhouseCoopers ("PwC") has not produced in response to document requests served by the Federal Deposit Insurance Company as Receiver for Colonial Bank ("FDIC-R"). While these categories do not address every outstanding request for production, they capture those subsets of documents that the FDIC-R believes most important to its deposition preparation. As a result, the FDIC-R requests that PwC produce such documents by no later than August 10, 2015. In the event that PwC refuses to do so, the FDIC-R intends to file a motion to compel on August 17, 2015. To the extent that PwC improperly refuses to produce other categories of responsive documents not addressed in this letter, the FDIC-R reserves it right to move to compel those documents before the end of this month.

PwC's productions thus far were not tied to the FDIC-R's specific requests for production and were not accompanied by any identifying information. Although we have spent an enormous amount of time searching through PwC's productions, as well as reviewing the indexes you recently provided us, we have been unable to locate the documents identified in this letter. Furthermore, PwC's refusal to provide sufficient information to enable the parties to enter into a reasonable ESI Protocol with respect to PwC's ESI has only compounded our difficulties with respect to evaluating the production received and its contents. Ultimately, this has made it nearly impossible to determine the scope of PwC's production, much of which appears to be duplicative, let alone the location of responsive documents within it. Thus, to the extent any of the documents identified below have already been produced, please provide me with the bates ranges for such documents.

The categories of documents are as follows:

August 5, 2015
Page 2

(1) Documents sufficient to show invoice amounts and payments made to PwC with respect to the audits of CBG and Colonial Bank. (Request No. 28)

(2) Internal manuals, guidance and training materials addressing FAS 140, sufficient competent evidential matter to afford a reasonable basis for an opinion regarding the financial statements under an audit, and the detection of fraud. A primary concern we have with this topic is that we have had to identify for PwC what appears to be material responsive to our requests for production that PwC could easily identify and produce but did not. For example, the FDIC-R learned about the existence of PwC's Audit Tools and Tips only because reference was made to them in a recently produced document. Given PwC's failure to identify and produce these responsive materials on its own, the FDIC-R wants assurance that PwC has made reasonable efforts to identify any internal manuals, guidance or training materials in its possession relating to these topics. (Request Nos. 1, 6, 21)

(3) Responsive ESI from the following custodians during the specified time-frames. The FDIC-R believes that it is reasonable for PwC to either review and produce all responsive ESI or simply produce all such ESI subject to the Rule 502(d) order in place in this case.

| | | |
|---|---|---|
| a. | Timothy Kviz: | 5/1/2004 through 6/30/2004 |
| | | 8/1/2004 through 9/30/2004 |
| b. | Frank Gaetano: | 4/1/2008 through 5/31/2008 |
| c. | Jeffrey Naumann: | 4/1/2008 through 5/31/2008 |
| d. | Russ Mallett: | 4/1/2008 through 5/31/2008 |
| e. | Jason Leitner: | 4/1/2008 through 5/31/2008 |
| f. | Woody Wallace: | 4/1/2008 through 5/31/2008 |
| g. | Thomas Pirolo: | 4/1/2008 through 5/31/2008 |

(4) National Office documents relating to FAS 140. It is our understanding that PwC has produced all consultation documents relating specifically to CBG or Colonial Bank, but will not search for or produce FAS 140 documents relating to other clients. The FDIC-R believes that its request for all consultation documents relating to FAS 140 is a reasonable request and does not object to the redaction of client names or other identifying information prior to production. In addition, to the extent such documents identify specific engagements in which PwC addressed FAS 140 issues, the FDIC-R requests documents from that engagement addressing FAS 140. The FDIC-R does not object to the redaction of client names from those documents as well. (Request No. 21)

(5) Documents relating to PCAOB inspections from 2005 through present involving either CBG, Colonial Bank, FAS 140, the detection of fraud, or the obtaining of sufficient competent evidential matter to afford a reasonable basis for an opinion regarding the financial statements under an audit. This request does not include

{1198/00/01080282.DOC / 1}

August 5, 2015
Page 3

    materials protected by 15 U.S.C. § 7215(b)(5)(A), as defined in *S.E.C. v. Goldstone*, 301 F.R.D. 593 (D.N.M. 2014). (Request No. 7)

(6) Expense reports relating to CBG or Colonial Bank for the following personnel from January 1, 2006 through January 1, 2009: (a) Gary Westbrook; (b) Wes Kelly; (c) Phillip Rivers; (d) Kevin Young; and (e) Susan Thompson. In addition, the FDIC-R requests the production of any expense reports relating to CBG or Colonial Bank for Doug Watt from January 1, 2006 through April 1, 2007. (Request Nos. 24, 26)

(7) Correspondence relating to CBG or Colonial Bank from January 1, 2005 through December 31, 2009. (Request No. 23)

(8) Our understanding from PwC is that no peer reviews were performed relating to the audits of CBG or Colonial Bank. To the extent our understanding is incorrect, please advise us and produce documents relating to any such peer reviews. (Request No. 7).

We look forward to receiving the documents listed above. Should you have any questions, please do not hesitate to contact me.

Respectfully,

Tony Kirkwood