# EXHIBIT F



1666 K Street, N.W.
Washington, DC 20006
Telephone: (202) 207-9100
Facsimile: (202) 862-8430
www.pcaobus.org

|  |  |
|---|---|
| STATEMENT CONCERNING THE ISSUANCE OF INSPECTION REPORTS | PCAOB Release No. 104-2004-001 August 26, 2004 |

The Sarbanes-Oxley Act of 2002 ("the Act") established the Public Company Accounting Oversight Board ("PCAOB" or "the Board").[1/] Under the Act and the Board's rules, an accounting firm cannot legally engage in certain work after October 21, 2003 (or July 18, 2004 for non-U.S. accounting firms), unless the firm has registered with the Board.[2/] Once a firm is registered, it is subject to the Board's authority in several respects. Among other things, a registered firm is subject to, and is required to cooperate in, Board inspections.

The Act charges the Board to conduct a continuing program of inspections to assess compliance with the Act, the rules of the Board, the rules of the Securities and Exchange Commission ("the Commission"), and professional standards,[3/] in connection

---

[1/]   The Act established the Board "to oversee the audit of public companies that are subject to the securities laws, and related matters, in order to protect the interests of investors and further the public interest in the preparation of informative, accurate, and independent audit reports for companies the securities of which are sold to, and held by and for, public investors." Section 101(a) of the Act, 15 U.S.C. § 7211(a).

[2/]   Specifically, it is unlawful to prepare or issue, or to play a substantial role in the preparation or furnishing of, any audit report with respect to any issuer (as defined in the Act) without being registered with the Board. See Section 102(a) of the Act, 15 U.S.C. § 7212(a); PCAOB Rule 2100.

[3/]   The Act uses the term "professional standards" to include those accounting principles widely referred to as Generally Accepted Accounting Principles ("GAAP") and certain auditing standards, standards for attestation agreements, quality control policies and procedures, ethical and competency standards, and independence standards. See section 2(a)(10) of the Act, 15 U.S.C. § 7201(a)(10).



PCAOB Release No. 104-2004-001
August 26, 2004
Page 2

# RELEASE

with the firm's performance of audits, issuance of audit reports, and related matters involving issuers. The Act requires the Board to conduct those inspections regularly and requires the Board to issue reports on those inspections.

The Board began operations in 2003 and registered 598 firms by the time the registration requirement took effect on October 22.[4] Because the Board could not compel any firm to submit to an inspection before the firm was registered, and because registration of most firms occurred relatively late in the year, the Board did not commence a full-scale inspection program in 2003, but instead prepared to do so in 2004.

Nevertheless, the Board determined that conducting limited inspections of the largest firms was feasible in 2003, would serve the public interest, and would provide an important foundation for the full-scale inspections to come. Accordingly, in 2003, the Board developed inspection procedures and work programs and conducted four scaled-down versions of the types of inspections the Board intends to conduct going forward (and that are currently underway for 2004). The Board performed these limited inspections with respect to each of the four largest public accounting firms in the United States: KPMG LLP, Ernst & Young LLP, PricewaterhouseCoopers LLP, and Deloitte & Touche LLP.[5]

Today, the Board has issued reports on the results of each of those limited inspections. The Board is issuing this release to provide background information concerning the inspection report process and the public availability of information in the reports.

---

[4] As of the date of this Release, 1,271 accounting firms are registered with the Board.

[5] Although the firms were not legally obligated to submit to Board inspection procedures before the Board approved their registration applications in October 2003, each of the four firms voluntarily submitted to inspection procedures beginning before they were registered. The Board acknowledges the firms' cooperation on this point.



