IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE COLONIAL BANCGROUP, INC., as post-confirmation debtor, and KEVIN O'HALLORAN, as plan trustee acting for and on behalf of the debtor, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 2:11-cv-00746-WKW-TFM |
| PRICEWATERHOUSECOOPERS LLP, and CROWE HORWATH LLP, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) ) ) | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Colonial Bank, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 2:12-cv-00957-WKW-TFM |
| PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP, | ) ) ) ) | |
| Defendants. | ) | |

**CROWE HORWATH LLP'S REQUEST FOR ORAL ARGUMENT ON
THE MOTION TO COMPEL OF THE FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER FOR COLONIAL BANK**

Crowe Horwath LLP ("Crowe") respectfully requests oral argument on the motion to compel filed by the Federal Deposit Insurance Corporation as receiver for Colonial Bank ("FDIC-R"). The FDIC-R's reply brief, filed on August 28, 2015 (Dkt. 171), contains new matters and cases that Crowe believes merit argument. These matters include the following:

1

- *FDIC-R argues that Generally Accepted Auditing Standards ("GAAS") are relevant to the work of an outsourced internal audit provider and submits new documents for the first time to support this argument* — GAAS applies to the audits of financial statements, which the FDIC-R agrees is not what Crowe did here. Crowe's engagement letters with Colonial BancGroup, Inc. ("CBG"), the applicable contracts, say nothing about GAAS. Dkt. 25-1 at 2-10. Mike Thomas, Crowe's engagement partner, said that Crowe's engagement personnel did not look to GAAS or GAAS manuals to perform outsourced internal audit services. Dkt. 166-4 at ¶ 8. Now, the FDIC submits new documents that it reads as suggesting that GAAS is relevant. Those documents, however, do not provide any evidence to suggest that Crowe's work was governed by GAAS or that Crowe should have looked to its GAAS manuals. The new documents also fail to rebut the declaration of Mr. Thomas that, based on his interactions with CBG's Chief Audit Executives Mr. Boozer and Mr. Tynes, he did *not* think that they believed Crowe's work was to be done in conformity with GAAS. Crowe stands ready to discuss the new documents in detail.

- *FDIC-R argues that even though Crowe did not look at or rely on the GAAS manuals, they are still relevant* — The FDIC-R cites *In Official Unsecured Creditors Comm. of Media Vision Tech. v. Jain*, 215 F.R.D. 587 (N.D. Cal. 2003) (Reply at 4) for the first time as the one case to support this argument. Putting aside the fact *Jain* involved a fraud claim, a fact the court thought significant but not present here, it is telling that there is only one California case—an aberration—that adopts this view. Regardless, as with all other new cases the FDIC-R cites, this case involves claims against a financial statement auditor where the manuals discussed the work the auditor was to have performed. *See Jain*, 215 F.R.D. at 589 (GAAS audit manuals relevant to how the financial statement "audit should have been conducted"). But, unlike in *Jain*, Crowe's GAAS manuals do not provide such information as to Crowe's work here. The FDIC-R ignores Michael Yates's

declaration that "Crowe's GAAS audit manuals and programs are not intended for, or used by Crowe in the performance of, outsourced internal audit services." Dkt. 166-5 ¶ 4. At argument, Crowe would further respond to the FDIC-R's new cases.

- *FDIC-R seeks Crowe's internal guidance for both external audit work and outsourced internal audit work regardless of whether it was actually reviewed or relied upon* — The FDIC-R suggests (Reply at 7) that Crowe has created a "straw-man" by depicting the FDIC-R's requests for internal guidance as requests only for guidance developed for internal audit work. In truth, Crowe focused on guidance for outsourced internal audit work because that was the only category of materials the FDIC-R ever raised during meet-and-confer discussions, and the FDIC-R was told repeatedly that such documents did not exist. At no time during those discussions did the FDIC-R indicate that it also sought internal guidance unrelated to outsourced internal audit work. Indeed, the FDIC-R's opening brief (at 13) characterizes the dispute as Crowe's refusal "to produce any materials … *that Crowe provided* to its auditors in connection with internal audits" (emphasis added). Now, "the FDIC-R seeks documents which *could have been used* by an internal auditor." Reply at 8 (emphasis added). Crowe had no opportunity to respond to the FDIC-R's tardy request. Regardless, as stated in Crowe's response brief and reiterated above, internal guidance not intended or used for outsourced internal audit work is either irrelevant or does not exist. Argument would, however, permit Crowe to further elaborate on these points.

## CONCLUSION

For the reasons stated above, Crowe respectfully requests a hearing to present oral argument on the issues identified above and other issues raised in the FDIC-R's reply brief.

September 3rd, 2015                                  Respectfully submitted,

   s/ James H. Anderson
James H. Anderson (ANDE4440)
COPELAND FRANCO SCREWS & GILL
444 S. Perry St.
Montgomery, AL 36104
P: (334) 834-1180
E: Anderson@copelandfranco.com

Stanley J. Parzen (*pro hac vice*)
Jonathan C. Medow (*pro hac vice*)
Justin A. McCarty (*pro hac vice*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
P: (312) 782-0600
E: sparzen@mayerbrown.com

*Counsel for Crowe Horwath LLP*

### CERTIFICATE OF SERVICE

     I hereby certify that on the 3rd day of September, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Drew D. Dropkin (ddropkin@kslaw.com)
Elizabeth V. Tanis (etanis@kslaw.com)
James H. Anderson (anderson@copelandfranco.com)
Jonathan C. Medow (jmedow@mayerbrown.com)
Stanley J. Parzen (sparzen@mayerbrown.com)
Tabor R. Novak, Jr. (tnovak@ball-ball.com)
Andrew P. Campbell (Andy.Campbell@Campbellguin.com)
Caroline Smith Gidiere (Caroline.Gidiere@Campbellguin.com)
Justin Glyien Williams (Justin.Williams@Campbellguin.com)
Nicholas J. DiCarlo (ndicarlo@dcmplaw.com)
Christopher A. Caserta (ccaserta@dcmplaw.com)
C. Edward Dobbs (ced@phrd.com)
Ronald T. Coleman, Jr. (rtc@phrd.com)
Rufus T. Dorsey, IV (rtd@phrd.com)
James N. Gorsline (jgorsline@kslaw.com)
Juanita Passyn Kuhner (jkuyner@kslaw.com)

Bradley J. Lingo (blingo@kslaw.com)
Geoffrey M. Ezgar (gezgar@kslaw.com)
David Tetrick, Jr. (dtetrick@kslaw.com)
Meredith Moss (mmoss@kslaw.com)
Richard T. Marooney, Jr. (rmarooney@kslaw.com)
Dennis Bailey (DRB@rsjg.com )
David Mullin (dmullin@mhba.com)
John M. Brown (jobrown@mhba.com)
John G. Turner, III (jturner@mhba.com)
Robert Bell ( rbell@mhba.com)
Clint Latham (clatham@mhba.com)
Anthony W. Kirkwood (tkirkwood@mhab.com)
Richard Biggs (rbiggs@mhba.com)

                s/  James H. Anderson
                Of Counsel