IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE COLONIAL BANCGROUP, INC., and KEVIN O'HALLORAN, <br><br>    Plaintiff, <br><br>v. <br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP, <br><br>    Defendants. | Case No. 2:11-cv-00746-WKW |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK, <br><br>    Plaintiff, <br><br>v. <br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP, <br><br>    Defendants. | Case No. 2:12-cv-00957-WKW |

### THE FDIC-R'S RESPONSE TO CROWE'S REQUEST FOR ORAL ARGUMENT

To the Honorable District Judge:

Plaintiff Federal Deposit Insurance Corporation as Receiver for Colonial Bank ("FDIC-R") responds to *Crowe Horwath LLP's Request for Oral Argument on the Motion to Compel of the Federal Deposit Insurance Corporation as Receiver for Colonial Bank* (Docket No. 174), and respectfully shows as follows:

As an initial matter, the FDIC-R does not believe that oral argument is necessary in this instance because the issue before the Court is a relatively straightforward discovery dispute over

the production of highly relevant audit manuals and internal guidance of Crowe Horwath ("Crowe"). Indeed, the briefing submitted by the parties provides a full record to decide this motion to compel. *See* Docket Nos. 160, 166, 171, and 174. Nevertheless, to the extent the Court wants to hear oral argument, the FDIC-R does not oppose the request for oral argument made by Crowe.

The FDIC-R does oppose Crowe's thinly-veiled attempt to file an unauthorized sur-reply brief in the guise of a request for oral argument. Because Crowe never obtained leave of court to do so, the arguments made in that motion should be stricken by the Court. *Mobile County Water, Sewer & Fire Prot. Auth., Inc. v. Mobile Area Water & Sewer Sys., Inc.*, CIV.A. 07-0357-WSM, 2007 WL 3208587, at *5 (S.D. Ala. Oct. 29, 2007)("Sur-replies can only be filed with leave of court and are ordinarily stricken if no such leave is requested or received."). The FDIC-R briefly responds to the improper arguments made by Crowe as follows:

- **Crowe's manuals are clearly relevant to show what it believes a prudent auditor would do.** This rule has been explicitly adopted in another audit malpractice case. In *In Official Unsecured Creditors Comm. of Media Vision Tech. v. Jain*, 215 F.R.D. 587 (N.D. Cal. 2003), the court ordered the production of audit manuals, finding that the "issue is not simply how the audit was actually conducted, but how it should have been conducted and whether, if there were deviations from standard or preferred procedure or practice…". *See* Reply in Support of Motion to Compel, p. 4, Docket No. 171. Without citing to any authority, Crowe baldly contends that *Jain* is an aberration and that nothing in its audit manuals is relevant to Crowe's internal audit work. The fact is that Crowe's audit manuals are relevant to demonstrate how Crowe should have conducted its audit in this case. Accordingly, the FDIC-R's document requests are reasonably calculated to lead to the discovery of admissible evidence and should be produced, especially considering the liberal standards during discovery. *Gohler v. Wood*, 162 F.R.D. 691, 695 (D. Utah 1995) (ordering discovery of audit manuals where it was "conceivable that Deloitte's internal manuals may lead to discoverable evidence.").

- **The FDIC-R has never limited its request to Crowe's internal guidance on "outsourced internal audit work."** Crowe contends that the FDIC-R has not previously "sought internal guidance unrelated to outsourced internal audit work." Request for Oral Argument, Docket No. 174, at 3. Crowe further claims that the FDIC-R only now seeks documents that "*could have been used* by an internal

THE FDIC-R'S RESPONSE TO CROWE'S REQUEST FOR ORAL ARGUMENT           2

auditor." *Id.* (emphasis in original). This contention is without merit because the FDIC-R's document requests clearly call for documents regardless of whether they were made solely for internal audits. *See* Reply in Support, pp. 7-8. Indeed, document request 1(b) unambiguously calls for audit manuals "including *but not limited to* policies and procedures in regard to internal audits." *See* Request 1(b), Motion to Compel, pp. 13-14 (emphasis added). Moreover, the FDIC-R cannot see how Crowe would believe that the Requests were limited to only internal audit materials while the FDIC-R has repeatedly sought Crowe's external audit manuals. *See* Motion to Compel, pp. 5-15, Docket No. 160; Reply in Support of Motion to Compel, pp. 2-4, Docket No. 171.

## CONCLUSION

For all of the reasons stated in the FDIC-R's Motion to Compel and Reply, the FDIC-R respectfully prays that this Court enter an order compelling Crowe to produce the documents sought in that motion (Docket No. 160).

Dated: September 17, 2015.

                Respectfully submitted,

                RUSHTON, STAKELY, JOHNSTON
                    &amp; GARRETT, P.A.
                Dennis Bailey (4845-171D)
                184 Commerce Street
                Post Office Box 270
                Montgomery, Alabama 36101-0270
                Telephone:   (334) 206-3234
                Facsimile:    (334) 481-0031
                Email:         DRB@rsjg.com

                /s/ John G. Turner, III
                David Mullin (TX Bar No. 14651600)
                *pro hac vice*
                John M. Brown (TX Bar No. 3142500)
                *pro hac vice*
                John G. Turner, III (TX Bar No. 20320550)
                *pro hac vice*
                Robert R. Bell (TX Bar No. 00787062)
                *pro hac vice*
                Clint Latham (TX Bar No. 24013009)
                *pro hac vice*
                Anthony W. Kirkwood (TX Bar No. 24032508)
                *pro hac vice*

Richard Biggs (TX Bar No. 24064899)
*pro hac vice*
**MULLIN, HOARD & BROWN, LLP**
500 South Taylor, Suite 800
Amarillo, Texas 79101
Telephone: (806) 372-5050
Facsimile: (806) 372-5086
Email:  dmullin@mhba.com
jobrown@mhba.com
jturner@mhba.com
rbell@mhba.com
clatham@mhba.com
tkirkwood@mhab.com
rbiggs@mhba.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Middle District of Alabama, Northern Division by using the CM/ECF system on September 17, 2015.

I certify that counsel for all parties in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/John G. Turner, III