# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE COLONIAL BANCGROUP, INC., and KEVIN O'HALLORAN,<br><br>      Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,<br><br>      Defendants. | Case No. 2:11-cv-00746-WKW<br>LEAD CASE |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK,<br><br>      Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,<br><br>      Defendants. | Case No. 2:12-cv-00957-WKW |

**SUR-REPLY OF PRICEWATERHOUSECOOPERS LLP IN OPPOSITION TO THE FDIC'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS FROM PwC**

Defendant PricewaterhouseCoopers LLP ("PwC") respectfully submits this brief Sur-Reply in Opposition to the FDIC's Motion to Compel. The FDIC's characterization of a court decision referred to by PwC in its Response to the FDIC's Motion is misleading and omits pertinent facts, and PwC submits this Sur-Reply to clarify that decision for the Court.

In its Motion to Compel, the FDIC seeks audit workpapers and "National Office" documents related, not to PwC's audits of Colonial's financial statements, but to the audits of

1

financial statements of other, unrelated clients.  As PwC made clear in its Response (Docket No. 175), such documents are irrelevant and have no bearing on whether PwC, in its audits of *Colonial's* financial statements, complied with the professional standards governing auditors.  PwC cited the highly analogous decision in *Williamson v. PricewaterhouseCoopers LLP*, No. 602106/2004, 2006 WL 6544389, at * 3-5 (N.Y. Sup. Nov. 13, 2006).  Resp. at 9-10.  In *Williamson*, the court rejected a trustee's argument that documents relating to other, unrelated audit clients of PwC were relevant to the accounting standard at issue, and denied the trustee's motion to compel PwC to produce documents related to those other clients.  2006 WL 6544389, at *5.

In its Reply in Support of its Motion to Compel (Docket No. 179), the FDIC cited a later order issued by the *Williamson* court and argued that "PwC fail[ed] to inform the Court that [the earlier] decision was later reversed.  Nor [did] PwC tell the Court that PwC was ordered to produce work papers relating to other clients' audits as a result of that reversal."  Reply at 6; Exhibit B (emphasis in original deleted).  The FDIC is wrong, and its characterization of the second order is misleading and omits pertinent facts.

The later decision did not reverse (or vacate or withdraw) the earlier decision, which remains good law.  Instead, the later decision reached a different result based on "***new facts*** that were not considered on the prior motion."  2007 WL 7113002, at *1 (emphasis added).  The new facts took the form of an affidavit submitted by the plaintiff-trustee's accounting and auditing expert.  The expert stated that she had reviewed a PwC Audit Manual regarding the valuation of certain securities (which is not an issue in the FDIC's claims against PwC), and that PwC's expert's opinions were at odds with accounting literature that itself was referenced in PwC's Audit Manual.  *Id.*  The court found that "there is now a disputed issue of whether the

defendant's expert's opinions seemingly appear to be at odds with the Audit Manual." *Id.* at *3. The court modified part of its earlier decision and ordered PwC to produce workpapers related to certain other hedge funds, reasoning that they could be relevant to "rebut the opinions" of PwC's expert. *Id.*

The court took pains to note that, at the time of its original order, "there was nothing in the papers to suggest" that the protocol used in any PwC audit as outlined in the Audit Manual was "inconsistent or at odds with anything else in the record." *Id.* The court also stated that the evidence it was permitting the plaintiff-trustee to discover "may rebut the [expert] opinions" offered during examination at trial. *Id.* Thus, the premise of the court's second order was driven by expert opinions expected to be offered at trial, not by the simple fact that PwC audited multiple clients whose financial statements involved application of a particular accounting standard.

None of this supports the FDIC's motion to compel here. No expert reports have been served, and there is no evidence before the Court (by expert affidavit or otherwise) of any factual conflict in the record similar to the one the court considered in *Williamson*. All the FDIC offers is rank speculation that "it appears that PwC's witnesses intend to rely on their own exercise of 'judgment' rather than the Audit Manual." Reply at 6 n.3. But that is not enough. Absent evidence of the sort adduced in *Williamson*, audit work papers related to other, unrelated PwC clients are not relevant to the issue of whether PwC's Colonial audits complied with the applicable auditing standards.

## CONCLUSION

For the reasons stated herein and in PwC's Response, the FDIC's Motion to Compel should be denied in its entirety.

Respectfully submitted, this 9th day of October, 2015.

/s/ Meredith Moss
Meredith Moss
(Washington, DC Bar No. 484108)
**KING & SPALDING LLP**
1700 Pennsylvania Avenue, NW
Washington, DC  20006-4707
Telephone:  (202) 626-2916
Facsimile:   (202) 626-3737
Email:       mmoss@kslaw.com
   -and-
Tabor Robert Novak, Jr.
tnovak@ball-ball.com
**BALL BALL MATTHEWS & NOVAK PA**
P.O. Box 2148
Montgomery, AL  36102-2148
   -and-
Elizabeth V. Tanis
etanis@kslaw.com
Drew D. Dropkin
ddropkin@kslaw.com
James N. Gorsline
jgorsline@kslaw.com
Juanita Passyn Kuhner
jkuhner@kslaw.com
David Tetrick, Jr.
dtetrick@kslaw.com
KING & SPALDING, LLP
1180 Peachtree Street, NE
Atlanta, GA  30309
   -and-
Geoffrey Michael Ezgar
gezgar@kslaw.com
KING & SPALDING LLP
601 South California Avenue
Palo Alto, CA  94304
   -and-
James P. Cusick
jcusick@kslaw.com
Richard T. Marooney, Jr.
rmarooney@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas

4

New York, NY 10036-2601
   -and-
Bradley J. Lingo
blingo@kslaw.com
KING & SPALDING LLP
100 N. Tryon Street, Suite 3900
Charlotte, NC 28202

**ATTORNEYS FOR DEFENDANT PRICEWATERHOUSECOOPERS LLP**