IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE COLONIAL BANCGROUP, INC., as post-confirmation debtor, and KEVIN O'HALLORAN, as plan trustee acting for and on behalf of the debtor, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:11-cv-00746-WKW |
| v. | ) ) | |
| PRICEWATERHOUSECOOPERS LLP, and CROWE HORWATH LLP, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) ) | Case No. 2:12-cv-00957-WKW |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Colonial Bank, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP, | ) ) ) | |
| Defendants. | ) | |

**CROWE HORWATH LLP'S MOTION TO FILE
ADDITIONAL SUMMARY JUDGMENT MOTIONS**

Defendant Crowe Horwath LLP ("Crowe") has repeatedly made clear its desire to resolve threshold legal questions early in order to move toward a timely resolution of these cases. As this Court is aware, the court-ordered mediation in these cases was postponed nearly three months. Dkt. 158. Meanwhile, the parties are proceeding with extensive and costly discovery—over ten million documents have been produced and depositions are well-underway.

1

Given the expense and burden of discovery, and as a result of recent developments in the law and factual developments in discovery, Crowe respectfully wishes to file summary judgment motions against both plaintiffs at this time on legal issues that raise no genuine issue of material fact and will not be affected by additional discovery. While a summary judgment motion at this time is permitted under the Scheduling Order, the Scheduling Order does not expressly permit the filing of more than one motion in each case. Accordingly, Crowe seeks leave of Court to make this filing so as not to prejudice its ability to move for summary judgment again based upon full-blown discovery if these motions are not granted.[1]

Specifically, Crowe seeks here to move for summary judgment on the claims of plaintiff Federal Deposit Insurance Corporation ("FDIC") because (a) they are time-barred under the controlling statute and a recent Tenth Circuit decision and (b) the FDIC, in the shoes of Colonial Bank, is prohibited from relying on Crowe's work by the terms of Crowe's engagement letters and reports. Crowe also seeks to move for summary judgment on the claims of plaintiff Colonial BancGroup, Inc. ("CBG") because, as detailed in its Rule 26(a) damages statement, all the damages sought by CBG are consequential damages, which are barred by the plain language of CBG's engagement letters with Crowe. The motions for summary judgment for each case, the brief in support of those motions, and the declaration in support that Crowe would like to file are attached hereto as Exhibits A, B, C, and D.

As set forth below, there is no just reason to have Crowe continue with costly and time-consuming discovery if these arguments are correct. These legal issues are dispositive and there is no reason to delay their resolution.

---

[1] While the Scheduling Order permits summary judgment motions at this time, the Order does not deal with the issue of whether more than one summary judgment motion may be filed.

**<u>Crowe's Desire for an Early Resolution</u>**

Since the first status conference in August 2014, Crowe has expressed its desire to resolve this case at an early stage before expensive and prolonged discovery make such a resolution impossible. During that status conference, Crowe's counsel said:

> in our engagement letter, we have a mediation clause. My client believes institutionally that if you can try to resolve litigation at the beginning, you're better off than spending money and then trying to resolve it after you've spent the money, which makes it incredibly harder to settle the matter. The problem now from that institutional perspective is it's impossible to resolve a case when you don't know who's got the claim to give up.

Dkt. 73 at 13. In Crowe's experience, once the parties have invested substantial resources into developing the factual record, which is precisely what is occurring now, mediation is not likely to resolve the case short of trial. *See* Dkt. 79 at 4-5.

Consistent with this approach, during the scheduling meet-and-confer discussions, Crowe supported an early court-ordered mediation. The Court ordered the parties to engage in mediation before August 1, 2015. Dkt. 122 at §§ 3 & 6. The parties agreed to a July 27, 2015 mediation before Judge Layn Phillips (Ret.), but that mediation was postponed due to an unavoidable scheduling conflict for Judge Phillips. *See* Dkt. 158. Despite the other parties' desire to postpone mediation until February 2016, Crowe again pushed for an earlier mediation and all parties agreed to mediation on October 19, 2015, the first date on which all parties and Judge Phillips were available.

The nearly three-month postponement of the mediation means that Crowe must now incur significant expenses as the parties pursue wide-ranging discovery and motion practice before mediation. Crowe still desires a reasonable resolution through mediation in October. However, if that mediation is unsuccessful, other less expensive means of resolving this case, such as summary judgment, should be utilized. That is particularly the case here where the

3

threshold issue of who owns the claim, the FDIC or CBG, is likely not to be decided any time prior to the conclusion of trial given the recent agreement between the FDIC and CBG.[2] While Crowe understands that its summary judgment motions would not be resolved before the anticipated October 19, 2015 mediation, Crowe seeks to file motions now so they may be resolved in a timely manner to avoid additional expense should mediation be unsuccessful. A filing now is fully consistent with Rule 1's admonition that the rules should be "administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. See also Fed. R. Civ. P. 1 (as amended effective Dec. 1, 2015) (the rules should be "employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

**Crowe's Motion for Summary Judgment Against the FDIC**

Crowe requests leave to move for summary judgment against the FDIC on two independent, dispositive grounds.

