IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE COLONIAL BANCGROUP, INC.,<br>and KEVIN O'HALLORAN,<br><br>        Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP<br>and CROWE HORWATH LLP,<br><br>        Defendants.<br>_____ | Case No. 2:11-cv-00746-WKW |
| FEDERAL DEPOSIT INSURANCE<br>CORPORATON AS RECEIVER FOR<br>COLONIAL BANK,<br><br>        Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP<br>and CROWE HORWATH LLP,<br><br>        Defendants. | Case No. 2:12-cv-00957-WKW |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO FILE SUR-REPLY**

Plaintiff Federal Deposit Insurance Corporation as Receiver for Colonial Bank ("FDIC-R") submits this Opposition to the Motion to Permit Filing of Sur-Reply (Doc. No. 184) filed by Defendant PricewaterhouseCoopers ("PwC") in connection with the FDIC-R's Motion to Compel (Doc. No. 167). PwC's Motion to Permit Filing of Sur-Reply ("PwC's Motion") is unwarranted, inappropriate, and merely an attempt to set forth additional arguments it failed to make previously due to its omission of relevant case law. The FDIC-R offered no new evidence

in its Reply to PwC's Response to the FDIC-R's Motion to Compel ("Reply"), but merely rebutted PwC's arguments using PwC's own case.  As such, PwC's Motion should be denied.

It has been held that sur-replies are generally only appropriate where a "nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply." *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005).  However, "reply evidence is not new when [a] reply brief 'addressed the same set of facts supplied in [the other party's] opposition to the motion but provides the full context to [that party's] selected recitation of facts.'" *Hinson v. Chelsea Indus. Inc.*, 542 F. Supp. 2d 1236, 1248 (M.D. Ala. 2008) (quoting *Rayon Terrell v. Contra Costa County*, 232 Fed. Appx. 626, 629 n.2 (9th Cir. 2007)).  As outlined below, the FDIC-R's Reply did nothing more than provide the full context of the facts and law relied upon by PwC in its Response to the FDIC's Motion to Compel ("Response"), therefore, PwC's Motion should be denied.

The FDIC-R's Reply simply addressed the arguments raised in PwC's Response, and provided the Court with the complete and accurate picture of the facts and law by pointing out PwC's conspicuous omission of *Williamson v. PricewaterhouseCoopers*, No. 602106/2004, 2007 WL 7113002 (N.Y. Sup.  Feb. 21, 2007), a subsequent opinion in a primary case relied upon by PwC in its Response.  In *Williamson*, the order of the Special Referee, which was attached to the FDIC-R's Reply in its entirety, is a clear reversal of course where the previous order denying the plaintiff's motion to compel  certain work papers was "modified  to the extent that it [was] granted with respect to the specific hedge funds noted in the [previous order]." *Id.*  The FDIC-R's Reply demonstrated that under the *Williamson* holding, certain evidence renders other clients' audit materials relevant and necessary to fully understand the practices and standards of PwC's auditors.  *See* Reply at 6. The facts and arguments already set forth in the briefing on the

FDIC-R's Motion to Compel clearly demonstrate that there is evidence in the record that is "inconsistent or at odds" with PwC's claim that these additional audit materials are irrelevant.[1] *Williamson*, 2007 WL 7113002.   The Reply makes no new arguments regarding the relevance of the requested documents, but merely incorporates its previous arguments in order to rebut PwC's misrepresentations.[2]   Accordingly, it's clear that PwC's Motion is a blatant attempt to get a second bite at the apple where it completely disregarded the subsequent history of its central case, and now finds itself with no leg to stand on.

Because the FDIC-R's Reply merely gives context and rebuts arguments in PwC's Response brief, and offers no new facts or arguments, PwC's Motion should be denied.

---

[1] PwC's own documents provide the evidence of inconsistency required under *Williamson* to compel production of the audit work papers and National Office documents requested by the FDIC-R.  *See* FDIC Motion at 11; *see also* FDIC Motion Ex. I (noting existence of National Knowledge Search Database and that assessment of the FAS 140 issue requires the application of judgment, which is to say it was not covered by the authoritative literature or firm policy.)

[2] The FDIC-R adequately demonstrated that the material it seeks relating to PwC's assessment of sales accounting issues and FAS 140 is relevant where PwC's application of FAS 140 to other clients during the same time period at issue in this case was called into question in a separate lawsuit.  *See* FDIC Motion at 11 -12 (discussing action involving R&G Financial Corporation).

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**MOTION TO FILE SUR-REPLY – Page 3**

Respectfully submitted,

**RUSHTON, STAKELY, JOHNSTON
  & GARRETT, P.A.**
Dennis Bailey (4845-171D)
184 Commerce Street
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone:     (334) 206-3234
Facsimile:     (334) 481-0031
Email:         DRB@rsjg.com

/s/ David Mullin
David Mullin (TX Bar No. 14651600)
*pro hac vice*
John M. Brown (TX Bar No. 3142500)
*pro hac vice*
John G. Turner, III (TX Bar No. 20320550)
*pro hac vice*
Robert Bell (TX Bar No. 00787062)
*pro hac vice*
Clint Latham (TX Bar No. 24013009)
*pro hac vice*
Anthony W. Kirkwood (TX Bar No. 24032508)
*pro hac vice*
Richard Biggs (TX Bar No. 24064899)
*pro hac vice*

**MULLIN, HOARD & BROWN, LLP**
500 South Taylor, Suite 800
Amarillo, Texas  79101
Telephone:  (806) 372-5050
Facsimile:  (806) 372-5086
Email:   dmullin@mhba.com
         jobrown@mhba.com
         jturner@mhba.com
         rbell@mhba.com
         clatham@mhba.com
         tkirkwood@mhab.com
         rbiggs@mhba.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically served on October 15, 2015, by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing as set forth below:

Drew D. Dropkin (ddropkin@kslaw.com)
Elizabeth V. Tanis (etanis@kslaw.com)
James H. Anderson (anderson@copelandfranco.com)
Jonathan C. Medow (jmedow@mayerbrown.com)
Stanley J. Parzen (sparzen@mayerbrown.com)
Tabor R. Novak, Jr. (tnovak@ball-ball.com)
Andrew P. Campbell (Andy.Campbell@Campbellguin.com)
Caroline Smith Gidiere (Caroline.Gidiere@Campbellguin.com)
Justin Glyien Williams (Justin.Williams@Campbellguin.com)
Nicholas J. DiCarlo (ndicarlo@dcmplaw.com)
Christopher A. Caserta (ccaserta@dcmplaw.com)
C. Edward Dobbs (ced@phrd.com)
Ronald T. Coleman, Jr. (rtc@phrd.com)
Rufus T. Dorsey, IV (rtd@phrd.com)
James N. Gorsline (jgorsline@kslaw.com)
Juanita Passyn Kuhner (jkuyner@kslaw.com)
Bradley J. Lingo (blingo@kslaw.com)
Geoffrey M. Ezgar (gezgar@kslaw.com)
David Tetrick, Jr. (dtetrick@kslaw.com)
Meredith Moss (mmoss@kslaw.com)
Richard T. Marooney, Jr. (rmarooney@kslaw.com)

/s/ David Mullin
David Mullin

1198/00/01112452

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**MOTION TO FILE SUR-REPLY – Page 5**