IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE COLONIAL BANCGROUP, INC., and KEVIN O'HALLORAN,<br><br>    Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,<br><br>    Defendants. | Case No. 2:11-cv-00746-WKW |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK,<br><br>    Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,<br><br>    Defendants. | Case No. 2:12-cv-00957-WKW |

## THE FDIC-R'S RESPONSE TO CROWE'S MOTION TO FILE ADDITIONAL SUMMARY JUDGMENT MOTIONS

Plaintiff Federal Deposit Insurance Corporation as Receiver for Colonial Bank ("FDIC-R") responds to *Crowe Horwath LLP's Motion to File Additional Summary Judgment Motions* (Dkt. No. 185), and respectfully shows as follows:

### I.    INTRODUCTION

While the scheduling order in this case provides that the parties may file motions for summary judgment "no later than August 5, 2016" (Dkt. No. 122 at 2), the Court should not

1

allow Crowe Horwath LLP ("Crowe") to file its summary judgment motions at this time because additional discovery is required on the issues raised by Crowe. Crowe also seeks to have the ability to file additional summary judgment motions later if its present motions for summary judgment are denied by the Court. Moreover, it appears that Crowe also wants the flexibility to not only file motions on different issues if the present motions are denied, but also to move again on the same grounds in the present motions. In either case, Crowe should be limited to one bite at the apple. If Crowe is allowed to file motions for summary judgment at this juncture, it should be precluded from filing additional motions later on any topics.

In the event Crowe files its motions now, the FDIC-R requests that its deadline for responding be set for after the close of discovery, given that the parties are in the middle of taking depositions and the issues in Crowe's proposed motions require further discovery to resolve. Indeed, if the Court allows Crowe to file the proposed motions for summary judgment, the FDIC-R will submit a declaration under Rule 56(d) outlining the facts necessary to fully respond to the proposed motions, including deposition discovery. Under these circumstances, Crowe's request to file motions for summary judgment is premature and the parties should complete discovery before submitting substantive motions to the Court on these issues.

## II.   ARGUMENT

### A. Discovery is Required on the Statute of Limitations Issue.

As to Crowe's contention that the FDIC-R's claims are time-barred *despite the fact that Crowe signed a tolling agreement* under which it expressly agreed that the FDIC-R's claims were not time-barred, Crowe is wrong that deciding this issue "will be unaffected by further discovery." Even the decision in *National Credit Union Admin. Bd. v. Barclays Cap.*, 785 F.3d 387 (10th Cir. 2015), on which Crowe rests its motion, recognizes that estoppel can bar a

2

defendant's assertion of the limitations period set in 12 U.S.C. § 1821(d)(14)(A). The FDIC-R would be entitled to develop additional facts beyond the language of the agreement itself in support of its estoppel claim.[1] In addition, if the Court allows Crowe to file its proposed summary judgment motion on statute of limitations grounds, the FDIC-R would also seek leave to have the option of filing an amended complaint adding a breach of contract claim against Crowe based on its blatant violation of the tolling agreement. In the unlikely event that Crowe prevails on the limitations issue, if the Court granted leave to amend, then the FDIC-R's claim for breach of contract would remain and be subject to discovery.

### B. Discovery is Required on the Engagement Letter Issue.

As to Crowe's claim that Colonial Bank ("Colonial") was prohibited as a matter of law from relying on Crowe's work because of the language in the engagement letter, Crowe incorrectly suggests that the Court denied its motion to dismiss solely on this basis by accepting the FDIC-R's argument that "Crowe knew Colonial Bank intended to rely on its work because its engagement letters granted 'federal and state banking regulators' access to Crowe's workpapers and 'Colonial [Bank] was the only entity being regulated by state banking regulators.'" (Dkt. No. 185 at 5). Crowe then argues that Colonial's holding company, Colonial BancGroup, Inc. ("BancGroup"), was regulated by both federal and state regulators and thus "the FDIC's basis for claiming that Crowe knew its reports would be relied upon by Colonial Bank has no factual support . . ." *Id.* Assuming for the sake of argument that Crowe is correct that BancGroup was regulated by both federal and state banking regulators in a manner that implicated Crowe's work,

