IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE COLONIAL BANCGROUP, INC., and KEVIN O'HALLORAN,<br><br>    Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,<br><br>    Defendants. | Case No. 2:11-cv-00746-WKW |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK,<br><br>    Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,<br><br>    Defendants. | Case No. 2:12-cv-00957-WKW |

**CBG'S RESPONSE TO CROWE'S MOTION TO
FILE ADDITIONAL SUMMARY JUDGMENT MOTIONS**

The Colonial BancGroup, Inc., as post-confirmation debtor, and Kevin O'Halloran, as plan trustee acting for and on behalf of the debtor (together, "CBG"), hereby respond to *Crowe Horwath LLP's Motion to File Additional Summary Judgment Motions* (Dkt. No. 185) (the "Motion"). Crowe Horwath LLP ("Crowe") requests permission to file more than one summary judgment motion in each of the jointly administered cases and have each motion be without

1

prejudice to its ability to move for summary judgment again based upon full-blown discovery even if Crowe's earlier motions on the same issues are not granted. [Motion at 2]. CBG respectfully submits that the Motion should be denied, leaving dispositive motions to be governed by the current Uniform Scheduling Order ("Scheduling Order").

    A. <u>The Scheduling Order and Crowe's Request</u>

The Scheduling Order allows a party to file a motion for summary judgment by "no later than August 5, 2016," (Dkt. No. 122 at 2), leaving Crowe free to file its motion for summary judgment now if it so wishes. Crowe seeks permission, however, to file multiple motions for summary judgment over the course of each of the cases, rather than one comprehensive motion, and thereby causing the briefing and adjudication of issues on multiple occasions.

Crowe offers as its motivation a desire to conserve expense. However, Crowe's requests would only exacerbate the expense in these cases by allowing Crowe to argue, and cause the parties to incur the expense of briefing, issues which have already been ruled upon by the Court, thereby significantly increasing motion practice in the cases and the drain on the parties' and the Court's resources inherent in multiple adjudications of the same issue. Crowe wants not only to expand the motion practice through serial filings but also to obtain the Court's advance blessing that denial of its earlier motions for summary judgment will not preclude Crowe from rearguing the same issues again. Crowe's request will unnecessarily expand the pleading practice, fragment dispositive motions and impose substantial additional costs.

    B. <u>Subject Matter of the Motion in the CBG Case</u>

The scope of the relief requested by Crowe is not limited on its face to filing one or two summary judgment motions, but arguably would allow Crowe to file serial motions for summary judgment throughout the case. The wastefulness of Crowe's request is evident from its Motion.

Attached to Crowe's Motion is a proposed summary judgment motion it wishes to file now on the subject of whether CBG's claims against Crowe are barred under the Crowe engagement letters as "consequential damages."

This issue has already been litigated and decided by the Court. Crowe asserted this same contract limitation argument in its motion to dismiss CBG's contract claim,[1] the parties briefed it,[2] and the Court ruled upon it as follows:

> ### 2. Consequential Damages
>
> Crowe argues that its engagement letters with CBG preclude consequential damages. Taken as true, the allegations of the Amended Complaint state a claim for direct damages proximately caused by Crowe's alleged breach and negligence. Should CBG ultimately prevail in its breach of contract claim against Crowe, the court will revisit the issue of which damages are allowable under the contracts.

[Dkt. No. 72 at pdf. 12].

The Court, then, has already ruled on this same issue and stated that the time to revisit that ruling is after trial if and when CBG ultimately prevails on its breach of contract claim.

CBG does not wish to reargue its original response to Crowe's motion to dismiss in response to this Motion. However, a review of those prior pleadings vividly demonstrates that Crowe is simply "re-plowing old ground" and that CBG's previously briefed arguments still apply, including: (a) CBG's damages are properly recoverable as direct damages because they are

---

[1] Crowe actually filed two motions to dismiss, one initially and then another version after CBG's amendment of the Complaint. The arguments as to a bar of damages is included in both Crowe's First Motion to Dismiss [Dkt. No. 25 at pdf. 33-39] and Crowe's Second Motion to Dismiss [Dkt. No. 34 at pdf. 39-42].

