# Exhibit B

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THE COLONIAL BANCGROUP, INC., and
KEVIN O'HALLORAN,

     Plaintiffs,

                         Case No. 2:11-cv-00746-WKW

v.

PRICEWATERHOUSECOOPERS LLP and
CROWE HORWATH LLP,

     Defendants.

                         Case No. 2:12-cv-00957-WKW

FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER FOR
COLONIAL BANK,

     Plaintiff,

v.

PRICEWATERHOUSECOOPERS LLP and
CROWE HORWATH LLP,

     Defendants.

**DEFENDANT PRICEWATERHOUSECOOPERS LLP'S RESPONSES AND
OBJECTIONS TO THE COLONIAL BANCGROUP, INC.'S AND
KEVIN O'HALLORAN'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS TO PRICEWATERHOUSECOOPERS LLP**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant

PricewaterhouseCoopers LLP ("PwC") hereby responds and objects as follows to Plaintiffs' First

Request for Production of Documents to PricewaterhouseCoopers LLP ("Document Requests"):

## GENERAL OBJECTIONS

PwC makes the following General Objections to the Document Requests. These objections apply to each of the Document Requests and are incorporated into each response as if fully set forth therein.

1.      PwC objects to the Document Requests to the extent that they seek documents and information that is already in the possession, custody or control of Plaintiffs.

2.      PwC objects to the temporal scope set forth in Instruction 28 as January 1, 2002, through the present because this thirteen-year period does not correspond to the audit at issue in the Amended Complaint. Accordingly, PwC objects to these requests on the grounds that they are overbroad, unduly burdensome, improperly unlimited in time or scope, and seek information that is neither relevant to the subject matter of the present action nor reasonably calculated to lead to the discovery of admissible evidence.

3.      PwC objects to the Document Requests to the extent they are unlimited, or not properly limited, in time or scope.

4.      PwC objects to the Document Requests to the extent they purport to impose requirements or obligations different from, or beyond those, imposed by the Federal Rules of Civil Procedure or the rules of this Court.

5.      PwC objects to the Document Requests to the extent they seek information that is not relevant to the subject matter of this action or are not reasonably calculated to lead to the discovery of admissible evidence.

6.      PwC objects to the Document Requests to the extent they are overbroad or would require PwC to engage in an unduly burdensome search for information or in an unduly burdensome production of documents.

2

7.     PwC objects to the Document Requests to the extent they seek documents or information that are subject to the attorney-client privilege, the work product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216.   PwC will not produce any documents subject to such privilege, immunity, or protection.

8.     PwC objects to the Document Requests to the extent they seek personal or confidential information about PwC personnel and PwC clients, confidential and proprietary business information, or information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties.

9.     PwC objects to the Document Requests to the extent that they seek "all documents" concerning or related to certain time periods, audits, events, transactions, or subjects, because they are overbroad, they subject PwC to undue burden and expense, they seek information that is neither relevant to the subject matter of the present action nor reasonably likely to lead to the discovery of admissible evidence, and they seek to impose obligations on PwC beyond what is required by the Federal Rules of Civil Procedure or the rules of this Court.

10.     PwC objects to the Document Requests to the extent that they are repetitive, cumulative, duplicative, and/or substantially overlap with other Document Requests.

11.     PwC objects to the Document Requests to the extent they purport to require PwC to produce information not presently in its possession, custody, or control.

12.     PwC objects to the Document Requests to the extent they seek information that is publicly available; that is already in the possession, custody, or control of the Plaintiffs, the

3

Plaintiffs' attorneys, or other representatives of the Plaintiffs; or that is as readily available to the Plaintiffs as it is to PwC.

13.   PwC objects to the Document Requests to the extent the requests, Definitions, or Instructions are vague, ambiguous, indefinite, or otherwise unclear as to the precise information sought and/or to the extent that they attempt to give words and phrases meanings that are different from those given in common usage.

14.   The responses set forth below are made without in any way waiving or intending to waive:

   a.   any objections to the authenticity, competency, relevancy, materiality, privilege, or admissibility into evidence, for any purpose, of any information produced in response to the Plaintiffs' Document Requests or the subject matter thereof;

   b.   the right to object on any ground to the use of the information produced in response to the Plaintiffs' Document Requests or the subject matter thereof at any trial, hearing, or other proceeding;

   c.   the right to object on any ground at any time to a demand for further response to the Plaintiffs' Document Requests; and/or

   d.   the right at any time to revise, supplement, correct, or add to these responses to the Document Requests.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.   PwC objects to the Definitions of "You," "Your," or "PwC" on the grounds that they are overbroad, unduly burdensome, vague and ambiguous; seek information that is neither relevant to the subject matter of the present action nor reasonably calculated to lead to the discovery of admissible evidence; and seek information outside of PwC's possession, custody or

4

control, insofar as they include "PricewaterhouseCoopers, LLP, and to any of its respective affiliates, divisions, subsidiaries, departments, predecessors, or successors-in-interest, present or former officers, shareholders, partners, associates, directors, administrators, agents, employees, investigators, attorneys, or other representatives and any others who are in possession of or may have obtained information for or acted on behalf of PwC with regard to this case." PwC will construe the terms "You," "Your," and "PwC" to mean PricewaterhouseCoopers LLP, a United States limited liability partnership.

2.      PwC objects to the Definition of "Crowe" on the grounds that it is overbroad, unduly burdensome, vague and ambiguous; seeks information that is neither relevant to the subject matter of the present action nor reasonably calculated to lead to the discovery of admissible evidence; and seeks information outside of PwC's possession, custody or control, insofar as it includes "Crowe Horwath LLP, and to any of its respective affiliates, divisions, subsidiaries, departments, predecessors, or successors-in-interest, present or former officers, shareholders, partners, associates, directors, administrators, agents, employees, investigators, attorneys, or other representatives and any others who are in possession of or may have obtained information for or acted on behalf of Crowe with regard to this case." PwC will construe the term "Crowe" to mean Crowe Horwath LLP.

