# Exhibit O

# MULLIN✦HOARD✦BROWN✦LLP
## MHB
### ATTORNEYS AT LAW

**DAVID MULLIN, PARTNER**
AMARILLO OFFICE

July 31, 2015

**Via E-mail and Regular Mail**

Elizabeth V. Tanis
Drew D. Dropkin
James N. Gorsline
Jaunita Passyn Kuhner
David Tetrck, Jr.
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA 30309

Rufus T. Dorsey, IV
C. Edward Dobbs
Ronald T. Coleman, Jr.
Parker Hudson Rainer & Dobbs LLP
285 Peachtree Center Avenue, NE
1500 Marquis Two
Atlanta, GA 30303

James H. Anderson
Beers Anderson Jackson Patty
250 Commerce Street
Montgomery, AL 36104

Stanley J. Parzen
Jonathan C. Medow
Mayer Brown LLP
71 S. Wacker Drive
Chicago, Illinois 60606

Nicholas J. DiCarlo
Christopher A. Caserta
DiCarlo Caserta McKeighan & Phelps PLC
6900 East Camelback Road, Suite 250
Scottsdale, Arizona

Andrew P. Campbell
Caroline Smith Gidiere
Justin Glyien Williams
Campbell, Guin, Williams, Guy & Gidiere
505 20th Street North, Suite 1600
Birmingham, AL 35203

85251Tabor R. Novak, Jr.
Ball, Ball, Matthews & Novak
445 Dexter Avenue, Suite 9045
Montgomery, AL 36104

Richard T. Marooney, Jr.
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-2601

Brad J. Lingo
King & Spalding LLP
100 N. Tryon Street, Suite 3900
Charlotte, NC 28202

Geoffrey M. Ezgar
King & Spalding LLP
601 S. California Avenue
Palo Alto, CA 94304

July 31, 2015
Page 2

Meredith Moss
1700 Pennsylvania Avenue, NW, Suite 200
Washington, DC 2006-4707

      Re:    *FDIC, as Receiver for Colonial Bank, et al. v. PwC/Crowe et al*
               In the United States District Court for the Middle District of Alabama

Dear Counsel:

     Enclosed is the Plaintiff, FDIC-R's Notice of Rule 30(B)(6) Deposition to Defendant PricewaterhouseCoopers, LLP.

                                      Respectfully,

                                      David Mullin

cc:    James Cunningham, Esq. (Via E-mail with Enclosures)

{1198/00/710055.DOC / 1}

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE COLONIAL BANCGROUP, INC., and KEVIN O'HALLORAN,<br><br>    Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,<br><br>    Defendants. | Case No. 2:11-cv-00746-WKW |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK,<br><br>    Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,<br><br>    Defendants. | Case No. 2:12-cv-00957-WKW |

**PLAINTIFF FDIC-R'S NOTICE OF RULE 30(B)(6) DEPOSITION TO
<u>DEFENDANT PRICEWATERHOUSECOOPERS LLP</u>**

To:   PricewaterhouseCoopers LLC, by their attorneys Elizabeth V. Tanis and Drew David Dropkin, 1180 Peachtree Street, NE Atlanta, GA 30309, via email at <u>etanis@kslaw.com</u> and <u>ddropkin@kslaw.com.</u>

PLEASE TAKE NOTICE pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Federal Deposit Insurance Corporation as Receiver for Colonial Bank ("FDIC-R") will take the oral deposition of PricewaterhouseCoopers LLP ("PwC"), on Wednesday, September 2, 2015, at the offices of King & Spalding, LLP, 1185 Avenue of the Americas, New York, New York 10036 at 9:00 a.m. The deposition will be recorded stenographically and continue from day to day until completed.

The FDIC-R seeks to take the oral deposition of PwC's designated representative(s) most knowledgeable on the matters for examination listed on Exhibit A of Plaintiff's Notice of Oral Deposition Pursuant to Fed. R. Civ. P. 30 (B)(6). Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, in the event PwC designates more than one representative to testify on these matters, FDIC-R respectfully requests that PwC specify in its designations the matters on which each representative will testify in order to facilitate an efficient and orderly deposition.

