IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE COLONIAL BANCGROUP, INC., as post-confirmation debtor, and KEVIN O'HALLORAN, as plan trustee acting for and on behalf of the debtor, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:11-cv-00746-WKW |
| v. | ) ) | |
| PRICEWATERHOUSECOOPERS LLP, and CROWE HORWATH LLP, | ) ) ) | |
| Defendants. | ) ) | |
| | ) ) | Case No. 2:12-cv-00957-WKW |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Colonial Bank, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP, | ) ) ) | |
| Defendants. | ) ) | |

**DECLARATION OF JONATHAN C. MEDOW IN SUPPORT OF CROWE HORWATH LLP'S MOTION TO FILE ADDITIONAL SUMMARY JUDGMENT MOTIONS**

STATE OF ILLINOIS, COUNTY OF COOK

I, Jonathan C. Medow, being of lawful age and duly sworn, deposes and says:

1. I am an attorney duly admitted to practice before this Court *pro hac vice*. I am a partner at Mayer Brown LLP, attorneys for Defendant Crowe Horwath LLP ("Crowe"). I submit this declaration in support of Crowe's concurrently filed Reply in Support of Its Motion to File Additional Summary Judgment Motions.

1

2.    Attached as Exhibit 1 is a true and correct copy of an email sent by John Brown, counsel for the Federal Deposit Insurance Corporation, as Receiver for Colonial Bank, to me dated August 9, 2012 and its attachment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 16, 2015            */s/ Jonathan Medow*

# Exhibit 1

## Medow, Jonathan C.

| | |
|---|---|
| **From:** | John Brown [jmb@mhba.com] |
| **Sent:** | Thursday, August 09, 2012 12:00 PM |
| **To:** | Medow, Jonathan C. |
| **Cc:** | David Mullin; Clint Latham |
| **Subject:** | Tolling |
| **Attachments:** | Final Crowe Tolling Agreement (00528118).DOCX |

Mr. Medow, here is a plain vanilla form of tolling agreement for your review. I have prepared it based on a 60 day tolling period. I realize that the initial proposal was for a 45 day tolling period, but PwC requested 60 days. Please let me know as soon as possible if the change to 60 days is a problem for Crowe. I look forward to your comments on the substance of the agreement as soon as you can get them to me. We need to get the tolling agreements in place by the of the day. Thank you.

**John M. Brown**
**Partner**
**Mullin Hoard & Brown, L.L.P.**
500 S. Taylor, Suite 800
Amarillo National Plaza Two
Amarillo, TX 79101

**806.337-1113**
**806.372.5086 – fax**

Mailing Address:
P.O. Box 31656
Amarillo, TX 79120-1656

www.mullinhoard.com
jmb@mhba.com

This email contains confidential information (including any attachments) belonging to the sender or his client which may be protected from disclosure by the attorney-client privilege, the attorney or core work product immunity, the work product immunity, and/or other privilege or immunity. This confidential information is intended only for the use of the individuals or entities identified above. If you are not the intended recipient, you are hereby notified that any use, disclosure, copying, distribution, dissemination, or the taking of any action in reliance on the contents of the emailed information, is strictly prohibited. If you have received this email in error, please immediately notify the sender by replying to the email or by telephone at 806.372.5050.

# TOLLING AGREEMENT

**THIS TOLLING AGREEMENT** is made this 9th day of August, 2012 (the "Effective Date"), by and between the Federal Deposit Insurance Corporation, as receiver for Colonial Bank ("FDIC"), and Crowe Horwath LLP ("Crowe"). FDIC and Crowe may be referenced collectively in this Tolling Agreement as the "Parties" or each separately as a "Party."

**WHEREAS**, the Alabama State Banking Department closed Colonial Bank ("Colonial") on August 14, 2009, and FDIC was appointed as the receiver for Colonial; and

**WHEREAS**, the FDIC is considering one or more claims it may assert ("FDIC Claims") as Colonial's receiver against Crowe relating to professional services Crowe performed for Colonial BancGroup, Inc. ("Holding Company") and/or Colonial up through and including August 14, 2009, including without limitation claims associated with Crowe's internal audit services provided to the Holding Company and its subsidiaries ("Professional Services"); and

**WHEREAS**, nothing in the foregoing definitions of "FDIC Claims" or "Professional Services" shall be construed to expand or limit the claims the FDIC could have brought against Crowe in the absence of this Agreement; and

**WHEREAS**, Crowe has denied, and continues to deny, all wrongdoing; and

**WHEREAS**, the Parties have indicated a desire to continue discussions concerning a potential settlement of the FDIC Claims; and

**WHEREAS**, the Parties wish to, during the Tolling Period as defined below, attempt to resolve the FDIC Claims and avoid the cost, risk, and inconvenience of litigation; and

**WHEREAS**, the Parties have therefore agreed to toll and suspend all timing defenses and statutes of limitation in accordance with this Tolling Agreement; and

**WHEREAS**, execution of this Tolling Agreement and the agreements hereunder shall not be construed as an admission of any wrongdoing of any manner whatsoever, nor shall the execution of this Tolling Agreement be deemed to waive or preclude any claim or any right to institute litigation.

