IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE COLONIAL BANCGROUP, INC., and KEVIN O'HALLORAN, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:11-CV-746-WKW |
| PRICEWATERHOUSECOOPERS, LLP, and CROWE HORWATH, LLP, | ) ) ) ) | |
| Defendants. | ) | |
| _____ | | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:12-CV-957-WKW |
| PRICEWATERHOUSECOOPERS, LLC, and CROWE HORWATH, LLP, | ) ) ) ) | |
| Defendants. | ) | |

# **ORDER**

Although the deadline for filing summary judgment motions under the Uniform Scheduling Order ("USO") does not expire until August 5, 2016, Defendant Crow Horwath LLP ("Crowe") moves for leave to file two motions for summary judgment—one in each of these consolidated actions—on what it says are purely legal issues that "will not be affected by additional discovery." (Doc.

# 185.)  Crowe seeks leave of court to file these two motions "so as not to prejudice its ability to move for summary judgment again based upon full-blown discovery if these motions are not granted."  (Doc. # 185, at 2.)  Plaintiffs oppose the motion.  Plaintiff Federal Deposition Insurance Corporation as Receiver for Colonial Bank opposes the motion, arguing that additional discovery is required on the statute of limitations issue.  It argues, alternatively, that if the court permits Crowe to file motions for summary judgment now, the court should preclude Crowe from filing any additional motions at a later date.  (Doc. # 200.)  Plaintiffs Colonial BancGroup, Inc., and Kevin O'Halloran object to "serial filings" of summary judgment motions and contend that Crowe's arguments "re-plow[ ] old ground."  (Doc. # 201, at 2, 3.)  Crowe has filed a reply brief in support of its motion.  (Doc. # 216.)

    Neither Federal Rule of Civil Procedure 56 nor the Uniform Scheduling Order ("USO") contains an express limitation on the number of summary judgment motions a party may file.  Moreover, neither the USO nor Rule 56(b) precludes a party from filing a summary judgment motion prior to the USO's August 5, 2016 deadline.  There is no prohibition then under the governing rules in Crowe's filing two summary judgment motions at this date.  The motions will be permitted.  The court is cognizant, however, of Plaintiffs' concerns with the timing of the motions and the risk of successive and duplicative motions, and, thus, will monitor any

future summary judgment motions that Crowe files.  Moreover, recognizing the parties' disagreement as to whether additional factual discovery is necessary to oppose the summary judgment motions, the court finds that an extension of the USO's 28-day response deadline is warranted.  Accordingly, it is ORDERED as follows:

(1) Crowe's Motion to File Additional Summary Judgment Motions (Doc. # 185) is GRANTED.

(2) Crowe shall file its summary judgment motions and evidentiary submission, which are appended to Document No. 185, on or before **November 30, 2015**.

(3) Plaintiffs shall file responses to the motions on or before **February 19, 2016**.

(4) Crowe's reply brief, if any, shall be filed 7 days after the date the response is filed.

(5) Discovery will not be stayed during the pendency of the motions for summary judgment.

(6) Briefs in support of or in opposition to any motion generally should not exceed 25 pages.  If a brief exceeds 25 pages, counsel must include a table of contents indicating the main sections of the brief and the principal arguments made in each section, and the pages on which each section and any sub-sections may be

found.  Additionally, for briefs exceeding 25 pages, the filing party shall submit to chambers a paper courtesy copy bound in a three-ring binder and tabbed.  If a brief and attachments or exhibits together exceed 25 pages, the filing party shall submit to chambers a paper courtesy copy, double sided, tabbed, and bound in a three-ring binder.

(7) There is no requirement that courtesy copies be delivered to chambers by the due date; courtesy copies may be mailed or shipped to chambers on the day they are due.

(8) Any discussion of evidence in a brief must include the specific reference, by name or document number and by page and line, to where the evidence can be found in the supporting evidentiary submission or in any document filed with the court.

DONE this 24th day of November, 2015.

        /s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE