IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE COLONIAL BANCGROUP INC., and KEVIN O'HALLORAN, Plaintiff, v. PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP, Defendants. | ) | CASE NO. 2:11-cv-746-WKW-TFM |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK, Plaintiff, v. PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP Defendants. | ) | CASE NO. 2:12-cv-957-WKW-TFM |

**O R D E R**

Pending before the court is defendant Crowe Horwath LLP's ("Crowe") Motion for Partial Modification of December 15, 2015 Order Modifying the Uniform Scheduling Order (Doc. 244), PricewaterhouseCooper's Response ("PWC") (Doc. 252), Defendant FDIC's Response (Doc. 253), Defendants Colonial BancGroup, Inc. ("CBG") and Kevin O'Halloran's Response (Doc. 254), and Crowe's Reply (Doc. 261). On December 15, 2015 this Court entered an Order granting Defendant PwC's Motion for Extension of

Discovery and Motion Deadlines (Doc. 234), and ordering a 60-day extension of current fact discovery, a less-than-60-day extension of certain expert discovery and a 28-day extension for dispositive and *Daubert* motions. (Doc. 241). No other deadlines in the Court's Uniform Scheduling Order, including the trial setting, were changed. In its Motion, PwC represented that the extensions were agreed to by Plaintiffs, but that Crowe had expressed some objection. (Doc. 234).

Thereafter Crowe filed this Motion for Partial Modification of this Court's Order Modifying the Uniform Scheduling Order. In its Motion Crowe asks the Court to do the following (1) allow the February 19, 2016 deadline for responding to Crowe's pending summary judgment motions to remain in place, (2) order that Plaintiffs serve no new discovery on Crowe after January 20, other than with respect to issues relating to the tolling agreement, and (3) order that Plaintiffs shall not be allowed to request depositions of Crowe personnel that were not previously requested in discovery, other than with respect to the tolling agreement issues. (Doc. 244 at p. 4). The Court will address each of Crowe's requests below.

**(1) No extension of February 19, 2016 Deadline for Response to Crowe's Pending Motion for Summary Judgment**

The Amended Uniform Scheduling Order (Doc. 241) does not in any way alter this Court's November 24, 2015 Order which makes due on or before February 19, 2016, Plaintiffs' responses to Crowe's Motion for Summary Judgment. (Doc. 217). Accordingly, this Court will order that the Motion for Partial Modification of this Court's Order Modifying the Uniform Scheduling Order be denied as Moot as to this issue. The

Court will next address the issues of Crowe's requests for limitations on discovery against it.

**(2) No new discovery filed against Crowe after January 20, 2016, other than that related to the tolling agreement issues.**
**(3) No new deposition requests of Crowe personnel that were not previously requested in discovery, other than with respect to the tolling agreement issues.**

Crowe asks this Court to modify the Amended Uniform Scheduling Order (Doc. 241) to order that with the exception of tolling agreement issues, no new discovery be filed against Crowe after January 20, 2016 and no new deposition requests of Crowe personnel not previously requested in discovery be allowed. Primarily Crowe argues that discovery should be limited against it because of the financial burden the two-month extension will impose on it. *Federal Rule of Civil Procedure* 26(b) (1) allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense". Further, *Fed. R. Civ. P.* 26(b) (2) (C) (iii) provides that the Court is required to limit the "frequency or extent of discovery" when the "burden or expense . . . outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

The Court recognizes that the discovery in this case is voluminous. Indeed, the production between all parties to date exceeds 5 terabytes. (Doc. 254 at p. 7 Response of CBG to Crowe's Motion for Partial Modification). However, the Court concludes that the facts and legal questions at issue in this case warrant extensive discovery. Indeed, this is professional negligence action brought by the FDIC-R which arises out of a fraud

committed against CBG that occurred while PwC and Crowe co-defendants were auditors for Colonial. Crowe performed internal audits for CBG and PWC performed external or independent audits for CBG. Indeed, Crowe performed internal audit services for CBG between 2002 and 2009 when the alleged fraud was committed against CBG. CBG represents that it had over $25 billion in assets listed on the books at the time it collapsed and that the fraud perpetrated against its Mortgage Warehouse Lending Division ("MWLD") exceeded $1.8 billion. *Id.* at p. 8. Thus, the Court concludes that the Motion for Partial Modification of the Amended Scheduling Order should be denied as to Crowe's request for limitations on discovery as to it.

Accordingly, it is

ORDERED that the Motion for Partial Modification of December 15, 2015 Order Modifying the Uniform Scheduling Order (Doc. 244) be and hereby is DENIED as Moot as to Crowe's motion concerning the date for responses to its motions for summary judgment. Indeed, the parties are ADVISED that the February 19, 2016 deadline for responding to Crowe's pending summary judgment motions remains unchanged. Further it is

ORDERED that the Motion (Doc. 244) be and hereby is DENIED in all other respects.

Done this 12th day of January, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE