**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **THE COLONIAL BANCGROUP, INC., as post-confirmation debtor, and KEVIN O'HALLORAN, as plan trustee acting for and on behalf of the debtor,** | ) | |
| **Plaintiffs,** | ) | **Case No. 2:11-cv-00746-WKW** |
| **v.** | ) | **LEAD CASE** |
| **PRICEWATERHOUSECOOPERS LLP, and CROWE HORWATH LLP,** | ) | |
| **Defendants.** | ) | |
| ______________________________ | ) | |
| **FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Colonial Bank,** | ) | **Case No. 2:12-cv-00957-WKW** |
| **Plaintiff,** | ) | |
| **v.** | ) | |
| **PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,** | ) | |
| **Defendants.** | | |

---

**CROWE HORWATH LLP'S ANSWER AND DEFENSES TO COLONIAL BANCGROUP AND KEVIN O'HALLORAN'S SECOND AMENDED COMPLAINT**

---

Defendant Crowe Horwath LLP ("Crowe"), by and through its attorneys, respectfully submits its Answer and Defenses to the Colonial BancGroup and Kevin O'Halloran's Second

Amended Complaint (the "Complaint") filed by The Colonial BancGroup, Inc., as post-confirmation debtor, and Kevin O'Halloran, as plan trustee (together, "Plaintiffs"), as follows:

**Answer to Paragraph 1:** Paragraph 1 calls for legal conclusions to which Crowe need not respond. To the extent a response is required, Crowe denies the allegations of Paragraph 1 to the extent that they refer or relate to Crowe or its work. Crowe denies that it was negligent, grossly negligent, reckless, or otherwise acted wrongfully in the performance of its services or that it is liable to Plaintiffs. Crowe admits that, on August 14, 2009, the Alabama State Banking Department closed Colonial Bank and named the Federal Deposit Insurance Corporation as Receiver (the "FDIC"). Crowe further admits that the FDIC entered into a Purchase and Assumption Agreement with Branch Banking and Trust Company dated as of August 14, 2009, and that Colonial BancGroup, Inc. ("BancGroup") filed for bankruptcy on August 25, 2009. Crowe is aware of press reports and other materials relating to the fraud alleged in Paragraph 1, but Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation in Paragraph 1 not specifically admitted above.

**Answer to Paragraph 2:** Paragraph 2 calls for legal conclusions to which Crowe need not respond. To the extent a response is required, Crowe denies the allegations of Paragraph 2 to the extent that they refer or relate to Crowe or its work. Crowe denies that it was negligent, grossly negligent, reckless, or otherwise acted wrongfully in the performance of its services or that it is liable to Plaintiffs. Crowe admits that Colonial Bank, at certain times, had transactions with the Taylor Bean & Whitaker Mortgage Corporation ("Taylor Bean") relating to COLB and AOT facilities. Crowe further admits that, at various times, Taylor Bean had access to funding from Colonial Bank under warehouse lines of credit, a COLB facility, and an AOT facility. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of each and

every remaining allegation in Paragraph 2 not specifically admitted above and therefore denies each and every such allegation.

**Answer to Paragraph 3:** Crowe denies all allegations in Paragraph 3 that purport to characterize BancGroup's consolidated financial statements, the terms of which are the best evidence of their contents. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 3 and, therefore, denies each and every such allegation.

**Answer to Paragraph 4:** Paragraph 4 calls for legal conclusions to which Crowe need not respond. To the extent a response is required, Crowe denies the allegations of Paragraph 4 to the extent that they refer or relate to Crowe or its work. Crowe denies that it was negligent, grossly negligent, reckless, or otherwise acted wrongfully in the performance of its services or that it is liable to Plaintiffs. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 4 and, therefore, denies each and every such allegation.

**Answer to Paragraph 5:** Crowe admits that BancGroup was a publicly traded holding company and that it had an Audit Committee. Crowe denies the allegations of Paragraph 5 to the extent that they allege that BancGroup's Audit Committee was not responsible for BancGroup's internal audit function and that it relied instead on the performance of the independent audit functions of the internal and external auditors. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 5 and, therefore, denies each and every such allegation.

**Answer to Paragraph 6:** Crowe admits that BancGroup employed PricewaterhouseCoopers LLP ("PwC") to serve as BancGroup's outside, independent auditor. Crowe lacks knowledge or

information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 6 and, therefore, denies each and every such allegation.

**Answer to Paragraph 7:** The allegations of Paragraph 7 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 and, therefore, denies each and every such allegation.

**Answer to Paragraph 8:** Crowe admits that BancGroup engaged Crowe pursuant to engagement letters, the terms of which are the best evidence of their contents, and that Crowe performed the procedures required of it in the audit plans determined and approved by BancGroup's General Auditor in conjunction with BancGroup's Audit Committee, as set forth—and only as set forth—in Crowe's engagement letters with BancGroup. Crowe denies that it was engaged "to serve as BancGroup's independent internal auditor" and that it "agreed to, among other things, develop a risk assessment and internal audit plan each year to address risks such as fraud." Crowe denies each and every remaining allegation in Paragraph 8.

**Answer to Paragraph 9:** Crowe denies that it served as BancGroup's "internal auditor" and that it "reported directly to BancGroup's Audit Committee." To the extent the allegations in Paragraph 9 reference PwC's duties as external auditor, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe denies each and every remaining allegation in Paragraph 9, and states that BancGroup engaged Crowe to perform the services specified in its engagement letters with BancGroup, the terms of which are the best evidence of their contents.

**Answer to Paragraph 10:** Crowe denies that it served as BancGroup's "internal auditor." Crowe admits that BancGroup engaged Crowe pursuant to its engagement letters with

BancGroup, the terms of which are the best evidence of their contents. Crowe answers further that it performed the procedures required of it in the audit plans determined and approved by BancGroup's General Auditor in conjunction with BancGroup's Audit Committee, as set forth—and only as set forth—in Crowe's engagement letters with BancGroup. To the extent the allegations in Paragraph 10 reference the Audit Committee's reasons for adopting the audit plan or what the Audit Committee relied on, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe denies each and every remaining allegation in Paragraph 10.

**<u>Answer to Paragraph 11:</u>** Crowe denies that it "represented that it would monitor BancGroup's internal controls over warehouse lending activity and that it was conducting internal audits of the MWLD sufficient to 'safeguard the assets' of BancGroup." Crowe denies the allegations in Paragraph 11 to the extent they purport to characterize PwC's audit reports, the terms of which are the best evidence of their contents. To the extent the allegations in Paragraph 11 reference PwC's performance of its professional obligations, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe denies each and every remaining allegation in Paragraph 11.

**<u>Answer to Paragraph 12:</u>** To the extent the allegations in Paragraph 12 reference PwC's performance of its professional obligations, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe denies each and every remaining allegation in Paragraph 12.

**<u>Answer to Paragraph 13:</u>** To the extent the allegations in Paragraph 13 reference PwC's procedures or reports, Crowe lacks knowledge or information sufficient to form a belief as to the

truth or falsity of those allegations. Crowe otherwise denies each and every remaining allegation in Paragraph 13.

