IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THE COLONIAL BANCGROUP INC., and KEVIN O'HALLORAN,

Plaintiff,

v.

PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,

Defendants.

CASE NO. 2:11-cv-746-BJR-TFM

---

FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK,

Plaintiff,

v.

PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP

Defendants.

CASE NO. 2:12-cv-957-WKW-TFM

**O R D E R**

The member case in this consolidated action is a professional negligence action brought by the Federal Deposit Insurance Corporation as Receiver for Colonial Bank ("FDIC-R"), which arises out of a fraud committed against Colonial Bank ("Colonial") that occurred while PriceWaterhouseCoopers LLP ("PWC") and Crowe Horwath LLP ("Crowe") co-defendants were auditors for Colonial. This action is one of numerous cases brought by the FDIC-R as receiver for the failed Colonial Bank. These actions arise from

the ongoing legal fallout from the Residential Mortgage Backed Securities ("RMBS") collapse. *See Federal Deposit Insurance Corp, as Receiver for Colonial Bank v. Credit Suisse Securities* (USA), 2:12-cv-784-WKW (M.D. Ala. 2016) ("RMBS Litigation") (Doc. 92 p.2).

The RMBS Litigation was transferred to the United States District Court for the Central District of California pursuant to an order of the Judicial Panel on Multidistrict Litigation as part of the Countrywide Multidistrict Litigation ("MDL"). During the MDL process, a partial settlement was reached as to the FDIC-R's claims against Bank of America Corporation and four of its Countrywide subsidiaries. That partial settlement was part of a global settlement of $16.65 billion by which the FDIC-R settled twenty lawsuits. Fourteen of these involved suits against Bank of America entities which arose from the sale of toxic residential mortgage-backed securities to twenty-six failed banks, including Colonial. The FDIC-R settlement provided that the Bank of America entities' contribution to the $16.65 billion global settlement was $1.031 billion. (RMBS Litigation, Doc. 92 pp. 2-5). Of the $1.031 billion, $636 million was apportioned to RMBS actions **not** involving the Colonial receivership. The remaining $542 million was apportioned to the Bank of America settlement relating to the Colonial Bank receivership, the amount at issue in the instant motion. Of that $542 million, $363.7 million was apportioned to the instant matter for Colonial's part of the Ocala Funding matter. (Doc. 324 pp. 4-5). The remaining $179 million was apportioned to other Colonial RMBS receivership cases. (Doc. 344 pp. 4-7).

Before the Court is Plaintiff's Motion for Protective Order whereby the FDIC-R seeks an Order from this Court "prohibiting the Defendants from seeking discovery

regarding how the FDIC-R valued its claims against Bank of America as custodian and bailee for certain Colonial Bank loans in entering into a settlement with Bank of America – if at all – until after a jury renders a verdict in the FDIC-R's favor." (Doc. 324 pp. 1-2). The Defendants have filed replies to the Motion. (Docs. 344, 347). PWC and Crowe argue that they are entitled to discovery pertaining to the "manner and rationale" by which the FDIC allocated the 1.031 billion between the Colonial receivership actions ($542 million) and the other RMBS actions not involving the Colonial receivership ($636 million) and the "manner and rationale" by which the FDIC allocated the $542 million between this case involving Ocala Funding ($363 million) and the other Colonial RMBS receivership cases ($179 million). The defendants maintain that this issue has previously been decided in their favor by the Court in the RMBS Litigation. (Docs. 344, 347). The Court agrees with Defendants.

In the RMBS Litigation, the District Court concluded that the settlement information sought was discoverable to a limited extent prior to a verdict pursuant to Rule 26(b)(1)[1] because the settlement information was relevant to the defendants' set-off defense. (RMBS Litigation; Doc. 92 at p. 11). Indeed, the Court held that "[i]n the interest of judicial economy, . . . discovery [as to damages] will not be postponed until after the

[1] The Rules of Civil Procedure provide that parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. *Fed. R. Civ. P.* 26(b)(1). Relevance, for purposes of discovery, is defined broadly to include any matter that "bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc., v. Sanders,* 437 U.S. 340, 351 (1978).

verdict." *Id*. at p.15. This is precisely the issue before this Court now; and the Court sees no reason why it should find any differently here.

More to the point, the Court is not persuaded by the FDIC-R's argument that the issue here is distinct from the issue decided in the RMBS Litigation because "this case does not involve the 'allocation' of settlement proceeds across various cases" as the RMBS Litigation did. (Doc. 324 at p. 2). Rather, the Court concludes that the discovery as to settlement information in the instant action is similar to that sought in the RMBS Litigation. Specifically, both the discovery sought by Defendants in the RMBS Litigation and in the instant action deal with the apportionment of the 1.031 billion dollars between the Colonial receivership (the instant action) and the RMBS Litigation **not** involving Colonial receiverships. Thus, the Court views the settlement information sought here as the obverse side of the coin, so to speak, from that which the district court found discoverable in the RMBS Litigation. (Doc. 92). Thus the Court concludes that the FDIC-R's Motion for Protective Order is due to be denied and the settlement information disclosed as set out below.

Accordingly, it is

ORDERED that the Motion for Protective Order (Doc. 324) be DENIED and that on or before June 24, 2016 the FDIC-R shall provide Defendants and the Court a summary of the techniques, methods, and formulas by which the FDIC-R allocated the proceeds of the FDIC's global settlement with Bank of America for 1.031 billion dollars between the Colonial receivership actions ($542.7 million) and the other RMBS actions not involving the Colonial receivership ($636 million) and a summary of the techniques, methods, and

formulas by which it allocated $179 million to the Colonial-related RMBS cases and $363.7 million to the Ocala Funding claims.

DONE this 14th day of June, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE