IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE COLONIAL BANCGROUP INC., and KEVIN O'HALLORAN<br><br>Plaintiff,<br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,<br><br>Defendants. | ORDER STAYING DEFENDANT CROWE'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS<br><br>CASE NO. 2:11-cv-746-BJR |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP<br><br>Defendants. | CASE NO. 2:12-cv-957-BJR |

Before the Court is a motion brought by Defendant Crowe Horwath LLP ("Crowe"), pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37.1. Dkt. No. 362. Crowe moves to compel the production of documents from Plaintiff Federal Deposit Insurance Corporation, as Receiver for Colonial Bank ("FDIC-R") or, in the alternative, for an order

precluding the FDIC-R introducing certain evidence. The FDIC-R urges this Court to deny the motion or, in the alternative, to defer ruling on the motion pending the resolution of Crowe's previously filed motion for summary judgment. Dkt. No. 401.

This discovery dispute centers on a tolling agreement between Crowe and the FDIC-R. Crowe alleges that the tolling agreement is unenforceable as a matter of law and filed a motion for summary judgment regarding the same. Dkt. No. 223. The FDIC-R counters that the tolling agreement is enforceable as a matter of law, or alternatively, Crowe is equitably estopped from arguing that the agreement is unenforceable. In addition, the FDIC-R recently filed a third amended complaint in which it added a claim alleging that Crowe breached the tolling agreement by asserting that the agreement is not enforceable.

Having reviewed the motion and the opposition thereto, the Court concludes that the motion is best deferred until the Court has had an opportunity to rule on the merits of the underlying summary judgment motion. If the Court determines that the tolling agreement is enforceable as a matter of law, then it appears that there would be a question as to whether the requested discovery would be necessary or relevant. Therefore, conducting discovery discover on this issue at this time is premature.

For the foregoing reason, the Court will hold this motion in abeyance pending resolution of Crowe's motion for summary judgment [Dkt. No. 223].

Dated this 22nd day of June, 2016.

Barbara J Rothstein

Barbara Jacobs Rothstein
U.S. District Court Judge