IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE COLONIAL BANCGROUP INC., and KEVIN O'HALLORAN, Plaintiff, v. PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP, Defendants. | CASE NO. 2:11-cv-746-WKW-TFM |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK, Plaintiff, v. PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP Defendants. | CASE NO. 2:12-cv-957-WKW-TFM |

**O R D E R**

The member case in this consolidated action is a professional negligence action brought by the Federal Deposit Insurance Corporation as Receiver for Colonial Bank ("FDIC-R"), which arises out of a fraud committed against Colonial Bank ("Colonial") that occurred while PriceWaterhouseCoopers LLP ("PWC") and Crowe Horwath LLP ("Crowe") co-defendants, were auditors for Colonial. This action is one of numerous cases brought by the FDIC-R as receiver for the failed Colonial Bank. Before this Court is

Plaintiff's Motion to Compel the Testimony of Peter Wallace, to Strike Certain Portions of the Deposition and for Sanctions (Doc. 326), PWC's Opposition to this Motion (Doc. 341) and Plaintiff's Reply (Doc. 353-1 (Sealed) and 423 (Redacted). In its Motion Plaintiff asks this Court (1) to limit its prior Orders' application to discovery only involving documents, and thus to permit Plaintiff to resume Wallace's deposition (*See* Orders, Docs. 232 dated December 4, 2015 and 267 dated January 22, 2016) (2) to strike the portion of the deposition where PWC counsel questioned William Mitchell, an FDIC employee attending the deposition, and (3) to tax costs against PWC for resuming the deposition and for the FDIC's Motion to Compel. The Court will address these issues below.

Plaintiff seeks to resume the deposition of Peter Wallace, former senior audit manager with PWC, because PWC's counsel misinterpreted this Court's Orders (Docs. 232 and 267) and misapplied the Sarbanes-Oxley privilege[1] when she instructed Wallace not to answer questions involving PWC's work for clients other than Colonial. Plaintiff argues that because PWC's counsel failed to file a motion for protective order prior to or immediately following the deposition she had no basis upon which to instruct her client to refuse to answer. As support for this position, Plaintiff points to Federal Rule of Civil Procedure 30(c)(2) which permits an attorney to instruct a client not to answer a question in deposition "only when necessary to preserve a privilege, to enforce a limitation ordered by the court **or** to present a motion under Rule 30(d)(3)". (Emphasis added). Further,

[1] The specific privilege is found in the Sarbanes-Oxley Act of 2002 and protects from disclosure "documents and information prepared and received by or specifically for the [Public Company Accounting Oversight] Board."

Plaintiff argues that the "limitation" referred to in Rule 30(d)(3) must be a protective order sought pursuant to Rule 26(c).

The Court, however, reads the Rule 30(c)(2) "limitation ordered by the court" language as a distinct prong of Rule 30(c)(2), separate from "preserv[ing] a privilege" "**or** . . . present[ing] a motion under Rule 30(d)(3)[2]". (Emphasis added). The Court sees all three of these directives as bases for an instruction by counsel to a client to refuse an answer a question at deposition. To read the Rule otherwise as Plaintiff suggests, would ignore the word "or" and combine the final two prongs of the Rule into only one mechanism for "instruct[ing] a deponent not to answer". Such a reading does not comport with the plain language of the Rule. Moreover, Federal Rule of Civil Procedure 37(a)(3)(C) explicitly states that when seeking an order compelling disclosure related to a deposition, "the party asking a question may complete or adjourn the examination before moving for an order." Indeed, Plaintiff followed, even if unintentionally, the directives of Rule 37(a)(3)(C) in filing the instant Motion to Compel. (Doc. 326).

On the other hand, PWC's counsel clearly followed the directives of Rule 30(c)(2), as interpreted by this Court, when she instructed her client not to answer in deposition. Indeed, PWC's counsel instructed her client to refuse to answer specific deposition questions dealing with PWC's work performed for clients other than Colonial on the basis of both "privilege" and "a limitation" prescribed in prior Orders of this Court. (Docs. 232 and 267). The Court concludes that the instructions were permissible under the first two

---

[2] Rule 30(d)(3) provides for a motion and order to "limit . . . [the deposition] scope in a manner as provided in Rule 26(c)". Rule 26(c) deals expressly with protective orders.

prongs of Rule 30(c)(2). Thus, Plaintiff's argument that PWC erred in failing to seek a Protective Order from this Court prior to or after the deposition fails.

