**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| THE COLONIAL BANCGROUP, INC., et al.<br><br>Plaintiffs,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP, et al.,<br><br>Defendants. | ) | Case No. 2:11-cv-00746-WKW |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP, et al.,<br><br>Defendants. | ) | Case No. 2:12-cv-00957-WKW |

**<u>FDIC-R ANSWER TO CROWE HORWATH LLP'S COUNTERCLAIM AND MOTION TO STRIKE FLORIDA LAW DEFENSE</u>**

The Federal Deposit Insurance Corporation, as Receiver for Colonial Bank ("FDIC-R"), hereby answers the counterclaim filed by Crowe Horwath, LLP ("Crowe") as part of its Answer, Defenses and Counterclaim to the FDIC's Third Amended Complaint ("Crowe Answer"), ECF 491, and also moves to strike Crowe's Twenty-Eighth Defense because (1) it was not timely disclosed as required by this Court's February 29, 2016 Order, ECF 304; and (2) it is based upon Florida law even though all the parties and the Court agree that Alabama law governs the present case.

**Answer to Crowe Counterclaim**

For its Answer to Crowe's counterclaim, ECF 491 at 56, the FDIC-R states as follows:

COUNT 1

Breach of Contract

**Paragraph 1:** Crowe entered into a tolling agreement with the FDIC effective August 9, 2012, and later an agreement modifying the tolling agreement (collectively, the "Tolling Agreement"). Under the Tolling Agreement, the FDIC was required to engage in good faith discussion with Crowe to settle its alleged claims against Crowe. The FDIC failed to do so and thus breached the Tolling Agreement.

**Response:** The FDIC-R admits that it entered enter a "Tolling Agreement" with Crowe effective August 9, 2012, and that the FDIC-R and Crowe entered into an "Extension of Tolling Agreement" effective August 31, 2016. The FDIC-R refers to those agreements for their contents and denies any characterization thereof. The FDIC-R denies the remaining allegations of Paragraph 1.

**Paragraph 2:** Crowe and the FDIC negotiated and executed the Tolling Agreement for the purpose of engaging in and continuing pre-suit settlement negotiations, as the FDIC admits in Paragraph 100 of its Third Amended Complaint. Accordingly, the FDIC's failure to engage in good faith discussion with Crowe constitutes a material and fundamental breach of the Tolling Agreement, excusing Crowe from any obligations under the Tolling Agreement.

**Response:** The FDIC-R admits that Paragraph 2 references Paragraph 100 of its Third Amended Complaint. The FDIC-R refers to that Paragraph for its contents and denies any characterization thereof. The FDIC-R denies the remaining allegations of Paragraph 2.

**Paragraph 3:** As a result of the FDIC's breach of the Tolling Agreement, Crowe has been damaged in an amount to be proven at trial, which includes, without limitation, Crowe's expenses and attorneys' fees incurred in having to respond to this action.

**Response:** The FDIC-R denies the allegations of Paragraph 3.

PRAYER FOR RELIEF

For these reasons, Crowe requests that the Court award Crowe judgment against the FDIC as follows:

A. That the FDIC, because of its material breach, is unable to enforce the Tolling Agreement;

B. That Crowe be awarded the costs of defending this action, including reasonable attorneys' fees, costs, and disbursements; and

C. That the Court grant such other and further relief that it deems just and proper.

**Response:** The FDIC-R denies that Crowe is entitled to any relief whatsoever. The FDIC-R denies each and every allegation in the Counterclaim except as expressly admitted above. The FDIC-R requests that the Counterclaim be dismissed with prejudice, that the Court find that Crowe is not entitled to any judgment or relief, that the Court enter judgment in favor of the FDIC-R, and that the Court award the FDIC-R its attorneys' fees, costs and expenses, pre-judgment interest, and such other and further relief as the Court deems just and proper.

