IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE COLONIAL BANCGROUP, INC. and KEVIN O'HALLORAN, as plan trustee<br><br>    Plaintiffs,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP, and CROWE HORWATH LLP,<br><br>Defendants. | Case No. 2:11-cv-00746-BJR<br><br>(FILED UNDER SEAL) |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK,<br><br>    Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,<br><br>Defendants. | Case No. 2:12-cv-00957-BJR |

REPLY BRIEF OF THE COLONIAL BANCGROUP, INC. AND KEVIN
O'HALLORAN, AS PLAN TRUSTEE, IN FURTHER SUPPORT OF THEIR MOTION
TO EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF THE FDIC-R'S EXPERTS
JONATHAN WALKER AND KENNETH J. MALEK

**REDACTE**D

Plaintiffs The Colonial BancGroup, Inc. ("BancGroup") and Kevin O'Halloran, as Plan Trustee acting for and on behalf of BancGroup (collectively, "Plaintiffs"), hereby submit their Reply Brief in further support of their Motion to Exclude Certain Opinions and Testimony of the FDIC-R's Experts Jonathan Walker ("Walker") and Kenneth J. Malek ("Malek") [Doc. 529](the "Motion"). For the reasons discussed below and in Plaintiffs' opening brief, the Motion should be granted.

## PRELIMINARY STATEMENT

[text redacted]

[1] [text redacted]

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████
██████████████████

**ARGUMENT**

███████████████████████████████████████
████████████████████████

████████████████████████████████ the test for admissibility of expert testimony under Rule 702 requires a "rigorous three-part inquiry" involving, among other things, (i) whether the expert is qualified to testify competently and reliably regarding the subjects addressed; (ii) whether the expert's methodology is reliable; (iii) whether the expert's specialized expertise assists the trier of fact in understanding the evidence or determining a fact in issue. ████████████████████████ quoting *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004))). ████████████████████████████ Rule 702 requires an expert testimony to be "'based on sufficient facts and data'" and the "'product of reliable principles and methods that

- 3 -

are reliably applied to the facts of the case.'" ████████████ (quoting Fed. R. Evid. 702(b) and advisory committee note (2000 amends))).

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████

**A. Lack of Qualifications**

████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

### B.  Lack of Reliable Methodology

The second prong of the test for admissibility of expert testimony under Rule 702 requires that the expert's opinion must be the product of reliable principles and methods. *See supra* at p. 2. ████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████

──────────────────────────

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

- 5 -

██████████████████████████████████████████████████
██████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████

### C. Lack of Sufficient Facts and Data

Finally, Rule 702 requires that the expert's testimony be based on sufficient facts and data. Only then will the expert's specialized knowledge assist the trier of fact in understanding the evidence or deciding a fact in issue. "[T]he word 'knowledge' connotes more than subjective belief or unsupported speculation." *Daubert v. Merell Dow Pharms., Inc.*, 509 U.S. 579, 590 (1993).

---

[3] ████████████████████████████████████████████████
████████████████████████

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████

As stated by the Eleventh Circuit, "nothing in either *Daubert* or the Fedseral Rules of Evidence requires a District Court to admit opinion evidence which is connected to existing data only by the *ipse dixit* of the expert …. Thus, a trial court may exclude expert testimony that is imprecise and unspecific, or whose factual basis is not adequately explained." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1111 (11th Cir. 2005).

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████

---

[5] ████████████████████████████████████████████████
████████████████████████████████████████.

[page contents redacted]

███████████████████████████████████████████████████████████

███████████████████████████████████████████████

     ████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

---

[7] ████

███████████████████████████████████████████████████████████
████

- 9 -



**CONCLUSION**

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

Dated: December 13, 2016

| | |
|---|---|
| Rufus T. Dorsey IV<br>Ronald T. Coleman<br>**Parker Hudson Rainer, & Dobbs, L**<br>303 Peachtree Street<br>Suite 3600<br>Atlanta, GA 30308<br>T: (404) 523-5300<br>F: (678) 533-7708<br>rtd@phrd.com<br>rtc@phrd.com<br><br>*Attorneys for The Colonial BancGroup, Inc., as post-confirmation debtor, and Kevin O'Halloran, as Plan Trustee acting for and on behalf of The Colonial BancGroup, Inc.* | /s/ Andrew P. Campbell<br><br>Andrew P. Campbell<br>**Campbell Guin LLC**<br>505 N. 20th Street, Suite 1600<br>Birmingham, AL 35203<br>(205) 224-0751<br>andy.campbell@campbellguin.com<br>caroline.gidiere@campbellguin.com<br><br>Nicholas J. DiCarlo<br>Christopher A. Caserta<br>**DiCarlo Caserta & McKeighan PLC**<br>6900 E. Camelback Road, Suite 250<br>Scottsdale, AZ 85251<br>T: (480) 222-0914<br>ndicarlo@dcmplaw.com<br>ccaserta@dcmplaw.com |

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that he has caused a true and correct copy of the foregoing document to be served on December 13, 2016 by electronic mail upon counsel for the parties.

    So certified December 13, 2016.

                                                    */s/ Andrew P. Campbell*

                                                  Andrew P. Campbell