IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE COLONIAL BANCGROUP INC., and KEVIN O'HALLORAN<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,<br><br>Defendants. | ) | ORDER DENYING CROWE'S MOTION TO DISMISS IN PART THE FDIC'S THIRD AMENDED COMPLAINT<br><br>CASE NO. 2:11-cv-746-BJR |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP<br><br>Defendants. | ) | CASE NO. 2:12-cv-957-BJR |

## I. INTRODUCTION

Defendant Crowe Horwath LLP ("Crowe") moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss, in part, the claims asserted against it in the Third Amended Complaint [Dkt. No. 281] filed by the Federal Deposit Insurance Corporation as receiver for Colonial Bank ("FDIC"). Dkt. No. 318. The FDIC opposes the motion. Dkt. No. 352. Having

reviewed the motion, the opposition thereto, the record of the case, and the relevant legal authority, the Court will deny the motion. The reasoning for the Court's decision follows.

## II. BACKGROUND

The FDIC filed its original complaint in October 2012, asserting claims against Crowe for professional negligence, gross negligence, and negligent misrepresentation in its provision of internal audit services for Colonial BancGroup, Inc. ("CBG"), the parent company of Colonial. *See* Dkt. No. 1, *Federal Deposit Insurance Corporation v. PricewaterhouseCoopers LLP, et al*., 2:12-cv-00957-BJR.[1] The complaint, spanning fifty plus pages, detailed a massive fraud committed on Colonial by Taylor Bean & Whitaker Mortgage Corp. ("TBW") with the assistance from some Colonial employees from 2002 through 2009. *Id*. ¶¶ 17-21. It alleged that Crowe provided internal audit services at all times during the fraud yet failed to detect the fraud, causing significant losses to Colonial. *Id*. ¶ 2. The complaint charged that absent Crowe's wrongful acts, the TBW fraud would have been discovered by 2007 or early 2008, avoiding an estimated $1 billion in losses to Colonial.[2] *Id*. ¶¶ 3, 56-77.

In February 2016, the FDIC filed a third amended complaint ("TAC").[3] The TAC asserted the same claims against Crowe—professional negligence, gross negligence, and negligent misrepresentation related to Crowe's failure to detect the TBW fraud in its internal audit work. Dkt. No. 225. The TAC added one additional claim, a breach of contract claim based on Crowe's alleged breach of a tolling agreement between it and the FDIC. Otherwise, the FDIC asserts, the TAC "simply add[ed] 'additional factual detail supporting its claims, including additional detail about certain aspects of [Crowe's] misconduct that have been uncovered

---

[1] Case No. 12-957 was consolidated with the instant case on September 24, 2014. See Dkt. No. 92.

[2] PricewaterhouseCoopers LLP ("PWC") provided external audit services for CBG during all times relevant to this lawsuit. The FDIC charges that PWC is also responsible for Colonial's losses.

[3] The FDIC sought leave to file the TAC in November 2015, which Crowe opposed. Judge Watkins granted the motion on February 9, 2016 and the FDIC filed the TAC the next day.

through discovery.'" Dkt. No. 225 at 4-5. Significant to this motion, the TAC now asserts that Crowe should have discovered the TBW fraud "by no later than December 31, 2005" and adds allegations related to Crowe's 2008 audit work. The parties agree that this change expressly "expand[s] Crowe's potential liability from the 2006 and 2007 audit years to also include the 2005 and 2008 audits." Dkt. No. 352 (quoting Dkt. No. 242 ¶ 4).

Crowe moves to dismiss the new allegations in the TAC that relate to the 2005 and 2008 audit years, arguing that any allegations related to that work are time-barred. The FDIC opposes the motion, countering that those allegations relate back to the filing of the original complaint pursuant to Federal Rule of Civil Procedure 15 ("Rule 15"). For the reasons discussed below, the Court agrees with the FDIC and finds that the allegations pertaining to 2005 and 2008 relate back to the original complaint under Rule 15, and thus, are not time-barred.

## III. STANDARD OF REVIEW

An amended claim relates back to the claims asserted in the original complaint—for statute of limitations purposes—if it arises out of the same conduct set forth in the original complaint. Fed.R.Civ.P. 15(c); *see also, Forzley v. AVCO Corp. Electronics Div*., 826 F.2d 974, 981 (11th Cir. 1987) ("Rule 15(c) is based on the concept that a party who is notified of the litigation concerning a given transaction or occurrence has been given all the notice that the statutes of limitation are intended to afford."); *Brown v. Montgomery Surgical Ctr*., 2013 WL 1163427, *7 (M.D. Ala. March 20, 2013) ("[T]he critical issue in Rule 15(c) determinations is whether the original complaint gave notice to the defendant of the claims now being asserted."). On the other hand, "[w]hen new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back, and recovery under the amended complaint is

barred by limitations if it was untimely filed." *Brown*, 2013 WL 1163427, *7 (quoting *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993) (citation and internal quotation marks omitted)).

