IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE COLONIAL BANCGROUP INC., and KEVIN O'HALLORAN<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,<br><br>Defendants. | ORDER DENYING CROWE'S MOTION FOR RECONSIDERATION<br><br>CASE NO. 2:11-cv-746-BJR |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP<br><br>Defendants. | CASE NO. 2:12-cv-957-BJR |

## I. INTRODUCTION

Defendant Crowe Horwath LLP ("Crowe") moves this Court to reconsider its September 9, 2016 Order denying Crowe's motion for summary judgment against the Federal Deposit Insurance Corporation as Receiver for Colonial Bank ("FDIC"). Dkt. No. 478. The FDIC opposes the motion. Dkt. No. 542. Having reviewed the motion, the opposition thereto, the

record of the case, and the relevant legal authority, the Court will deny the motion. The reasoning for the Court's decision follows.

## II. BACKGROUND

Crowe is a public accounting, consulting, and technology firm. Beginning in 2002, Crowe entered into a series of annual engagement letters (*i.e*., contracts) to perform internal auditing services for the Colonial BancGroup, Inc. ("CBG"), the parent company of Colonial Bank ("Colonial"). The engagement letters detailed the scope of Crowe's and CBG's obligations with respect to Crowe's services, including containing a "no-reliance provision" that barred third parties from relying on the audit work Crowe provided pursuant to the engagement letters.

In August 2009, it was discovered that Colonial had been the victim of a massive, multi-year fraud that siphoned billions of dollars from the bank. CBG filed for bankruptcy and Colonial was placed in receivership with the FDIC by the Alabama State Banking Department. The FDIC, as Colonial's receiver, instituted this action against Crowe, alleging that Crowe should have discovered the fraud. Crowe moved for summary judgment, arguing that the FDIC's claims against it are barred by the no-reliance provision in the engagement letters.

On September 9, 2016, this Court denied Crowe's motion for summary judgment, holding that while the no-reliance provision in the engagement letters between Crowe and CBG unambiguously barred third parties from relying on Crowe's audit work, there is a factual dispute as to whether "Crowe knowingly provided Colonial with its audit work with the intent that Colonial would rely on it and, thereby, waived its right to enforce the no-reliance provision." Dkt. No. 453 at 9.

With this motion, Crowe urges this Court to reconsider its determination that a question of fact exists as to whether Crowe waived the no-reliance provision.

## III. STANDARD OF REVIEW

"In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly." *Gougler v. Sirius Products, Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005). In the Eleventh Circuit, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). Here, Crowe argues that this Court committed a clear error or manifest injustice.

## IV. DISCUSSION

Crowe contends that this Court's determination that a dispute of fact exists as to whether Crowe waived the no-reliance provision in the engagement letters is "inconsistent with both governing law and undisputed evidence" in the record. Dkt. No. 478 at 1. Specifically, Crowe argues that this Court failed to address the evidence it presented that Crowe requires its engagement letters to include a no-reliance provision and that its employees cannot deviate from that requirement without permission from its attorneys. Crowe asserts that its attorneys never agreed to remove the no-reliance provision from the engagement letters, and indeed, CBG never asked for its removal. Crowe also asserts that this Court failed to address the fact that the engagement letters contained a "complete integration clause" that stated that the agreement "may not be amended or varied except by a written document sign by [CBG and Crowe]." Lastly, Crowe claims this Court failed to recognize that the no-reliance provision and the complete integration clause were included in each of the engagement letters CBG and Crowe entered into for the duration of their relationship (eight consecutive years).

Crowe raised each of these arguments in its summary judgment motion; the Court was not persuaded by the arguments then and it remains unpersuaded now. The parties do not dispute that the engagement letters contained the no-reliance provision year after year. Crowe claims that the fact that the no-reliance provision was included in the engagement letter each year demonstrates that Crowe did not intend to waive its right to enforce it. The Court agrees that the inclusion of the no-reliance provision in the engagement letters year after year tends to support Crowe's argument. However, just as the provision was included in the engagement letters each year, each year Crowe also acted in a manner that raises a question of fact as to whether Crowe waived the provision. The fact that it was Crowe's policy to include the no-reliance provision in the engagement letters does not alter that there is a dispute of fact as to whether Crowe waived that provision each year.

As for the complete integration and no oral modification clauses, the Court was aware of their existence at the time of its ruling. In determining that there is a question of fact as to whether Crowe waived the no-reliance provision, the Court necessarily also concluded that there is a question of fact as to whether Crowe waived the complete integration and no oral modification clauses. Crowe, citing to deposition testimony for the first time in this motion, argues that the no oral modification clause necessarily means that it did not intend to informally waive the no-reliance provision. It is inappropriate for Crowe to cite to this evidence for the first time on a motion for reconsideration. *See Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) (the court should not grant a motion for reconsideration where a party attempts to introduce previously unsubmitted evidence unless that evidence was not available during the pendency of the summary judgment motion).

Nevertheless, even if the Court were to consider the evidence now, the Court would still find that under the circumstances of this case, there exists a question of fact regarding waiver. First, waiver is typically a fact question for the jury. *See Edwards v. Allied Home Mortg. Cap. Corp.*, 962 So. 2d 194, 209 (Ala. 2007). Second, no oral modification clauses can be waived. *See Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc*., 985 So.2d 924, 930 n. 3 (Ala. 2007) ("This Court has consistently held that nonwaiver clauses and clauses that require modifications to be in writing can be found to have been waived upon proper proof."); *Caulfield v. Packer Engineering Inc*., 2015 WL 1455140, *14 (Ill.App.1st March 30, 2015) ("In Illinois, it is well settled that 'the terms of a written contract can be modified by a subsequent oral agreement even though the contract precludes oral modifications.'"); 10 Williston on Contracts § 29:42 (4th ed.) ("At common law, an oral agreement is sufficient to modify or rescind a written contract notwithstanding a provision in the written contract purporting to require that subsequent modifications be evidenced by a writing, commonly called a 'no oral modification' clause[.]"). Accordingly, for the reasons set forth in the September 9, 2016 Order, this Court concludes that a question of fact exists as to whether Crowe waived the no-reliance, integration, and no oral modification clauses in the engagement letters.[1]

[1] Crowe and the FDIC dispute whether Mike Thomas, the Crowe Executive and partner responsible for the CBG audit, had the authority to waive the no-reliance provision on behalf of Crowe. This argument was not raised on summary judgment, and as such, will not be addressed by the Court here.

## V. CONCLUSION

For the foregoing reasons, the Court HEREBY DENIES Crowe's motion for reconsideration of the September 9, 2016 Order [Dkt. No. 478].

Dated this 23rd day of December, 2016.

Barbara Jacobs Rothstein
U.S. District Court Judge