IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE COLONIAL BANCGROUP INC., and KEVIN O'HALLORAN<br><br>Plaintiff,<br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,<br><br>Defendants. | ORDER GRANTING PWC'S MOTION TO STRIKE PLAINTIFFS' JURY DEMANDS<br><br>CASE NO. 2:11-cv-746-BJR |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP<br><br>Defendants. | CASE NO. 2:12-cv-957-BJR |

## I. INTRODUCTION

Defendant PricewaterhouseCoopers LLP ("PWC") moves to strike the jury demands of Plaintiffs the Federal Deposit Insurance Corporation as Receiver for Colonial Bank (the "FDIC") and The Colonial BancGroup, Inc. ("CBG") for claims arising from certain audit years. Dkt. No. 634. The FDIC and CBG each oppose the motion. Dkt. Nos. 636 and 637. Having reviewed the

motion, the oppositions thereto, the record of the case, and the relevant legal authority, the Court will GRANT the motion.

## II. BACKGROUND

CBG retained PWC to audit its consolidated year-end financial statements for the years 2002 through 2008. Each year-end audit was performed pursuant to an engagement letter signed by both CBG and PWC. Five of the engagement letters—those governing the 2002-2005 and 2008 audits—contain the following (or a nearly identical) jury waiver provision:

> Agreement not to demand jury trial
>
> In the unlikely event that differences concerning our services or fees should arise that are not resolved by mutual agreement, to facilitate judicial resolution and save time and expense of both parties, the Company and PricewaterhouseCoopers LLP agree not to demand a trial by jury in any action, proceeding or counterclaim arising out of or relating to our services and fees for this engagement.

Dkt. No. 634, Ex. A (2002 Engagement Letter) at 4.

In these consolidated lawsuits, CBG asserts contract and negligence claims relating to PWC's 2007 and 2008 year-end audits.[1] Dkt. No. 285 (CBG Second Am. Compl.) at ¶¶ 177-186. The FDIC, as the receiver for Colonial Bank (CBG's wholly owned subsidiary), asserts similar claims relating to PWC's 2002 through 2008 year-end audits, alleging that Colonial Bank ("Colonial") was a third-party beneficiary of the agreements between CBG and PWC and that the FDIC now stands in the shoes of the bank. Dkt. No. 281 (FDIC Third Am. Compl.) at ¶¶ 112-118, 125-135, 139-140.

Both the FDIC and CBG assert jury demands with respect to all of their claims against PWC. The engagement letters between CBG and PWC for the audit years 2006 and 2007 did not include the jury waiver position. Accordingly, PWC concedes that the FDIC is entitled to a jury trial on its claims arising out of the 2006 and 2007 audit years, and that CBG is entitled to a jury

[1] To date, the cases have been consolidated for discovery purposes only.

trial on its claims arising out of the 2007 audit year (CBG did not bring claims based on the 2006 audit year). However, because the engagement letters for the 2002-2005 and 2008 audit years include the jury waiver provision, PWC moves to strike the Plaintiffs' jury demands as to the claims based on those audit years.

## III. LEGAL STANDARD

The parties to a contract may knowingly and voluntarily waive the right to a jury trial. *Bakrac, Inc. v. Villager Franchise Sys. Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006). However, the Seventh Amendment right to a jury is fundamental and there is a presumption against its waiver. *Aetna Ins. Co. v. Kennedy*, 301 U.S. 389, 393 (1937). Contract provisions waiving the right are narrowly construed, and the requirement of knowing, voluntary, intentional waiver is strictly applied. *See Morgan Guar. Trust Co. v. Crane*, 36 F. Supp. 2d 602, 603 (S.D.N.Y. 1999). Nevertheless, courts routinely enforce jury trial waivers in contracts. *Id.; Nettles v. Daphne Utilities*, 2014 WL 3845072, *2 (S.D. Ala. Aug. 5, 2014) ("Contractual waivers of a person's right to a jury trial are routinely deemed enforceable, provided that they are knowing and voluntary.").

## IV. DISCUSSION

The FDIC opposes PWC's motion to strike its jury demand as to its claims arising out of the 2002-2005 and 2008 audit years. The FDIC contends that the motion should be denied because: (1) PWC failed to carry its burden of demonstrating that the FDIC knowingly and voluntarily waived its jury right regarding those audit years, (2) the jury waivers in the engagement letters are narrowly drafted and do not apply to the FDIC, and (3) PWC waived its right to challenge the FDIC's jury demand. Dkt. No. 636 at 1. CBG also opposes PWC's motion to strike CBG's jury demand as to its claims arising out of the 2007 audit year. CBG argues that

PWC's motion should be denied because the jury waiver provision does not constitute a waiver of the right to a jury trial; rather, CBG simply agreed not to invoke its right to a jury trial. Dkt. No. 637 at 3. For the sake of clarity, the Court will address the FDIC's and CBG's arguments separately.

