IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE COLONIAL BANCGROUP INC., and KEVIN O'HALLORAN | ) ) ) | ORDER REGARDING PENDING MOTIONS |
| Plaintiff, | ) | |
| v. | ) ) ) ) ) ) | CASE NO. 2:11-cv-746-BJR |
| PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP, | ) ) ) | |
| Defendants. | ) ) | |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK, | ) ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 2:12-cv-957-BJR |
| v. | ) ) | |
| PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP | ) ) ) | |
| Defendants. | ) | |

## I.  INTRODUCTION

The Court has reviewed the outstanding motions in these cases. In light of the February 7, 2017 Order granting PWC's motion to strike Plaintiffs' jury demands with respect to claims arising from the 2002-2005 and 2008 audit years, and given that the majority of the claims in

1

these cases now will be tried to the Court rather than a jury, the Court makes the following findings:

## II.     MOTIONS THAT SHOULD BE RESOLVED AT TRIAL

The Court finds that the following motions are more appropriately resolved at trial rather than on summary judgment:

(1) CBG's Motion for Partial Summary Judgment Re: Defendants' Affirmative Defenses (Dkt. No. 524);

(2) CBG's Motion for Partial Summary Judgment on CBG's Claim for Breach of Contract against Crowe (Dkt. No. 525);

(3) PWC's Motion for Summary Judgment as to CBG's Claims (Dkt. No. 534); and

(4) Crowe's Second Motion for Summary Judgment on CBG's Claims (Dkt. No. 540).

The parties should be prepared to discuss at the upcoming status conference whether the issue involving Bank of America and the "shipped not paid" damages should be resolved at trial or on summary judgment (this issue is raised in PWC's Motion for Partial Summary Judgment as to the FDIC's Claims (Dkt. No. 535) and Crowe's Second Motion for Summary Judgment on the FDIC's Claims (Dkt. No. 537)).

## III.     ISSUES THAT ARE MOOT

The Court considers the following issues in PWC's Motion for Partial Summary Judgment as to the FDIC's Claims (Dkt. No. 535) moot:

(1) Whether the FDIC's claims relating to PWC's 2002-2006 audits are time-barred (pursuant to the Order Denying Crowe's Motion to Dismiss the FDIC's Third Amended Complaint dated December 20, 2016);

(2) Whether the FDIC is judicially estopped from arguing that PWC improperly treated the COLB advances as sales (pursuant to the Order Denying PWC's Motion to Dismiss a Portion of the FDIC's Third Amended Complaint dated December 6, 2016); and

(3) Whether PWC breached the tolling agreement between PWC and the FDIC (pursuant to the Minute Order dated December 21, 2016).

Likewise, the Court considers the tolling agreement argument moot in Crowe's Second Motion for Summary Judgment on the FDIC's Claims (Dkt. No. 537).

## IV.     MOTIONS THAT ARE APPROPRIATE FOR SUMMARY JUDGMENT

The Court finds that the following motions are appropriate for resolution on summary judgment:

(1) FDIC's Motion for Partial Summary Judgment on Defendants' Affirmative Defenses (Dkt. No. 516);

(2) FDIC'S Motion for Summary Judgment as to Ownership of CBG's Claims (Dkt. No. 522);

(3) CBG's Motion for Summary Judgment against the FDIC on Its Request for Declaratory Judgment (Dkt. No. 523);

(4) Crowe's Second Motion for Summary Judgment on the FDIC's Claims (Dkt. No. 537) (with the caveat that the issue regarding the tolling agreement is moot and the possibility that the issue regarding Bank of America's alleged

responsibility for the "shipped not paid" damages may be more appropriately resolved at trial); and

(5) PWC's Motion for Partial Summary Judgment as to the FDIC's Claims (Dkt. No. 535) (incorporating the exceptions noted in Section III above and with the caveat that the issue regarding the "shipped not paid" damages may be more appropriately resolved at trial).

## V.   MOTIONS STRICKEN FROM THE RECORD

The Court finds that the *Daubert* motions are more appropriately resolved at trial and will strike the motions at Dkt. Nos. 517-520, 526-529, 530-531, 536, 538-539, and 549-550.[1]

## VI.   CONCLUSION

If the parties disagree with the Court's assessment of the pending motions, they should be prepared to address the issue at the upcoming status conference. The Court HEREBY STRIKES the following motions at Dkt. Nos. 517-520, 526-529, 530-531, 536, 538-539, and 549-550.

Dated this 9th day of February, 2017.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge

---

[1] The FDIC voluntarily withdrew the motion at Dkt. No. 521 and CBG voluntarily withdrew the motions at Dkt. Nos. 532-533.