IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE COLONIAL BANCGROUP INC., and KEVIN O'HALLORAN,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,<br><br>Defendants. | CASE NO. 2:11-cv-746-WKW-TFM |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP<br><br>Defendants. | CASE NO. 2:12-cv-957-WKW-TFM |

**O R D E R**

The member case in this consolidated action is a professional negligence action brought by the Federal Deposit Insurance Corporation as Receiver for Colonial Bank ("FDIC-R"), which arises out of a fraud committed against Colonial Bank ("Colonial") that occurred while PriceWaterhouseCoopers LLP ("PWC") and Crowe Horwath LLP ("Crowe") co-defendants, were auditors for Colonial. This action is one of numerous cases brought by the FDIC-R as receiver for the failed Colonial Bank. Before this Court is

Defendant PWC's Motion for Additional Discovery from the FDIC on Settlement Allocation (Doc. 437) to which the FDIC-R has filed an Opposition (Doc. 441) and to which PWC has filed a Reply. (Doc. 446).

## I. Procedural History

On March 23, 2016, the FDIC filed a motion for protective order seeking to block further discovery into its allocation methodology, or in the alternative to postpone any further discovery until after a jury renders a verdict in the FDICs favor. (Doc. 324). The Court later denied the FDIC's motion for protective order and ordered the FDIC to provide PwC with "a summary of the techniques, methods and formulas by which it allocated . . . $363.7 million to the Ocala Funding claims." (Doc. 411 pp. 4-5). Also on March 23, 2016, PWC served a notice of Rule 30(b)(6) deposition on the FDIC. In this Notice at Topic 8, PWC sought testimony concerning "[t]he allocation to the FDIC-R of the proceeds of the $1.031 billion Settlement and Release Agreement dated August 20, 2014 between and among the FDIC as receiver for numerous receiverships and various Bank of America entities, including, but not limited to:

a. The amount of the $1.031 billion settlement proceeds, if any, that were distributed to any person or entity other than an FDIC receivership (e.g., the Department of Justice, outside counsel to the FDIC);

b. The techniques, methods, and formulas by which $363.7 million of the $1.031 billion settlement proceeds was allocated to the Ocala Funding-related lawsuits that were filed in the U.S. District Court for the District of Columbia; and

c. The techniques, methods, and formulas by which the claims asserted against the FDIC-R in *Bank of America, N.A. v. FDIC*, Case No. 1:10-cv-01681-BRJ (D.D.C.), *Bank of America, N.A. v. FDIC*, 1:13-cv-01119-BRJ (D.D.C.), and *Hunton & Williams v. FDIC*, Case No. 1:13-cv-01123-BRJ (D.D.C.), and the

> settlement thereof, were factored into the allocation of $363.7 million of the $1.031 billion settlement proceeds to the Ocala Funding-related lawsuits.

(Doc. 437 Ex. A; Topic 8). In its Notice, PWC offered to defer testimony on Topic 8 if the FDIC would produce a summary of the techniques, methods, and formulas by which the FDIC allocated the BOA settlement proceeds.

On April 18, 2016, the FDIC filed a second motion for protective order, this time seeking to quash PWC's Rule 30 (b)(6) Notice. (Doc. 360). In response to this second motion for protective order, PWC again agreed to hold Topic 8 in abeyance pending receipt and review of summary information from the FDIC. (Doc. 382 at p. 3). By Order dated June 17, 2016, the Court noted that "[i]n light of the Court's recent ruling on Dkt. No. 324, the parties should notify the Court if a dispute still remains regarding Topic 8." (Doc. 416 p. 17 n. 2). On June 24, 2016, the FDIC served its response to this Court's Order. (Doc. 411).

## II. Discussion

PWC argues that the FDIC's response to its Motion for Additional Discovery is inadequate and contradicts its prior representations. (Doc. 437 p. 8). The FDIC makes several arguments against the additional discovery. First, the FDIC argues that Alabama law prohibits the Defendants from challenging the amount of any set off, but that even if they could challenge the amount the inquiry would be limited to reasonableness. (Doc. 441 pp. 4-7). This argument goes to admissibility of the information rather than to whether it is discoverable in the first place. *See* Fed. R. Civ. Pro. 26 (b) (1) ("[D]iscovery need not be admissible in evidence to be discoverable.") Further, the FDIC argues that its disclosure

was "adequate" and "did not contradict its prior statements." (Doc. 441 pp. 7-9). The Court has reviewed the disclosure and considered the respective arguments and concludes that that there is room for exploration of the information contained in the FDIC's disclosure. (Doc. 437, Ex. B). The FDIC makes no additional argument against PWC's Motion to seek additional discovery via a Rule 30(b) (6) deposition.[1] Accordingly, the Court concludes PWC's Motion is due to be granted and that a Rule 30(b)(6) deposition limited to Topic 8 is proper.

Next, the FDIC makes the wholly conclusory argument that the additional discovery sought is already in PWC's possession, does not exist or is privileged. (Doc. 441 pp. 9-10). The FDIC fails to present any argument that a privilege justifies complete nonproduction of the information. Thus, the Court the Court concludes that PWC's Motion for Additional Discovery is due to be granted. Specifically, the Court concludes that the FDIC shall produce to PWC any non-privileged communications between the FDIC (or DOJ) and BOA in connection with the global settlement that reflect or refer to settlement offers, settlement demands, or agreed settlement amounts for the RMBS claims alone, the Ocala Funding claim alone, or the RMBS claims and Ocala Funding claim combined.

**III. Conclusion**

Accordingly, it is

ORDERED that PWC's Motion for Additional Discovery from the FDIC

[1] The FDIC argues in footnote 10 that the 30(b)(6) deposition notice violates the rule because it does not describe the "matters for examination" with "reasonable particularity." Fed. R. Civ. P 30 (b) (6). The Court disagrees.

Settlement Allocation (Doc. 437) shall be GRANTED. Specifically, it is

ORDERED that the FDIC shall make available at a mutually convenient time and place a person knowledgeable, as set forth in Fed.R.Civ.Pro. 30(b)(6), about the following topics:

1. The amount of the $1.031 billion settlement proceeds, if any, that were distributed to any person or entity other than an FDIC receivership (e.g., the Department of Justice, outside counsel to the FDIC);

2. The techniques, methods, and formulas by which $363.7 million of the $1.031 billion settlement proceeds was allocated to the Ocala Funding-related lawsuits that were filed in the U.S. District Court for the District of Columbia; and

3. The techniques, methods, and formulas by which the claims asserted against the FDIC-R in *Bank of America, N.A. v. FDIC*, Case No. 1:10-cv-01681-BRJ (D.D.C.), *Bank of America, N.A. v. FDIC*, 1:13-cv-01119-BRJ (D.D.C.), and *Hunton & Williams v. FDIC*, Case No. 1:13-cv-01123-BRJ (D.D.C.), and the settlement thereof, were factored into the allocation of $363.7 million of the $1.031 billion settlement proceeds to the Ocala Funding-related lawsuits.

It is further

ORDERED that FDIC shall make available to PWC at a mutually convenient time and place documents and/or ESI evidencing any non-privileged communications between the FDIC (or DOJ) and BOA in connection with the global settlement that reflect or refer to settlement offers, settlement demands, or agreed settlement amounts for the RMBS claims alone, the Ocala Funding claim alone, or the RMBS claims and Ocala Funding claim combined which have not be previously produced.

DONE this 17th day of March, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE