IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THE COLONIAL BANCGROUP INC., and KEVIN O'HALLORAN<br><br>Plaintiff,<br><br>v.<br><br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,<br><br>Defendants. | ORDER CORRECTING APRIL 18, 2017 ORDER PURSUANT TO FEDERAL RULE 60(a)<br><br><br>CASE NO. 2:11-cv-746-BJR |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP<br><br>Defendants. | CASE NO. 2:12-cv-957-BJR |

On April 18, 2017, this Court entered an order regarding the ownership of the claims brought by Plaintiff Colonial BancGroup, Inc. and Kevin O'Halloran as trustee for Colonial BancGroup ("CBG") against Defendants PricewaterhouseCoopers LLP ("PWC") and Crowe Horwath LLP ("Crowe"). Dkt. No. 662. Plaintiff the Federal Deposit Insurance Corporation as

receiver for Colonial Bank ("FDIC") had argued that CBG's claims are derivative shareholder claims, and as such, belong to the FDIC pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989. The Court agreed that CBG did not meet the "direct harm" and "special injury" requirements under Alabama law's derivative claims framework, but nevertheless concluded that the Alabama Supreme Court would find an exception to these requirements because CBG had direct contractual relationships with both PWC and Crowe. Therefore, this Court concluded that CBG can pursue its claims directly against PWC and Crowe.

In reaching this conclusion, the Court stated that the FDIC included the relevant damages that CBG seeks from PWC and Crowe (the parties refer to these damages as the "downstreamed funds") in the approximately $2.2 billion in damages that the FDIC, itself, is pursing against PWC and Crowe. On May 3, 2017, the FDIC filed a notice to the Court that this statement is an error. Dkt. No. 666. The FDIC maintains that "[w]hile it is correct that the FDIC-R asserted ownership over CBG's *claim* to the downstreamed funds … the actual downstreamed funds are not part of the damages the FDIC-R seeks [in this lawsuit] because such funds cannot be traced to the TBW fraud." *Id*. at 1-2 (emphasis in original).

The FDIC does not move for reconsideration of the April 18, 2017 Order based on this error. Nevertheless, having been notified of the error, pursuant to Federal Rule of Civil Procedure 60(a), the Court hereby eliminates any reference in the Order to the FDIC including the downstreamed funds as part of the damages it is pursuing against PWC and Crowe.[1] *See* Fed. R. Civ. P. 60(a) (a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record," and "may do so

---

[1] For example, on page 16 of the April 18, 2017 Order, this Court stated: "Indeed, the FDIC includes the downstreamed funds in the approximately $2.2 billion it is seeking from the auditors in this lawsuit."

on motion or on its own, with or without notice."). The Court has reviewed the April 18, 2017 Order and concludes that the error does not affect the outcome of the decision.

Dated this day 10th of May, 2017.

Barbara Jacobs Rothstein
U.S. District Court Judge