IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE COLONIAL BANCGROUP INC., and KEVIN O'HALLORAN<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,<br><br>Defendants. | ) | CASE NO. 2:11-cv-746-BJR |
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP<br><br>Defendants. | ) | CASE NO. 2:12-cv-957-BJR |

**ORDER DENYING MOTION TO STAY PROCEEDINGS AND CERTIFY AUGUST 18, 2017 ORDER FOR INTERLOCUTORY APPEAL OR CERTIFY TO THE ALABAMA SUPREME COURT**

## I. INTRODUCTION

On August 18, 2017, this Court issued an order dismissing Defendants' imputation-based affirmative defenses against Plaintiff the Federal Deposit Insurance Corporation, as the receiver for Colonial Bank ("FDIC"). Dkt. No. 720. Thereafter, on August 22, 2107, Defendant PricewaterhouseCoopers LLP ("PWC") filed the instant motion in which it requests that this Court stay the proceedings in these cases and either certify the August 18, 2017 Order for immediate appeal to the United States Court of Appeals for the Eleventh Circuit under 28 U.S.C. § 1292(b) or, in the alternative, certify the legal question central to the August 18, 2017 Order to the Alabama Supreme Court under Alabama Rule of Appellate Procedure 18 (a). Dkt. No. 722. Defendant Crowe Horwath LLP ("Crowe") joins in the motion. Dkt. No. 723. The FDIC and Plaintiff Colonial BancGroup, Inc. and Kevin O'Halloran, as the Plan Trustee for Colonial BancGroup, Inc. (collectively, "CBG") oppose the motion. Dkt. Nos. 727 and 728.

Having reviewed the motion, the oppositions thereto, the record of these cases, the relevant legal authorities, and having heard argument on the motion on August 30, 2017, the Court will deny the motion. The reasoning for the Court's decision follows.

## II. BACKGROUND

CBG initiated its lawsuit against PWC and Crowe on August 24, 2011 in the Circuit Court of Montgomery County Alabama. Dkt. No. 1, Ex. A. Crowe removed the action to the United States District Court for the Middle District of Alabama on September 9, 2011. Dkt. No. 1. Thereafter, on October 31, 2012 the FDIC filed a complaint against PWC and Crowe in the United States District Court for the Middle District of Alabama. 2:12-cv-00957-BJR, Dkt. No. 1. The cases were consolidated on September 24, 2014. *Id*. at Dkt. No. 92. Since that time, the parties completed fact and expert discovery, filed dispositve motions, and now are on the eve of

trial. The first trial is scheduled to commence on September 18, 2017 and the second trial is set for November 6, 2017.[1]

On August 18, 2017, this Court issued an order granting the FDIC's motion for partial summary judgment on PWC's and Crowe's imputation-based affirmative defenses. The FDIC had argued in the motion that the misdeeds of the employees of a failed institution (in this case, Colonial) could not be imputed to the FDIC as the failed institution's receiver in order to bar recovery. The Supreme Court of Alabama has not yet taken a position on this issue; thus this Court was required to predict how the Alabama Supreme Court would rule if faced with such a question. To that end, this Court reviewed the most on-point Alabama precedent as well as cases from other jurisdictions, including decisions by the Fourth, Seventh, and Ninth Circuits, and concluded that if faced with the question, the Alabama Supreme Court would hold that the pre-receivership misdeeds of the employees of a failed financial institution cannot be imputed to the FDIC when it has been involuntarily thrust into the shoes of the failed institution pursuant to the Financial Institutions Reform, Recovery, and Enforcement Act of 1989. Accordingly, this Court granted the FDIC's motion and dismissed Defendants' imputation-based affirmative defenses against the FDIC.

Defendants now move this Court to stay the trials in these cases and either certify the August 18, 2017 Order for immediate appeal to the Eleventh Circuit or, in the alternative, certify the legal question of whether, under Alabama law, the FDIC is subject to imputation-based defenses to the Alabama Supreme Court. Defendants make this request "[t]o spare the Court and

---

[1] The parties agreed to try the claims against PWC and Crowe separately. A third trial related to Plaintiffs' claims against PWC arising out of the 2006 and 2007 audit years is scheduled for January 8, 2018. The parties anticipate that each trial will last four weeks.

the parties from the time, effort, and expense of conducting three lengthy trials based on a prediction about Alabama law that may turn out to be mistaken." Dkt. No. 722 at 1.

