IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THE COLONIAL BANCGROUP, INC., as post-confirmation debtor, and KEVIN O'HALLORAN, as plan trustee acting for and on behalf of the debtor,

Plaintiffs,

v.

PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,

Defendants.

Case No. 2:11-cv-00746-BJR

LEAD CASE

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Colonial Bank,

Plaintiff,

v.

PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,

Defendants.

Case No. 2:12-cv-00957-BJR

**FILED UNDER SEAL**

**DEFENDANT CROWE HORWATH LLP'S REQUEST FOR CORRECTION**

Defendant Crowe Horwath LLP ("Crowe") respectfully requests that the Court delete or correct certain factual assertions in its August 8, 2017 Order Granting in Part and Denying in Part the FDIC's Motion for Partial Summary Judgment on Defendants' Affirmative Defenses (the "Order," Dkt. No. 720). The Court previously granted similar relief in favor of the FDIC. See Dkt. 667 (eliminating pursuant to Fed. R. Civ. P. 60(a) certain assertions made in the Court's April 18, 2017 order relating to claim ownership).

Crowe's request is modest and targets just three statements in the Order: that Crowe was engaged to oversee CBG's internal audit function (Order at 4); that fraudulent conduct by Colonial employees was among the conduct that Crowe was hired to examine and verify (*id.* at 8); and that any recovery by the FDIC in this case would benefit the public (*id.* at 12). In Crowe's view, each of these statements is incorrect. At the very least, they involve contested issues of fact that are inappropriate for resolution on summary judgment, and the Court should exercise its power to correct the Order to reflect that it has not made factual findings regarding these issues. *Valente v. J.C. Penney Corp.*, 437 F. App'x 858, 861 (11th Cir. 2011) ("A district court may review and amend its own interlocutory orders."). Indeed, no evidence was presented in support of any of these statements in the FDIC's briefing. While Crowe is not arguing here that these errors are dispositive of the FDIC's motion for partial summary judgment, the FDIC has already begun using them against Crowe and so a corrective order is necessary to protect Crowe. See *Sierra Club v. City & Cty. of Honolulu*, 2009 WL 32524, at *2 (D. Haw. Jan. 6, 2009) (revising order to correct "factual errors" even though "the corrections have no impact on the underlying decision"); *Sawyer v. Shinseki*, 2011 WL 748825, at *4 (N.D. Ill. Feb. 24, 2011) (same).

**1. Crowe Was Not Engaged To Oversee CBG's Internal Audit Function.**

The Order asserts that "CBG [] engaged Defendant Crowe to oversee and help implement CBG's internal audit function." Dkt. No. 720 at 4. CBG's internal audit function was overseen by CBG's Audit Committee and the Audit Committee's management designee, not Crowe. See Crowe's Response to the FDIC's and CBG's Motions for Partial Summary Judgment ("Crowe's Response," Dkt. No. 573), at 4-9.

The FDIC's own guidance on this issue states that "[t]he audit committee, using objective criteria it has established, should oversee the internal audit function and evaluate its performance. The audit committee should assign responsibility for the internal audit function to a member of management ... who understands the function and has no responsibility for operating the system of internal control." *Interagency Policy Statement on the Internal Audit Function and Its Outsourcing* (March 17, 2003) at 3-4 (Ex. 1). In line with the FDIC's guidance, Crowe's engagement letters with CBG state under the heading "The Bank's Responsibilities" that "[t]he bank is responsible for designating a competent individual, preferably within senior management, as the General Auditor, *to be responsible for and to oversee the internal audit services function*." See 2007 Engagement Letter at 3 (emphasis added) (Ex. 2). (Later engagement letters use the title Internal Audit Liaison rather than General Auditor but are otherwise the same in this regard. See 2008 Engagement Letter at 3 (Ex. 3).) [redacted]

[redacted]

**2. Crowe Was Not Engaged To Examine Or Verify The Fraudsters' Activities.**

The Order asserts that fraudulent conduct by Colonial employees was among "the very conduct that PwC and Crowe were hired to examine and verify." Dkt. No. 720 at 8. But Crowe's engagement letters with CBG make clear that Crowe was not responsible for detecting fraud: "Our work ... may not detect errors or irregularities that may exist" and "would also not ordinarily address abuses of management discretion" (Ex. 2 at 2, Ex. 3 at 2)—[redacted] Accordingly, it is at the very least a contested issue of fact whether Kissick and Kelly's fraudulent conduct was among "the very conduct that ... Crowe w[as] hired to examine and verify." See Dkt. No. 573 (Crowe's Response) at 8. The FDIC is already attempting to use the Court's words against Crowe. See FDIC Opposition to Motion to Stay (Dkt. No. 727), at 12 (quoting this language).

