**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **THE COLONIAL BANCGROUP, INC., and KEVIN O'HALLORAN, as plan trustee,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,**<br><br>**Defendants.** | **Case No. 2:11-cv-00746-BJR** |
| **FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR COLONIAL BANK,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PRICEWATERHOUSECOOPERS, LLP and CROWE HORWATH, LLP,**<br><br>**Defendants.** | **Case No. 2:12-cv-00957-BJR** |

**JOINT MOTION FOR DISMISSAL OF**
**BANCGROUP'S CLAIMS AGAINST CROWE WITHOUT PREJUDICE**

Plaintiffs The Colonial BancGroup, Inc. and Kevin O'Halloran, as plan trustee (collectively, "Plaintiffs") and defendant Crowe Horwath LLP ("Crowe") hereby jointly move for dismissal without prejudice of Plaintiffs' claims against Crowe, showing the Court as follows:

1. Plaintiffs commenced this action against Crowe and PricewaterhouseCooper LLP ("PwC") on August 24, 2011, asserting claims for breach of contract and professional negligence (the "Action").

2. By order dated February 17, 2017, the Court hearing the Action (the "Court") bifurcated Plaintiffs' claims against PwC from Plaintiffs' claims against Crowe.

3. In September and October 2017, The Court conducted a bench trial on certain of Plaintiffs' liability claims against PwC.

4. On December 28, 2017, the Court issued its "Order on the Liability Phase of the PwC Bench Trial" [Doc. No. 798] (the "Order").

5. In the Order, the Court ruled that Plaintiffs' negligence claim against PwC for breach of professional duties relating to the 2008 year-end audit were barred by (a) the *in pari delicto* doctrine, (b) the *Hinkle* rule, and (c) the audit interference rule (collectively, the "Defenses").

6. Plaintiffs dispute the Court's rulings on the Defenses but recognize that it is not in the best interest of the Plaintiffs and Crowe to conduct a bench trial on Plaintiffs' claims against Crowe in the Action (the "Claims") unless and until the Court's rulings on the Defenses (all three) are either reversed or vacated on the merits by the Court, on appeal, or by some combination of rulings issued by the Court or on appeal.

7. Crowe contends that Plaintiffs are estopped from relitigating the Court's rulings on the Defenses, and that such rulings preclude Plaintiffs from prevailing on the Claims.

8. Under the circumstances, neither Plaintiffs nor Crowe wish to incur the considerable expense of a trial on the Claims.

9. Plaintiffs and Crowe, by and through their counsel of record, therefore wish to dismiss, without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2) (the "Dismissal"), the Claims on the terms and conditions set forth in paragraph 10.

10. Any and all rights or obligations of Plaintiffs or Crowe with respect to the Claims following the Dismissal shall remain unimpaired except as provided below:

a. In the event the Court's rulings in the Order on the Defenses (all three) are either reversed or vacated on the merits (i) by the Court on or before entry of final judgment in the Action, (ii) on appeal, or (iii) by some combination of rulings issued by the Court on or before entry of final judgment in the Action or on appeal, Plaintiffs may, within sixty (60) days following such vacation or reversal, refile their Claims against Crowe in the United States District Court for the Middle District of Alabama, Northern Division. Plaintiffs will not refile their Claims against Crowe under any other circumstances, and will not assert any claims against Crowe that relate in any way to The Colonial BancGroup, Inc. except as provided in this paragraph.

b. In the event Plaintiffs refile their Claims against Crowe pursuant to paragraph a. above, such Claims shall be deemed filed as of August 24, 2011 for purposes of (i) determining Plaintiffs' compliance with the applicable statute of limitations or statute of repose, and/or (ii) adjudicating any defense asserted by Crowe based on the passage of time.

c. Crowe and Plaintiffs agree that no request for an award of costs under Fed. R. Civ. P. 41(d) shall be applicable to any refiling of the Claims. Crowe and Plaintiffs may otherwise seek costs as permitted by applicable law if the Claims are refiled.

d. Such refiled Claims shall otherwise revert to the posture they were in immediately prior to the Dismissal (post-close of fact and expert discovery and the submission of a pretrial order).

e. With respect to the Amended Protective Order [Doc 105] (the “APO”), "final resolution" as described in paragraph 17 of the APO of the Claims in the CBG Case against Crowe shall not be deemed to occur until the earliest to occur of: (i) a date mutually selected by Plaintiffs and Crowe; (ii) final resolution of any refiled Claims; or (iii) the first date on which Plaintiffs no longer possess a right to refile their Claims against Crowe pursuant to paragraph a. above, whether due to rulings on appeal, the passage of time to appeal or otherwise.

11. At the January 22, 2018 status hearing, the Court inquired whether any parties objected to Plaintiffs and Crowe’s contemplated resolution of the Claims. Tr. At 41 (“Now would be a good time to speak up, folks. Anybody have a problem?”). No objections were raised.

WHEREFORE, Crowe and Plaintiffs jointly move for entry of an order of dismissal in the form attached hereto as Exhibit A.

Dated: February 9, 2018

/s/ Nicholas DiCarlo
Nicholas DiCarlo
**DICARLO CASERTA & MCKEIGHAN PLC**
6900 E. Camelback Road, Suite 250
Scottsdale, AZ 85251
Telephone: (480) 222-0914
Email: ndicarlo@dcmplaw.com
ccaserta@dcmplaw.com

/s/Stanley J. Parzen
Stanley J. Parzen
**MAYER BROWN LLP**
71 S. Wacker Drive
Chicago, IL 60606
sparzen@mayerbrown.com

**COUNSEL FOR CROWE HORWATH LLP**

/s/ Rufus T. Dorsey IV

Rufus T. Dorsey, IV
**PARKER, HUDSON, RAINER & DOBBS LLP**
303 Peachtree Street, N.W.
Suite 3600
Atlanta, GA 30308
rtd@phrd.com

**COUNSEL FOR COLONIAL BANCGROUP, INC. AND KEVIN O'HALLORAN, as Plan Trustee**

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed on February 9, 2018 with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record as of that date and served on counsel of record for the parties by electronic mail.

/s/ Rufus T. Dorsey IV
Rufus T. Dorsey, IV