IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THE COLONIAL BANCGROUP, INC., as post-confirmation debtor, and KEVIN O'HALLORAN, as plan trustee acting for and on behalf of the debtor,<br><br>Plaintiffs,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,<br><br>Defendants. | ) | Case No. 2:11-cv-00746-BJR<br><br>LEAD CASE |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Colonial Bank,<br><br>Plaintiff,<br><br>v.<br><br>PRICEWATERHOUSECOOPERS LLP and CROWE HORWATH LLP,<br><br>Defendants. | ) | Case No. 2:12-cv-00957-BJR |

**DEFENDANT CROWE HORWATH LLP'S MOTION TO STRIKE THE FDIC'S DESIGNATION OF MICHAEL THOMAS' 2004 EXAMINATION**

The parties have labored over the past several months to reduce their respective deposition designations to a manageable level for the Court. Throughout this process, the FDIC led Crowe to believe that it did not intend to designate any out-of-court testimony from Crowe's engagement partner, Mr. Michael Thomas. Crowe assumed that the FDIC had decided not to allocate any space to Mr. Thomas in light of the parties' agreed-upon limits on designations, and

had instead chosen to elicit Mr. Thomas' testimony at trial, where both Crowe and the FDIC had listed him as a "Will Call" witness. All told, the parties spent months exchanging designations, counter-designations and rebuttals, and at no time did the FDIC say anything about Mr. Thomas. Rather, on March 6, 2018, the FDIC advised, in accordance with the parties' agreement, that it would tender its "final round of designations" on Friday, March 9. The FDIC did—or so Crowe thought—with still no mention of Mr. Thomas. Within days, however, the FDIC announced on March 13, without any pretense of an explanation, that "[w]e also intend to submit as a depo designation the attached excerpts from Mike Thomas' 2004 Exam on 8/9/11." Those "attached excerpts" total 25 in number, more than the FDIC has submitted from most other witnesses in the case.

Because counsel for the FDIC has previously characterized Mr. Thomas as "the primary witness in the case," it is doubtful the FDIC simply forgot about him until realizing its omission on March 13. Rather, all that happened between the March 9th tender of the FDIC's "final round of designations" and the March 13th announcement regarding Mr. Thomas is that Crowe, having played by the rules, had used up its available space and was no longer in a position to counter whatever the FDIC chose to designate. Under the circumstances, the FDIC's designations should be stricken in their entirety.

## ARGUMENT

Both parties originally designated large amounts of testimony. In an effort to reduce the burden on the Court, the parties agreed to limit their designations to a set page limit in line with what occurred in the PwC trial. This required the parties to go back through their original designations and select out only the most important testimony.

The parties first divided up the list of witnesses they had originally designated. The plan was for each side to submit affirmative designations from some or all of the witnesses on its assigned list. A mutual exchange was scheduled for February 5, 2018, to be followed by a mutual exchange of counter-designations on February 23, 2018, and a mutual exchange of rebuttal designations on March 9, 2018. Ex. 1 (2/2/18 email from J. McCarty to C. Latham).

Mr. Thomas was allocated to the FDIC along with thirteen other witnesses. Ex. 2 (11/19/17 email from J. Medow to J. Turner, T. Kirkwood and C. Caserta).[1] On February 2, 2018, three days before the first exchange date, the FDIC confirmed it would tender designations from eleven of those fourteen witnesses, but *not* Mr. Thomas. Ex. 3 (2/2/2018 C. Latham email to J. McCarty). Accordingly, as the parties worked their way through their various mutual exchanges, neither side designated anything from Mr. Thomas' out-of-court testimony. With the process coming to its scheduled end, the FDIC confirmed on March 6, 2018 that it would submit its "final round of designations on Friday," March 9. Ex. 4 (3/6/18 email from C. Latham to J. McCarty).

Throughout this time, Crowe made countless interrelated decisions on which portions of the voluminous record to keep while simultaneously trying to leave sufficient space to respond to whatever the FDIC might designate. All the while, Crowe kept careful track of the volume of its designations—inclusive of its counter-designations and rebuttal designations—so as to stay within the agreed limitation. When all was said and done, Crowe had used up its quota. As a result of the last scheduled mutual exchange on March 9, Crowe had exhausted its available space, a matter of simple arithmetic obvious to both Crowe and the FDIC.

[1] After reviewing Ex. 2, the parties decided to shift Ms. Fite from the FDIC's list to Crowe's.