PCAOB Release No. 104-2004-001
August 26, 2004
Page 3

# RELEASE

## I.   Nature of the Inspections

The Act requires the Board to

conduct a continuing program of inspections to assess the degree of compliance of each registered public accounting firm and associated persons of that firm with this Act, the rules of the Board, the rules of the Commission, or professional standards, in connection with its performance of audits, issuance of audit reports, and related matters involving issuers.[6]

The Act provides that an inspection shall include at least the following three general components:[7]

- An inspection and review of selected audit and review engagements of the firm, performed at various offices and by various associated persons of the firm;

- An evaluation of the sufficiency of the quality control system of the firm, and the manner of the documentation and communication of that system by the firm; and

- Performance of such other testing of the audit, supervisory, and quality control procedures of the firm as are necessary or appropriate in light of the purpose of the inspection and the responsibilities of the Board.

The limited inspections conducted in 2003 included each of these components. The scope of work on each component was relatively limited compared to what the Board intends for its inspections beginning with the 2004 inspections now underway.

The scope of the 2003 limited inspections is described in the reports that the Board is issuing today. Those reports are discussed below.

---

[6]   Section 104(a) of the Act, 15 U.S.C. § 7214(a).

[7]   Section 104(d) of the Act, 15 U.S.C. § 7214(d).



PCAOB Release No. 104-2004-001
August 26, 2004
Page 4

# RELEASE

## II. Inspection Reports

The Act requires the Board to prepare a report concerning each inspection and provides that the report "shall be (1) transmitted, in appropriate detail, to the Commission and each appropriate State regulatory authority . . . and (2) made available in appropriate detail to the public [subject to certain restrictions]."[8/] In accordance with the Act's requirement, the Board will transmit the reports issued today to the SEC and to certain state regulatory authorities. The Board is also transmitting to each firm a copy of the report of that firm's inspection.

Because of the statutory limitations discussed in section A below, the Board will not make public certain portions of the reports that the Board will transmit to the SEC, the state authorities, and the firms. Even given the limitations described in section A, however, the Board can make certain portions of the reports public, as discussed in section B below. Section C below discusses certain matters that generally will not be included in any portion of an inspection report, public or nonpublic.

### A. Statutory Limitations on Public Disclosure

The Board has prepared the inspection reports to include both a section that is being made public and a section that is being kept nonpublic. Information contained in the nonpublic sections of the reports is omitted from the public sections because of certain statutory limitations, as described below.[9/]

#### 1. Criticisms of, or Potential Defects in, the Firm's Quality Control Systems

Board inspection reports address quality control issues and may discuss criticisms of, and potential defects in, the firm's quality control systems. The Act,

---

[8/] Section 104(g) of the Act, 15 U.S.C. § 7214(g).

[9/] As the Board has discussed elsewhere, the Board does not view the statutory provisions discussed in section A as restricting a registered public accounting firm from disclosing any portion of a report. See *Inspection of Registered Public Accounting Firms*, PCAOB Release No. 2003-017 (Oct. 7, 2003) at A2-18 and A2-20 n.14.



PCAOB Release No. 104-2004-001
August 26, 2004
Page 5

## RELEASE

however, limits the public availability of those discussions. Specifically, the Act provides that

> no portions of the inspection report that deal with criticisms of or potential defects in the quality control systems of the firm under inspection shall be made public if those criticisms or defects are addressed by the firm, to the satisfaction of the Board, not later than 12 months after the date of the inspection report.[10]

The public portion of a report therefore will not include any discussion of criticisms of, or potential defects in, a firm's quality control systems. This limitation has led the Board to decide, as a policy matter, that the public portion generally will also not include any other discussion of a firm's quality control systems. The Board is concerned that discussing aspects of a firm's quality controls, in a context where criticisms and potential defects cannot be discussed, may create a distorted and misleading impression.[11]

If quality control criticisms and defects are not addressed to the Board's satisfaction within 12 months, the Board will make those portions of the report public (subject to the firm's right, under the Act, to seek Commission review of the matter). If a firm disagrees with the Board's determination that criticisms or defects identified in an inspection report have not been addressed to the Board's satisfaction, the firm may, within 30 days of that determination, seek review by the Commission.[12] The Commission's decision on the matter is final and not reviewable.[13]

---

[10]   Section 104(g)(2) of the Act, 15 U.S.C. § 7214(g)(2).