First, under the controlling statute and the Tenth Circuit's recent decision in *National Credit Union Admin. Bd. v. Barclays Cap.*, 785 F.3d 387 (10th Cir. 2015), the FDIC's claims against Crowe (all negligence claims) are time-barred. In *Barclays*, the Tenth Circuit addressed a statutory limitations provision that is nearly identical to the provision governing the FDIC's claims and held that a tolling agreement to extend the statutory limitations period was invalid under the language of the statute. *Id.* at 392. Under the same rationale, the FDIC's tolling agreements with Crowe are invalid and the FDIC's claims are barred by 12 U.S.C. § 1821(d)(14)(A), which establishes a three-year statute of limitations for tort claims

---

[2]   The FDIC and Trustee have reached a near global resolution of the disputes between them. *In re The Colonial Bancgroup, Inc.*, Case No. 09-32303(DHW), Dkt. 2177 (M.D. Ala. Bankr. Oct. 1, 2015). But the one issue that was *not* resolved was the ownership of the claims made by each in these cases. Given this fact, it seems unlikely that the Plaintiffs will make any effort to resolve the ownership issue any time prior to trial in this case, a fact which makes successful mediation more unlikely.

4

"[n]otwithstanding any provisions of any contract." The three-year period began running on the date that the FDIC was appointed as Colonial Bank's receiver (*id.*), August 9, 2009, but the FDIC did not sue Crowe until October 31, 2012, more than three years later. This pure legal issue will be unaffected by further discovery and, accordingly, there is no reason to delay briefing and resolution of this issue.

Second, Crowe's engagement letters with and reports to CBG expressly prohibit third parties (such as Colonial Bank, in whose shoes the FDIC now stands) from relying on Crowe's work. In its motion to dismiss (Dkt. 23 at 9-13), Crowe argued that the plain language of Crowe's engagement letters required dismissal of the FDIC's claims. The Court declined to rule in Crowe's favor based on an FDIC argument that Crowe knew Colonial Bank intended to rely on its work because its engagement letters granted "federal and state banking regulators" access to Crowe's workpapers and "Colonial [Bank] was the only entity being regulated by state banking regulators." Dkt. 32 at 11. The FDIC's assertion that CBG was not regulated by state banking regulators was unsupported at the time and, in fact, documentary discovery has shown this statement to be false. CBG was regulated by *both* federal and state banking regulators. Thus, the FDIC's basis for claiming that Crowe knew its reports would be relied upon by Colonial Bank has no factual support, and additional discovery cannot erase the Alabama state banking regulator's role in regulating CBG. With the FDIC's basis for avoiding dismissal shown to be false, the issue of the FDIC's justifiable reliance in the face of the contrary contractual language in the engagement letters should be resolved now to avoid further time-consuming and expensive discovery.

**Crowe's Motion for Summary Judgment Against CBG**

Crowe's engagement letters with CBG expressly bar recovery of consequential damages

from Crowe. In its motion to dismiss, Crowe argued that, based on CBG's Amended Complaint, CBG's damages were consequential and, thus, barred. Dkt. 34 at 28-31. In denying Crowe's motion to dismiss, the Court held that "the allegations of the Amended Complaint state a claim for direct damages." Dkt. 72 at 12. Indeed, CBG's Amended Complaint, on its face, asserts damages "[a]s a direct and proximate result of Crowe's misconduct." Dkt. 28 at 46. Now, however, CBG has provided information about its alleged damages that was not available at the time of Crowe's motion to dismiss—information that the Court could not have considered at the motion to dismiss stage but can consider on summary judgment. The new information from CBG shows that its alleged damages are consequential.

During the parties' August 2014 meet-and-confer conference, at Crowe's request, this Court ordered plaintiffs to "come up with a concise statement of their damages claims and define those claims as best they can at this stage of the proceeding," as part of their Rule 26(a) disclosures. Dkt. 73 at 26. In response, CBG filed its Rule 26(a) disclosures and set forth the following alleged damages: (A) CBG's downstreaming of funds to Colonial Bank, (B) costs incurred in association with its unsuccessful TARP application, and (C) amounts associated with CBG's unfunded pension liabilities. Dkt. 119 at 23-28.

Now that the nature of CBG's alleged damages is known and on the record, it is clear that CBG's alleged damages items are each entirely consequential and, thus, barred by CBG's engagement letters with Crowe. Although fact and expert discovery relating to CBG's damages is likely to be time-consuming and expensive, it will do nothing to change the nature of CBG's alleged damages. Whether those damages are consequential is a legal issue this Court, as the ultimate trier of fact due to the jury waiver in Crowe's engagement letter, can resolve now. CBG's Rule 26(a) disclosures provide the relevant details as to the nature and character of

CBG's purported damages. CBG is bound by its damages disclosure—particularly given the Court's express direction to define its damages in its initial disclosures—and the nature of those damages cannot change through either document discovery or depositions. Thus, resolution of the issue at this time is warranted.