---

[1] The *Barclays* decision is at odds with numerous district court decisions. *See e.g., FDIC v. Arthur*, 2015 WL 898065, *4 (D. Md. 2015) (collecting authority and noting, "Numerous federal district courts confronting this same issue have clearly held that parties may willingly contract around FIRREA's proscribed limits."); *FDIC v. Coleman*, 2015 WL 476234, *6-7 (D. Idaho 2015); *FDIC v. Kime*, 12 F. Supp.3d 113, 1120 (S.D. Ind. 2014); *FDIC v. Williams*, 60 F. Supp.3d 1209, 1214 (D. Utah 2014); *FDIC v. Baldini*, 2014 WL 2581193, *2–5 (S.D. W. Va. 2014). Because those decisions (denying motions to dismiss or for summary judgment on the same grounds advanced by Crowe here) could not be appealed until a final judgment, there is little significance to the fact that *Barclays* is the only current appellate decision on the issue.

3

Crowe's representation that this was the *only* basis for the Court's ruling against dismissal is blatantly false.

The FDIC-R made a number of arguments in opposition to Crowe's motion to dismiss on the basis of the language in the engagement letter, all of which will be the subject of further discovery that is in the process of being scheduled by the parties. The first argument relates to the explicit language of controlling Alabama law.

> Section 552 confers standing upon "the person or one of a limited group of persons for whose benefit and guidance he [the auditor] intends to supply the information *or knows that the recipient [BancGroup] intends to supply it.*" (emphasis added). So the accountant's intent does not end the inquiry as Crowe would lead this Court to believe. Rather, *Boykin* teaches that "liability is fixed by the accountants' particular knowledge at the moment the audit is published." *Boykin*, 639 So.2d at 510 (emphasis added) (quoting *First Nat'l Bank of Commerce v. Monco Agency, Inc.*, 911 F.2d 1053, 1059 (5th Cir. 1990).

(Dkt. No. 32 at 10). Whether Crowe knew that BancGroup intended to supply Crowe's audit report to Colonial for its use and reliance is certainly a question of fact to be developed in depositions yet to occur. The second argument that Crowe ignores relates to the execution of the engagement letter.

> [T]he entity that signed Crowe's April 17, 2007 engagement letter was "Colonial Bank, N.A." instead of BancGroup. *See* Exhibit B to Crowe's MTD, p. 6. While this clearly was a mistake by the signer, given that the letter was addressed to BancGroup and that previous and subsequent engagement letters were signed on behalf of "The Colonial BancGroup, Inc.," (*see* Exhibit A to Crowe's MTD, p. 6), it was a mistake that Crowe apparently found so insignificant that it was not worth correcting or requesting that BancGroup re-sign the letter. This nonchalant view of the distinction between BancGroup and Colonial reflects an important perspective on the contracting parties' states of mind, and creates a reasonable inference that Crowe recognized Colonial was a known and intended user of its services.

(Dkt. No. 32 at 12). This argument will also be the subject of discovery from Crowe. And the final argument that Crowe ignores is perhaps the most debilitating to its cause:

4

> [T]he audit plan that Crowe created *after* the engagement letter stated explicitly that it was for the use of BancGroup "and its subsidiaries." Colonial, of course, was BancGroup's only meaningful subsidiary, and thus it is clear that Crowe intended for Colonial to rely on its work.[2]

*Id.* Again, discovery regarding the audit plain would be necessary to decide the proposed motions for summary judgment.