[2] Because Crowe filed two motions to dismiss, CBG briefed this damage issue twice: Colonial BancGroup, Inc.'s Memorandum in Opposition to Crowe Horwath LLP's Motion to Dismiss Pursuant to Rule 12(b)(6) [Dkt. No. 29 at pdf. 53-68]; and Colonial BancGroup, Inc.'s Memorandum in Opposition to Crowe Horwath LLP's Motion to Dismiss Pursuant to Rule 12(b)(6) ("CBG Response"). [Dkt. No. 40 at pdf. 63-76]. Crowe filed a reply brief in response to the CBG Response. [Dkt. No. 43 at pdf. 30-40].

a material and direct result of Crowe's breaches of contract and professional negligence;[3] (b) even if CBG's damages are deemed consequential, consequential damages are not barred by the parties' agreement as interpreted by Crowe--an interpretation that would make other sections of the contract a nullity;[4] (c) at minimum, Crowe's interpretation of the contract renders it ambiguous, raising a question of fact which is not an appropriate issue for resolution at this stage of the case;[5] and (d) the alleged limitation of liability cannot apply to CBG's tort claim.[6]

Crowe's argument that the CBG's Rule 26(f) damage disclosure is a basis for Crowe to reassert this same argument at this point is not well taken.  The damages disclosed fall into the same categories of damages alleged in the Amended Complaint, argued by Crowe in its motion to dismiss, and ruled upon by the Court.  All the Rule 26(f) disclosure has done is to provide more detail regarding the damages within the categories alleged in the Amended Complaint, subject to further supplementation.

C.   Mediation Issues Do Not Weigh In Favor of Granting This Motion.

Crowe offers in support of its Motion various statements regarding the scheduled mediation, although they do not seem to be relevant or supportive of its Motion. CBG is certainly a proponent of mediation and was the party that requested a Court-mandated mediation by no

---

[3] CBG Response [Dkt. No. 40 at pdf. 63-68].

[4] *Id*. at pdf. 68-71.

[5] *Id*. at pdf. 68-71.

[6] *Id*. at pdf. 72-76.  This position is in accord with the Court's ruling on the claim brought by the Federal Deposit Insurance Corporation, as receiver for Colonial Bank ("FDIC-R"). The Court denied Crowe's motion to dismiss the FDIC-R's claim based on the same alleged contract limitation, assuming, for the sake of ruling, that the limitation applied to the FDIC-R.  The Court held that "[w]ithout the benefit of discovery, the court is in no position to conclude that the losses the FDIC alleges are attributable to Crowe are subject to the exclusion." Crowe does not provide any persuasive argument as to why this is different in the case of CBG and is essentially seeking the contradictory ruling that CBG, the only party to an engagement agreement with Crowe, does not have a claim while FDIC-R, which has no such engagement agreement, is allowed to pursue its claim.

later than August 1, 2015;[7] in contrast, Crowe and PwC did not agree with this proposal and made a different, non-committal proposal in their submission.[8] The Court incorporated into its ruling the request by CBG[9].

Although the mediation was delayed due to the mediator's inability to attend on the originally designated date, the mediation did occur on October 19, 2015 and is the subject of the parties' joint notice of October 26, 2015.[10]  Based on the report provided to the Court, it is apparent that Crowe's appetite for mediation has dwindled given its statement that Crowe and PricewaterhouseCoopers LLP ("PwC") "do not believe another mediation will assist in resolving this case short of trial; but, if the Court orders the parties to participate in another mediation,

---

[7] CBG's Report Regarding the Parties' Planning Meeting Under Federal Rule of Civil Procedure 26(f) [Dkt. No. 119] proposed the following:

> (e) The parties shall engage in mediation of these cases no later than August 1, 2015, report to the Court the date of mediation 5 days prior to its commencement, and report to the Court the results of the mediation no later than 5 days after the conclusion of the mediation. The mediation shall be conducted before a mediator that is mutually agreeable to the parties, or, in the absence an agreement, the Court will appoint a magistrate judge to conduct the mediation.

[Dkt. No. 119 at pdf. 9].