3.      PwC objects to the definition of "CBG" on the grounds that it is overbroad, unduly burdensome, vague and ambiguous; seeks information that is neither relevant to the subject matter of the present action nor reasonably calculated to lead to the discovery of admissible evidence; and seeks information outside of PwC's possession, custody or control, insofar as it includes "The Colonial BancGroup, Inc. and any of its respective affiliates, divisions, departments, predecessors or successors-in-interest, present or former officers,

5

directors, agents, and employees." PwC will construe the term "CBG" to mean The Colonial BancGroup, Inc.

4.      PwC objects to the definition of "Bank" on the grounds that it is overbroad, unduly burdensome, vague and ambiguous; seeks information that is neither relevant to the subject matter of the present action nor reasonably calculated to lead to the discovery of admissible evidence; and seeks information outside of PwC's possession, custody or control, insofar as it includes "Colonial Bank, Inc., a wholly owned subsidiary of The Colonial BancGroup, Inc. and any of its respective affiliates, divisions, departments, predecessors or successors-in-interest, present or former officers, directors, agents, and employees." PwC will construe the term "Bank" to mean Colonial Bank of Montgomery, Alabama.

5.      PwC objects to the Definition of "FBI" on the grounds that it is overbroad insofar as it includes "any attorney, accountant, contractor, employee, or consultant affiliated with or acting on behalf of the FBI." PwC will construe "FBI" to mean the United States Federal Bureau of Investigation.

6.      PwC objects to the Definition of "TBW" on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous, and seeks information unknown to PwC and that is neither relevant to the subject matter of the present action nor reasonably calculated to lead to the discovery of admissible evidence, insofar as it includes "Taylor, Bean & Whitaker Mortgage Corp. and to any of its respective affiliates, divisions, subsidiaries, departments, predecessors, or successors-in-interest, present or former officers, shareholders, partners, associates, directors, administrators, agents, employees, investigators, attorneys, or other representatives and any others who are in possession of or may have obtained information for or acted on behalf of TBW

6

with regard to this case. " PwC will construe the term "TBW" to mean Taylor, Bean & Whitaker Mortgage Corp.

7.      PwC objects to the Definition of "TBW Fraud" on the grounds that it is inaccurate, overbroad, unduly burdensome, vague, ambiguous, and unlimited in time or scope, and seeks information that is neither relevant to the subject matter of the present action nor reasonably calculated to lead to the discovery of admissible evidence, insofar as it includes "the fraud that was perpetrated upon CBG and the Bank as alleged and described in Plaintiffs' Amended Complaint against Defendants PwC and Crowe filed in this matter (Case No. 2:11-cv-00746-WKW) on November 21, 2011." PwC objects to this request to the extent that it assumes the validity of the allegations in the Amended Complaint.  Solely for purposes of responding to these Document Requests and without waiving or prejudicing any of PwC's rights, positions, or defenses against and with respect to the allegations in the Amended Complaint, PwC will construe "TBW Fraud" to mean the alleged fraudulent activity alleged in the Amended Complaint.

8.      PwC objects to the Definition of "Ernst & Young LLP" on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous, and seeks information unknown to PwC and that is neither relevant to the subject matter of the present action nor reasonably calculated to lead to the discovery of admissible evidence, insofar as it includes "Ernst & Young LLP and to any of its respective affiliates, divisions, subsidiaries, departments, predecessors, or successors-in-interest, present or former officers, shareholders, partners, associates, directors, administrators, agents, employees, investigators, attorneys, or other representatives and any others who are in possession of or may have obtained information for or acted on behalf of Ernst

7

& Young with regard to this case. " PwC will construe the term "Ernst & Young" to mean Ernst & Young LLP.

9.     PwC objects to the Definition of "Deloitte & Touche" on the grounds that it is overbroad, unduly burdensome, vague, and ambiguous, and seeks information unknown to PwC and that is neither relevant to the subject matter of the present action nor reasonably calculated to lead to the discovery of admissible evidence, insofar as it includes "Deloitte & Touche and to any of its respective affiliates, divisions, subsidiaries, departments, predecessors, or successors-in-interest, present or former officers, shareholders, partners, associates, directors, administrators, agents, employees, investigators, attorneys, or other representatives and any others who are in possession of or may have obtained information for or acted on behalf of Deloitte & Touche LLP with regard to this case. " PwC will construe the term "Deloitte & Touche" to mean Deloitte & Touche LLP.

10.     PwC objects to the Definition of "Communications" in Definition 16 on the grounds that it is overbroad and unduly burdensome.

11.     PwC objects to the Definition of "Document" in Definition 17 on the grounds that it is overbroad and unduly burdensome, and to the extent that it seeks to impose requirements or obligations different from, or beyond those, imposed by the Federal Rules of Civil Procedure or the rules of this Court.

12.     PwC objects to the Definition of "electronically stored information" in Definition 18 on the grounds that it is overbroad and unduly burdensome, and to the extent that it seeks to impose requirements or obligations different from, or beyond those, imposed by the Federal Rules of Civil Procedure or the rules of this Court.

8

13.    PwC objects to the Definitions of "Person" and "persons" in Definition 21 on the grounds that they are overbroad and unduly burdensome, and to the extent that they seek to impose requirements or obligations different from, or beyond those, imposed by the Federal Rules of Civil Procedure or the rules of this Court.

14.    PwC objects to the Definitions of "related to" and "relating to" and "concerning" in Definition 19 on the grounds that they are overbroad and unduly burdensome, seek information that is neither relevant to the subject matter of the present action nor reasonably calculated to lead to the discovery of admissible evidence; and seek to impose requirements or obligations different from, or beyond those, imposed by the Federal Rules of Civil Procedure or the rules of this Court.