Respectfully submitted,

**RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.**
Dennis Bailey
184 Commerce Street
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 206-3234
Facsimile: (334) 481-0031
Email: DRB@rsjg.com

*/s/ David Mullin*
David Mullin (TX Bar No. 14651600)
*pro hac vice*
John M. Brown (TX Bar No. 3142500)
*pro hac vice*
John G. Turner, III (TX Bar No. 20320550)
*pro hac vice*
Robert Bell (TX Bar No. 00787062)
*pro hac vice*
Clint Latham (TX Bar No. 24013009)
*pro hac vice*
Richard Biggs (TX Bar No. 24064899)
*pro hac vice*

**MULLIN HOARD & BROWN, LLP**
500 South Taylor, Suite 800
Amarillo, Texas  79101
Telephone:  (806) 372-5050
Facsimile:  (806) 372-5086
Email:  dmullin@mhba.com
jobrown@mhba.com
jturner@mhba.com
rbell@mhba.com
clatham@mhba.com
rbiggs@mhba.com

**ATTORNEYS FOR FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK**

# **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically served on July 31, 2015 by first class mail and by e-mail, as set forth below:

    Drew D. Dropkin (ddropkin@kslaw.com)
    Elizabeth V. Tanis (etanis@kslaw.com)
    James N. Gorsline (jgorsline@kslaw.com)
    Juanita Passyn Kuhner (jkuhner@kslaw.com)
    David Tetrick, Jr. (dtetrick@kslaw.com)
    King & Spalding LLP
    1180 Peachtree Street, NE
    Atlanta, GA 30309

    Bradley J. Lingo (blingo@kslaw.com)
    King & Spalding LLP
    100 N. Tryon Street, Suite 3900
    Charlotte, NC 28202

    Geoffrey M. Ezgar (gezgar@kslaw.com)
    King & Spalding LLP
    601 S. California Avenue
    Palo Alto, CA 94304

    Meredith Moss (mmoss@kslaw.com)
    1700 Pennsylvania Avenue, NW, Suite 200
    Washington, DC 20006-4707

    Richard T. Marooney, Jr. (rmarooney@kslaw.com)
    King & Spalding LLP
    1185 Avenue of the Americas
    New York, NY 10036-2601

    James H. Anderson (janderson@beersanderson.com)
    Beers Anderson Jackson Patty
    250 Commerce Street
    Montgomery, AL 36104

Stanley J. Parzen (sparzen@mayerbrown.com)
Jonathan C. Medow (jmedow@mayerbrown.com)
Mayer Brown LLP
71 S. Wacker Drive
Chicago, Illinois 60606

Tabor R. Novak, Jr. (tnovak@ball-ball.com)
Ball, Ball, Matthews & Novak
445 Dexter Avenue, Suite 9045
Montgomery, AL 36104

Andrew P. Campbell (Andy.Campbell@Campbellguin.com)
Caroline Smith Gidiere (Caroline.Gidiere@Campbellguin.com)
Justin Glyien Williams (Justin.Williams@Campbellguin.com)
Campbell, Guin, Williams, Guy & Gidiere, LLC
505 20th Street North, Suite 1600
Birmingham, AL 35203

Nicholas J. DiCarlo (ndicarlo@dcmplaw.com)
Christopher A. Caserta (ccaserta@dcmplaw.com)
DiCarlo Caserta McKeighan & Phelps PLC
6900 East Camelback Road, Suite 250
Scottsdale, Arizona 85251

Rufus T. Dorsey, IV (rtd@phrd.com)
C. Edward Dobbs (ced@phrd.com)
Ronald T. Coleman, Jr. (rtc@phrd.com)
Parker Hudson Rainer & Dobbs LLP
285 Peachtree Center Avenue, NE
1500 Marquis Two
Atlanta, GA 30303

_/s/ David Mullin_
David Mullin

## EXHIBIT A

## DEFINITIONS

1. "Administrative Subpoena" refers to the June 29, 2010 subpoena directed to PricewaterhouseCoopers LLP by the Federal Deposit Insurance Corporation as Receiver for Colonial Bank.

2. The use of "and" and "or" shall be interpreted in the most inclusive form.

3. "CBG" refers to Colonial BancGroup Inc.

4. "Colonial Bank" refers to Colonial Bank, which was placed into FDIC receivership on or around August 14, 2009.

5. The "Colonial Litigation" refers to Case No. 2:11-cv-00746-WKW and Case No. 2:12-cv-00957-WKW, proceeding in the Middle District of Alabama.

6. "Crowe" refers to defendant Crowe Horwath LLP.