**NOW THEREFORE**, with the foregoing recitals incorporated herein, the Parties, intending to be legally bound, agree in consideration of the terms of this Tolling Agreement, the sufficiency of which is acknowledged, as follows:

1. Any and all statutes of limitations or repose that would have otherwise expired or lapsed at any time during the time period beginning on the Effective Date and ending on October 10, 2012 (the "Termination Date") shall be tolled, suspended, and not expire or lapse until after the Termination Date. The time from the Effective Date until the Termination Date shall be referred to as the "Tolling Period." The Tolling Period shall not be included in the calculation of the time under any Statute of Limitations, as defined below. All Statutes of Limitations tolled pursuant to this Agreement will begin to run once again beginning on the day following the Termination Date.

2. For purposes of this Tolling Agreement, the term "Statute of Limitations" shall include any timing defense, and any statutory, common law, equitable, or contractual time period of limitations or repose of claims and any defense related to, or predicated upon, the passage of time, including, without limitation, the defense of laches, for any purported claims pertaining to any activities of Crowe in connection with Colonial.

3. All claims, defenses, cross-claims, or counterclaims that either Party could have asserted against the other Party at any time before the Effective Date shall be preserved without any prejudice during the Tolling Period. The Tolling Agreement shall be prospective in nature, and, therefore, without prejudice to any claims or defenses that either Party had or may have had as they respectively stood prior to the Effective Date. Nothing in this Tolling Agreement shall be construed to revive any claim or counterclaim that was barred at any time before the Effective Date by reason of any Statute of Limitation, nor does this Tolling Agreement constitute an admission or acknowledgement as to the applicability or inapplicability of any particular Statute of Limitations.

4. In consideration of the stipulations, covenants, and agreements of the Parties set forth herein, the FDIC covenants and agrees that it will not file a lawsuit against Crowe on the FDIC Claims prior to September 28, 2012.

5. Nothing in this Tolling Agreement shall in any way limit or impair the FDIC's ability to initiate proceedings against the Holding Company or any other party in any jurisdiction to determine the ownership the FDIC Claims.

6. This Tolling Agreement shall not be construed as an admission of any wrongdoing of any manner whatsoever or the merit of any purported claim in connection with any activities of Crowe involving Colonial or otherwise.

7. The Tolling Period provided by this Tolling Agreement or other terms in this Tolling Agreement may be modified or extended by an agreement in writing and signed by the Parties.

8. The Parties agree that, solely for purposes of enforcing the rights and obligations established hereunder, this Tolling Agreement shall be construed, governed, and enforced in accordance with federal law of the United States of America, and in the absence thereof, the laws of the State of Alabama; provided, however, that it is understood that any rule of any construction against the drafter of this Tolling Agreement shall not be applied to any interpretation of this Tolling Agreement.

9. It is acknowledged that both Parties have had the right to have consulted with their respective legal counsel as to the terms and effect of this Tolling Agreement and otherwise.

10. This Tolling Agreement contains the full and complete agreement of the Parties concerning the subject matter hereof, and it may not be altered or amended except in writing executed by the Parties. This Tolling Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but also which together will constitute one and the same instrument; provided, however, this Tolling Agreement shall have no force or effect until and unless it is executed and delivered on behalf of both Parties. Photocopies and/or facsimile

and/or e-mail transmissions of original signatures shall be considered in all respects equivalent to original signatures.

11. Crowe stipulates, agrees and warrants (i) that the terms, extent, and duration of this Tolling Agreement are reasonable, (ii) that Crowe will not challenge or contest in any way the capacity or the authority of any party hereto to make the agreements, covenants, waivers, stipulations, and warranties herein set forth, (iii) that the person executing and delivering this Tolling Agreement on its behalf has the necessary and appropriate authority and capacity to execute and deliver this Tolling Agreement and to make this Tolling Agreement fully binding upon and enforceable against Crowe.

12. This Tolling Agreement is binding upon and inures to the benefit of the Parties hereto and their successors and assigns, and with respect to individuals, their personal representatives, heirs, legatees, and beneficiaries.

**IN WITNESS WHEREOF**, the parties have executed this Tolling Agreement as of the Effective Date and intend to be legally bound by its terms.

**FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF COLONIAL BANK**

**CROWE HORWATH LLP**

By: _____
    Thomas J. O'Brien
    Counsel

By: _____
    One of Its Attorneys

Attorneys for Crowe Horwath LLP