**Answer to Paragraph 14:** To the extent the allegations in Paragraph 14 reference PwC's performance of its professional obligations, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe similarly lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the last sentence of Paragraph 14. Crowe denies each and every remaining allegation in Paragraph 14, and further states that it is wholly speculative what "would have been detected" and what "corrective measures" "could have been taken" had Crowe been authorized by BancGroup to perform additional procedures, given the lengths to which the claimed Fraudsters, as defined in Crowe's answer to Paragraph 39, allegedly went to preserve their scheme.

**Answer to Paragraph 15:** Paragraph 15 calls for legal conclusions to which Crowe need not respond. To the extent a response is required, Crowe denies the allegations of Paragraph 15 to the extent that they refer or relate to Crowe or its work. Crowe denies that it was negligent, grossly negligent, reckless, or otherwise acted wrongfully in the performance of its services or that it is liable to Plaintiffs. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 15 and, therefore, denies each and every such allegation.

**Answer to Paragraph 16:** Paragraph 16 calls for legal conclusions to which Crowe need not respond. To the extent a response is required, Crowe admits that, on August 25, 2009, BancGroup filed for bankruptcy under Chapter 11 in the Middle District of Alabama. Crowe denies the remaining allegations in Paragraph 16, and states that the terms of the various

Bankruptcy Court orders and bankruptcy plan referenced in Paragraph 16 (the "Plan") are the best evidence of their contents.

**Answer to Paragraph 17:** Paragraph 17 calls for legal conclusions to which Crowe need not respond. To the extent a response is required, Crowe denies the allegations in Paragraph 17, and states that the terms of the Plan are the best evidence of its contents.

**Answer to Paragraph 18:** Crowe admits that BancGroup engaged PwC to serve as BancGroup's outside independent auditor for the years ended December 31, 2002 through December 31, 2008. Crowe otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and, therefore, denies each and every such allegation.

**Answer to Paragraph 19:** Crowe admits that it is an Illinois limited liability partnership, with its national office in Illinois, and that it has partners in several states. Crowe also admits that, prior to 2008, Crowe was a limited liability company, and that Michael Thomas served as an engagement partner for Crowe, and that prior to joining Crowe, Mr. Thomas was a director at PwC. Crowe denies each and every remaining allegation in Paragraph 19.

**Answer to Paragraph 20:** Paragraph 20 calls for legal conclusions to which Crowe need not respond. Further answering, Crowe states that it does not contest jurisdiction.

**Answer to Paragraph 21:** Paragraph 21 calls for legal conclusions to which Crowe need not respond. To the extent a response is required, Crowe denies each and every allegation in Paragraph 21.

**Answer to Paragraph 22:** Crowe admits that BancGroup was a publicly traded bank holding company; that Colonial Bank was a subsidiary of BancGroup; and that BancGroup filed a Report on Form 10-K with the United States Securities and Exchange Commission (the "SEC") on

March 2, 2009 stating that "[t]he principal activity of BancGroup is to supervise and coordinate the business of its subsidiaries and to provide them with capital and services." Crowe denies each and every remaining allegation in Paragraph 22.

**Answer to Paragraph 23:** Crowe admits that BancGroup filed a Report on Form 10-K with the SEC on March 2, 2009 stating that "[t]he Company [BancGroup] has six reportable segments for management reporting — five regional bank segments located in Florida, Alabama, Georgia, Nevada and Texas, and the mortgage warehouse segment headquartered in Orlando, Florida. Each regional bank segment consists of commercial lending and full service branches in its geographic region. The branches provide a full range of traditional banking products as well as wealth management and mortgage banking services." Crowe denies each and every remaining allegation in Paragraph 23.

**Answer to Paragraph 24:** Crowe admits that BancGroup filed a Report on Form 10-K with the SEC on March 2, 2009 stating that "[a]s of December 31, 2008, Colonial Bank had a total of 347 branches, with 197 branches in Florida, 90 branches in Alabama, 19 branches in Georgia, 21 branches in Texas and 20 branches in Nevada." Crowe denies each and every remaining allegation in Paragraph 24.

**Answer to Paragraph 25:** Crowe admits that BancGroup filed a Report on Form 10-K with the SEC on March 2, 2009 stating that "[t]he mortgage warehouse lending division provides short-term, secured funding to mortgage companies. Colonial's fundings to the mortgage companies are reflected in loans, loans held for sale and securities purchased under agreements to resell. The mortgage warehouse assets are secured by mortgage loans that are sold to investors such as Fannie Mae, Freddie Mac, Ginnie Mae and money center financial institutions who have committed to purchase the mortgage loans collateralizing the mortgage warehouse assets."

Crowe denies the remaining allegations in Paragraph 25, and states that management's assertions in BancGroup's Consolidated Statements of Income are the best evidence of their contents.

**Answer to Paragraph 26:** Crowe admits that Colonial Bank's MWLD had a business relationship with Taylor Bean in 2002 and at times thereafter. Crowe further admits, on information and belief, that Taylor Bean was controlled by Lee Farkas, and that, by 2008, Taylor Bean had become one of the nation's largest non-depository mortgage lenders. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 26 and, therefore, denies each and every such allegation

**Answer to Paragraph 27:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and, therefore, denies each and every such allegation.

**Answer to Paragraph 28:** Paragraph 28 calls for legal conclusions to which Crowe need not respond. To the extent a response is required, Crowe admits that, at various times, Taylor Bean had access to funding under warehouse lines of credit. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28 and, therefore, denies each and every such allegation.

**Answer to Paragraph 29:** The allegations of Paragraph 29 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe admits that, at various times, Taylor Bean had access to funding under a COLB facility. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 29 and, therefore, denies each and every such allegation.

**Answer to Paragraph 30:** Paragraph 30 calls for legal conclusions to which Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient

to form a belief as to the truth or falsity of the allegations in Paragraph 30 and, therefore, denies each and every such allegation.

**Answer to Paragraph 31:** The allegations of Paragraph 31 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31 and, therefore, denies each and every such allegation.

**Answer to Paragraph 32:** The allegations of Paragraph 32 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and, therefore, denies each and every such allegation.

**Answer to Paragraph 33:** The allegations of Paragraph 33 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 and, therefore, denies each and every such allegation.

**Answer to Paragraph 34:** The allegations of Paragraph 34 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 and, therefore, denies each and every such allegation.

**Answer to Paragraph 35:** The allegations of Paragraph 35 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe admits that, at various times, Taylor Bean had access to funding under an AOT facility. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 35 and, therefore, denies each and every such allegation.

**<u>Answer to Paragraph 36:</u>** Crowe denies the allegations in the first two sentences in Paragraph 36, and states that the management assertions in the financial statements issued by BancGroup are the best evidence of their contents. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 and, therefore, denies each and every such allegation.

**<u>Answer to Paragraph 37:</u>** As Crowe did not have a relationship with BancGroup in 1998, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence in Paragraph 37 and, therefore, denies each and every such allegation. Crowe admits that Taylor Bean maintained accounts within Colonial BancGroup, some of which may have been referred to as "operating" or "escrow" accounts. Crowe denies each and every remaining allegation in Paragraph 37.