In addressing the merits of Plaintiff's Motion to Compel (Doc. 326), the Court recognizes its prior Orders, which dealt specifically with document production, limited the production of information based upon the Sarbanes-Oxley privilege and the irrelevance of PWC's work for "other clients" (Doc. 232 pp. 6-9). Although the Court recognized the possibility of "circumstances where the relevancy of these documents may be made clear"[3] (Doc. 232 p.7), the Court concluded, based upon a review of the case law presented and arguments of counsel, that the FDIC had presented no such circumstances. Thus the Court denied the FDIC's Motion to Compel as to production of the Public Company Accounting Oversight Board (PCAOB) inspection and PWC National Office documents pertaining to "PWC's clients other than CBG and Colonial Bank". (Doc. 232 pp.11-12). Accordingly, the Court concludes that those Orders provided a "good faith" basis for PWC counsel to instruct deponent not to answer specific questions. *Royal MacCabees Life Ins. Co. V. Malachiniski, D.O.*, 2001 WL 290308, at *12 (N.D. Ill Mar. 20, 2001) ("[D]efendant is also independently obligated under the Federal Rules of Civil Procedure to follow the discovery rules in good faith.")

[3] In so holding the Court referenced *Williamson v. PricewaterhouseCoopers LLP*, 2007 WL 7113002 (N.Y. Sup. Feb. 21, 2007) and noted that although the court initially concluded eight other PWC audit client's documents were not relevant, the court later concluded that they became relevant for rebuttal purposes when the defendant's expert opinions "appear[ed] to be at odds with the defendant's Audit Manual."

Plaintiff argues, however, that PWC counsel's instruction not to answer failed to comport with the Middle District's Guidelines to Civil Discovery Practice, Guideline II.D.2, which provides that instructing a witness not to answer is "disfavored by the Court," and that "[a] lawyer who improperly instructs a witness not to answer runs a risk that the lawyer and/or client will be subject to sanctions." The Court, however, finds that its prior Orders (Docs. 232 and 267) were a proper basis for PWC counsel to instruct her client not to answer; and thus, the Court concludes sanctions are unwarranted. Accordingly, the Court will Order Plaintiff's Motion to Compel be denied as to the sanctions issue.

These conclusions, however, do not decide the questions of whether the information sought by Plaintiff is discoverable *at deposition* and whether Wallace's deposition should be resumed. At bottom, these are the substantive issues presented in Plaintiff's Motion to Compel. (Doc. 326). Specifically, the areas PWC counsel restricted questioning about included (1) non-public details of Wallace's or PWC's work for clients other than Colonial, two of which are now in receivership and (2) a deposition that Wallace gave to the PCAOB which did not relate to Colonial. (Doc. 341, PWC Opposition to Motion to Compel at pp. 2-3).

The second category deals not only with the other client inquiry, but also with the Sarbanes-Oxley privilege invoked during Wallace's deposition to protect testimony he gave to the PCAOB in deposition about another client. The plain language of the statute protects "documents and *information* prepared and received by or specifically for the Board." Section 105(b) Sarbanes-Oxley Act (2002). Thus, the Court sees no reason to make a distinction between testimony and documents when considering the application of

this privilege to the matter before it. Accordingly, the Court will deny Plaintiff's Motion to Compel as to this issue.

The first category, however, does not appear to relate to the privilege, but rather deals with the question of whether the rationale of this Court's December Order (Doc. 232) which limited *document* production related to clients of PWC other than Colonial applies when considering the propriety of allowing deposition testimony on a similar but more well defined issue. As the FDIC states, it is seeking "testimony regarding Mr. Wallace's specific involvement with the same FAS 140 concerns on behalf of Doral Bank and R-G Premier shortly before he became aware of the questions surrounding Colonial Bank's application of FAS 140 to similar mortgage transactions." (Doc. 423, Plaintiff's Reply at pp. 4-5 (Redacted) and 353-1 pp. 4-5 (Sealed)). The Court concludes Plaintiff's more specific relevancy showing here meets the requirements of Fed. R. Civ. Pro. 26(b)(1) as it points to the issue at heart of Plaintiff's negligence claim against PWC which pertains to application of FAS 140 by PWC to Colonial mortgages.