**Motion to Strike Crowe's Twenty-Eighth Affirmative Defense**

The FDIC-R hereby moves this Court to strike Crowe's Twenty-Eighth Defense to the FDIC-R's Third Amended Complaint ("Crowe's Florida Law Defense"), ECF 491 at 51-54. The defense was not timely disclosed pursuant to this Court's February 29, 2016 Order, and the defense is an immaterial and impertinent matter since the parties and the Court agree that Alabama and Illinois law govern the claims at issue in this case.

**Discussion**

For its Florida Law Defense, Crowe pleaded as follows:

> If Florida law governs Plaintiffs' claims, then under § 768.81(3), Fla. Stat., and *Fabre v. Martin*, 623 So. 2d 1182 (Fla. 1993), in addition to any allocation of fault among the parties, any liability of Crowe must be reduced, in whole or in part, by negligence attributable to persons or entities not a party to this action who caused or contributed the damages purportedly suffered by Plaintiffs. Such persons or entities identified by Crowe at this time include, on information and belief:
>
> (a) Akerman Senterfitt
> (b) Capell & Howard
> (c) Bank of America (including, as successor-in-interest to La Salle Bank)
> (d) Deutsche Bank, Ag, BNP Paribas, and BNP Paribas Mortgage Corporation
> (e) Deutsche Bank Securities, Inc. and BNP Paribas Securities Corporation
> (f) Natixis Real Estate Capital, Inc. and Natixis Financial Products LLP
> (g) RLI Corporation
> (h) Mortgage Dynamics, Inc.
> (i) Robbins Gioia
> (j) Deloitte & Touche LLP
> (k) The Alabama State Banking Department, the FDIC, the OCC, and the Federal Reserve Bank
> (l) The United States Department of Housing and Urban Development
> (m) The Federal Housing Finance Agency
> (n) The Federal National Mortgage Association
> (o) The Colonial BancGroup, Inc.
> (p) Home America Mortgage, Inc. and various of its officers, directors, employees, and shareholders, and other individuals working on Home America's behalf, including but not limited to Gregory Hicks, Dennis Mosley, and Carl Wright
> (q) Colonial Bank

(r) Various officers, directors, and employees of BancGroup or Colonial Bank including, without limitation, the following individuals:
- Arthur Barksdale
- Mary Lou Bathen
- Terry Bryant
- David Byrne
- Michelle Carroll
- Caryn Cope
- Brent Hicks
- Patti Hill
- Kamal Hosein
- Sandra Jansky
- Teresa Carrier Kelly
- Catherine Kissick
- Rodney Lewis
- Robert Lowder
- Sarah Moore
- Amy Nunnelly
- Flake Oakley
- Hans Petit
- Sarah Roland
- Joyce Schultz
- Tamara Stidham
- Lynette Tischer
- Edward V. Welch

(s) Ocala Funding, including its managing member, TBW, and its special member, Colleen A. De Vries

(t) Various officers, directors, employees, and members of TBW or Ocala Funding including, without limitation, the following individuals:
- Paul Allen
- Delton de Armas
- Raymond Bowman
- Desiree Brown
- Brian Callahan
- Jeffrey Cavender
- Colleen A. De Vries
- Sherry Dickinson
- Lee Farkas
- Digjivay "Danny" Gaekwad
- Aaron Jacoby
- Sean Ragland
- Stuart Scott
- Donna Skuhrovec
- Mike Wawrzyniak

ECF 491 at 51-54.

## I. Crowe's Florida Law Defense should be struck because it was not timely disclosed as required by this Court's February 29, 2016 Order.

On February 29, 2016, this Court granted Crowe additional time to answer the FDIC-R's Third Amended Complaint. ECF 304. One of the terms of the Court's Order granting Crowe additional time to answer was that "Crowe shall inform the FDIC-R of any additional affirmative defenses it asserts as soon as practicable, but not later than **March 19, 2016**." *Id*. at 3 (emphasis in original).

In accordance with the Court's Order, on March 18, 2016, counsel for Crowe emailed a letter to counsel for the other parties to the case listing the additional affirmative defenses that Crowe intended to assert in response to the FDIC-R's Third Amended Complaint. *See* March 18, 2016 Parzen letter, attached as Exh. A. While Crowe's counsel specifically listed six additional affirmative defenses in that letter, its Florida Law Defense was not among them. *See id*. at 1-2. Instead, at the end of the letter, counsel stated that "Crowe reserves the right to rely on all defenses available to it (whether under Alabama law or Florida law, if the Court determines that Florida law applies here) at the time of trial." *Id*. at 2.

Crowe's Florida Law Defense is due to be struck because Crowe failed to disclose it in accordance with the terms of this Court's Order. Crowe's general reservation of rights to "rely on all defenses available to it" under either Alabama or Florida law is plainly insufficient to preserve the Florida Law Defense. Indeed, the fact that Crowe specifically listed six other affirmative defenses illustrates that it knew its general reservation of the right to assert all defenses under the laws of two states was insufficient. Accordingly, the FDIC-R requests that this Court strike Crowe's Florida Law Defense as untimely under this Court's February 29, 2016 Order.

## II. Crowe's Florida Law Defense should also be struck because it is an immaterial and impertinent matter.

The Eleventh Circuit has held that this Court "has broad inherent powers, as well as authority under Federal Rule of Civil Procedure 12(f) to 'order stricken from any pleading . . . any redundant, immaterial, impertinent, or scandalous matter.'" *Dzwonkowski v. Dzwonkowski*, 298 F. App'x 885, 887 (11th Cir. 2008) (quoting Fed. R. Civ. P. 12(f)). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd, on other grounds*, 510 U.S. 517 (1994) (quoting *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)); *see also Hodge v. Orlando Utilities Comm'n*, No. 609CV-1059-ORL-19DAB, 2009 WL 4042930, at *4 (M.D. Fla. Nov. 23, 2009) (quoting *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002)) ("The purpose of a motion to strike is 'to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'").

"'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706–07 (1990). "Impertinent matter is defined as 'statements that do not pertain, and are not necessary, to the issues in question.'" *Parsons v. Okaloosa Cty. Sch. Dist.*, No. 3:09-CV-254/WS/EMT, 2010 WL 1753152, at *2 (N.D. Fla. Mar. 30, 2010), *report and recommendation adopted,* No. 3:09-CV-254-WS, 2010 WL 1753151 (N.D. Fla. Apr. 29, 2010) (quoting *Fantasy, Inc.*, 984 F.2d at 1527).

Here, Crowe's Florida Law Defense is both immaterial and impertinent because Florida law is immaterial to the issues in this case. In fact, the parties unanimously agree that Alabama law governs the claims at issue, with the limited exception of certain issues related to Crowe's

engagement letters which are governed by Illinois law pursuant to a choice of law provision. The parties' unanimous agreement as to the law governing each claim was clearly shown in the recently filed summary judgment motions. *See, e.g.,* ECF 540 at 1 (Crowe states that it and Colonial BancGroup ("CBG") "agree that [CBG's] tort claim is governed by Alabama law, [CBG's] contract claim by Illinois law); ECF 537 at 8 n.3 (Crowe argues Alabama law does not recognize a claim for gross negligence), 19-22 (arguing causation principles under Alabama law); ECF 535 at 3 n.1 (PricewaterhouseCoopers states that it "and the FDIC agree that, with the exception of the FDIC's breach-of-tolling-agreement claim, the FDIC's claims are governed by Alabama law")[1]; ECF 523 at 12-13 (CBG arguing only it satisfied Alabama law standing requirements to bring claims against Auditor-Defendants), 25-29 (CBG brief section discussing Alabama law on shareholder claim classification). None of the briefs even mention Florida law or argue for its applicability to any issue.

Consistent with the parties' unanimous agreement, none of this Court's opinions in this case have been based on Florida law either. *See, e.g.*, ECF 72, Sept. 9, 2014 Order denying Crowe and PwC motions to dismiss at 4, 7, 9 (applying: (1) Illinois law to issues related to Crowe engagement letters because "[t]he parties agree that, based on their engagement letters' choice-of-law provision, the breach of contract claim is governed by Illinois law," (2) Alabama law to issues related to PwC engagement letters because "the parties agree that the contract is governed by Alabama law," and (3) Alabama law to professional negligence claims[2]); ECF 442,

---

[1] With respect to FDIC-R's breach-of-tolling-agreement claim, PwC explains: "The PwC-FDIC tolling agreement 'shall be construed, governed, and enforced in accordance with federal law of the United States of America, and in the absence thereof, the laws of the State of Alabama.' PwC-FDIC Tolling Agt. [Ex. 5] ¶ 8. To the extent that the tolling agreement is governed by federal common law, this Court should apply the general common law of contracts, as informed by Alabama contract law." ECF 535 at 30 n.72.

[2] In applying Alabama law to the professional negligence claims against Crowe, the Court explained that "Crowe asserts that Alabama law governs the negligence claim, CBG asserts that Florida law may ultimately govern due to where the injury took place. Crowe's arguments at this stage will be addressed under the assumption that

July 29, 2016 Order denying Crowe's summary judgment argument based on the FDIC-R's Extender Statute, at 3 (discussing Alabama law's two year statute of limitations for tort claims); ECF 450, August 25, 2016 Order granting in part and denying in part Crowe motion for summary judgment on CBG damages, at 8 ("The engagement letters have an Illinois choice-of-law provision, so the parties agree that the contract claim is governed by Illinois law. Likewise, the parties agree that the negligence claim is governed by Alabama law."); ECF 453, September 9, 2016 Order denying Crowe motion for summary judgment on the FDIC-R's claims based on liability limitation provisions in its engagement letters with CBG, at 5 (applying Alabama law because "the parties agree [Alabama law] governs the FDIC's tort claims").

Since no party asserts that Florida law has any applicability to any of the issues in this case and the Court has never applied Florida law to any issue in this case, Crowe's Florida Law Defense is due to be struck as an immaterial and impertinent matter because it has no bearing on any issue in the case. Indeed, the parties' agreement on the governing law issue makes any choice of law analysis unnecessary. *See Phillips v. Publ'g Co., Inc.*, No. CV213-069, 2015 WL 5821501, at *12 n.7 (S.D. Ga. Sept. 14, 2015) ("Because the parties do not raise a choice-of-law issue in their motions and appear to agree that Georgia law applies to all claims other than those based on Alabama statutes, the Court need not conduct a conflict of laws analysis and, instead, applies Georgia law to all claims other than those to which the parties have stipulated to the application of Alabama law."); *Medalie v. FSC Sec. Corp.*, 87 F. Supp. 2d 1295, 1298 (S.D. Fla. 2000) (citing *Pulte Home Corp. v. Osmose Wood Preserving, Inc.*, 60 F.3d 734, 739 n. 15 (11th Cir. 1995)) ("Because the parties have acquiesced to application of Florida law in this case, the parties may not later argue that another jurisdiction's law should apply."). Accordingly, even if

---

Alabama law applies." ECF 72 at 7. Accordingly, Crowe has affirmatively disputed the application of Florida law to claims in this case.

Crowe were to request that this Court perform a choice-of-law analysis so as to allow Crowe to assert its Florida Law Defense, this Court should reject Crowe's request based on the unanimous agreement by the parties (including Crowe) on the laws governing the claims in this case.

Additionally, striking Crowe's Florida Law Defense is particularly appropriate here because allowing Crowe to pursue that defense at trial would clearly prejudice the FDIC-R since Crowe first asserted the defense after discovery closed. As quoted above, Crowe's defense lists over 60 entities and individuals that it claims were negligent or otherwise contributed to the damages at issue so as to entitle Crowe to have any damages award against it reduced. Obviously, had Florida law applied to this suit (which no party claims) and had Crowe timely asserted its Florida Law Defense prior to the close of discovery (which it did not), then the FDIC-R would have propounded and pursued detailed discovery related to Crowe's theories regarding potential damages reduction based on these entities and individuals. Crowe's failure to assert the Florida Law Defense before the close of discovery therefore clearly prejudices the FDIC-R's ability to defend itself and provides further support for this Court to strike that defense. *See Ohio Nat'l. Life Assur. Corp. v. Langkau*, No. 3:06-CV-290J20MCR, 2006 WL 2355571, at *1 (M.D. Fla. Aug. 15, 2006) (quoting *Fla. Software Sys., Inc. v. Columbia/HCA Healthcare Corp.*, No. 97-2866-CIV-T-17B, 1999 WL 781812, at *1 (M.D. Fla. Sept. 16, 1999)) ("[A] court will not exercise its discretion under the rule to strike a pleading **unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.**") (emphasis added).

## CONCLUSION

For the foregoing reasons, the FDIC-R respectfully requests that this Court strike Crowe's Twenty-Eighth Affirmative Defense.

Dated: November 17, 2016

*/s/ Robert K. Spotswood*

**SPOTSWOOD SANSOM & SANSBURY LLC**
Robert K. Spotswood (SPO 001)
Michael T. Sansbury (SAN 054)
Grace L. Kipp (LON 049)
One Federal Place
1819 Fifth Avenue North, Suite 1050
Birmingham, Alabama 35203
Telephone: (205) 986-3620
Facsimile: (205) 986-3639
Email: rks@spotswoodllc.com
msansbury@spotswoodllc.com
gkipp@spotswoodllc.com

**RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.**
Dennis Bailey (ASB-4845-171D)
J. Evans Bailey (ASB-9995-J61B)
184 Commerce Street
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 206-3234
Facsimile: (334) 481-0031
Email: DRB@rsjg.com

**MULLIN HOARD & BROWN, LLP**
David Mullin (TX Bar No. 14651600)
*pro hac vice*
John M. Brown (TX Bar No. 3142500)
*pro hac vice*
John G. Turner, III (TX Bar No. 20320550)
*pro hac vice*
Robert Bell (TX Bar No. 00787062)
*pro hac vice*
Clint Latham (TX Bar No. 24013009)
*pro hac vice*
Anthony W. Kirkwood (TX Bar No. 24032508)
*pro hac vice*
Richard Biggs (TX Bar No. 24064899)
*pro hac vice*

500 South Taylor, Suite 800
Amarillo, Texas 79101
Telephone: (806) 372-5050
Facsimile: (806) 372-5086
Email: dmullin@mhba.com
jobrown@mhba.com
jturner@mhba.com
rbell@mhba.com
clatham@mhba.com
tkirkwood@mhab.com
rbiggs@mhba.com

*Attorneys for Plaintiff Federal Deposit Insurance Corporation as Receiver for Colonial Bank*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was electronically served on November 17, 2016, by transmission of Notices of Electronic Filing generated by CM/ECF to persons registered as of issuance of filing.

Drew D. Dropkin (ddropkin@kslaw.com)
Elizabeth V. Tanis (etanis@kslaw.com)
James H. Anderson (anderson@copelandfranco.com)
Jonathan C. Medow (jmedow@mayerbrown.com)
Stanley J. Parzen (sparzen@mayerbrown.com)
Tabor R. Novak, Jr. (tnovak@ball-ball.com)
Andrew P. Campbell (Andy.Campbell@Campbellguin.com)
Caroline Smith Gidiere (Caroline.Gidiere@Campbellguin.com)
Justin Glyien Williams (Justin.Williams@Campbellguin.com)
Nicholas J. DiCarlo (ndicarlo@dcmplaw.com)
Christopher A. Caserta (ccaserta@dcmplaw.com)
C. Edward Dobbs (ced@phrd.com)
Ronald T. Coleman, Jr. (rtc@phrd.com)
Rufus T. Dorsey, IV (rtd@phrd.com)
James N. Gorsline (jgorsline@kslaw.com)
Juanita Passyn Kuhner (jkuyner@kslaw.com)
Bradley J. Lingo (blingo@kslaw.com)
Geoffrey M. Ezgar (gezgar@kslaw.com)
David Tetrick, Jr. (dtetrick@kslaw.com)
Meredith Moss (mmoss@kslaw.com)
Richard T. Marooney, Jr. (rmarooney@kslaw.com)

*/s/ Grace L. Kipp*
OF COUNSEL