## IV. DISCUSSION

"The text of Rule 15 makes explicit Congress' intent that leave to amend a complaint 'shall be freely given when justice so requires.'" *Seigel v. Converters Transp., Inc*., 714 F.2d 213, 216 (2d. Cir. 1983) (quoting Fed.R.Civ.P. 15(a)). Rule 15 "'provide[s] [the] maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities.'" *Id*. (quoting 6 C. Wright & A. Miller, Federal Practice and Procedure, § 1471, at 359 (1971)). The purpose of Rule 15 is "to ameliorate the effect of the statute of limitations." *Id*. (quoting 6 C. Wright & A. Miller, Federal Practice and Procedure, § 1471, at 495 (1971) (footnote omitted). To this end, Fed.R.Civ.P. 15(c) states:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

Here, the parties agree that the FDIC's claims arising out of Crowe's 2005 and 2008 audits are barred by the statute of limitations unless the claims relate back to the original pleading. Thus, this Court must start its analysis with the original complaint. In paragraph one of the original complaint, the FDIC asserts that Colonial was the victim of "a massive, multi-year fraud" perpetrated by Colonial's "largest mortgage banking customer, [TBW]." Dkt. No. 1, *Federal Deposit Insurance Corporation v. PricewaterhouseCoopers LLP, et al*., 2:12-cv-00957-BJR. The FDIC further alleges that "[a]t all relevant times during this fraud … Crowe [] provided internal audit services to [Colonial]." *Id*. ¶ 2. The FDIC claims that "[a]ll the time that TBW was carrying out" this fraud, Crowe "never realized that many hundreds of millions of dollars of [Colonial] assets did not exist, had been sold to others, or were worthless." *Id*. Instead,

the FDIC alleges, "Crowe consistently overlooked serious internal control issues and failed to evaluate properly controls for the financing programs used by TBW." *Id.* The FDIC further charges that "Crowe continued to perform auditing services for Colonial without ever detecting the TBW fraud. Had [Crowe] performed [its] auditing work in accordance with applicable professional standards, [it] would have learned of the TBW fraud in time to prevent additional losses suffered by Colonial at the hands of TBW." *Id.* The FDIC concludes that but for the "acts and omissions of professional malpractice, gross negligence, and negligent misrepresentation committed by Crowe in connection with its 2006 and 2007 outsourced internal audit and consulting services provided to Colonial, the TBW fraud would have been discovered by 2007 or early 2008, and losses currently estimated to exceed $1 billion would have been avoided." *Id.* ¶ 3.

Crowe argues that the additional claims in the TAC concerning the Crowe's audits for 2005 and 2008 are time-barred because they do not "ar[i]se out of the conduct, transactions, or occurrence set out … in the original pleading." Dkt. No. 318 (quoting Fed.R.Civ.P. 15(c)(1)(B)). This Court disagrees. As set forth in the preceding paragraph, the FDIC's original complaint alleged that Crowe was Colonial's auditor "at all relevant times" during "the massive, multi-year fraud" and that Colonial "never realized" TBW was stealing hundreds of millions of dollars from Colonial, instead "missing huge holes in Colonial's balance sheet and serious gaps in internal control." *Id.* ¶ 2. Clearly, the allegations in the original complaint placed Crowe on notice that its entire relationship with Colonial was at issue. Given the breadth of the allegations in the original complaint, Crowe "ought to have been able to anticipate or should have expected that … other aspects of the conduct, transaction, or occurrence set forth in the original pleading might be called into question." Wright, Miller & Kane, 6A Fed. Prac. & Proc. Civ. § 1497; *see also*,

*Seigel*, 714 F.2d at 216 ("When a suit is filed in a federal court under the Rules, the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be.").

Indeed, the factual allegations in the TAC are nearly identical to those in the original complaint (except for the specific years alleged and the amount of damages claimed). *See*, *e.g.*, Dkt. No. 1 ¶ 3 compared to Dkt. No. 281 ¶ 10; Dkt. No. 1 ¶ 61 compared to Dkt. No. 281 ¶ 78; Dkt. No. 1 ¶ 63 compared to Dkt. No. 281 ¶ 80. Likewise, the TAC does not assert any new causes of action—both pleadings assert professional negligence, gross negligence, and negligent misrepresentation claims against Crowe.[4] Accordingly, this Court finds that relation back under Rule 15(c) is appropriate. *Stevelman v. Alias Research Inc.*, 174 F.3d 79, 87 (2d Cir. 1999) (noting that courts should be particularly liberal in granted relations back under Rule 15 "[w]here no new cause of action is alleged").

Nevertheless, Crowe argues that the claims arising out of its 2005 and 2008 audits cannot relate back to the date of the FDIC's original complaint because "courts have recognized that audits performed by an accountant in different years are 'separate and distinct transactions'" and do not relate back to an original complaint that asserts claims based on other audit years. Dkt. No. 318 at 5-6 (quoting *McCook Equity Exch. v. Coop. Serv.*, 433 N.W.2d 509, 512 (Neb. 1988). Crowe's argument is misplaced. Of the cases Crowe cites for this proposition, only one involves the relation back doctrine under Rule 15, and that case, a non-binding state court case from Nebraska, *St. Paul Fire & Marine Inns. Co. v. Touche Ross & Co.*, 507 N.W.2d 275 (Neb. 1993) actually works against Crowe's argument.

In *St. Paul Fire*, the plaintiff asserted claims that defendant accountant had negligently examined and reported on the financial condition of a third party for the fiscal years ending in

[4] As discussed earlier in this order, the TAC alleges a new breach of contract claim against Crowe, but Crowe has not moved to dismiss that claim.

1982-85. *Id*. at 278. Plaintiff sought to amend the complaint to add a fraud claim for the years previously pled as well as for the fiscal year 1981. The trial court barred the claims as untimely and the plaintiff appealed. *Id*. In addressing the appeal, the Nebraska Supreme Court started with the unremarkable proposition that "[t]he general rule is that for limitations purposes, an amended pleading in the same cause of action ordinarily relates back to the original pleading." *Id*. at 281, 284 (citing *Forker Solar, Inc. v. Knoblauch*, 396 N.W.2d 273 (1986) ("[F]raud alleged for the first time in an amended petition related back to the original petition where the alleged misrepresentations were nearly identical to those alleged in the original petition."). The Nebraska Supreme Court then concluded that, with the exception of the 1981 audit year, the plaintiff's amended claims related back to the original complaint. *Id*. at 282. The *St. Paul Fire* Court determined that the 1981 audit year did not relate back because "no mention" of that year was made until the filing of the amended complaint. Here, Crowe cannot credibly argue that the 2005 and 2008 audit years were not "mentioned" in the FDIC's original complaint. As discussed above, the original complaint detailed a seven-year fraud and alleged that Crowe was Colonial's internal auditor throughout the entire fraud. In addition, the TAC claims based on the 2005 and 2008 audit years are based on the same factual allegations asserted in the original complaint. Thus, unlike in *St. Paul Fire*, it cannot be said here that the 2005 and 2008 audit years were not mentioned in the original complaint.

The remainder of Crowe's cases do not involve the relation back doctrine under Rule 15. Three of the cases—*McCook*, 433 N.W.2d 509 (Neb. 1988); *FDIC v. Deloitte & Touche*, 834 F. Supp. 1129(E.D. Ark. 1992); and *Williamson ex rel. Lipper Convertibles, L.P. v. PricewaterhouseCoopers LLP*, 872 N.E.2d 842 (N.Y. 2007)—involved the continuous-treatment tolling doctrine. In other words, in each of those cases, the plaintiff had not filed a timely claim

that it later sought to amend with allegations that would be time-barred but for the relation back doctrine under Rule 15. Rather, the plaintiffs attempted to argue that their original claims were timely because the statute of limitations had been tolled pursuant to the continuous treatment doctrine. *See, e.g.*, *Deloitte & Touche*, 834 F. Supp. at 1147. The courts in those cases declined to toll the statute of limitations, holding that the continuous-treatment doctrine was not applicable to audits performed in consecutive years. *Id*. at 1150. However, the continuous-treatment doctrine is not applicable to the case at hand. The FDIC does not argue that the statute of limitations in this case was tolled due to the ongoing relationship between Crowe and Colonial. Rather, the FDIC argues that the amended claims based on the 2005 and 2008 audit years arose out of the same conduct, transactions, or occurrences as those timely alleged in the original complaint, and as such, relate back to the original claims under Rule 15.[5]

## V. CONCLUSION

For the foregoing reasons, the Court HEREBY DENIES Crowe's motion to dismiss in part the FDIC's Third Amended Complaint.

Dated this 20th day of December, 2016.

Barbara Jacobs Rothstein
U.S. District Court Judge

[5] Crowe cites to three other state court cases involving malpractice claims against accountants based on audits conducted over consecutive years in which the court determined that claims based on at least one but not all of the years were time-barred. *See Wiz Technology, Inc. v. Coopers & Lybrand*, 130 Cal. Rptr. 2d 263 (Ct. App. 2003); *Lee Turzillo Contracting Co. v. Touche Ross & Co*., 1986 WL 155040 (Ohio Ct. App. Oct. 9, 1986); *Young v. Deloitte & Touche*, 2004 WL 2341344 (Mass. Super. Ct. Sept. 20, 2004). However, none of these cases implicated the relation back doctrine under Rule 15. Once again, with this motion, the Court must determine whether the amended claims relate back to the original claims for statute of limitations purposes. The Court concludes that they are; thus, the amended claims are not time-barred.