**A. The FDIC Is Bound by the Jury Waiver Provision in the Engagement Letters**

The FDIC and PWC do not dispute the following salient facts: (1) PWC and CBG entered into a valid contract (*i.e.*, the engagement letters) for each of the audit years in question; (2) the 2002-2005 and 2008 contracts each contained a jury waiver provision; and (3) the FDIC, standing in the shoes of Colonial, has sued PWC as an alleged "third-party beneficiary" of the contracts. As discussed below, these undisputed facts dictate that the FDIC is bound by the jury waiver provisions in the 2002-2005 and 2008 contracts.

**1. The Jury Waiver Provision in the Engagement Letters Is Valid**

First, this Court must determine whether the jury waiver provision in the engagement letters is valid. In other words, this Court must determine whether PWC and CBG knowingly and voluntarily waived their right to a jury trial. This issue is governed by federal law. *Simler v. Conner*, 372 U.S. 221, 222 (1963); *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 222 (3d Cir. 2007) ("Federal courts apply federal law in determining whether a contractual jury waiver is enforceable). In the Eleventh Circuit, federal courts consider the following factors to determine whether a party has knowingly and voluntarily waived its jury right: "the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable." *Bakrac*, 164 F. App'x at 823-24.

Considering these factors, the Court concludes that the jury waiver is valid between PWC and CBG. The waiver is listed in a separate paragraph containing only the waiver language and is under the heading "Agreement not to demand jury trial." Dkt. No. 634, Ex. A at 4 (underlining in original). The FDIC has presented no evidence of a disparity in bargaining power at the time CBG and PWC entered into the agreement. Finally, the Court presumes that the terms of the engagement letters were negotiable given that the jury waiver provision was not included in the 2006 and 2007 engagement letters.

**2. The Jury Waiver Provision Is Enforceable Against the FDIC**

Next, this Court must determine whether the FDIC is bound by the jury waiver provision in the engagement letters. For purposes of this motion, the parties do not dispute that Colonial was an intended third-party beneficiary of the contracts between PWC and CBG and that, as the receiver for Colonial, the FDIC stands in the shoes of the bank for all of its legal claims. "It is a well-established principle of Alabama law" that if a third-party beneficiary "claims the benefits [of the contract], he also assumes the burdens."[2] *Georgia Power Co. v. Partin*, 727 So.2d 2, 5 (Ala. 1998) (alternation in original). "The law is clear that a third party beneficiary is bound by the terms and conditions of the contract that it attempts to invoke. 'The beneficiary cannot accept the benefits and avoid the burdens or limitations of a contract.'" *Id.* (quoting *Interpool Ltd. v. Through Transport Mut. Ins. Ass'n Ltd.*, 635 F. Supp. 1503, 1505 (S.D.Fla.1985)). Therefore, by choosing to invoke the benefit of the contracts, the FDIC has also agreed to be subject to all of contracts' terms, including the jury waiver provision.

The FDIC argues that it cannot be bound by the jury waiver provision because it is not a signatory to the contracts and therefore did not "knowingly and voluntarily" waive its right to a

---

[2] The parties agree that the Court looks to Alabama law to determine the FDIC's rights and obligations as a purported third-party beneficiary of the engagement letters between PWC and CBG.

jury trial. The FDIC claims that "cases actually considering the applicable [knowing and voluntary requirement] demonstrate that a non-signatory cannot be bound by a jury waiver provision to which he or she did not agree." Dkt. No. 636. The FDIC's argument is misplaced. While courts are reticent to enforce a jury waiver against a non-signatory who is not claiming to be a third-party beneficiary of the contract, they readily enforce such waivers when the non-signatory is a third-party beneficiary claiming the benefit of the contract. *See, e.g.*, *Hines v. 1025 Fifth Ave., Inc*., 2015 WL 765943, *4 (S.D.N.Y. Feb. 23, 2015) (non-signatories are bound by jury waiver as third-party beneficiaries of lease); *Triboro, Inc. v. Siren, Inc*., 2006 WL 2990365, *6 (D.N.J. Oct. 18, 2006) (non-signatory claiming third-party beneficiary status is bound by jury waiver in contract); *Novus Franchising, Inc. v. Superior Entrance Sys., Inc*., 2012 WL 3542451, at *3 (W.D. Wis. Aug. 16, 2012) (applying state law on estoppel to enforce contractual jury waiver against non-signatory who claimed the benefit of the contract); *In re Daimlerchrysler AG Secs. Litig*., 2003 WL 22769051 (D. Del. Nov. 19, 2003) (jury waivers limiting actions by non-signatories did not violate general federal policy of allowing litigants unhindered access to jury trial).

Tellingly, the FDIC does not cite a single case in which an avowed third-party beneficiary sued a party based on the contract but nonetheless was permitted to reject a jury waiver provision in the contract. Accordingly, this Court concludes that by invoking the benefits of the contracts between PWC and CBG, the FDIC agreed to be subject to all of the provisions of those contracts, including the jury waiver provision.

### 3. The Jury Waiver Provision Is Not Limited to CBG and PWC

Next, the FDIC argues that because the jury waiver provisions in the engagement letters explicitly define which parties are bound by the jury waiver (*i.e*., PWC and CBG), the provisions

cannot be enforced against the FDIC who is not "expressly among" the defined parties. Dkt. No. 636 at 8. The FDIC relies on Alabama state law to make this argument. In doing so, the FDIC acknowledges that federal law generally governs the validity of jury waiver provisions in federal cases, but argues that courts can look to state law for further guidance if the state law offers greater protection of constitutional rights. The FDIC asserts that Alabama law does offer such greater protection, citing to *Ex parte Carter*, 66 So. 3d 231 (Ala. 2010), a decision from the Alabama Supreme Court.

In *Carter*, the plaintiffs filed a lawsuit against a bank, the bank's assignees, and certain of the bank's employees, alleging that they had been fraudulently induced to execute loan documents with the bank. The loan documents included a jury waiver and the defendants moved to strike plaintiffs' jury demand. The court enforced the jury waiver as to the bank but held that the waiver, which was specifically limited to plaintiffs and the bank, was not broad enough to encompass plaintiffs' claims against the bank's individual employees.

The Court concludes that *Carter* is distinguishable from the present case. In *Carter*, the parties seeking to avoid the jury waiver provision never signed the contract containing the provision and, most importantly, had not invoked the contract for their benefit as third-party beneficiaries. Rather, the *signatory* plaintiffs sought to enforce the jury waiver against *non-signatory* defendants who had been brought into the lawsuit by plaintiffs. This is distinguishable from the instant case were the FDIC has chosen to avail itself of the benefits of the agreements between PWC and CBG, and by doing so, must also accept the limitations of those agreements. The two other Alabama cases cited by the FDIC involved neither a third-party beneficiary nor a jury waiver clause. *See In Porter Capital Corp. v. Thomas*, 101 So. 3d 1209 (Ala. Civ. App. 2012); *Jenkins v. Atelier Homes, Inc.*, 62 So. 3d 504 (Ala. 2010). Indeed, in *Thomas*, the

plaintiffs attempted to enforce one of the arbitration agreements in question in that case against the non-signatory defendant, arguing that the defendant was a third-party beneficiary of the agreement. The court concluded that the defendant was not a third-party beneficiary of the agreement and, therefore, declined to extend the arbitration agreement to the defendant's counterclaims. *Id*. at 1215. Accordingly, the Court concludes that because the FDIC is attempting to available itself of the benefits of the contracts between CBG and PWC, it is also bound by the jury waiver provision in those contracts.[3]

**B. CBG Is Bound by the Jury Waiver Provision**

CBG attempts to avoid the clear intent of the parties in executing the jury waiver provision by arguing that the provision is not really "a waiver of the right of jury trial," but rather, "an agreement by [CBG] '*not to demand* a trial by jury.'" Dkt. No. 637 at 3 (italics in original). Thus, CBG argues, "the 2008 Engagement Letter presents the Court with a factual setting where the right to a jury trial continues to exist and the procedural step is the subject of a contractual promise, a difference which is significant and at a minimum provides the Court with a greater degree of discretion on the issue of trial by jury." *Id*.

The Court disagrees with CBG. The distinction on which CBG rests its argument is one without a difference. When a party does not demand a trial by jury (whether accomplished unilaterally or through contractual agreement), the party waives that right. *See* Fed. R. Civ. P. 38(d) ("A party *waives* a jury trial unless its *demand* is properly served and filed.") (emphasis added). Therefore, a written agreement to not demand a jury trial is the equivalent to waiving the right to a jury trial.

[3] In reaching this decision, the Court rejects the FDIC's claim that PWC's motion to strike is untimely. "[I]t is well-established that a party (or the Court on its own initiative) may move to strike a jury demand at any time, even on the eve of trial." *Mowbray v. Zumot*, 536 F. Supp. 2d 617, 621 (D. Mary. 2008) (citing James Moore et al., *Moore's Federal Practice*, § 39.13[2][c] (3d. ed. 2007)). Moreover, PWC pleaded contractual waiver as an affirmative defense in each of its responsive pleadings.

## V. CONCLUSION

For the foregoing reasons, the Court HEREBY GRANTS PWC's motion to strike Plaintiffs' jury demands with respect to their claims arising from the 2002-2005 and 2008 audit years.

Dated this 7th day of February, 2017.

Barbara Jacobs Rothstein
U.S. District Court Judge