## III. DISCUSSION

### A. Legal Standards

A court may certify its order for immediate appeal if it finds that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also* Fed. R. App. P. 5(a)(3). Certification is appropriate in "situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts" and resolution of that question "could shorten the time, effort, and expense of the litigation." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004).

Alternatively, a court may certify "questions or propositions of [Alabama law] which are determinative of [a] cause and . . . there are no clear controlling precedents in the decisions of the Supreme Court of [Alabama]." Ala. R. App. P. 18(a). Certification should not be invoked "absent genuinely unsettled matters of state law." *Lynn v. Monarch Recovery Management, Inc.*, 953 F. Supp. 2d 612, 621 (D. Md. 2013) (quoting *Arrington v. Colleen, Inc.*, 2001 WL 34117735, at *5 (D. Md. Mar. 29, 2001) (internal quotation marks omitted)). "When there exist[s] ample precedent to guide federal court adjudication, the court must decide the case as would a state intermediate appellate court." *Id.*; *see also, Roe v. Doe*, 28 F.3d 404, 407 (4th Cir.1994) (noting that when there is no case law directly on point, the district court "attempts to do as the state court would do if confronted with the same fact pattern").

The decision whether to certify the August 18, 2017 Order for immediate appeal to the Eleventh Circuit or to certify a question to the Supreme Court of Alabama is within the sound discretion of this Court. *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974) (certifying a question to a state tribunal "in a given case rests in the sound discretion of the federal court"); *OFS Fitel, LLC v. Epstein, Becker and Green, PC*, 549 F.3d 1344, 1359 (11th Cir. 2008) (noting the §1292(b) certification is "wholly discretionary" with both the district and the circuit court; *Legard v. EQT Prod. Co*., 771 F. Supp. 2d 607, 609 (W.D. Va. 2011) ("[C]ertification is never compelled and this court remains under a duty to decide questions of state law, even if difficult and uncertain, when necessary to render judgment.").

**B. Certification Is Not Warranted In These Cases**

These cases have been pending for six years. During that time, the parties and this Court have expended considerable time and resources to bring these matters to trial. Now, when the first trial is scheduled to start in little over two weeks, Defendants propose to put the brakes on the proceedings for an indefinite period of time. Certification, whether to the Eleventh Circuit or the Alabama Supreme Court, will increase the expenditure of time and resources by the parties, will impose on the time and resources of the Eleventh Circuit and/or the Alabama Supreme Court, and will prolong these proceedings by months, at best, and perhaps even years. This Court has already spent significant time and energy considering a number of Alabama-law questions on which there is no controlling Alabama precedent. By the Court's count, the August 18, 2017 Order is at least the third time that this Court has been asked to predict how the Alabama Supreme Court would rule if confronted with the same legal and factual issues as those raised in these cases, yet the parties have not requested to certify those issues to the Alabama Supreme Court.

Further this Court notes that most, if not all, of the evidence that is relevant to Defendants' affirmative defenses against the FDIC is also relevant to their affirmative defenses against CBG. While CBG has moved for summary judgment on those defenses [Dkt. No. 524], the Court has reviewed the motion and Defendants' oppositions thereto and intends to deny the motion.[2] Therefore, the evidence will come in at trial. Furthermore, the FDIC has agreed to put in all of its rebuttal evidence. Thus, in the event that this Court's August 18, 2017 decision is reversed on appeal, there will be no need for a retrial as the evidence will already be in the trial record.

Put simply: derailing these cases eighteen days before the first trial is scheduled to begin is not warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court HEREBY DENIES PWC's Motion to Stay Proceedings and Certify this Court's Order of August 18, 2017 for Interlocutory Appeal or, in the alternative, to Certify a Question to the Supreme Court of Alabama.

Dated this 1st day of September, 2017.

Barbara Jacobs Rothstein
U.S. District Court Judge

[2] A written order on this motion is forthcoming.