**3. The Beneficiaries Of Any Recovery Into The FDIC Depository Fund Are The Banks That Pay Into It, Not The Public.**

The Order quotes *Grant Thornton, LLP v. F.D.I.C.*, 535 F. Supp. 2d 676, 719 (S.D.W. Va. 2007), *rev'd on other grounds Ellis v. Grant Thornton LLP*, 530 F.3d 280 (4th Cir. 2008), for the notion that "[a]ny recovery by the FDIC will ultimately inure to the benefit of the public. If the FDIC's claims were barred or diminished by virtue of imputation, the FDIC and thus the public would be deprived a recovery." Dkt. No. 720 at 12. However, "no public funds are implicated in this suit." PwC's Response to the FDIC's and CBG's Motions For Partial

Summary Judgment (Dkt. No. 558) at 46. The depository fund is entirely funded by banks, not taxpayers or insured depositors. See 12 U.S.C. § 1815(d); FDIC, *When a Bank Fails - Facts for Depositors, Creditors, and Borrowers*, available at https://www.fdic.gov/consumers/banking/facts/ ("The FDIC's deposit insurance fund consists of premiums already paid by insured banks and interest earnings on its investment portfolio of U.S. Treasury securities. No federal or state tax revenues are involved."); *id.* ("Since the FDIC was established in 1933, no depositor has lost a penny of FDIC-insured funds."); Am. Banking Ass'n, *FDIC Rapidly Recapitalizing*, ECF No. 558-64, at 1 ("Banks, not taxpayers, are entirely responsible for covering all of the FDIC's expenses, including recapitalization of the fund."). The public does not suffer when the FDIC performs its proper function of paying insured depositors out of the depository fund and then replenishing those funds through deposit insurance from banks. Indeed, that is what the FDIC was set up to do. While the FDIC may also replenish funds through recoveries, either way, "the public" is unaffected.[1]

**WHEREFORE**, Crowe respectfully requests that the Court issue an order deleting or correcting the factual assertions identified above in its Order Granting in Part and Denying in Part the FDIC's Motion for Partial Summary Judgment on Defendants' Affirmative Defenses (Dkt. No. 720).

[1] Put simply, to the extent the deposit fund is replenished by a litigation recovery, the banks that would otherwise be responsible for recapitalizing the fund benefit directly. What that means here is that Bank of America, as one of the biggest banks in the country, would benefit substantially, though the FDIC itself has acknowledged that Bank of America was a wrongdoer; according to the FDIC, the bank's "breaches of its duties" rendered it, at a bare minimum, a "concurrent tortfeasor" responsible for a substantial portion of the FDIC's claimed damages. See Dkt. 567 (FDIC's response to summary judgment) at 13-14.

Respectfully submitted,

/s/ Stanley J. Parzen

**MAYER BROWN LLP**
Stanley J. Parzen
Jonathan C. Medow
Justin A. McCarty
71 South Wacker Drive
Chicago, IL 60606-4637
Telephone: (312) 782-0600
Email: sparzen@mayerbrown.com
jmedow@mayerbrown.com
jmccarty@maybrown.com

**MAYER BROWN LLP**
Mark W. Ryan
1999 K Street NW
Washington, DC 20006
Telephone: (202) 263-3338
Email: mryan@mayerbrown.com

**COPELAND, FRANCO, SCREWS & GILL, PA**
Robert D. Segall
Post Office Box 347
Montgomery, AL 36101-0347
Telephone: (334) 834-1180
segall@coperlandranco.com

*Attorneys for Defendant Crowe Horwath LLP*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, I caused a redacted version of the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record as of that date, and an unredacted version was mailed to the Clerk of the Court, under seal, and served on counsel of record for the parties via email.

/s/ Stanley J. Parzen

*An Attorney for Defendant*
*Crowe Horwath LLP*