Four days later, the FDIC announced without warning that it was "submit[ting] as a depo designation the attached excerpts from Mike Thomas' 2004 Exam on 8/19/11." Ex. 5 (3/13/18 email from C. Latham to J. McCarty). Those excerpts contain 25 separate designations from out-of-court testimony Mr. Thomas gave not in this case, but as part of the CBG bankruptcy proceeding pursuant to Bankruptcy Rule 2004. Whether measured by the number of individual designations or the resulting line count, the Thomas designations exceed those submitted by the FDIC for the bulk of its remaining witnesses. In itself, that is not surprising. Counsel for the FDIC told the Court last fall during a side bar during the PwC trial that Mr. Thomas is "the primary witness in the [Crowe] case." PwC Trial Transcript at 2458:3-4 (Mullin).

What *is* surprising is how Mr. Thomas could have been overlooked for so long, only to be discovered just days after the negotiated exchange process had ended. Mr. Thomas did not become *more* important in the four days between the last exchange on March 9 and the FDIC's announcement on March 13. Rather, what happened in the interim is that Crowe reached its designation limit, leaving it powerless to respond to further designations by the FDIC—which, of course, were not supposed to occur, as the FDIC itself had confirmed on March 6, when it said its "final round of designations" would end, as agreed, on March 9.

The prejudice to Crowe from not being able to respond is obvious. Moreover, even if Crowe were granted additional space to respond, it would be forced to divert limited resources to this task in the midst of intense trial preparation. Crowe should not have to suffer on account of a problem entirely of the FDIC's own making.

Nor would the FDIC be prejudiced if the Court were to return the parties to the positions they were in on March 9, when neither side had designated any of Mr. Thomas' out-of-court testimony. Mr. Thomas will testify live at the upcoming trial, at which time the FDIC can

question him fully about all relevant matters.[2] Forcing the Court to read additional transcript pages on top of this serves no useful purpose.[3]

**CONCLUSION**

For the reasons stated, the Court should strike all of the FDIC's late designations from the Rule 2004 examination of Mr. Michael Thomas.

March 16, 2018

Respectfully submitted,

/s/ Stanley J. Parzen

Robert D. Segall (SEG003)
COPELAND, FRANCO, SCREWS & GILL, P.A.
P.O. Box 347
Montgomery, AL 36101-0347
Telephone: (334) 834-1180
Facsimile: (334) 834-3172

---

[2] Indeed, though under no obligation to do so, Crowe has proposed reasonable terms under which it would produce Mr. Thomas out of turn so that he might testify during the FDIC's case-in-chief. See "Defendant Crowe Horwath LLP's Bench Brief in Oppostion to the FDIC's Request that the Court Reconsider its Prior Ruling Regarding the Testimony of Mr. Michael Thomas," filed contemporaneously with this motion.

[3] Even putting the FDIC's conduct to one side, other courts have found it "patently unfair" to admit testimony from a Rule 2004 examination due to the unique characteristics that distinguish such an examination from a traditional deposition. See *In re Johnson*, Case No. 06-51887, at 3-4 (July 23, 2007) (Refusing to admit 2004 examination transcript because "the parties were not yet adversarial (or at least were less so) and the issues under the Trustee's Motion had not yet crystal[l]ized. It seems patently unfair to the Debtor to admit the 2004 testimony as evidence under these circumstances.") (attached as Ex. 6); *In re Oliver*, 414 B.R. 361, 371 (Bankr. E.D. Tenn. 2009) (finding "[b]ecause a Rule 2004 examination is not a deposition, Mr. Householder's testimony will not be admitted into evidence for purposes of the Motion for Summary Judgment"); see also *In re Enron Corp.*, 281 B.R. 836, 840–42 (Bankr. S.D.N.Y. 2002) (contrasting the "broad and unfettered ... fishing expeditions" allowed under Bankruptcy Rule 2004 with the discovery procedure allowed under the Federal Rules of Civil Procedure and noting that "courts have expressed concern that Rule 2004 examinations not be used as a tactic to circumvent the safeguards of the Federal Rules of Civil Procedure"); *In re Dinubilo*, 177 B.R. 932, 939 (E.D. Cal. 1993) (noting that "subject matter in a Rule 2004 examination is unfettered and broad" and the witness has "no right to have issues defined beforehand") (citations and quotations omitted).

Email: Segall@copelandfranco.com

Stanley J. Parzen (*pro hac vice*)
Jonathan C. Medow (*pro hac vice*)
Justin A. McCarty (*pro hac vice*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606
T: (312) 782-0600
F: (312) 701-7711

Mark W. Ryan (*pro hac vice*)
MAYER BROWN LLP
1999 K Street, NW
Washington, DC 20006
T: (202) 263 3000
F: (202) 263 3300

*Attorneys for Crowe Horwath LLP*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2018, I caused a true and correct copy of the attached Defendant Crowe Horwath LLP's Motion to Strike the FDIC's Designations of Michael Thomas' 2004 Examination to be served on all counsel of record via the Court's ECF notification system.

/s/ Stanley J. Parzen
*An Attorney for Defendant Crowe Horwath LLP*