[11]   For the same reason, in the event that other persons make excerpts from any nonpublic portions of a report public, the Board cautions the public to be aware of the possibility that the full report may include discussions of criticisms or potential defects that may be relevant to a full understanding of the Board's view of the firm's quality control systems.

[12]   See section 104(h) of the Act, 15 U.S.C. § 7214(h).

[13]   See section 104(h)(2) of the Act, 15 U.S.C. § 7214(h)(2).





# RELEASE

## 2. Nonpublic Information Concerning a Firm or Its Clients

In providing for the Board to make some portion of the report public, the Act also expressly restricts the Board from making public any information that is subject to the protection of section 105(b)(5)(A) of the Act.[14/] Section 105(b)(5)(A) provides for the confidentiality of "all documents and information prepared or received by or specifically for the Board, and deliberations of the Board and its employees and agents, in connection with an inspection under section 104 or with an investigation under this section . . . ."[15/]

In the context of an inspection report, the Board generally will maintain as nonpublic any otherwise nonpublic information that the Board obtained concerning the firm or its clients (except where disclosure is incident to disclosure of a quality control defect that the firm has not addressed to the Board's satisfaction). This restriction, however, does not prevent the Board from publicly describing its observations about apparent failures or deficiencies in a firm's actual performance of audits (discussed in section B below). So while the public portion of inspection reports will generally include discussion of observations arising out of the review of specific audit engagements, the reports will not identify the issuers in question.

### B. Public Portions of Inspection Reports

The public portions of the inspection reports issued today include two general categories of information. First, the reports include detailed descriptions of the types of matters on which the Board focused its inspection procedures, and the procedures the Board staff carried out to examine those matters. Because these are the Board's first reports, the Board is providing somewhat more detail about procedures than future reports will typically include.

Second, the public portions of the reports include descriptions of issues identified by the Board's staff in the course of reviewing the firms' performance on selected audit engagements. Specifically, the reports may describe apparent departures from auditing standards, related attestation standards, ethical standards, independence standards,

---

[14/] See section 104(g)(2) of the Act, 15 U.S.C. § 7214(g)(2).

[15/] Section 105(b)(5)(A) of the Act, 15 U.S.C. § 7215(b)(5)(A).



PCAOB Release No. 104-2004-001
August 26, 2004
Page 7

# RELEASE

and the firm's own quality control policies and procedures. Those departures described in the report may include failures by the firm to identify or appropriately address apparent errors in an audit client's application of GAAP.[16/]

As discussed further in section C.2 below, the Board is sensitive to the fact that a violation of professional standards cannot legally be established until certain procedures have been followed. In addition, the Board is sensitive to the fact that a firm's cooperation in constructively addressing an issue in a supervisory regulatory context is not the same thing as the firm admitting, for any legal purpose, a fact or a violation. For these reasons, the Board emphasizes that an inspection report's descriptions of departures from professional standards are not a result of an adversarial adjudicative process and do not constitute conclusive findings of fact or of violations for purposes of imposing legal liability.

C.  Certain Matters Not Included in Any Portion of an Inspection Report

Two categories of information that the Board will not typically address in Board inspection reports are nevertheless so closely related to the inspection process that their omission from the reports warrants some discussion. The first category concerns specific information about apparent accounting errors in the financial statements of issuers. The second category concerns Board investigations, disciplinary proceedings, or referrals to other authorities concerning conduct identified in an inspection.

1.  *Specific Information Concerning Issuers' Financial Statements*

When, in the course of reviewing a firm's performance on selected audits, the Board identifies possible departures from GAAP in an issuer's financial statements, the Board will encourage the firm to consider the issue and to review it with the audit client. If it appears to the Board that the departure is material to the issuer's financial statements, the Board generally will not identify the issuer in an inspection report but will report the information to the Commission. The Commission has authority to prescribe the form and content of an issuer's financial statements, has direct authority with respect to issuers, and has long-established processes for addressing issuers' accounting practices.

---

[16/]  As discussed in section C.1 below, however, ultimate authority for determining an issuer's compliance with GAAP rests with the Commission.



PCAOB Release No. 104-2004-001
August 26, 2004
Page 8

# RELEASE

Nevertheless, through discussions with a firm or through reporting to the Commission, the Board's inspection work may sometimes start a process that results in an issuer restating its financial statements. Indeed, the Board is aware that some issuers have publicly described recent restatements as related to issues raised by the Board while reviewing the issuers' audits as part of the 2003 inspection process. Additional restatements may emerge in the same way from the Board's work. It is plainly in the public interest that errors caught by Board inspections be corrected, where appropriate, through restatements, and the Board will take all appropriate steps to bring those errors to the attention of persons responsible for seeing that they are addressed. While Board inspection reports may indicate that issues raised by the Board led one or more issuers to restate, the inspection reports will not identify the issuers or describe the restatements in detail. Whether an issuer discloses the circumstances leading to its restatement is a matter within the jurisdiction of the Commission, not the Board.[17]

      2.    *Violations of Law, Rules, or Professional Standards Triggering Investigations, Disciplinary Action, or Referral to Other Regulators or Law Enforcement Authorities*

In the course of an inspection, the Board may identify acts, practices, or omissions to act that may constitute a violation of law, Board rules, Commission rules, or professional standards. The Act provides that when the Board identifies such potential violations, the Board should, where appropriate, begin a formal investigation or disciplinary proceeding (including a hearing on the record) or report the matter to the Commission or the appropriate state regulatory authority.[18]

It follows that Board inspections are not intended to result in conclusive findings, based solely on the inspection, that there has been a violation of law, rules, or professional standards. Such violations cannot be considered to be established for

---

[17] In addition, the Board wishes to emphasize that the fact that an issuer's restatement results from issues raised in the Board inspection process should not be construed to reflect any Board approval or endorsement of the nature or amount of the restatement. The Board does not direct or require restatements, and the fact that a restatement results after the Board raises certain issues does not necessarily mean that the restatement is fully consistent with the Board's view of what GAAP requires.

[18] See section 104(c) of the Act, 15 U.S.C. § 7214(c).



PCAOB Release No. 104-2004-001
August 26, 2004
Page 9

## RELEASE

legal purposes other than through the Board's disciplinary process (which includes a hearing with an opportunity to defend and a right to seek review by the Commission and the court of appeals) or through the relevant processes of other regulators or the courts. Moreover, the Act requires that the Board's investigations and disciplinary proceedings, including allegations of violations, remain nonpublic (absent the consent of all parties to make the proceeding public) unless and until the Board finds a violation after a hearing on the record and the respondent has had an opportunity to seek Commission review of that finding.[19]

For that reason, if there is sufficient evidence of a violation that warrants law enforcement or disciplinary action, the Board will proceed accordingly by commencing a nonpublic investigation or disciplinary hearing or by referring the information to the appropriate authority. If a violation is eventually established, that information will become public through the appropriate disciplinary and enforcement processes, and not through a Board inspection report. A Board inspection report may, of course, include observations that are relevant to a disciplinary or enforcement action, but the inspection report generally will not discuss whether any particular matter has become the subject of a Board disciplinary proceeding or has been referred to any other authority.

ISSUED BY THE BOARD.

/s/ J. Gordon Seymour

J. Gordon Seymour
Acting Secretary

August 26, 2004

---

[19] See sections 105(b)(5), 105(c)(2), 105(d)(1)(C), and 105(e) of the Act, 15 U.S.C. §§ 7215(b)(5), 7215(c)(2), 7215(d)(1)(C), and 7215(e).