## CONCLUSION

For the reasons stated above, Crowe Horwath LLP respectfully requests leave to file summary judgment motions at this time against both the FDIC and CBG without prejudice to Crowe's ability to move for summary judgment at a later date, if necessary, based upon further discovery.

October 14, 2015

Stanley J. Parzen
Jonathan C. Medow
Justin A. McCarty
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL  60606-4637
P:  (312) 782-0600
sparzen@mayerbrown.com

Respectfully submitted,

*s/ James Anderson*
James Anderson (ANDE4440)
COPELAND FRANCO SCREWS & GILL
444 South Perry Street
Montgomery, AL 36104
P: (334) 834-1180
Anderson@copelandfranco.com

*Attorneys for Crowe Horwath LLP*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2015, I caused a true and correct copy of the foregoing Crowe Horwath LLP's Motion to File Additional Summary Judgment Motions to be served on all counsel of record via the Court's ECF notification system and an unredacted copy of the same to be served via email on the counsel identified below:

C Edward Dobbs
Rufus T. Dorsey, IV
Ronald T. Coleman, Jr.
PARKER, HUDSON, RAINER & DOBBS, LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, NE
Atlanta, GA 30303
rtd@phrd.com
rtc@phrd.com
ced@phrd.com
***Attorneys for Colonial BancGroup, Inc.***

Christopher A. Caserta
Nicholas J. DiCarlo
DICARLO CASERTA MCKEIGHAN & PHELPS PLC
6900 E. Camelback Road, Suite 250
Scottsdale, AZ 85251
ccaserta@dcmplaw.com
ndicarlo@dcmplaw.com
***Attorneys for Colonial BancGroup, Inc.***

Andrew P. Campbell
Caroline Smith Gidiere
Justin Glyien Williams
CAMPBELL, GUIN, WILLIAMS, GUY & GIDIERE, LLC
520 N. 20th Street, Suite 2000
Birmingham, AL 35203
Andy.Campbell@Campbellguin.com
Justin.Williams@Campbellguin.com
Caroline.Gidiere@Campbellguin.com
***Attorneys for Colonial BancGroup, Inc.***

Elizabeth V. Tanis
Drew Dropkin
David Tetrick, Jr.
KING & SPALDING LLP
1180 Peachtree St., NE
Atlanta, GA 30309
ETanis@KSLAW.com
DDropkin@KSLAW.com
DTetrick@KSLAW.com
***Attorneys for PricewaterhouseCoopers LLP***

Bradley J. Lingo
KING & SPALDING LLP
100 N. Tyron Street, Suite 3900
Charlotte, NC 28202
BLingo@KSLAW.com
***Attorney for PricewaterhouseCoopers LLP***

Richard T. Marooney, Jr.
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
rmarooney@KSLAW.com
***Attorney for PricewaterhouseCoopers LLP***

Tabor R. Novak, Jr.
BALL, BALL, MATTHEWS & NOVAK P.A.
RSA Dexter Avenue Building
445 Dexter Ave., Suite 9045
Montgomery, AL 36104
tnovak@ball-ball.com
***Attorney for PricewaterhouseCoopers LLP***

Meredith Moss
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 200
Washington, DC 20006
MMoss@KSLAW.com
***Attorney for PricewaterhouseCoopers LLP***

| | |
|---|---|
| David Mullin<br>John M. Brown<br>John G. Turner, III<br>Robert Bell<br>Clint R. Latham<br>Richard Biggs<br>MULLIN, HOARD & BROWN, LLP<br>500 South Taylor, Suite 800<br>Amarillo, TX 79101<br>dmullin@mhba.com<br>jmb@mhba.com<br>jturner@mhba.com<br>rbell@mhba.com<br>clatham@mhba.com<br>rbiggs@mhba.com<br>tkirkwood@mhba.com<br>***Attorneys for the Federal Deposit Insurance Corporation as Receiver of Colonial Bank*** | Dennis Bailey<br>RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.<br>184 Commerce Street<br>P.O. Box 270<br>Montgomery, AL 36101-0270<br>drb@rushtonstakely.com<br>***Attorney for the Federal Deposit Insurance Corporation as Receiver of Colonial Bank***<br><br>Matthew Jason Ford<br>BAILEY & GLASSER, LLP<br>3000 Riverchase Galleria, Suite 905<br>Birmingham, AL 35244<br>mford@baileyglasser.com<br>***Attorney for the Federal Deposit Insurance Corporation as Receiver of Colonial Bank*** |

                                                *s/ James Anderson*
                                              *An Attorney for Crowe Horwath LLP*