After considering the parties' arguments in connection with Crowe's motion to dismiss on the basis of the language in its engagement letter, the Court denied the motion, and the ruling was plainly not limited to whether BancGroup was regulated by both federal and state regulators. After quoting the governing law from Section 552 of the Restatement (Second) of Torts, the Court held:

> Applying that standard, ***there is a question of fact*** whether Colonial, as opposed to BancGroup with whom both PwC and Crowe contracted, is eligible to recover as defined by the Restatement. The language of the engagement letters, *see supra* note 2 (quoting relevant language), does appear to be an attempt by the accounting firms to limit their respective liabilities. ***The practical realities of the relationship between the Bank and BancGroup, whereby the Bank was a wholly owned subsidiary of BancGroup and BancGroup's only asset of any significance, call those limitations into question.***

(Dkt. No. 52 at 11-12) (emphasis added). While later in its opinion the Court cited as further support for its decision the fact that Colonial – not BancGroup – was subject to state banking regulations, that clearly was not the sole basis for its decision and in no way limited its holding quoted above. So when Crowe claims that the Court declined to rule in its favor based on BancGroup not being subject to state regulation, while ignoring the rest of the Court's opinion and the rest of the FDIC-R's arguments, it is, to put it charitably, bending the truth.

---

[2] Crowe is fond of citing the engagement letter and audit report, but it always omits reference to the audit plan, which shows not only Crowe's knowledge that Colonial would rely on its work, but its consent to such reliance.

5

### III. CONCLUSION

Crowe's proposed motions for summary judgment are premature given the state of discovery. If the Court allows the motions to be filed, given that the parties are in the middle of taking depositions and the FDIC-R's response to the motions would be to request additional discovery, the FDIC-R requests that the Court enter a briefing schedule that allows the FDIC-R 28 days after the close of discovery to respond to the motions, and that Crowe not be permitted to file additional motions for summary judgment.

Dated: November 6, 2015

        Respectfully submitted,

**RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.**
Dennis Bailey (4845-171D)
184 Commerce Street
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone:   (334) 206-3234
Facsimile:    (334) 481-0031
Email:        DRB@rsjg.com

/s/ David Mullin
David Mullin (TX Bar No. 14651600)
*pro hac vice*
John M. Brown (TX Bar No. 3142500)
*pro hac vice*
John G. Turner, III (TX Bar No. 20320550)
*pro hac vice*
Robert Bell (TX Bar No. 00787062)
*pro hac vice*
Clint Latham (TX Bar No. 24013009)
*pro hac vice*
Anthony W. Kirkwood (TX Bar No. 24032508)
*pro hac vice*
Richard Biggs (TX Bar No. 24064899)
*pro hac vice*
**MULLIN, HOARD & BROWN, LLP**
500 South Taylor, Suite 800
Amarillo, Texas 79101

> Telephone: (806) 372-5050
> Facsimile: (806) 372-5086
> Email: dmullin@mhba.com
> jobrown@mhba.com
> jturner@mhba.com
> rbell@mhba.com
> clatham@mhba.com
> tkirkwood@mhab.com
> rbiggs@mhba.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the date of its filing to all individuals registered to receive notice of filings through the Court's electronic notification system, including the following:

    Drew D. Dropkin (ddropkin@kslaw.com)
    Elizabeth V. Tanis (etanis@kslaw.com)
    James H. Anderson (anderson@copelandfranco.com)
    Jonathan C. Medow (jmedow@mayerbrown.com)
    Stanley J. Parzen (sparzen@mayerbrown.com)
    Tabor R. Novak, Jr. (tnovak@ball-ball.com)
    Andrew P. Campbell (Andy.Campbell@Campbellguin.com)
    Caroline Smith Gidiere (Caroline.Gidiere@Campbellguin.com)
    Justin Glyien Williams (Justin.Williams@Campbellguin.com)
    Nicholas J. DiCarlo (ndicarlo@dcmplaw.com)
    Christopher A. Caserta (ccaserta@dcmplaw.com)
    C. Edward Dobbs (ced@phrd.com)
    Ronald T. Coleman, Jr. (rtc@phrd.com)
    Rufus T. Dorsey, IV (rtd@phrd.com)
    James N. Gorsline (jgorsline@kslaw.com)
    Juanita Passyn Kuhner (jkuyner@kslaw.com)
    Bradley J. Lingo (blingo@kslaw.com)
    Geoffrey M. Ezgar (gezgar@kslaw.com)
    David Tetrick, Jr. (dtetrick@kslaw.com)
    Meredith Moss (mmoss@kslaw.com)
    Richard T. Marooney, Jr. (rmarooney@kslaw.com)


                                        /s/ David Mullin