[8] PwC's and Crowe's Joint Brief Concerning the Rule 26(f) Report [Dkt. No. 121-1] proposed only the following:

> e. <u>Alternative Dispute Resolution</u>. The parties have previously engaged in settlement discussions and will seek to resolve this case by themselves on mutually agreeable terms if they are able. If they are unable to resolve this case informally, the parties may participate in mediation before a private mediator at a time agreed upon by the parties.

[Dkt. No. 121-1 at pdf. 7-8].

[9] The Court entered a Uniform Scheduling Order [Dkt. No. 122] which provided as follows:

> **SECTION 3.** No later than **August 1, 2015**, the parties shall conduct a mediation, either by a mediator who is mutually agreeable to the parties, or, in the absence of an agreement, by the magistrate judge assigned to this case. Not more than FIVE (5) DAYS after this conference, counsel for the plaintiffs shall file a pleading titled "Notice Concerning Mediation." This pleading shall indicate whether settlement was reached and, if not, whether the parties believe further mediation will assist them in resolving this case short of trial.

[Dkt. No. 122 at pdf. 2].

[10] Notice Concerning Mediation [Dkt. No. 192].

PwC and Crowe will of course do so in good faith."[11] CBG remains a proponent of mediation and submits that it is an appropriate topic for the Court's currently scheduled status conference on February 10, 2016. The relief requested by Crowe in this Motion, however, will not enhance the prospects of resolving these cases through mediation.

## CONCLUSION

For the foregoing reasons, CBG respectfully requests that Crowe's motion be denied and that the timing of any further dispositive motions continue to be governed by the current case management order.

Dated: November 6, 2015.

Respectfully submitted,

Andrew P. Campbell
Campbell, Guin, Williams, Guy & Gidiere, LLC
505 20th Street North, Suite 1600
 Birmingham, AL 35203
acampbell@campbellguin.com
cgidiere@campbellguin.com


/s/ *Rufus T. Dorsey, IV*
Rufus T. Dorsey, IV
Ronald T. Coleman Jr.
Parker, Hudson, Rainer & Dobbs LLP
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303
T: (404) 523-5300
F: (404) 522-8409
rtd@phrd.com
rtc@phrd.com

---

[11] [Dkt. No. 192 at pdf. 1-2]. In contrast, CBG and the FDIC-R stated in the Notice that "they believe that further mediation closer to the trial date for this matter may be appropriate." [Dkt. No. 192 at pdf. 1].

                Nicholas DiCarlo
                Christopher Caserta
                DiCarlo Caserta & McKeighan PLC
                6900 E. Camelback Road, Suite 250
                Scottsdale, AZ 85251
                T: (480) 892-2488
                ndicarlo@dcmplaw.com
                ccaserta@dcmplaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the date of its filing to all individuals registered to receive notice of filings through the Court's electronic notification system, including the following:

David Mullin (dmullin@mhba.com)
John M. Brown( jobrown@mhba.com)
John G. Turner, III  (jturner@mhba.com)
Robert Bell (rbell@mhba.com)
Clint Latham  (clatham@mhba.com)
Anthony W. Kirkwood (tkirkwood@mhab.com)
Richard Biggs (rbiggs@mhba.com)
Drew D. Dropkin (ddropkin@kslaw.com)
Elizabeth V. Tanis (etanis@kslaw.com)
James H. Anderson (anderson@copelandfranco.com)
Jonathan C. Medow (jmedow@mayerbrown.com)
Stanley J. Parzen (sparzen@mayerbrown.com)
Tabor R. Novak, Jr. (tnovak@ball-ball.com)
James N. Gorsline (jgorsline@kslaw.com)
Juanita Passyn Kuhner (jkuyner@kslaw.com)
Bradley J. Lingo (blingo@kslaw.com)
Geoffrey M. Ezgar (gezgar@kslaw.com)
David Tetrick, Jr. (dtetrick@kslaw.com)
Meredith Moss (mmoss@kslaw.com)
Richard T. Marooney, Jr. (rmarooney@kslaw.com)

/s/Rufus T. Dorsey, IV