15.    PwC objects to the Definitions of "and" and "or" and "any" and "all" and "each" and "every" in Definitions 22 and 23 to the extent that they give these words meanings other than their commonly understood meanings.  PwC will construe these words according to their commonly understood meanings.

16.    PwC objects to Instructions 25, 26, 27, 29, 30, 31, 32, and 33 on the grounds that they are overbroad and unduly burdensome, and to the extent that they seek to impose requirements or obligations different from, or beyond those, imposed by the Federal Rules of Civil Procedure or the rules of this Court.

17.    PwC objects to the temporal scope set forth in Instruction 28 as January 1, 2002, through the present because this thirteen-year period does not correspond to the audit at issue in the Amended Complaint.  Accordingly, PwC objects to these requests on the grounds that they are overbroad, unduly burdensome, improperly unlimited in time or scope, and seek information

that is neither relevant to the subject matter of the present action nor reasonably calculated to lead to the discovery of admissible evidence.

18.     PwC objects to Instruction 27 to the extent it seeks the production of documents in native format because such production is unduly burdensome, would disclose confidential and proprietary business information, enables documents to be altered after production, and creates difficulties authenticating and tracking documents after production.

19.     PwC objects to the Definition of "date" in Definition 20 as "the best approximation" because such a definition is vague and ambiguous.

## PRELIMINARY STATEMENT

PwC already has produced to CBG more than two million pages of documents for use in this action.  Exercising its subpoena power and its powers under Rule 2004 of the Federal Rules of Bankruptcy Procedure, CBG obtained from PwC—before this litigation began—hundreds of thousands of pages of documents, including PwC's work papers and a substantial amount of emails and electronic documents.  Then, before Rule 34 document discovery commenced in this action, PwC produced to CBG hundreds of thousands of pages of additional documents.  Many of the documents sought in the requests below have already been produced by PwC to CBG.

## SPECIFIC RESPONSES AND OBJECTIONS

## REQUEST FOR PRODUCTION NO. 1:

Produce all documents relating to any and all professional services that PwC performed on behalf of CBG and Bank between January 1, 2002 and August 31, 2009 including, but not limited to, the following:

    a.  All engagement letters and/or agreements governing any and all services that PwC provided between January 1, 2002 and August 31, 2009, including but not limited to all audits, reviews, special procedures, assistance with filings with the Securities and Exchange Commission ("SEC") or any other governmental entity, and tax services;

DMSLIBRARY01:24654530.2

b.   All documents relating to your audit of the consolidated financial statements of CBG (and its subsidiaries) for the year-ended December 31, 2002, including but not limited to your entire workpaper file (both electronic and external/hard copy workpapers), all external files relied upon or used as a resource, all review notes or comments, all memos, all billing files, time sheets, minutes or summaries of internal meetings related to or for the audit;

c.   All documents relating to your audit of the consolidated financial statements of CBG (and its subsidiaries) for the year-ended December 31, 2003, including but not limited to your entire workpaper file(both electronic and external/hard copy workpapers), all external files relied upon or used as a resource, all review notes or comments, all memos, all billing files, time sheets, minutes or summaries of internal meetings related to or for the audit;

d.   All documents relating to your audit of the consolidated financial statements of CBG (and its subsidiaries) for the year-ended December 31, 2004, including but not limited to your entire workpaper file (both electronic and external/hard copy workpapers), all external files relied upon or used as a resource, all review notes or comments, all memos, all billing files, time sheets, minutes or summaries of internal meetings related to or for the audit;

e.   All documents relating to your audit of the consolidated financial statements of CBG (and its subsidiaries) for the year-ended December 31, 2005, including but not limited to your entire workpaper file (both electronic and external/hard copy workpapers), all external files relied upon or used as a resource, all review notes or comments, all memos, all billing files, time sheets, minutes or summaries of internal meetings related to or for the audit;

f.   All documents relating to your audit of the consolidated financial statements of CBG (and its subsidiaries) for the year-ended December 31, 2006, including but not limited to your entire workpaper file (both electronic and external/hard copy workpapers), all external files relied upon or used as a resource, all review notes or comments, all memos, all billing files, time sheets, minutes or summaries of internal meetings related to or for the audit;

g.   All documents relating to your audit of the consolidated financial statements of CBG (and its subsidiaries) for the year-ended December 31, 2007, including but not limited to your entire workpaper file(both electronic and external/hard copy workpapers), all external files relied upon or used as a resource, all review notes or comments, all memos, all billing files, time sheets, minutes or summaries of internal meetings related to or for the audit;

h.   All documents relating to your audit of the consolidated financial statements of CBG (and its subsidiaries) for the year-ended December 31, 2008, including but not limited to your entire workpaper file (both electronic and external/hard copy workpapers), all external files relied upon or used as a resource, all review notes or comments, all

11

memos, all billing files, time sheets, minutes or summaries of internal meetings related to or for the audit;

i. All documents relating to the quarterly reviews that you performed during each of the years ended December 31, 2002 through December 31, 2009, including but not limited to your entire workpaper file (both electronic and external/hard copy workpapers), all external files relied upon or used as a resource, all review notes or comments, all memos, all billing files, time sheets, minutes or summaries of internal meetings related to or for the reviews;

j. All documents relating to any procedure, test, investigation or evaluation that you performed with respect to the Bank's MLWD during each audit and/or quarterly review that you performed between December 31, 2002 and December 31, 2009;

k. All documents relating to any procedure, test, investigation or evaluation that you performed with respect to accounts that the Bank maintained with TBW during each audit and/or quarterly review that you performed between December 31, 2002 and December 31, 2009;

l. All documents relating to any procedure, test, investigation or evaluation that you performed with respect to the "securities purchased under agreements to resell" (i.e. the AOT facility) reported in CBG's consolidated financial statements;

m. All documents relating to any procedure, test, investigation or evaluation that you performed with respect to the "mortgage loans held for sale" reported in CBG's consolidated financial statements (i.e. the COLB facility);

n. All documents discussing the applicability of Financial Accounting Standard 140 (or its predecessor FAS 125) to CBG's consolidated financial statements including without limitation the applicability of FAS 140 to "mortgage loans held for sale" (i.e. the COLB facility) and/or "securities purchased under agreements to resell" (i.e. the AOT facility) as those line items were reported in CBG's consolidated financial statements;

o. All documents, whether in draft or final form, which relate to communications between you and CBG's board of directors, including but not limited to any documents reflecting communications required pursuant to SAS 60 (AU § 325 "Communication of Internal Control Related Matters Noted in an Audit") and SAS 61 (AU § 380 "Communication With Audit Committees"), as those standards existed at the time PwC performed work towards the audits of CBG's consolidated financial statements for the periods ended December 31, 2002 through December 31, 2009;

p. All documents, whether in draft or final form, which relate to communications between you and the Bank's board of directors including but not limited to any documents reflecting communications required pursuant to SAS 60 (AU § 325 "Communication of Internal Control Related Matters Noted in an Audit") and SAS 61

DMSLIBRARY01:24654530.2

(AU § 380 "Communication With Audit Committees"), as those standards existed at the time PwC performed work towards the audits of CBG's consolidated financial statements for the periods ended December 31, 2002 through December 31, 2009;

q. To the extent not encompassed within a previous Request, for each service performed by PwC on behalf of CBG and/or Bank for the periods ended December 31, 2002 through December 31, 2009, provide the following documents: audit plans, audit programs and other planning documents; internal control questionnaires and/or assessments; risk assessment documents, memos, summaries of meetings regarding risk assessment; work programs; indices to work papers; continuing audit files; permanent files; all engagement staff files, including but not limited to, audit managers', review partners' and engagement partners'; flow charts, notes or write-ups of accounting procedures and/or organizational charts; audit check lists; information about staff time budgets or estimates; staff time reports; billing files; invoices; interoffice reporting packages; lead schedules; other reports and/or memoranda relating to services provided, including exit meeting notes, interview notes, audit notes, review notes, and partners' memoranda; audit reports or opinions whether in draft or final form; management letters and any associated management letter comments; memoranda to the files; and any other documents reflecting the evidential matter upon which PwC relied, reviewed or looked at in performing any and all services for CBG and/or Bank;

r. The time records, time summaries and underlying detail for all professional services performed by PwC on behalf of CBG and/or Bank between December 31, 2002 and August 31, 2009;

s. All documents and communications from any source relating to any services performed by PwC on behalf of CBG and/or Bank including but not limited to, all emails, facsimiles, texts, letters, meeting notes and memoranda;

t. All research done by PwC concerning any issue that arose during any audit and/or quarterly review that PwC performed of the consolidated financial statements of CBG (and its subsidiaries) including but not limited to all research concerning accounting policies, accounting estimates or projections and/or the application of any accounting principle;

u. All reports, evaluations, analyses that were prepared by you with respect to the internal controls at CBG and/or the Bank, including but not limited to any and all reports relating to the MWLD, TBW and/or the Bank's accounts with TBW;

v. The personal, working and/or client engagement files of each of your partners and employees which relate in any way to CBG or any services that PwC provided on behalf of CBG and/or Bank between December 31, 2002 and August 31, 2009;

13

w. All communications directed to or from PwC's "Accounting Consulting Services" group which relate in any way to CBG or any services that PwC provided on behalf of CBG and/or Bank between December 31, 2002 and August 31, 2009;

x. All communications directed to or from PwC's risk management group which relate in any way to CBG or any services that PwC provided on behalf of CBG and/or Bank between December 31, 2002 and August 31, 2009;

y. All communications directed to or from the following persons which relate in any way to CBG or any services that PwC provided on behalf of CBG and/or Bank between December 31, 2002 and August 31, 2009: (a) A. Gary Westbrook; (b) Wes Kelly; (c) Susan Thomson; (d) Phillip Rivers; (e) Ray Cannada (f) James (Jim) Kelly; (g) Dick Days; (h) Woody Wallace; (i) Kim Jackson; (j) Kevin Young; (k) Jeff Naumann; (1) Stephen Nesi; (m) David Pickett; (n) Robert Gallagher; (o) Richard Deas; and (p) Bill Warren.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 3, 4, 10, 11, 12, 13, 14, 15, 16, 17, and 18. PwC objects to this request to the extent that this request erroneously states that PwC audited the Bank's financial statements.  PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks personal and confidential information about PwC personnel and PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties.  PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  PwC objects to this request to the extent that it seeks

14

information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of Plaintiffs, Plaintiffs' attorneys, or other representatives of Plaintiffs; or information that is as readily available to Plaintiffs as it is to PwC. PwC objects to this request to the extent that it assumes PwC was engaged by the Bank.

In further response to subparts (b) through (i) of this request, PwC objects to this request because the phrase "all external files used as a resource" is vague and ambiguous. In further response to subpart (r) of this request, PwC objects to this request because the phrase "underlying detail" is vague and ambiguous. In further response to subpart (x) of this request, PwC objects to this request because the phrase "risk management group" is vague and ambiguous.

## REQUEST FOR PRODUCTION NO. 2:

Provide any promotional material, firm brochures, newsletters, visual presentations or other such documents referring to your qualifications that were shown or provided to CBG and/or Bank between December 31, 2002 and December 31, 2009.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 3, 4, 6, 7, 11, 12, 14, 15, 16, 17, and 18. PwC objects to this request to the extent that it seeks confidential and proprietary business information. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of Plaintiffs, Plaintiffs' attorneys, or other representatives of Plaintiffs; or information that is as readily available to

Plaintiffs as it is to PwC.  PwC objects to this request to the extent that it assumes PwC was engaged by the Bank.

## REQUEST FOR PRODUCTION NO. 3:

To the extent not produced in connection with a previous Request, provide all documents and communications that relate in any way to the TBW Fraud, including but not limited to, the following:

e. All internal PwC communications and/or memoranda that relate in any way to the TBW Fraud including without limitation all communications and memoranda directed to or from the following persons:  (a) A. Gary Westbrook;  (b) Wes Kelly;  (c) Susan Thomson;  (d) Phillip Rivers;  (e) Ray Cannada (f) James (Jim) Kelly;  (g) Dick Days;  (h) Woody Wallace;  (i) Kim Jackson;  (j) Kevin Young;  (k) Jeff Naumann;  (l) Stephen Nesi;  (m) David Pickett;  (n) Robert Gallagher;  (o) Richard Deas;  and (p) Bill Warren.

f. Any audit and/or review workpapers that discuss the fraud and/or the potential for the TBW Fraud to occur within the MWLD;

g. All documents reflecting communications between you and CBG relating to the TBW Fraud and/or the Bank's relationship with TBW;

h. All documents reflecting communications between you and the Bank relating to the TBW Fraud and/or the Bank's relationship with TBW;

i. All documents reflecting communications between you and TBW relating to the TBW Fraud;

j. All documents reflecting communications between you and Crowe relating to the TBW Fraud;

k. All documents reflecting communications relating to the TBW Fraud that were directed to or from PwC's internal risk management group;

l. All documents reflecting communications relating to the TBW Fraud that were directed to or from PwC's Accounting Consulting Services department;

m. All communications between PwC's internal risk management group and other PwC partners or employees relating to the TBW Fraud;

n. All documents reflecting communications between you and Ernst & Young relating to the fraud;

o. All notes, memoranda and/or correspondence that discuss or relate to the fraud and/or the failure of PwC, Crowe or any other person to detect the fraud;

DMSLIBRARY01:24654530.2

p. Any and all documents reflecting communications between you and Deloitte & Touche (TBW's auditor during the years in which the fraud was perpetrated);

q. All documents reflecting communications between you and any state or federal regulatory authority concerning the fraud, including but not limited to, the FDIC, the Alabama State Banking Department, and/or the Office of the Comptroller of the Currency.

r. All documents, reports and/or analyses that were prepared, maintained, reviewed, viewed or produced by you in connection with any formal or informal investigation of the fraud in the Bank's MWLD by you or any governmental or regulatory agency, including but not limited to any formal or informal investigation by the FBI, the SEC, the FDIC, the Alabama State Banking Department, the Office of the Comptroller of the Currency.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18.   PwC objects to this request to the extent that the phrase "internal risk management group" is vague and ambiguous.   PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties.   PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.   PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is

17

already in the possession, custody, or control of Plaintiffs, Plaintiffs' attorneys, or other representatives of Plaintiffs; or information that is as readily available to Plaintiffs as it is to PwC. PwC objects to this request to the extent that it assumes PwC was engaged by the Bank.

**REQUEST FOR PRODUCTION NO. 4:**

Provide any and all internal manuals, check lists, flow charts, time-lines, practice manuals, audit guides, review guides or other documents relating to the methods, plans or procedures to be considered and/or followed in rendering audit and review services, including the internal audit manual(s) and other similar policies or guidelines in effect at the time PwC conducted its audits and/or quarterly reviews of the consolidated financial statements of CBG (and its subsidiaries) for each of the years ended December 31, 2002 through December 31, 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 3, 4, 11, 12, 13, 14, 15, 16, 17, and 18. PwC objects to this request to the extent that this request erroneously states that PwC audited the Bank's financial statements. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential information about PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or

18

control of Plaintiffs, Plaintiffs' attorneys, or other representatives of Plaintiffs; or information that is as readily available to Plaintiffs as it is to PwC. PwC objects to this request to the extent that it assumes PwC was engaged by the Bank.

**REQUEST FOR PRODUCTION NO. 5:**

Provide all "coaching notes" and/or desk files maintained by PwC or any of its employees relating to each audit and quarterly review that PwC conducted on behalf of CBG and/or Bank during the years ended December 31, 2002 through December 31, 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 3, 4, 11, 12, 13, 14, 15, 16, 17, and 18. PwC objects to this request to the extent that this request erroneously states that PwC audited the Bank's financial statements. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks personal and confidential information about PwC personnel; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of Plaintiffs, Plaintiffs' attorneys, or other representatives of Plaintiffs; or information

19

that is as readily available to Plaintiffs as it is to PwC.  PwC objects to this request to the extent

that it assumes PwC was engaged by the Bank.

**REQUEST FOR PRODUCTION NO. 6:**

Provide all time diaries (electronic or hard copy), personal files, calendars, correspondence files or meeting notes that were maintained by PwC (or any PwC employee) in connection with each audit and quarterly review that PwC conducted on behalf of CBG and/or Bank during the years ended December 31, 2002 through December 31, 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

In addition to the foregoing General Objections, PwC objects to this request based on the

foregoing Definitional and Instructional Objections 1, 3, 11, 12, 13, 14, 15, 16, 17, and 18.  PwC

objects to this request to the extent that this request erroneously states that PwC audited the

Bank's financial statements.  PwC objects to this request because the phrases "time diaries" and

"personal files" are vague and ambiguous.  PwC objects to this request to the extent that it seeks

information that is subject to the attorney-client privilege, the work-product doctrine, the

accountant-client privilege, professional rules preventing the disclosure of confidential client

information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. §

7215(b)(5)(A) and 26 U.S.C. § 7216; seeks personal and confidential information about PwC

personnel; seeks confidential and proprietary business information; and seeks information

subject to confidentiality agreements, protective orders, or statutory provisions that may bar

disclosure of the information without the consent of third parties.  PwC objects to this request on

the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither

relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

admissible evidence.  PwC objects to this request to the extent that it seeks information not

presently in the possession, custody, or control of PwC; information that is already in the

possession, custody, or control of Plaintiffs, Plaintiffs' attorneys, or other representatives of

DMSLIBRARY01:24654530.2

Plaintiffs; or information that is as readily available to Plaintiffs as it is to PwC. PwC objects to this request to the extent that it assumes PwC was engaged by the Bank.

**REQUEST FOR PRODUCTION NO. 7:**

To the extent not already provided in connection with a previous request, provide the employment records or personnel files or other similar documents including, but not limited to, evaluations, bonuses, memoranda and termination notices for your employees, directors, officers and representatives who provided professional services to or on behalf of CBG and/or Bank between December 31, 2002 and August 31, 2009, including but not limited to the following: Gary Westbrook, Wes Kelly, Susan Thompson, Philip Rivers, Ray B. Cannada, Jeffrey O. Brown, Joshua Butler, Alicia Whetstone, and April D. Howell.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 3, 4, 11, 12, 13, 14, 15, 16, 17, and 18. PwC objects to this request because the phrases "employment records," "personnel files," "similar documents," "evaluations," "representatives," and "professional services" are vague and ambiguous. PwC objects to this request to the extent that this request erroneously states that PwC audited the Bank's financial statements. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks personal and confidential information about PwC personnel and PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably

DMSLIBRARY01:24654530.2

calculated to lead to the discovery of admissible evidence.  PwC objects to this request to the extent that it assumes PwC was engaged by the Bank.

**REQUEST FOR PRODUCTION NO. 8:**

For the period January 1, 2003 and August 31, 2009, provide any and all documents relating to, referring to, or containing information about any actual or proposed transaction between CBG and/or Bank and any person with whom you share or shared a financial interest, or in whom you have or had a financial interest.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 3, 4, 11, 12, 13, 14, 15, 16, 17, and 18. PwC objects to this request to the extent that the phrases "with whom you share or shared a financial interest" and "in whom you have or had a financial interest" are vague and ambiguous. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties.  PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of Plaintiffs, Plaintiffs' attorneys, or other representatives of Plaintiffs; or information that is as readily available to Plaintiffs as it is to PwC.  PwC objects to this request to the extent that it assumes PwC was engaged by the Bank.

**REQUEST FOR PRODUCTION NO. 9:**

Provide all documents that relate to or otherwise describe the amount of compensation that PwC received for any and all professional services it rendered to CBG and Bank between

22

December 31, 2002 and August 31, 2009, including but not limited to, copies of all invoices that were provided for those professional services as well as all supporting documentation such as checks received in payment of any invoice and/or any statements or account summaries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 3, 4, 11, 12, 13, 14, 15, 16, 17, and 18. PwC objects to this request because the phrase "supporting documentation" is vague and ambiguous. PwC objects to this request to the extent that this request erroneously states that PwC audited the Bank's financial statements. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks personal and confidential information about PwC personnel; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of Plaintiffs, Plaintiffs' attorneys, or other representatives of Plaintiffs; or information that is as readily available to Plaintiffs as it is to PwC. PwC objects to this request to the extent that it assumes PwC was engaged by the Bank.

DMSLIBRARY01:24654530.2

**REQUEST FOR PRODUCTION NO. 10:**

To the extent not produced in connection with a previous request, provide all documents discussing the professional standards that governed each audit and quarterly review that PwC performed on behalf of CBG and/or Bank during each of the years ended December 31, 2002 through December 31, 2009, and/or the manner in which PwC was to comply with those standards.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 3, 4, 11, 12, 13, 14, 15, 16, 17, and 18. PwC objects to this request to the extent that this request erroneously states that PwC audited the Bank's financial statements. PwC objects to this request to the extent that it seeks confidential and proprietary business information and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information that is already in the possession, custody, or control of Plaintiffs, Plaintiffs' attorneys, or other representatives of Plaintiffs; or information that is as readily available to Plaintiffs as it is to PwC. PwC objects to this request to the extent that it assumes PwC was engaged by the Bank.

**REQUEST FOR PRODUCTION NO. 11:**

To the extent not produced in connection with a previous request, provide any and all professional standards, literature, and/or internal guidelines that discuss and/or relate to the duty of an independent auditor to plan and/or perform an audit to obtain reasonable assurance that the financial statements under audit are free of material misstatement caused by fraud. For purposes of this Request, PwC should produce any such professional standards, literature and/or guidelines that were applicable at the time that PwC conducted each of its audits of the consolidated financial statements of CBG (and its subsidiaries) for the years ended December 31, 2002 through December 31, 2008.

DMSLIBRARY01:24654530.2

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 3, 4, 11, 12, 13, 14, 15, 16, 17, and 18. PwC objects to this request to the extent that this request erroneously states that PwC audited the Bank's financial statements.  PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential information about PwC personnel and PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties.  PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  PwC objects to this request to the extent that it seeks information that is already in the possession, custody, or control of Plaintiffs, Plaintiffs' attorneys, or other representatives of Plaintiffs; or information that is as readily available to Plaintiffs as it is to PwC.  PwC objects to this request to the extent that it assumes PwC was engaged by the Bank.

**REQUEST FOR PRODUCTION NO. 12:**

Provide PwC's policies concerning the retention or destruction of documents, including but not limited to, your policies relating to the retention or destruction of the audit workpapers and any documentation utilized during the engagement, as it was in effect during the relevant time period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

DMSLIBRARY01:24654530.2

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 11, 12, 13, 14, 15, 16, 17, and 18.  PwC objects to this request because the phrase "relevant time period" is vague and ambiguous.  PwC objects to this request to the extent that it seeks confidential and proprietary business information.  PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  PwC objects to this request to the extent that it seeks information that is already in the possession, custody, or control of Plaintiffs, Plaintiffs' attorneys, or other representatives of Plaintiffs; or information that is as readily available to Plaintiffs as it is to PwC.

**REQUEST FOR PRODUCTION NO. 13:**

Provide all documents that discuss and/or describe the role and/or function of the "Fraud Policy Coordinator" in the audit process, including but not limited to all training materials that discuss and/or describe how a PwC auditor fulfills his or her duties and/or responsibilities as a "Fraud Policy Coordinator."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 11, 12, 13, 14, 15, 16, 17, and 18.  PwC PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential information about PwC personnel and PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties.  PwC objects to this request on the grounds that it is overbroad, unduly

26

burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC. PwC objects to this request to the extent that it seeks information that is already in the possession, custody, or control of Plaintiffs, Plaintiffs' attorneys, or other representatives of Plaintiffs; or information that is as readily available to Plaintiffs as it is to PwC.

### REQUEST FOR PRODUCTION NO. 14:

Provide all documents which discuss and/or describe PwC's "My Client" electronic database and/or the "MyClient Audit Roadmap", including but not limited to all documents that discuss or describe how PwC auditors should utilize the MyClient database and/or "Audit Roadmap" as well as all documents which describe the information that PwC auditors should (or should not) include as part of an audit client's "My Client" file.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 14:

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 11, 12, 13, 14, 15, 16, 17, and 18. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC. PwC objects to this request to the extent that it seeks information that is already in the

possession, custody, or control of Plaintiffs, Plaintiffs' attorneys, or other representatives of Plaintiffs; or information that is as readily available to Plaintiffs as it is to PwC.

**REQUEST FOR PRODUCTION NO. 15:**

To the extent that PwC was retained by TBW between December 31, 2002 and August 31, 2009 to perform any service, provide all documents that describe those services, including but not limited to, copies of all engagement letters, agreements, workpapers and/or reports relating to the those services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 6, 11, 12, 13, 14, 15, 16, 17, and 18.  PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks personal and confidential information about PwC personnel and PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties.  PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of Plaintiffs, Plaintiffs' attorneys, or other representatives of Plaintiffs; or information that is as readily available to Plaintiffs as it is to PwC.

**REQUEST FOR PRODUCTION NO. 16:**

DMSLIBRARY01:24654530.2

Provide all documents relating to any complaint or criticism, informal or formal, that PwC has received in relation to any audit and/or quarterly review that PwC conducted on behalf of CBG and/or Bank for the years ending December 31, 2002 through December 31, 2009.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 3, 4, 11, 12, 13, 14, 15, 16, 17, and 18. PwC objects to this request because the phrases "complaint" and "criticism" are vague and ambiguous. PwC objects to this request to the extent that this request erroneously states that PwC audited the Bank's financial statements. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks personal and confidential information about PwC personnel; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of Plaintiffs, Plaintiffs' attorneys, or other representatives of Plaintiffs; or information that is as readily available to Plaintiff as it is to PwC. PwC objects to this request to the extent that it assumes PwC was engaged by the Bank.

**REQUEST FOR PRODUCTION NO. 17:**

29

Provide all documents and analyses of PwC's independence with respect to CBG and/or the Bank at the time PwC conducted its annual audits and/or quarterly reviews for the years ending December 31, 2002, through December 31, 2009, including but not limited to, all documents that describe any actual or potential conflict of interest that existed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 3, 4, 11, 12, 13, 14, 15, 16, 17, and 18. PwC objects to this request to the extent that this request erroneously states that PwC audited the Bank's financial statements. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of Plaintiffs, Plaintiffs' attorneys, or other representatives of Plaintiffs; or information that is as readily available to Plaintiff as it is to PwC. PwC objects to this request to the extent that it assumes PwC was engaged by the Bank.

**REQUEST FOR PRODUCTION NO. 18:**

Provide all peer review documents and reports, including without limitation, all PCAOB Inspection Reports, that relate in any way to the following: (a) the audit services that PwC provided on behalf of CBG between December 31, 2002 and August 31, 2009;  (b) audit services that PwC provided to any other financial institution that specialized in providing

30

mortgage warehouse lines of credit, mortgages held for sale and/or "securities purchased under agreements to resell."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 3, 11, 12, 13, 14, 15, 16, 17, and 18. PwC objects to this request because the phrase "specialized" is vague and ambiguous. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks personal and confidential information about PwC personnel and PwC clients other than CBG; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of Plaintiffs, Plaintiffs' attorneys, or other representatives of Plaintiffs; or information that is as readily available to Plaintiffs as it is to PwC.

**REQUEST FOR PRODUCTION NO. 19:**

Provide all documents relating to CBG's and/or Bank's retention of Crowe as a provider of internal audit services, including but not limited to the following:

    (a) any and all documents and communications relating to Crowe's initial (first) engagement to provide internal audit services on behalf of CBG and/ or Bank;

31

(b) all marketing materials that Crowe provided to CBG, including but not limited to, any presentations, brochures, powerpoints or communications discussing or relating to Crowe's retention and/or Crowe's qualifications;

(c) any and all documents discussing auditor independence rules and how those rules impacted the ability of accounting firms (like PwC and Crowe) to simultaneously provide both consulting and audit services to the same client;

(d) all documents relating to or reflecting any recommendation(s) that PwC made to CBG and/or the Bank to retain Crowe to provide internal audit services;

(e) all documents reflecting communications between PwC and Crowe relating in any way to CBG's retention of Crowe as a provider of internal audit services;

(f) all documents reflecting any discussion or evaluation of any actual or potential conflict of interest and/or concern that existed as a result of the fact some of the individuals at Crowe who were performing the internal audit services (e.g. Michael Thomas) were formerly employed by PwC;

(g) all documents reflecting PwC's evaluation of Crowe's internal auditing work, and PwC's determination of whether or not PwC would rely on that work or perform additional testing, including but not limited to, the work Crowe performed in relation to the Bank's MWLD during each of the years ended December 31, 2002 through December 31, 2009;

(h) all documents reflecting Crowe's findings, including but not limited to, any reportable conditions or issues of concern which Crowe noted while performing services during each of the years ended December 31, 2002 and December 31, 2009, and PwC's discussions with Crowe, CBG and/or Bank regarding these reportable conditions or issues of concern.

(i) all documents reflecting PwC's understanding of Crowe's responsibility in performing internal audit services on behalf of CBG during the years ended December 31, 2002 through December 31, 2009, including but not limited to, letters describing the scope of Crowe's services, professional standards providing guidance on an independent auditor's reliance on the work of an internal auditor, during the relevant time period.

(j) all documents in PwC's possession, custody or control that reflect PwC's review and/or reliance upon Crowe's work to perform an evaluation of the risk of fraud at CBG and/or the Bank during the relevant time period, including but not limited to, meeting notes, notes from conversations had, work papers, review notes, memos, notes or memos to file, or any other documentation of such review and/or communication.

32

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

In addition to the foregoing General Objections, PwC objects to this request based on the foregoing Definitional and Instructional Objections 1, 2, 3, 4, 11, 12, 13, 14, 15, 16, 17, and 18. PwC objects to this request to the extent that this request erroneously states that PwC audited the Bank's financial statements. PwC objects to this request to the extent that it seeks information that is subject to the attorney-client privilege, the work-product doctrine, the accountant-client privilege, professional rules preventing the disclosure of confidential client information, or any other applicable privilege, immunity, or protection, including 15 U.S.C. § 7215(b)(5)(A) and 26 U.S.C. § 7216; seeks personal and confidential information about PwC personnel; seeks confidential and proprietary business information; and seeks information subject to confidentiality agreements, protective orders, or statutory provisions that may bar disclosure of the information without the consent of third parties. PwC objects to this request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. PwC objects to this request to the extent that it seeks information not presently in the possession, custody, or control of PwC; information that is already in the possession, custody, or control of Plaintiffs, Plaintiffs' attorneys, or other representatives of Plaintiffs; information that is more properly obtained from Crowe; or information that is as readily available to Plaintiffs as it is to PwC. PwC objects to this request to the extent that it assumes PwC or Crowe was engaged by the Bank.

In further response to subpart (b) of this request, PwC objects to this request because the phrase "marketing materials" is vague and ambiguous. In further response to subpart (h) of this

33

request, PwC objects to this request because the phrase "issues of concern" is vague and ambiguous.

Dated: January 12, 2015

**KING & SPALDING LLP**
Elizabeth V. Tanis
Drew David Dropkin
1180 Peachtree Street, NE
Atlanta, GA 30309
Telephone: (404) 572-4600
Facsimile: (404) 572-5140
Email:  ddropkin@kslaw.com
         etanis@kslaw.com

**BALL BALL MATTHEWS & NOVAK PA**
Tabor Robert Novak, Jr.
PO Box 2148
Montgomery, AL 36102-2148
Telephone: (334) 387-7680
Facsimile: (334) 387-3222
Email:  tnovak@ball-ball.com

**ATTORNEYS FOR**
**PRICEWATERHOUSECOOPERS LLP**

34

## CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2015, a true and exact copy of the foregoing was served on the following counsel of record via U.S. mail:

Rufus T. Dorsey, IV
Ronald T. Coleman, Jr.
C Edward Dobbs
PARKER, HUDSON, RAINER & DOBBS, LLP
285 Peachtree Center Avenue, NE
1500 Marquis Two Tower
Atlanta, GA 30303
*Attorneys for Plaintiffs*

Christopher A. Caserta
Nicholas J. DiCarlo
DiCARLO CASERTA McKEIGHAN PLC
6900 E. Camelback Road, Suite 250
Scottsdale, AZ 85251
*Attorneys for Plaintiffs*

Andrew P. Campbell
Justin G. Williams
Caroline Smith Gidiere
CAMPBELL GUIN WILLIAMS GUY & GIDIERE
520 N. 20th Street, Suite 2000
Birmingham, AL 35203
*Attorneys for Plaintiffs*

David Mullin
John M. Brown
John G. Turner, III
Robert Bell
Clint R. Latham
Richard Biggs
MULLIN, HOARD & BROWN, LLP
500 South Taylor, Suite 800
Amarillo, TX 79101
*Attorneys for the Federal Deposit Insurance Corporation as Receiver of Colonial Bank*

Jonathan C. Medow
Stanley J. Parzen
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
*Attorneys for Defendant Crowe Horwath, LLP*

James Harold Anderson
BEERS ANDERSON JACKSON PATTY & FAWAL PC
P.O. Box 1988
Montgomery, AL 36102
*Attorney for Defendant Crowe Horwath, LLP*

Dennis Bailey
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
P.O. Box 270
Montgomery, AL 36101-0270
*Attorney for the Federal Deposit Insurance Corporation as Receiver of Colonial Bank*

Thomas J. O'Brien
FEDERAL DEPOSIT INSURANCE CORPORATION
3501 Fairfax Drive, Room VS-B-7032
Arlington, VA 22226-3500
*Attorney for the Federal Deposit Insurance Corporation as Receiver of Colonial Bank*

Drew D. Dropkin (Ga. Bar No. 231031)
*admitted pro hac vice*

35