7. The term "Document" or "Documents" shall have the broadest meaning allowable under the Federal Rules of Civil Procedure. Examples of documents include, without limitation, all Blackberry PIN communications, documents loaded into the Universal File Transfer system, agreements, contracts, communications, correspondence, letters, telegrams, telecopies, telexes, messages, memoranda, records, reports, books, summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, visitor records,

forecasts, statistical data, statistical statements, financial statements, work sheets, work papers, drafts, graphs, maps, charts, tables, accounts, analytical records, consultants' reports, appraisals, bulletins, brochures, pamphlets, circulars, trade letters, press releases, notes, notices, marginal notations, notebooks, telephone bills or records, bills, statements, records of obligations and expenditure, invoices, lists, journals, advertising, recommendations, files, printouts, compilations, tabulations, purchase orders, receipts, sell orders, confirmations, checks, canceled checks, letters of credit, envelopes or folders or similar containers, vouchers, analyses, studies, surveys, transcripts of hearings, transcripts of testimony, expense reports, microfilm, microfiche, articles, speeches, tape or disc recordings, sound recordings, video recordings, film, tape photographs, punch cards, programs, data compilations from which information can be obtained (including matter used in data processing), text or other instant messages, e-mail, and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer-stored, or electronically-stored matter, however, and by whomever produced, prepared, reproduced, disseminated, or made. A draft or non-identical copy is a separate document within the meaning of this term. "Document" also includes any removable "post-it" notes or other attachments or exhibits affixed to any of the foregoing.

8. "ESI" means electronically stored information and shall have the broadest meaning allowable under the Federal Rules of Civil Procedure and includes any type of information that is stored electronically.

9. "HUD-OIG Production" refers to the production of documents bates numbered PWC-CBG-TBW01175222-01240140 and identified as the HUD-OIG regulatory production and any other productions to HUD or the OIG made in relation to the same matter, investigation or other proceeding in which this production was made.

10. "OIG-FDIC Production" refers to the production of documents bates numbered PWC-CBG-TBW01165620-01175221 and identified as the OIG-FDIC regulatory production and any other productions to the OIG or the FDIC made in relation to the same matter, investigation or other proceeding in which this production was made.

11. "PCAOB" refers to the Public Company Accounting Oversight Board.

12. "PwC" refers to PricewaterhouseCoopers LLP, a limited liability partnership organized under the laws of the State of Delaware, and its current or former partners, principals, senior managers, managers, staff, and other employees.

13. "SEC Production" refers to the production of documents bates numbered PWC-CBG-TBW001241077-01983799 and identified as the SEC regulatory production, the production of documents bates numbered PWC-CBG-TBW-E01444486-01983799 and identified as e-mails and electronic documents

produced to the SEC, and any other productions to the SEC made in relation to the same matter, investigation or other proceeding in which these productions were made.

14. "TBW" refers to Taylor Bean & Whitaker Mortgage Corporation.

15. "TBW Litigation" refers to Case No. 13-33964(40), proceeding in the Circuit Court of the 11th Judicial District, in and for Miami-Dade County, Florida.

16. Unless otherwise stated, the relevant date for all topics is from January 1, 2003 to the present.

## TOPICS FOR 30(B)(6) DEPOSITION

1. PwC's document retention and destruction policies from 2002 to the present, including, but not limited to, any amendments, revisions, or other modifications to such policies.

2. PwC's policies and procedures relating to employee storage of Documents, ESI or other information concerning audit engagements.

3. All mechanisms by which any Documents, ESI or other information relating to Colonial Bank, CBG, TBW or Crowe may be deleted, physically destroyed, discarded, damaged, or overwritten.

4. All Documents, ESI, or other information relating to Colonial Bank, CBG, TBW or Crowe that have been destroyed, deleted, discarded or lost.

5.      PwC's policies and procedures relating to the collection and retention of PwC hardware, Documents, ESI or other information from terminated, separating or otherwise departing PwC employees.

6.      The organizational structure of PwC's information technology department or similar department from 2002 to the present.

7.      The identity of PwC personnel involved in the preservation, collection or production of Documents, ESI, or any other information relating to Colonial Bank, CBG, TBW or Crowe.

8.      All "litigation holds" or notices to preserve Documents, ESI, or any other information relating to Colonial Bank, CBG, TBW or Crowe issued by PwC, including, but not limited to, the following: (a) the identity of all individuals and/or departments who received any such notices, (b) the steps that were to be taken in response to the notice, and (c) the individuals listed as the contact for questions regarding the notice.

9.      The identity of PwC custodians in possession of Documents, ESI, or any other information relating to Colonial Bank, CBG, TBW or Crowe.

10.     All applications, programs, systems or user interfaces that PwC custodians in possession of Documents, ESI or any other information relating to Colonial Bank, CBG, TBW or Crowe used, were given permissions for, or had access to, including, but not limited to, the following: (a) any proprietary software or systems used by PwC auditors in completing financial statement audits, (b) any

applications or systems that allowed for remote access to PwC systems and documents, and (c) the native file format for ESI or other information generated by such applications, programs or systems.

11. All hardware that PwC custodians in possession of Documents, ESI, or any other information relating to Colonial Bank, CBG, TBW or Crowe were issued, used, or had access to, including, but not limited to, hard drives, shared drives, and mobile devices.

12. The storage location and condition of physical "hard copy" Documents, data, or other information relating to Colonial Bank, CBG, TBW or Crowe.

13. All storage media or archival systems PwC used to store Documents, ESI or any other information relating to Colonial Bank, CBG, TBW or Crowe.

14. All fileshares, network drives, or shared folders used to store Documents, ESI or any other information relating to Colonial, TBW or Crowe.

15. With respect the PwC applications, programs, or systems listed below in subparagraphs (i)-(xii): (a) the use of such applications, programs, or systems in connection with PwC's audits of Colonial Bank and CBG, (b) the type of ESI generated by such applications, programs, or systems, (c) the location of any ESI generated by such applications, programs, or systems, (d) any backups or archive copies of ESI generated by such applications, programs, or systems, and (e) the

deletion or destruction of ESI generated by such applications, programs, or systems.

    i.    GFS and NEIS and any other billing or timekeeping systems.

    ii.    My Client, Aura and Lotus Notes, and any other audit work paper and/or map file systems.

    iii.    Accounts Receivable and invoice documents.

    iv.    Acceptance and Continuance (a/k/a A&C), and any other risk management evaluation systems.

    v.    AASI and any other consult or work flow systems.

    vi.    RMS and any other system which tracks hard copy and physical documents.

    vii.    ATLAS and any other legal hold systems.

    viii.    Same Time and any other PwC instant messaging systems.

    ix.    Domino, Connected, Autonomy, and any other PwC email systems.

    x.    Blackberry PIN messaging and any other proprietary text-based instant messaging systems.

    xi.    PwC's intranet.

16.    PwC's collection of Documents, ESI or any other information relating to the Colonial Litigation, the TBW Litigation, the Administrative Subpoena, the HUD-OIG Production, the OIG-FDIC Production, the SEC Production, and any

PCAOB or other investigations relating to PwC's audits of Colonial, including, but not limited to, the following: (a) the sources of Documents or ESI identified for collection from PwC, including the individual custodians and other sources or repositories of Documents or ESI, (b) the manner and method by which these sources were identified, (c) the manner and method by which Documents and ESI were collected, (d) the manner and method by which Documents and ESI were stored following collection, and (e) the identity of the individuals or entities who took possession of or hosted Documents or ESI after they were collected; and (f) any efforts by PwC to organize, sort, or index the Documents, ESI, or other information collected.

17.  PwC's production of Documents, ESI or any other information relating to the Colonial Litigation, the TBW Litigation, the Administrative Subpoena, the HUD-OIG Production, the OIG-FDIC Production, the SEC Production, and any PCAOB or other investigations relating to PwC's audits of Colonial, including, but not limited to: (a) the sources of Documents or ESI identified as containing potentially responsive documents, (b) the manner and method by which these sources were identified, (c) the manner and method by which potentially responsive Documents or ESI were or will be identified for review, (d) the manner and method by which potentially responsive documents were or will be reviewed for production, (e) the manner, method, and format in which Documents or ESI were or will be produced, (f) any efforts by PwC to

organize, sort, or index the Documents, ESI, or other information produced, and, with respect to the Colonial Litigation, (g) any software or search methods that were or will be used to respond to the FDIC-R's Requests for Production of Documents.

18. Specifically with respect to PwC's collection and production of documents in the TBW Litigation, issues or problems that occurred during PwC's collection and production of documents that resulted in a failure to produce documents either in their entirety or in a complete and usable form. This includes, but is not limited to, the matters identified by TBW in its May 14, 2015 filing, Filing Number 27313971, titled "Plaintiff's Motion for Order Overruling Objections and Compelling Discovery Responses Regarding Document Production." This also includes, but is not limited to, any problems identified by PwC with respect to its collection and production of documents in the TBW Litigation that led to a failure to produce Documents or ESI, including processing errors, a failure to collect custodian ESI, or failures in the proper application of date filters.

19. The amendment or supplementation of PwC audit work papers, and how such supplementation would be noted within PwC's electronic filing system.