**<u>Answer to Paragraph 38:</u>** Crowe admits that it specifically brought the existence of "tens of millions of dollars" of Taylor Bean overdrafts to BancGroup's attention by no later than 2003, and brought this fact to the attention of BancGroup's Audit Committee by no later than early 2004. Answering further, Crowe states that a member of BancGroup's Audit Committee has admitted that the Audit Committee could have ended the fraud in 2004 if it had performed a more vigorous follow-up to Crowe's finding. Crowe otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 38 and, therefore, denies each and every such allegation.

**<u>Answer to Paragraph 39:</u>** Crowe denies the allegations in the first sentence of Paragraph 39. To the extent that Paragraph 39's identification of Kissick (and those acting at her direction) and Farkas as "Adverse Parties" (referred to herein as the "Fraudsters") constitutes an allegation that Cathie Kissick's and Teresa Kelly's actions were adverse to BancGroup or Taylor Bean, Crowe

specifically denies that allegation in Paragraph 39 and wherever it appears throughout the Complaint.

**Answer to Paragraph 40:** Paragraph 40 calls for legal conclusions to which Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to PwC's external audits. Crowe denies each and every remaining allegation in Paragraph 40.

**Answer to Paragraph 41:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 and, therefore, denies each and every such allegation.

**Answer to Paragraph 42:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 and, therefore, denies each and every such allegation.

**Answer to Paragraph 43:** Crowe admits that Colonial Bank's MWLD maintained, at certain times, a facility that was referred to as COLB, and that BancGroup filed a Report on Form 10-K with the SEC on March 2, 2009 stating that "[s]hort-term participations in loans held for sale are another source of funding provided to these companies [mortgage origination companies] whereby Colonial purchases participations in certain mortgage loans which have commitments to be sold to third-party investor institutions." Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 43 and, therefore, denies each and every such allegation.

**Answer to Paragraph 44:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 and, therefore, denies each and every such allegation.

**Answer to Paragraph 45:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45 and, therefore, denies each and every such allegation.

**Answer to Paragraph 46:** To the extent the allegations in Paragraph 46 reference PwC's external audits, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe denies each and every remaining allegation in Paragraph 46.

**Answer to Paragraph 47:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 and, therefore, denies each and every such allegation.

**Answer to Paragraph 48:** Crowe admits that MWLD maintained, at certain times, a facility that was referred to as AOT, and that BancGroup filed a Report on Form 10-K with the SEC on March 2, 2009 stating that "[s]ecurities purchased under agreements to resell represent mortgage backed securities which have been securitized by these companies [mortgage origination companies] and are under agreements to be sold to third-party investors." Crowe denies each and every remaining allegation in Paragraph 48, and states that the terms of the agreements executed in connection with AOT advances are the best evidence of their contents.

**Answer to Paragraph 49:** Crowe admits that MWLD maintained, at certain times, a facility that was referred to as AOT, and that BancGroup filed a Report on Form 10-K with the SEC on March 2, 2009 stating that "[s]ecurities purchased under agreements to resell represent mortgage backed securities which have been securitized by these companies [mortgage origination companies] and are under agreements to be sold to third-party investors." Crowe denies each and every remaining allegation in Paragraph 49.

**Answer to Paragraph 50:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 50 and, therefore, denies each and every such allegation.

**Answer to Paragraph 51:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51 and, therefore, denies each and every such allegation.

**Answer to Paragraph 52:** To the extent the allegations in Paragraph 52 reference PwC's performance of its professional obligations, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe likewise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 52. Crowe denies each and every remaining allegation in Paragraph 52.

**Answer to Paragraph 53:** To the extent the allegations in Paragraph 53 reference PwC's performance of its professional obligations, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe denies each and every remaining allegation in Paragraph 53.

**Answer to Paragraph 54:** To the extent the allegations in Paragraph 54 reference PwC's performance of its professional obligations, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe admits that the audit plans were determined and approved by BancGroup's General Auditor in conjunction with BancGroup's Audit Committee, as set forth—and only as set forth—in Crowe's engagement letters with BancGroup, and that Crowe discharged its obligations in performing its procedures. Crowe denies each and every remaining allegation in Paragraph 54.

**Answer to Paragraph 55:** To the extent the allegations in Paragraph 55 reference PwC's performance of its professional obligations, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe likewise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that the AOT account "became the ultimate repository for hundreds of millions of dollars of fraudulent Taylor Bean 'loans.'" Crowe admits that BancGroup audit plans were determined and approved by BancGroup's General Auditor in conjunction with BancGroup's Audit Committee, that Crowe had engagement letters with BancGroup setting forth its and BancGroup's obligations, and that Crowe discharged its obligations in performing its procedures as set forth in its reports. Crowe denies each and every remaining allegation in Paragraph 55.

**Answer to Paragraph 56:** To the extent the allegations in Paragraph 56 reference PwC's performance of its professional obligations, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe denies each and every remaining allegation in Paragraph 56, and states that the record of Mr. Thomas' testimony in any and all proceedings is the best evidence of its contents.

**Answer to Paragraph 57:** To the extent the allegations in Paragraph 57 reference PwC's performance of its professional obligations, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe denies each and every remaining allegation in Paragraph 57.

**Answer to Paragraph 58:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58 and, therefore, denies each and every such allegation.

**Answer to Paragraph 59:** To the extent the allegations in Paragraph 59 reference PwC's performance of its professional obligations, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe admits that it was aware of risks associated with a mortgage warehouse lending operation. Crowe denies any remaining allegations in Paragraph 59, and states that the management assertions contained in BancGroup's Consolidated Statements of Condition are the best evidence of their contents. Crowe denies each and every remaining allegation in Paragraph 59.

**Answer to Paragraph 60:** Crowe denies all allegations in Paragraph 60 to the extent that they refer or relate to Crowe or its work, or suggest that Crowe was negligent, grossly negligent, reckless, or otherwise acted wrongfully in the performance of its services or that it is liable to Plaintiffs. Crowe otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60 and, therefore, denies each and every such allegation.

**Answer to Paragraph 61:** Crowe admits that, on August 14, 2009, the Alabama State Banking Department closed Colonial Bank and named the FDIC as Receiver. Crowe further admits that the FDIC entered into a Purchase and Assumption Agreement with Branch Banking and Trust Company dated as of August 14, 2009, and that BancGroup filed for bankruptcy on August 25, 2009. Crowe otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61 and, therefore, denies each and every such allegation.

**Answer to Paragraph 62:** To the extent the allegations in Paragraph 62 reference PwC's performance of its professional obligations, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of those allegations. Crowe otherwise denies each and every allegation in Paragraph 62, and further states that it is wholly speculative what "would

have been disclosed" and what "measures" "could have and would have" been taken had Crowe been authorized by BancGroup to perform additional procedures, given the lengths to which the claimed Fraudsters allegedly went to preserve their scheme.

**Answer to Paragraph 63:** Paragraph 63 calls for legal conclusions to which Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63, insofar as they reference PwC's performance of its professional obligations. Crowe denies each and every remaining allegation in Paragraph 63.

**Answer to Paragraph 64:** Paragraph 64 calls for legal conclusions to which Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 64 and, therefore, denies each and every such allegation.

**Answer to Paragraph 65:** The allegations of Paragraph 65 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize Colonial BancGroup's financial statements, and Crowe refers to those financial statements, the terms of which are the best evidence of their contents. Crowe admits that PwC was, at certain times, the independent, outside audit firm for BancGroup. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 65 and, therefore, denies each and every such allegation.

**Answer to Paragraph 66:** The allegations of Paragraph 66 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards or the AICPA Code of Professional Conduct, and Crowe refers to those standards and that Code, the terms of which speak for themselves. Crowe lacks

knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 66 and, therefore, denies each and every such allegation.

**Answer to Paragraph 67:** The allegations of Paragraph 67 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 67 and, therefore, denies each and every such allegation.

**Answer to Paragraph 68:** The allegations of Paragraph 68 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 68 and, therefore, denies each and every such allegation.

**Answer to Paragraph 69:** The allegations of Paragraph 69 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards or AICPA standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 69 and, therefore, denies each and every such allegation.

**Answer to Paragraph 70:** The allegations of Paragraph 70 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which

speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 70 and, therefore, denies each and every such allegation.

**Answer to Paragraph 71:** The allegations of Paragraph 71 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 71 and, therefore, denies each and every such allegation.

**Answer to Paragraph 72:** The allegations of Paragraph 72 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 72 and, therefore, denies each and every such allegation.

**Answer to Paragraph 73:** The allegations of Paragraph 73 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PwC's engagement letters, and Crowe refers to those engagement letters, the terms of which are the best evidence of their contents. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 73 and, therefore, denies each and every such allegation.

**Answer to Paragraph 74:** The allegations of Paragraph 74 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to

characterize PwC's engagement letters, and Crowe refers to those engagement letters, the terms of which are the best evidence of their contents. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 74 and, therefore, denies each and every such allegation.

**Answer to Paragraph 75:** The allegations of Paragraph 75 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75 and, therefore, denies each and every such allegation.

**Answer to Paragraph 76:** The allegations of Paragraph 76 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 and, therefore, denies each and every such allegation.

**Answer to Paragraph 77:** The allegations of Paragraph 77 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe admits that Colonial Bank's MWLD provided financing to certain mortgage originators including, at certain times, Taylor Bean. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 77 and, therefore, denies each and every such allegation.

**Answer to Paragraph 78:** The allegations of Paragraph 78 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize BancGroup's balance sheets during particular periods, and Crowe refers to those balance sheets, the terms of which are the best evidence of their contents. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 78 and, therefore, denies each and every such allegation.

**Answer to Paragraph 79:** The allegations of Paragraph 79 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe admits that Colonial Bank's MWLD provided financing to certain mortgage originators, including, at certain times, Taylor Bean. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 79 and, therefore, denies each and every such allegation.

**Answer to Paragraph 80:** The allegations of Paragraph 80 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize accounting pronouncements, and Crowe refers to those pronouncements, the terms of which speak for themselves. Crowe admits that Colonial Bank's MWLD provided financing to certain mortgage originators, including, at certain times, Taylor Bean. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 80 and, therefore, denies each and every such allegation.

**Answer to Paragraph 81:** The allegations of Paragraph 81 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize the contents of specific documents, such as a "Takeout Commitment" or an "Assignment of Takeout Commitment," and Crowe refers to those documents, the terms of which are the best evidence of their contents. Crowe admits that Colonial Bank's MWLD provided financing to certain mortgage originators, including, at certain times, Taylor Bean. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 81 and, therefore, denies each and every such allegation.

**Answer to Paragraph 82:** The allegations of Paragraph 82 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82 and, therefore, denies each and every such allegation.

**Answer to Paragraph 83:** The allegations of Paragraph 83 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize Colonial Bank's financial information, and Crowe refers to that financial information, the terms of which are the best evidence of its contents. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 83 and, therefore, denies each and every such allegation.

**Answer to Paragraph 84:** The allegations of Paragraph 84 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84 and, therefore, denies each and every such allegation.

**Answer to Paragraph 85:** The allegations of Paragraph 85 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 85 and, therefore, denies each and every such allegation.

**Answer to Paragraph 86:** The allegations of Paragraph 86 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 86 and, therefore, denies each and every such allegation.

**Answer to Paragraph 87:** The allegations of Paragraph 87 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 87 and, therefore, denies each and every such allegation.

**Answer to Paragraph 88:** The allegations of Paragraph 88 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 88 and, therefore, denies each and every such allegation.

**Answer to Paragraph 89:** The allegations of Paragraph 89 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89 and, therefore, denies each and every such allegation.

**Answer to Paragraph 90:** The allegations of Paragraph 90 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90 and, therefore, denies each and every such allegation.

**Answer to Paragraph 91:** The allegations of Paragraph 91 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91 and, therefore, denies each and every such allegation.

**Answer to Paragraph 92:** The allegations of Paragraph 92 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92 and, therefore, denies each and every such allegation.

**Answer to Paragraph 93:** The allegations of Paragraph 93 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93 and, therefore, denies each and every such allegation.

**Answer to Paragraph 94:** The allegations of Paragraph 94 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94 and, therefore, denies each and every such allegation.

**Answer to Paragraph 95:** The allegations of Paragraph 95 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 95 and, therefore, denies each and every such allegation.

**Answer to Paragraph 96:** The allegations of Paragraph 96 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96 and, therefore, denies each and every such allegation.

**Answer to Paragraph 97:** The allegations of Paragraph 97 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 97 and, therefore, denies each and every such allegation.

**Answer to Paragraph 98:** The allegations of Paragraph 98 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98 and, therefore, denies each and every such allegation.

**Answer to Paragraph 99:** The allegations of Paragraph 99 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99 and, therefore, denies each and every such allegation.

**Answer to Paragraph 100:** The allegations of Paragraph 100 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100 and, therefore, denies each and every such allegation.

**Answer to Paragraph 101:** The allegations of Paragraph 101 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 101 and, therefore, denies each and every such allegation.

**Answer to Paragraph 102:** The allegations of Paragraph 102 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 102 and, therefore, denies each and every such allegation.

**Answer to Paragraph 103:** The allegations of Paragraph 103 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 103 and, therefore, denies each and every such allegation.

**Answer to Paragraph 104:** The allegations of Paragraph 104 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 104 and, therefore, denies each and every such allegation.

**Answer to Paragraph 105:** The allegations of Paragraph 105 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 105 and, therefore, denies each and every such allegation.

**Answer to Paragraph 106:** The allegations of Paragraph 106 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the

truth or falsity of any remaining allegations in Paragraph 106 and, therefore, denies each and every such allegation.

**Answer to Paragraph 107:** The allegations of Paragraph 107 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 107 and, therefore, denies each and every such allegation.

**Answer to Paragraph 108:** The allegations of Paragraph 108 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 108 and, therefore, denies each and every such allegation.

**Answer to Paragraph 109:** The allegations of Paragraph 109 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 109 and, therefore, denies each and every such allegation.

**Answer to Paragraph 110:** The allegations of Paragraph 110 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 110 and, therefore, denies each and every such allegation.

**Answer to Paragraph 111:** The allegations of Paragraph 111 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 111 and, therefore, denies each and every such allegation.

**Answer to Paragraph 112:** The allegations of Paragraph 112 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 112 and, therefore, denies each and every such allegation.

**Answer to Paragraph 113:** The allegations of Paragraph 113 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 113 and, therefore, denies each and every such allegation.

**Answer to Paragraph 114:** The allegations of Paragraph 114 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 114 and, therefore, denies each and every such allegation.

**Answer to Paragraph 115:** The allegations of Paragraph 115 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 115 and, therefore, denies each and every such allegation.

**Answer to Paragraph 116:** The allegations of Paragraph 116 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies the allegations of Paragraph 116 to the extent that they refer or relate to Crowe or its work. Crowe denies that it was negligent, grossly negligent, reckless, or otherwise acted wrongfully in the performance of its services or that it is liable to Plaintiffs. Crowe further denies that it was BancGroup's "internal auditor." Crowe also denies all allegations purporting to characterize PCAOB auditing standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 116 and, therefore, denies each and every such allegation.

**Answer to Paragraph 117:** The allegations of Paragraph 117 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 117 and, therefore, denies each and every such allegation.

**Answer to Paragraph 118:** The allegations of Paragraph 118 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth

or falsity of any remaining allegations in Paragraph 118 and, therefore, denies each and every such allegation.

**Answer to Paragraph 119:** The allegations of Paragraph 119 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 119 and, therefore, denies each and every such allegation.

**Answer to Paragraph 120:** The allegations of Paragraph 120 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 120 and, therefore, denies each and every such allegation.

**Answer to Paragraph 121:** The allegations of Paragraph 121 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 121 and, therefore, denies each and every such allegation.

**Answer to Paragraph 122:** The allegations of Paragraph 122 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB standards, and Crowe refers to those standards, the terms of which speak

for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 122 and, therefore, denies each and every such allegation.

**Answer to Paragraph 123:** The allegations of Paragraph 123 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe admits that PwC served, at certain times, as BancGroup's outside, independent audit firm. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 123 and, therefore, denies each and every such allegation.

**Answer to Paragraph 124:** The allegations of Paragraph 124 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PwC's audit reports, and Crowe refers to those audit reports, the terms of which are the best evidence of their contents. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 124 and, therefore, denies each and every such allegation.

**Answer to Paragraph 125:** The allegations of Paragraph 125 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies all allegations purporting to characterize PCAOB standards, and Crowe refers to those standards, the terms of which speak for themselves. Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of any remaining allegations in Paragraph 125 and, therefore, denies each and every such allegation.

**Answer to Paragraph 126:** The allegations of Paragraph 126 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 126 and, therefore, denies each and every such allegation.

**Answer to Paragraph 127:** The allegations of Paragraph 127 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 127 and, therefore, denies each and every such allegation.

**Answer to Paragraph 128:** The allegations of Paragraph 128 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 128 and, therefore, denies each and every such allegation.

**Answer to Paragraph 129:** The allegations of Paragraph 129 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 129 and, therefore, denies each and every such allegation.

**Answer to Paragraph 130:** The allegations of Paragraph 130 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 130 and, therefore, denies each and every such allegation.

**Answer to Paragraph 131:** The allegations of Paragraph 131 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe denies the allegations in Paragraph 131.

**Answer to Paragraph 132:** The allegations of Paragraph 132 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 132 and, therefore, denies each and every such allegation.

**Answer to Paragraph 133:** Crowe denies that it was BancGroup's "internal auditor." Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations directed against PwC, but otherwise denies each and every allegation in Paragraph 133.

**Answer to Paragraph 134:** Crowe denies each and every allegation in Paragraph 134, and states that BancGroup engaged Crowe to perform the services specified in its engagement letters with BancGroup, and only as specified in its engagement letters, the terms of which are the best evidence of their contents.

**Answer to Paragraph 135:** Crowe denies each and every allegation in Paragraph 135, and states that the terms of the engagement letter dated April 19, 2005 are the best evidence of its contents.

**Answer to Paragraph 136:** Crowe denies each and every allegation in Paragraph 136, and states that the terms of its engagement letters are the best evidence of their contents.

**Answer to Paragraph 137:** Crowe denies that it was BancGroup's "internal auditor," and accordingly denies each and every allegation in Paragraph 137. Further answering, Crowe states that the cited AICPA standards are the best evidence of their contents.

**Answer to Paragraph 138:** Crowe denies that it was BancGroup's "internal auditor," and accordingly denies each and every allegation in Paragraph 138. Further answering, Crowe states that the terms of AU 322 are the best evidence of its contents.

**Answer to Paragraph 139:** Crowe denies that it was BancGroup's "internal auditor," and accordingly denies each and every allegation in Paragraph 139. Further answering, Crowe states that IIA standards are the best evidence of their contents.

**Answer to Paragraph 140:** Crowe admits that the General Auditor was employed by BancGroup and that Crowe performed certain outsourced internal audit procedures, pursuant to the terms of Crowe's engagement letters with BancGroup. Crowe otherwise denies each and every allegation in Paragraph 140. Further answering, Crowe states that the General Auditor, in conjunction with BancGroup's Audit Committee, was responsible for determining and approving the risk, scope, and frequency of internal audit service activities, and that BancGroup was responsible, as a matter of law, for maintaining ownership of BancGroup's internal audit function and for providing active oversight of the internal audit activities.

**Answer to Paragraph 141:** Crowe denies each and every allegation in Paragraph 141, and states that its duties were as defined in its engagement letters, the terms of which are the best evidence of their contents.

**Answer to Paragraph 142:** Crowe denies each and every allegation in Paragraph 142.

**Answer to Paragraph 143:** Crowe denies each and every allegation in Paragraph 143.

**Answer to Paragraph 144:** Crowe denies each and every allegation in Paragraph 144, and states that its 2006/2007 work papers are the best evidence of their contents.

**Answer to Paragraph 145:** Crowe denies each and every allegation in Paragraph 145, and states that its work papers and the annual risk assessments are the best evidence of their contents.

**Answer to Paragraph 146:** Crowe denies each and every allegation in Paragraph 146, and states that its work papers and the annual risk assessments are the best evidence of their contents.

**<u>Answer to Paragraph 147:</u>** Crowe admits that it was aware of risks associated with a mortgage warehouse lending operation, but otherwise denies each and every allegation in Paragraph 147. Further answering, Crowe denies that it knew or should have known of the fraud alleged in the Complaint.

**<u>Answer to Paragraph 148:</u>** Crowe denies each and every allegation in Paragraph 148, and states that its work papers, the annual risk assessments, and the internal audit reports are the best evidence of their contents.

**<u>Answer to Paragraph 149:</u>** Crowe denies each and every allegation in Paragraph 149, and states that its work papers, the annual risk assessments, and the internal audit reports are the best evidence of their contents.

**<u>Answer to Paragraph 150:</u>** Crowe denies each and every allegation in Paragraph 150, and states that its work papers and BancGroup's financial statements are the best evidence of their contents.

**<u>Answer to Paragraph 151:</u>** Crowe denies each and every allegation in Paragraph 151, and states that its work papers are the best evidence of their contents.

**<u>Answer to Paragraph 152:</u>** Crowe admits that it was aware of risks associated with a mortgage warehouse lending operation, but otherwise denies each and every allegation in Paragraph 152. Further answering, Crowe denies that it knew or should have known of the fraud alleged in the Complaint.

**<u>Answer to Paragraph 153:</u>** Crowe admits that it performed the procedures set forth in the internal audit reports which were determined and approved by the General Auditor in conjunction with BancGroup's Audit Committee. Further, Crowe answers that BancGroup's audit plans, as set forth in Crowe's engagement letters, did not authorize or permit Crowe to

perform "extensive testing of AOT and the 'loans' which purportedly served to collateralize that huge balance." Crowe otherwise denies each and every allegation in Paragraph 153.

**Answer to Paragraph 154:** Crowe denies each and every allegation in Paragraph 154.

**Answer to Paragraph 155:** Crowe denies each and every allegation in Paragraph 155.

**Answer to Paragraph 156:** Crowe denies each and every allegation in Paragraph 156. Further answering, Crowe states that it properly understood the nature of the transactions and assets relevant to the procedures it was hired to perform.

**Answer to Paragraph 157:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that "the fraudulent advances moved in 2005 [into the AOT facility] and thereafter expanded." Crowe denies each and every remaining allegation in Paragraph 157, all of which rest on incorrect assumptions regarding the obligations Crowe agreed to undertake. Further answering, Crowe states that it properly understood the nature of the transactions and assets relevant to the procedures it was hired to perform.

**Answer to Paragraph 158:** Crowe denies each and every allegation in Paragraph 158. Further answering, Crowe states that it performed the procedures set forth in the internal audit reports which were determined and approved by the General Auditor in conjunction with BancGroup's Audit Committee.

**Answer to Paragraph 159:** Crowe denies each and every allegation in Paragraph 159, and states that its 2006/2007 work papers and the 2006/2007 internal audit report are the best evidence of their contents.

**Answer to Paragraph 160:** Crowe denies each and every allegation in Paragraph 160.

**Answer to Paragraph 161:** Crowe denies each and every allegation in Paragraph 161. Further answering, Crowe states that it adequately addressed the risks it was asked to address pursuant to

its engagement letters determined and approved by the General Auditor in conjunction with BancGroup's Audit Committee.

**Answer to Paragraph 162:** Crowe denies each and every allegation in Paragraph 162, and states that its work papers and the internal audit reports are the best evidence of their contents. Answering further, Crowe received certain information from personnel in the Mortgage Warehouse Lending Division and understood and expected that the information was accurate and complete in all material respects; Crowe now understands that the information was not complete and accurate

**Answer to Paragraph 163:** Crowe denies each and every allegation in Paragraph 163, and states that its 2006-2007 and 2007-2008 work papers and the 2006-2007 and 2007-2008 internal audit reports are the best evidence of their contents.

**Answer to Paragraph 164:** Crowe denies each and every allegation in Paragraph 164, and states that its 2006-2007 and 2007-2008 work papers and the 2006-2007 and 2007-2008 internal audit reports are the best evidence of their contents. Further answering, Crowe states that it performed adequate testing pursuant to the internal audit plans determined and approved by the General Auditor in conjunction with BancGroup's Audit Committee, as set forth—and only as set forth—in Crowe's engagement letters with BancGroup.

**Answer to Paragraph 165:** Crowe denies each and every allegation in Paragraph 165, and states that its work papers are the best evidence of their contents.

**Answer to Paragraph 166:** Crowe denies each and every allegation in Paragraph 166, all of which rest on the incorrect assumption that Crowe had a duty to "select[ ] a representative sample of AOT 'loans'" and "request[ ] the collateral packages for those loans." Further answering, Crowe states (a) that it properly discharged its obligations under the audit plans

determined and approved by the General Auditor in conjunction with BancGroup's Audit Committee, as set forth—and only as set forth—in Crowe's engagement letters with BancGroup, and (b) that it is wholly speculative what "Crowe would have discovered" had it been authorized by BancGroup to perform additional steps, given the lengths to which the claimed Fraudsters allegedly went to preserve their scheme.

**Answer to Paragraph 167:** Crowe admits that it was aware of risks associated with a mortgage warehouse lending operation, but otherwise denies each and every allegation in Paragraph 167, and states that the terms of the Intercreditor Agreement are the best evidence of its contents.

**Answer to Paragraph 168:** Crowe admits that the audit plans and procedures set forth in the internal audit reports determined and approved by the General Auditor in conjunction with BancGroup's Audit Committee, as set forth—and only as set forth—in Crowe's engagement letters with BancGroup, did not call for Crowe to "perform[ ] any tests to ascertain whether the Intercreditor Agreement and the information that was accessible under the Intercreditor Agreement was being effectively utilized as a tool to fight the double-pledging of loans by MWLD customers, including Taylor Bean." Crowe denies each and every remaining allegation in Paragraph 168, and further states that it is wholly speculative what "would have been exposed" had Crowe been authorized by BancGroup to perform additional procedures, given the lengths to which the claimed Fraudsters allegedly went to preserve their scheme.

**Answer to Paragraph 169:** Crowe denies each and every allegation in Paragraph 169.

**Answer to Paragraph 170:** Crowe denies each and every allegation in Paragraph 170.

**Answer to Paragraph 171:** Crowe denies each and every allegation in Paragraph 171.

**Answer to Paragraph 172:** Crowe admits that in 2005, BancGroup hired Pam Vitto as "an internal auditor for the MWLD" reporting directly to the General Auditor. Crowe further admits

that it "never developed a division of responsibilities between Crowe's staff and Vitto," as that was the job of the General Auditor. Crowe also admits that the audit plan determined and approved by the General Auditor in conjunction with BancGroup's Audit Committee did not call for contact between Crowe and Vitto. Crowe denies each and every remaining allegation in Paragraph 172.

**Answer to Paragraph 173:** Crowe denies each and every allegation in Paragraph 173, and states that its work papers and the internal audit reports are the best evidence of their contents. Further answering, Crowe states that it is wholly speculative what "could have been easily discovered," given the lengths to which the claimed Fraudsters allegedly went to preserve their scheme.

**Answer to Paragraph 174:** Crowe lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 174 relating to PwC. Crowe otherwise denies each and every allegation in Paragraph 174, and states that its work papers are the best evidence of their contents.

**Answer to Paragraph 175:** Crowe denies each and every allegation in Paragraph 175, and states that its work papers and the internal audit reports are the best evidence of their contents. Further answering, Crowe states that it discharged its obligations as set forth—and only as set forth—in Crowe's engagement letters with BancGroup, determined and approved by the General Auditor in conjunction with BancGroup's Audit Committee.

**Answer to Paragraph 176:** Crowe denies each and every allegation in Paragraph 176. Further answering, Crowe states that it is wholly speculative what would have been "exposed" had Crowe been authorized by BancGroup to perform additional steps, given the lengths to which the claimed Fraudsters allegedly went to preserve their scheme.

**Answer to Paragraph 177:** Crowe repeats and incorporates by reference its responses to Paragraphs 1-176 of the Complaint as though set forth fully herein.

**Answer to Paragraph 178:** The allegations of Paragraph 178 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information as to the truth or falsity of the allegations of Paragraph 178 and, therefore, denies each and every such allegation.

**Answer to Paragraph 179:** The allegations of Paragraph 179 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information as to the truth or falsity of the allegations of Paragraph 179 and, therefore, denies each and every such allegation.

**Answer to Paragraph 180:** The allegations of Paragraph 180 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information as to the truth or falsity of the allegations of Paragraph 180 and, therefore, denies each and every such allegation.

**Answer to Paragraph 181:** The allegations of Paragraph 181 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information as to the truth or falsity of the allegations of Paragraph 181 and, therefore, denies each and every such allegation.

**Answer to Paragraph 182:** Crowe repeats and incorporates by reference its responses to Paragraphs 1-181 of the Complaint as though set forth fully herein.

**Answer to Paragraph 183:** The allegations of Paragraph 183 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information as

to the truth or falsity of any remaining allegations of Paragraph 183 and, therefore, denies each and every such allegation.

**Answer to Paragraph 184:** The allegations of Paragraph 184 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information as to the truth or falsity of the allegations of Paragraph 184 and, therefore, denies each and every such allegation.

**Answer to Paragraph 185:** The allegations of Paragraph 185 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information as to the truth or falsity of the allegations of Paragraph 185 and, therefore, denies each and every such allegation.

**Answer to Paragraph 186:** The allegations of Paragraph 186 are directed at PwC and Crowe need not respond. To the extent a response is required, Crowe lacks knowledge or information as to the truth or falsity of the allegations of Paragraph 186 and, therefore, denies each and every such allegation.

**Answer to Paragraph 187:** Crowe repeats and incorporates by reference its responses to Paragraphs 1-186 of the Complaint as though set forth fully herein.

**Answer to Paragraph 188:** Crowe denies each and every allegation in Paragraph 188. Answering further, Crowe states that its duties are defined by its engagement letters with BancGroup, the terms of which are the best evidence of their contents.

**Answer to Paragraph 189:** Crowe denies each and every allegation of Paragraph 189.

**Answer to Paragraph 190:** Crowe denies each and every allegation of Paragraph 190.

**Answer to Paragraph 191:** Crowe denies each and every allegation of Paragraph 191.

**Answer to Paragraph 192:** Crowe repeats and incorporates by reference its responses to Paragraphs 1-191 of the Complaint as though set forth fully herein.

**Answer to Paragraph 193:** Crowe denies each and every allegation in Paragraph 193. Answering further, Crowe states that its duties are defined by its engagement letters with BancGroup, the terms of which are the best evidence of their contents.

**Answer to Paragraph 194:** Crowe denies each and every allegation in Paragraph 194. Answering further, Crowe states that its engagement letters define Crowe's duties, the terms of those engagement letters are the best evidence of their contents.

**Answer to Paragraph 195:** Crowe denies each and every allegation in Paragraph 195. Answering further, Crowe states that its engagement letters define Crowe's duties, the terms of those engagement letters are the best evidence of their contents. Crowe states that the PCAOB standards are the best evidence of their contents.

**Answer to Paragraph 196:** Crowe admits that, during the course of the BancGroup engagements, Crowe was not aware of BancGroup's failure to perform its obligations under the engagement letters. Crowe denies each and every remaining allegation in Paragraph 196.

**Answer to Paragraph 197:** Crowe denies each and every allegation in Paragraph 197.

With respect to the unnumbered paragraphs beginning with "WHEREFORE" on page 58 of the Complaint, Crowe denies that Plaintiffs are entitled to any relief requested in the Complaint.

## DEFENSES OF CROWE HORWATH LLP

Crowe will rely on all defenses available to it (whether under Alabama law or Florida law, if the Court determines that Florida law applies here) at the time of trial. Without assuming any burden that would otherwise rest on the Plaintiffs, Crowe alleges the following defenses:

### FIRST DEFENSE

At all times, Crowe acted in good faith and without any of the requisite negligence, gross negligence and/or recklessness, as applicable, for any of the Plaintiffs' claims.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Crowe.

### THIRD DEFENSE

Plaintiffs' claims are barred by the statute of limitations.

### FOURTH DEFENSE

To the extent Plaintiffs are entitled to any damages (which Crowe denies), Plaintiffs are barred by the terms of BancGroup's engagement letters with Crowe from seeking from Crowe any special, consequential, incidental, punitive, or exemplary damages or loss, as well as any lost profits, savings, or business opportunity.

### FIFTH DEFENSE

To the extent Plaintiffs are entitled to any damages (which Crowe denies), Plaintiffs are limited, by the terms of BancGroup's engagement letters with Crowe, to recovery of the fees Crowe received for the portion of the work giving rise to liability.

### SIXTH DEFENSE

Crowe is entitled to recoupment against any liability to Plaintiffs (which liability Crowe denies) because, among other things, BancGroup made misrepresentations to Crowe under the terms of the engagement letters.

SEVENTH DEFENSE

Crowe's outsourced internal audit services were conducted in accordance with professional standards, to the extent applicable.

EIGHTH DEFENSE

To the extent that Crowe is liable to any other party for its services performed pursuant to its engagement letters with BancGroup (which Crowe denies), Crowe is entitled to set off any such liability against any liability to BancGroup (which Crowe denies), pursuant to the terms of Crowe's engagement letters with BancGroup. For the avoidance of doubt, Crowe does not seek any affirmative net recovery from BancGroup.

NINTH DEFENSE

To the extent that Crowe is liable to any other party for its services performed pursuant to its engagement letters with BancGroup (which Crowe denies), Crowe is entitled to recoup any such liability from BancGroup, pursuant to the terms of Crowe's engagement letters with BancGroup. For the avoidance of doubt, Crowe does not seek any affirmative net recovery from BancGroup.

TENTH DEFENSE

Crowe is not liable to Plaintiffs because BancGroup failed to perform its obligation to ensure that all information provided to Crowe was accurate and complete in all material respects, contained no material omissions, and was updated on a prompt and continuous basis, as required by the terms of Crowe's engagement letters with BancGroup.

ELEVENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of contributory negligence.

TWELFTH DEFENSE

To the extent Plaintiffs are entitled to any damages (which Crowe denies), Plaintiffs are limited by the percentage of their comparable fault or comparative negligence and, to the extent applicable, the fault or negligence of other persons or entities.

THIRTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrines of intervening and superseding cause by, including but not limited to, the acts and/or omissions of others, including but not limited to, the Alabama Department of Banking, the OCC, the Federal Reserve Bank, and the FDIC.

FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because BancGroup was aware of the issues alleged in the Complaint, which Plaintiffs' claim caused their loss, yet BancGroup failed to act to prevent or mitigate any damages.

SIXTEENTH DEFENSE

If the allegations of the Complaint are true, Crowe was the victim of fraud, deceit, misrepresentations, concealment, negligence, and/or breach of contract perpetrated by others, in that material information was not provided to Crowe and/or was knowingly concealed from Crowe and/or knowingly misrepresented to Crowe while Crowe was rendering its outsourced internal audit services.

SEVENTEENTH DEFENSE

BancGroup suffered no damage or injury caused by any representation, act, or omission of Crowe.

EIGHTEENTH DEFENSE

Plaintiffs' claims against Crowe fail because of a lack of transaction causation and/or loss causation.

NINETEENTH DEFENSE

Any damages sustained by Plaintiffs, to the extent they exist, were caused by factors other than the acts of Crowe, including by the acts of parties other than Crowe, and/or BancGroup's own lack of due diligence, failure to exercise due care, inattention, recklessness, fraud, or economic conditions in the market.

TWENTIETH DEFENSE

Plaintiffs' claims against Crowe are barred because Crowe fulfilled its contractual duties.

TWENTY-FIRST DEFENSE

Plaintiffs' claims against Crowe are barred, in whole or in part, because the claims are owned by other persons or entities, and/or Plaintiffs are not the real party in interest.

TWENTY-SECOND DEFENSE

Plaintiffs' claims against Crowe are barred, in whole or in part, by the doctrine of unclean hands.

TWENTY-THIRD DEFENSE

Plaintiffs' claims against Crowe are barred, in whole or in part, because Plaintiffs assumed the risk of their injuries.

TWENTY-FOURTH DEFENSE

Plaintiffs' claims against Crowe are barred, in whole or in part, by the doctrines of judicial estoppel, collateral estoppel, res judicata, laches, and/or ratification.

TWENTY-FIFTH DEFENSE

Plaintiffs claims are barred because they did not mediate in good faith prior to filing suit, as required by the engagement letters between BancGroup and Crowe.

TWENTY-SIXTH DEFENSE

Plaintiffs' claims are barred because they lack standing or capacity to bring suit against Crowe.

TWENTY-SEVENTH DEFENSE

Plaintiffs' claims against Crowe are barred, in whole or in part, by the doctrine of waiver.

TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs must rely, in whole or in part, on illegal or immoral acts or transactions to which BancGroup was party.

TWENTY-NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because BancGroup fraudulently induced Crowe to Crowe's detriment.

THIRTIETH DEFENSE

Plaintiffs are not entitled to have their claims tried to a jury inasmuch as any right to a jury trial has been forfeited and/or lost in the Crowe-BancGroup engagement letters.

THIRTY-FIRST DEFENSE

If Florida law governs Plaintiffs' claims, then under § 768.81(3), Fla. Stat., and *Fabre v. Martin*, 623 So. 2d 1182 (Fla. 1993), in addition to any allocation of fault among the parties, any liability of Crowe must be reduced, in whole or in part, by negligence attributable to persons or entities not a party to this action who caused or contributed the damages purportedly suffered by

Plaintiffs.[1] Such persons or entities identified by Crowe at this time include, on information and belief:

(a) Akerman Senterfitt

(b) Capell & Howard

(c) Bank of America (including successor-in-interest to La Salle Bank)

(d) Deutsche Bank, Ag, BNP Paribas, and BNP Paribas Mortgage Corporation

(e) Deutsche Bank Securities, Inc. and BNP Paribas Securities Corporation

(f) Natixis Real Estate Capital, Inc. and Natixis Financial Products LLP

(g) RLI Corporation

(h) Mortgage Dynamics, Inc.

(i) Robbins Gioia

(j) Deloitte & Touche LLP

(k) The Alabama State Banking Department, the FDIC, the OCC, and the Federal Reserve Bank

(l) The United States Department of Housing and Urban Development

(m) The Federal Housing Finance Agency

(n) The Federal National Mortgage Association

(o) The Colonial BancGroup, Inc.

(p) Home America Mortgage, Inc. and various of its officers, directors, employees, and shareholders, and other individuals working on Home America's behalf, including but not limited to Gregory Hicks, Dennis Mosley, and Carl Wright

(q) Colonial Bank

(r) Various officers, directors, and employees of BancGroup or Colonial Bank including, without limitation, the following individuals:

[1] Crowe does not believe that it is at fault and, accordingly, does not believe that there is any fault to apportion. Federal Rule of Civil Procedure 8(d)(3), however, expressly permits a defendant to raise any claim or defense in the alternative.

- Arthur Barksdale
- Mary Lou Bathen
- Terry Bryant
- David Byrne
- Michelle Carroll
- Caryn Cope
- Brent Hicks
- Patti Hill
- Kamal Hosein
- Sandra Jansky
- Teresa Carrier Kelly
- Catherine Kissick
- Rodney Lewis
- Robert Lowder
- Sarah Moore
- Amy Nunnelly
- Flake Oakley
- Hans Petit
- Joyce Schultz
- Tamara Stidham
- Lynette Tischer
- Edward V. Welch

(s) Ocala Funding, including its managing member, TBW, and its special member, Colleen A. De Vries

(t) Various officers, directors, employees, and members of TBW or Ocala Funding including, without limitation, the following individuals:

- Paul Allen
- Delton de Armas
- Raymond Bowman
- Desiree Brown
- Brian Callahan
- Jeffrey Cavender
- Colleen A. De Vries
- Sherry Dickinson
- Lee Farkas
- Digjivay “Danny” Gaekwad
- Aaron Jacoby
- Sean Ragland
- Stuart Scott
- Donna Skuhrovec
- Mike Wawrzyniak

THIRTY-SECOND DEFENSE

Any recovery in favor of Plaintiffs must be reduced on account of any consideration received by Plaintiffs (including, but not limited to, any consideration received in prior or future settlements with or judgments against third parties) for the damages alleged in the Complaint.

THIRTY-THIRD DEFENSE

Crowe hereby adopts and incorporates by reference any and all other defenses asserted, or that may hereafter be asserted, by PricewaterhouseCoopers LLP to the extent such defense may be applicable to Crowe. Crowe reserves the right to assert all applicable defenses once the precise nature of the relevant circumstances or events is determined through discovery.

**RESERVATION OF RIGHTS TO BRING**
**COUNTERCLAIMS, AND THIRD-PARTY CLAIMS**

Crowe hereby reserves all rights to bring, in any amended pleading or otherwise, any and all counterclaims against Plaintiffs and any or all third-party claims that it may elect to pursue in the future. Failure to include such claims in this Answer shall not serve to waive any right to bring such claims in future pleadings.

WHEREFORE, Crowe seeks judgment as follows:

A. That the Complaint and claims for relief directed at Crowe be dismissed with prejudice and the relief sought be denied;

B. That Plaintiffs take nothing with respect to Crowe by virtue of their Complaint;

C. That Crowe be awarded the costs of defending this action, including reasonable attorneys' fees, costs, and disbursements; and

D. That the Court grant such other and further relief that it deems just and proper.

February 29, 2016

Respectfully submitted

*/s/ Stanley J. Parzen*__________________

James H. Anderson (ANDE4440)
COPELAND, FRANCO, SCREWS & GILL, P.A.
P.O. Box 347
Montgomery, AL 36101-0347
Telephone: (334) 834-1180
Facsimile: 334.834.3172
Email: anderson@copelandfranco.com
T: (334) 834-5311
F: (334) 834-5362

Stanley J. Parzen (*pro hac vice*)
Jonathan C. Medow (*pro hac vice*)
Justin McCarty (*pro hac vice*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
T: (312) 782-0600
F: (312) 701-7711

Mark W. Ryan (*pro hac vice*)
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
T: (202) 263 3000
F: (202) 263 3300

*Attorneys for Crowe Horwath LLP*

**CERTIFICATE OF SERVICE**

I, Justin A. McCarty, hereby certify that on February 29, 2016, I caused a true and correct copy of the attached Crowe Horwath LLP's Answer and Affirmative Defenses to the Colonial BancGroup and Kevin O'Halloran's Second Amended Complaint to be served via the Court's ECF system on all counsel registered to receive service in this litigation.

*/s/ Justin A. McCarty* ____________________

*An attorney for Defendant*
*Crowe Horwath LLP*