Moreover, the Court's considerations involving a motion to compel a deposition as a vehicle for discovery differ in several ways from its considerations involving a motion to compel as to documents. Specifically, a deposition, especially a limited one as the Court will Order here, does not implicate the burdensomeness and expense considerations of Federal Rule of Civil Procedure 26(b)(2)(C)(iii). Further, any confidentiality considerations maybe handled by means other than redactions, which can also be time-consuming and expensive, especially when dealing with voluminous paper discovery. Indeed, the Court will Order that Plaintiff secure and present to PWC counsel prior to

Wallace's resumed deposition a waiver of confidentiality from Doral Bank and R-G Premier and/or their holding company for which Colonial performed FAS 140 accounting work. Although the Court expressly noted burdensomeness and confidentiality in disallowing paper discovery of Colonial's work for other clients (Doc. 232 p. 10), the Court concludes now that these considerations do not preponderate here when dealing with a deposition as they did previously.

The Court is further satisfied that the nature of a deposition, which allows deponent's counsel to state the objections and the grounds therefore while allowing a deponent to answer, preserves PWC's objections to admissibility later. *Hope for Families & Community Service, Inc., et. al., v. Warren,* 3:06-vc-1113-WKW (Doc. 580, March 8, 2012). Moreover, as discussed more fully above, although not encouraged by the Court, PWC's counsel certainly has the right to instruct Wallace not to answer any of Plaintiff's questions pursuant to Fed. R. Civ. Pro. 30 (c) (2). Thus, the Court will Order that Wallace's deposition be resumed within certain parameters specifically set out below.

Finally, Plaintiff complains that PWC's counsel inappropriately questioned Mr. William Mitchell, the FDIC's investigator in attendance at the deposition. Through this questioning, conducted at the close of deposition, PWC's counsel determined that Mitchell was present due to his involvement with the Colonial receivership, but was also involved with the FDIC's receivership for Doral. Plaintiff asks this Court to Order that the questions and his answers be struck from the record. The Court has reviewed the disputed portion of the deposition and concludes that PWC's questioning was not improper. Rather PWC simply sought to determine Mitchell's role in the deposition and to assure that he

understood the Confidentiality Order's application to the deposition proceedings. (Doc. 105 entered October 24, 2014). In fact, considering the continuing battles over confidentiality and the scope of discovery in this proceeding, the Court is somewhat surprised that PWC's counsel did not ascertain this information at the beginning of the deposition. Accordingly, the Court will Order that Plaintiff's Motion to Compel be denied as to this issue.

Accordingly, it is

ORDERED that Plaintiff's Motion to Compel and for Sanctions and to Strike (Doc. 326) be GRANTED in part and DENIED in part as follows:

(1) The Plaintiff's Motion to Compel the Testimony of Peter Wallace is GRANTED to the extent set forth below:

(a) The deposition shall be limited to Mr. Wallace's specific involvement with FAS 140 concerns on behalf of Doral Bank, R-G Premier and Colonial Bank. The deposition's duration shall be limited to two hours.

(b) Two days prior to the scheduled deposition Plaintiff shall present to PWC counsel and shall **FILE** with this Court, a waiver of confidentiality from Doral Bank and R-G Premier and/or their holding company for which Colonial performed FAS 140 accounting work. The deposition may **NOT** be reconvened without these waivers.

(c) PWC shall make Wallace available at time and place mutually agreed upon by all parties. The Plaintiff shall bear the costs associated with resuming Wallace's deposition.

(2) Plaintiff's Motion for Sanctions for filing this Motion and Costs for resuming Wallace's deposition is DENIED.

(3) Plaintiff's Motion to Strike the portions of Wallace's deposition dealing with the questions posed to William Mitchell and his answers is DENIED.

DONE this 23rd day of June, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE